1  CHARLES J. McKEE, SBN 152458
   County Counsel
2  SUSAN K. BLITCH, SBN 187761
   Senior Deputy County Counsel
3  IRVEN L. GRANT, SBN 068950
   Deputy County Counsel
4  MICHAEL R. PHILIPPI, SBN 120967
   Deputy County Counsel
5  County of Monterey
   168 West Alisal Street, Third Floor
6  Salinas, California 93901-2653
   Telephone: (831) 755-5045
7  Facsimile: (831) 755-5283

8  Attorneys for Defendants COUNTY OF MONTEREY
   and MONTEREY COUNTY SHERIFF'S OFFICE
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| JESSE HERNANDEZ, CAIN AGUILAR, HA COBB, SUSAN DILLEY, CONNIE DOBBS, SEAN ESQUIVEL, RAMONA GIST, MARTHA GOMEZ, GEORGE GREIM, DENNIS GUYOT, JASON HOBBS, GLENDA HUNTER, ALBERT KEY, BRANDON MEFFORD, WESLEY MILLER, RICHARD MURPHY, JEFF NICHOLS, ANGEL PEREZ, SARAB SARABI, CLYDE WHITFIELD, and ROBERT YANCEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 PSG<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS COUNTY OF MONTEREY AND MONTEREY COUNTY SHERIFF'S OFFICE TO DISMISS PLAINTIFFS, ROBERT YANCEY, RICHARD MURPHY, DENNIS GUYOT, GLENDA HUNTER, MARTHA GOMEZ, WESLEY MILLER, JEFFREY NICHOLS, SARAB SARABI, and ALBERT KEY, PURSUANT TO FRCP RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>**[Filed concurrently with Request for Judicial Notice]**<br><br>**Date:       June 3, 2014**<br>**Time:       10:00 a.m.**<br>**Courtroom:  5, 4th Floor**<br>**Judge:      Hon. Paul S. Grewal** |

**TABLE OF CONTENTS**

**Page**

Table of Authorities ........................................................................................................... i

NOTICE OF MOTION ...................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I.   INTRODUCTION AND STATEMENT OF FACTS ............................................. 1

II.  LEGAL ARGUMENT ............................................................................................. 2

     A.   RULE 12(b)(6) ................................................................................................ 2

     B.   PLAINTIFFS LACK STANDING OR IN THE ALTERNATIVE
          THEIR CLAIMS ARE MOOT ....................................................................... 3

III. CONCLUSION ........................................................................................................ 8

i

*Hernandez, et al. v. County of Monterey, et al.*                                             Case No. CV 13-2354 PSG
County Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)

# TABLE OF AUTHORITIES

**Page**

*Cases*

*ACLU v. Lomax*, 471 F.3d 1010 (9th Cir. 2006)..................................................................4

*Abdul-Akbar v. Watson,* 4 F.3d 195 (3d Cir. 1993) ............................................................7

*Albino v. Baca*, 2014 U.S. App. LEXIS 6153 (9th Cir. Cal. Apr. 3, 2014)..........................2

*Anderson v. Clow,* 89 F.3d 1399 (9th Cir. 1996)................................................................3

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......................2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)..........................................................................................................2, 3

*Bowers v. City of Philadelphia*, 2006 U.S. Dist. LEXIS 64651 (E.D. Pa. Sept. 8, 2006) .................................................................................................................5

*Carty v. Nelson*, 426 F.3d 1064 (9th Cir. 2005) .................................................................4

*Citizens for Health v. Leavitt*, 428 F.3d 167 (3d Cir. 2005) ..........................................5-6

*Clarke v. Lane*, 267 F.R.D. 180 (E.D. Pa. 2010) ..............................................4, 5, 6, 7, 8

*Epstein v. Washington Energy Co.* (9th Cir. 1996) 83 F.3d 1136 ......................................3

*Ferreira v. Dubois*, 963 F. Supp. 1244 (D. Mass. 1996) ................................................3, 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000)........................................................................................................................5

*Holland v. Purdy*, 457 F.2d 802 (5th Cir. 1972)................................................................6

*Johnson v. Rancho Santiago Cmty. College Dist.*, 623 F.3d 1011 (9th Cir. 2010) ...........................................................................................................................4

*L.A. v. Lyons*, 461 U.S. 95 (1983)..............................................................................4, 6, 7

*Lusardi v. Xerox Corp.,* 975 F.2d 964 (3d Cir. 1992)..........................................................8

*Murphy v. Hunt*, 455 U.S. 478 (1982) ................................................................................7

*Neitzke v. Williams,* 490 U.S. 319 (1989) ..........................................................................3

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ...............................................................4, 6, 7

*Preiser v. Newkirk,* 422 U.S. 395 (1975)............................................................................5

*Roe v. Operation Rescue*, 919 F.3d 857 (3d Cir. 1990).....................................................7

*Rosetti v. Shalala*, 12 F.3d 15 1216 (3d Cir. 1993) ........................................................4, 6

ii

*Hernandez, et al. v. County of Monterey, et al.*  Case No. CV 13-2354 PSG
County Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780
    (9th Cir. 1996), cert. denied, 519 U.S. 1028 (1996) ......................................................... 3

*Sosna v. Iowa*, 419 U.S. 393 (1975) ..................................................................................... 5, 6, 7

*United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202
    63 L. Ed. 2d 479 (1980) ................................................................................................. 4, 5, 7

*Valley Forge Christian Coll. v. Americans United for Separation of*
    *Church and State*, 454 U.S. 464 (1982) ............................................................................. 3

*Weaver v. Wilcox*, 650 F.2d 22 (3d Cir. 1981) ........................................................................ 5, 6

*Wiggens v. Rushen*, 760 F.2d 1009 (9th Cir. 1985) ..................................................................... 3

### *Statutes*

Federal Rules of Civil Procedure
    Rule 12(b)(6) .............................................................................................................. 1, 2, 3

42 U.S.C.
    Section 1983 .......................................................................................................................... 3

United States Constitution
    Article III ...................................................................................................................... 3, 5, 8
    Article III, § 2 ....................................................................................................................... 5

### *Treatises*

2-12 Moore's Federal Practice – Civil § 12.34 ....................................................................... 2-3

iii

*Hernandez, et al. v. County of Monterey, et al.*      Case No. CV 13-2354 PSG
County Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 3, 2014 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 5, 4th Floor of the above-entitled Court, Defendants, COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S OFFICE[1], will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing all claims of Plaintiffs, Robert Yancey, Richard Murphy, Dennis Guyot, Glenda Hunter, Martha Gomez, Wesley Miller, Jeffrey Nichols, Sarab Sarabi, and Albert Key. These named Plaintiffs are no longer incarcerated in the Monterey County jail. As such, they lack the standing to assert causes of action for injunctive and declaratory relief related to conditions at the jail; or, in the alternative, their claims are now moot.

This motion is based upon this Notice; the Memorandum of Points and Authorities attached hereto; the concurrently filed Declaration of Cmdr. James H. Bass; the concurrently filed Request for Judicial Notice; the papers and records filed herein; and such other evidence and argument the Court may entertain at the hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND STATEMENT OF FACTS

Although Plaintiffs' Second Amended Complaint is a lengthy homily of allegations concerning the Monterey County jail, the claims can be distilled into four main assertions: 1) Defendants are deliberately indifferent in the provision of certain Plaintiffs' medical care; 2) Defendants are deliberately indifferent in the provision of certain Plaintiffs' mental health care; 3) Defendants are deliberately indifferent in the provision of certain Plaintiffs' security and safety needs; and 4) Defendants are deliberately indifferent in caring for certain Plaintiffs who allegedly need accommodations pursuant to the ADA.

Plaintiffs' initial complaint was filed on May 23, 2013. Plaintiffs did not file their Second Amended Complaint until April 11, 2014. Plaintiffs' counsel has indicated they will be

---

[1] Monterey County Office of the Sheriff is not a separate legal entity from the County of Monterey.

1

*Hernandez, et al. v. County of Monterey, et al.*   Case No. CV 13-2354 PSG
County Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)

filing a motion for class certification shortly. However, at the filing of this motion to dismiss, they have not yet filed a motion for class certification. Defendants anticipate that they will oppose such a motion on a number of grounds, including the fact that the individual Plaintiffs are unquestionably unique in the various claims they are making. For instance, the care and treatment of an inmate with a colostomy bag or a rare foot tumor is in no way representative of the normal population of the Monterey County jail.

Defendants also specifically raise and preserve the affirmative defense that all Plaintiffs' have failed to exhaust administrative procedures under the Prison Litigation Reform Act. To the extent Defendants are required to raise the defense of failure to exhaust administrative procedures at their initial responsive pleadings, they do so now for each and every Plaintiff. (See *Albino v. Baca*, 2014 U.S. App. LEXIS 6153 (9th Cir. Cal. Apr. 3, 2014). Defendants also reserve their right to assert the defense of statute of limitations.

Plaintiffs, Robert Yancey, Richard Murphy, Dennis Guyot, Glenda Hunter, Martha Gomez, Wesley Miller, Jeffrey Nichols, Sarab Sarabi, and Albert Key are not incarcerated in the Monterey County jail. (Defendants' Request for Judicial Notice). Plaintiffs' Second Amended Complaint does not plead that these Plaintiffs are currently incarcerated. As such, Plaintiffs fail to have the standing required to assert claims for declaratory and injunctive relief; or, assuming that Plaintiffs originally had standing, their claims for declaratory and injunctive relief are now moot.[2]

## II. LEGAL ARGUMENT

### A. RULE 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)) (quotation marks omitted). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

---

[2] Robert Yancey was released before the filing of the original complaint.

2

*Hernandez, et al. v. County of Monterey, et al.*  Case No. CV 13-2354 PSG
County Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)

motion to dismiss." 2-12 Moore's Federal Practice – Civil § 12.34 (citing in part *Anderson v. Clow,* 89 F.3d 1399, 1403 (9th Cir. 1996) (conclusory allegations of law and unwarranted inferences are insufficient to defeat motion to dismiss for failure to state claim)); *Epstein v. Washington Energy Co*. (9th Cir. 1996) 83 F.3d 1136, 1140. "While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions." 2-12 Moore's Federal Practice – Civil § 12.34 (citations omitted.) . See, *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (Courts "are not bound to accept as true a legal conclusion couched as a factual allegation.").

The purpose of Federal Rules of Civil Procedure Rule 12(b)(6) is to permit trial courts to terminate lawsuits that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). A claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996), cert. denied, 519 U.S. 1028 (1996) (citations omitted).

### B. PLAINTIFFS LACK STANDING OR IN THE ALTERNATIVE THEIR CLAIMS ARE MOOT

In general, Plaintiffs who are no longer incarcerated cannot seek injunctive relief for the conditions of their incarceration, but, instead, may proceed with a claim for damages. See *Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir.1985). To demonstrate standing, when a claimant seeks equitable relief, Article III of the U.S. Constitution requires: 1) the plaintiff has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant; 2) the injury can be traced to the challenged action of the defendant; and 3) the injury is "likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982).

The general rule for 42 U.S.C. § 1983 claims for deprivation of rights in a detention setting is that the plaintiff must be incarcerated at the time of filing and throughout the pendency of the matter. See generally, *Ferreira v. Dubois*, 963 F. Supp. 1244 (D. Mass. 1996). The

3

*Hernandez, et al. v. County of Monterey, et al.*  Case No. CV 13-2354 PSG
County Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)

reasoning for this flows from the principle established in *L.A. v. Lyons*, 461 U.S. 95 (1983) which holds that threat of future harm that is so attenuated is insufficient to maintain standing to maintain a law suit and renders the matter moot. *L.A. v. Lyons*, 461 U.S. 95 (1983) (neither the existence of past injury nor conjecture over the prospect of some future injury creates the case or controversy required for jurisdiction). It has to be assumed that the released inmate "will conduct [his or her] activities within the law and so avoid prosecution and conviction" and subsequent incarceration. *L.A. v. Lyons*, 461 U.S. at 103, citing *O'Shea v. Littleton*, 414 U.S. 488, 495-97 (1974). It is also highly unlikely and, in fact, conjectural that, once reincarcerated, a plaintiff will be subjected to the same deprivations faced in his individualized claim.

"The cases articulating the case or controversy requirement conceive of mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness).'" *Ferreira v. Dubois*, 963 F. Supp. 1244, 1261-1262 (D. Mass. 1996), quoting *Rosetti v. Shalala*, 12 F.3d 1216, at 1224 n. 19 (3d Cir. 1993); and citing *United States Parole Commission v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L. Ed. 2d 479 (1980) (dicta noting same).

Mootness examines whether a party has lost standing due to a change in facts over the course of the suit. *Clarke v. Lane*, 267 F.R.D. 180, 189 (E.D. Pa. 2010) (citations omitted). "In general, a case is moot if there is no longer any 'present controversy as to which effective relief can be granted.'" *Johnson v. Rancho Santiago Cmty. College Dist.*, 623 F.3d 1011, 1018 (9th Cir. 2010). Even if a plaintiff has standing with respect to a claim for relief at the time the complaint is filed, mootness considerations "require courts to look to changing circumstances that arise after the complaint is filed," and "[i]f a live controversy no longer exists, the claim is moot." *ACLU v. Lomax*, 471 F.3d 1010, 1016 (9th Cir. 2006) (internal citations omitted). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." *Carty v. Nelson*, 426 F.3d 1064, 1071 (9th Cir. 2005).

"An action becomes moot when '(1) there is no reasonable expectation that the alleged events will recur . . . and (2) interim relief or events have completely eradicated the effects of the

4

violation.'"). Further, federal courts' jurisdiction is limited for mootness "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" (the personal stake requirement). *Clarke v. Lane*, 267 F.R.D. 180, 189 (E.D. Pa. 2010), quoting *Bowers v. City of Philadelphia*, 2006 U.S. Dist. LEXIS 64651 (E.D. Pa. Sept. 8, 2006) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980) (internal citation omitted)). Both standing and mootness must be satisfied in order to satisfy the "case and controversy" requirement under Article III. See, *Sosna v. Iowa*, 419 U.S. 393, 402 (1975). "The Constitution limits federal court jurisdiction to review of 'actual cases or controversies' in which the plaintiff has a 'personal stake' in the litigation." See U.S. Const. Art. III, § 2; *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-97 (U.S. 1980).

As to former, current, or future prisoners, to have a continuing case or controversy that is live at all stages of the proceedings a former prisoner must be subject to the alleged violations he intends to challenge; otherwise a prisoner lacks standing to seek injunctive relief. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981). Here, Plaintiffs Robert Yancey, Richard Murphy, Dennis Guyot, Glenda Hunter, Martha Gomez, Wesley Miller, Jeffrey Nichols, Sarab Sarabi, and Albert Key have been released from the County of Monterey jail. As such, they do not have standing to seek injunctive relief as they are no longer subject to the alleged conditions they are attempting to challenge. *Weave*r, 650 F.2d at 27. Their claims are moot.

Plaintiffs also cannot satisfy the last element of standing as to redressability. "[T]he redressability factor focuses on the connection between the plaintiff's injury and the judicial relief sought." *Clarke v. Lane*, 267 F.R.D. 180 (E.D. Pa. 2010) *(citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167 (2000) (petitioners' citizen suit for civil penalties under Clean Water Act was moot when respondent came into compliance). Plaintiffs cannot demonstrate that equitable relief will redress their injuries to establish standing as they are no longer incarcerated at the Monterey County jail and subject to the conditions they wish to abate. See *Citizens for Health v. Leavitt*, 428 F.3d 167, 176 n. 9 (3d Cir. 2005) ("An injury is

5

redressable for justiciability purposes where the plaintiff can show that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."). It has to be assumed that the released inmate "will conduct [his] activities within the law and so avoid prosecution and conviction" and subsequent incarceration. *L.A. v. Lyons*, 461 U.S. at 103, citing *O'Shea v. Littleton*, 414 U.S. 488, 495-97 (1974).

It should be noted that even if Plaintiffs' claims are dismissed for lack of standing or based on mootness, they may still pursue a claim for damages. *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. Pa. 1981); see also *Holland v. Purdy*, 457 F.2d 802, 803 (5th Cir. 1972) (per curiam) (plaintiff's case considered to be "moot" because he was no longer subject to the complained of condition at the time he instituted his litigation). Plaintiffs, Robert Yancey, Richard Murphy, Dennis Guyot, Glenda Hunter, Martha Gomez, Wesley Miller, Jeffrey Nichols, Sarab Sarabi, and Albert Key are not currently incarcerated at the Monterey County jail. Accordingly, there is no evidence that Plaintiffs will be incarcerated at the time Plaintiffs file a motion for class certification. Plaintiffs' claims are moot and they lack standing to proceed.

Admittedly, there are some exceptions to the mootness doctrine. However, none of them are applicable to the instant Plaintiffs. Defendants anticipate Plaintiffs will argue that Plaintiffs' claims are "capable of repetition, yet evading review"; that Plaintiffs meet the *Sosna* exception; or that Plaintiffs meet the transitory claim exception. See generally, *Clarke v. Lane*, 267 F.R.D. 180, 191 (E.D. Pa. 2010).

In *Sosna v. Iowa*, 419 U.S. 393 (1975), the named plaintiff's, who had been designated lead plaintiff, claim became moot while the case was on appeal. The *Sosna* court held that it retained jurisdiction because the controversy the suit involved remained very much alive for the class of persons [the named plaintiff] had been certified to represent, even though the named plaintiff's claims had expired. *Sosna*, 419 U.S. at 401. Accordingly, "the mooting of a named plaintiff's claim does not eliminate federal jurisdiction over a class action provided a class has already been certified." *Rosetti v. Shalala*, 12 F.3d 1216, 1225 (3d Cir. 1993) (when claims of the named plaintiffs become moot before class certification, dismissal of the action is required). In this case, unlike in *Sosna*, a class has not been certified and therefore, *Sosna* is inapplicable.

6

Defendants anticipate that Plaintiffs will argue that due to the "inherently transitory" nature of Plaintiffs as inmates, the alleged constitutional violations are "capable of repetition, yet evading review." To qualify for the "capable of repetition, yet evading review", Plaintiffs must demonstrate two elements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (internal citations omitted). "The capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *L.A. v. Lyons*, 461 U.S. 95, 109 (1983).

Plaintiffs fail to satisfy the second prong of the test that requires the Plaintiffs to be subjected to the same action again. *Murphy*, 455 U.S. at 482. The "likelihood" of Plaintiffs returning to the Monterey County jail because of future criminal conduct is too speculative and not the "likelihood of future injury" that is required. *Clarke v. Lane*, 267 F.R.D. 180, 192 (E.D. Pa. 2010). Plaintiffs have not shown they are capable of suffering from the illegality again and as such have not satisfied their burden. See *Roe v. Operation Rescue*, 919 F.3d 857, 864 (3d Cir. 1990) (holding that where "injunctive relief is sought, a plaintiff must demonstrate that he is likely to suffer future injury from the defendant's threatened conduct); see also *Abdul-Akbar v. Watson*, 4 F.3d 195, 207 (3d Cir. 1993) ("conjecture as to the likelihood of repetition has no place in the application of this exception and narrow grant of judicial power . . . speculative hypothesis" regarding whether plaintiff is likely to be incarcerated again is not appropriate in this analysis."). It has to be assumed that the released inmate "will conduct [his] activities within the law and so avoid prosecution and conviction" and subsequent incarceration. *L.A. v. Lyons*, 461 U.S. at 103 (citing *O'Shea v. Littleton*, 414 U.S. 488 (1974)).

Defendants also anticipate that Plaintiffs will argue that the circumstances in the instant case warrant the transitory claim exception as an exception to the mootness doctrine. See *Garaghty*, 445 U.S. at 404. However, the law is very clear that *Garaghty* does not apply where it is undisputed that Plaintiffs' claims are mooted prior to the filing or granting of class

7

certification. *Clarke v. Lane*, 267 F.R.D. at 192-193. When claims of the named plaintiffs become moot before class certification, dismissal of the action is required. *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974-75 (3d Cir. 1992) ("In such a situation, there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution.").

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request Plaintiffs, Robert Yancey, Richard Murphy, Dennis Guyot, Glenda Hunter, Martha Gomez, Wesley Miller, Jeffrey Nichols, Sarab Sarabi, and Albert Key, be dismissed.

Dated: April 25, 2014

                                        CHARLES J. McKEE
                                        County Counsel

                                        By   /s/ Susan B. Blitch
                                        SUSAN K. BLITCH, Sr. Deputy County Counsel
                                        Attorneys for Defendants COUNTY OF
                                        MONTEREY and MONTEREY COUNTY
                                        SHERIFF'S OFFICE

8

*Hernandez, et al. v. County of Monterey, et al.*         Case No. CV 13-2354 PSG
County Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)