Peter G. Bertling  # 131602
Jemma Parker Saunders, #227962
BERTLING & CLAUSEN L.L.P.
15 West Carrillo Street, Suite 100
Santa Barbara, California  93101
Telephone:  (805) 892-2100
Facsimile:  (805) 963-6044

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ, CAIN AGUILAR, HA COBB, SUSAN DILLEY, CONNIE DOBBS, SEAN ESQUIVEL, RAMONA GIST, MARTHA GOMEZ, GEORGE GREIM, DENNIS GUYOT, JASON HOBBS, GLENDA HUNTER, ALBERT KEY, BRANDON MEFFORD, WESLEY MILLER, RICHARD MURPHY, JEFF NICHOLS, ANGEL PEREZ, SARAB SARABI, CLYDE WHITFIELD, and ROBERT YANCEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20,<br><br>Defendants. | Case No. CV 5:13 2354 PSG<br><br>**DECLARATION OF PETER G. BERTLING IN SUPPORT OF MOTION TO STRIKE DR. PUISIS' REPORT**<br><br>Hearing Date: October 28, 2014<br>Hearing Time: 10:00 a.m.<br>Hearing Dept: 5<br><br><br><br>Action Filed:  May 23, 2013<br>Pre-Trial Conference: August 25, 2015<br>Trial Date:  September 8, 2015<br>Judge:       Hon. Paul Singh Grewal<br>Ctrm:        5 - Fourth Floor |

I, Peter G. Bertling, declare as follows:

1.     I am an attorney duly licensed to practice before all courts in the State of California and before this Federal Court.  I represent defendant California Forensic Medical Group, Inc. ("CFMG") in this action.  I have personal knowledge of the facts stated herein and if called as a witness, I could and would competently testify thereto.

2.     On July 29, 2013, prior to CFMG answering or otherwise responding to plaintiffs' First Amended Complaint, the Court entered a stipulated order staying the action until January 1, 2014. DOCKET No. 11. The stay was to allow the parties to retain experts to review and report on the conditions of the Monterey County Jail and subsequently permit the parties to engage in settlement discussions.

3.     In the course of interviewing and retaining expert witnesses, I spoke directly with Michael Puisis, D.O. regarding his possible retention as a neutral expert in this case. Given the importance the parties placed on the neutrality of the expert reviewers, I was substantially concerned with retaining an expert who had no current or former ties to any of the parties' counsel's firms. My purpose was to seek a truly neutral expert. Therefore, during my interview with Dr. Puisis, I asked him directly whether he had ever worked with Ms. Grunfeld or Mr. Bien or plaintiffs' counsel's firm, Rosen Bien Galvan & Grunfeld. Dr. Puisis said he had not. That satisfied my inquiry on his bias, and I had no reason to disbelieve Dr. Puisis or delve into that issue any further.

4.     I was shocked to learn during his deposition, and months after his review and issuance of an expert report that Dr. Puisis was in fact working with Rosen Bien Galvan & Grunfeld in connection with the *Plata* litigation pending in this district court. Had I know this information, I would not have consented to Dr. Puisis' retention as a "neutral" expert. I object and reject the nomenclature that Dr. Puisis is a "neutral" expert.

5.     On August 21, 2013, I corresponded with Dr. Puisis on behalf of all parties to describe the scope and parameters of his assignment as a neutral expert to review the medical (but not mental health) program at the Monterey County Jail. Attached hereto as **Exhibit A** is a true and correct copy of my August 21, 2013 correspondence to Dr. Puisis. In this e-mail, I instructed Dr. Puisis, as the parties had agreed upon, that his review of the Monterey County Jail was to be guided by federal and state laws, specifically referencing Title 15 of the California Administrative Code and 42 U.S.C. §1983. Dr. Puisis testified during his deposition on June 16, 2014 that he did not comply with this task.

///

DECLARATION OF PETER G. BERTLING IN SUPPORT OF
MOTION TO STRIKE DR. PUISIS' REPORT

6.      On November 6, 2013 Dr. Puisis sent me correspondence identifying the de-identified 29 inmate-patients discussed in his report.  His email stated he understood the purpose of sending the identifying information to me was so I could produce de-identified patient charts to the parties.  Attached hereto as **Exhibit B** is a true and correct copy of Dr. Puisis November 6, 2013 correspondence.

7.      On October 9, 2013 a non-HIPAA compliant protective order was entered, Docket number 15.

8.      Subsequently, on November 7, 2013 counsel for plaintiffs, Ms. Gay Grunfeld sent Dr. Puisis an email asking him to provide her with the list of identifying patient information for the 29 inmates reviewed by Dr. Puisis.  Attached hereto as Exhibit C is a true and correct copy of Ms. Grunfeld's November 7, 2013 request to Dr. Puisis. Immediately and on the same day, Dr. Puisis responded, attaching the list of patient identifying information.  The email containing the attachment of the patient identifying information was carbon copied to myself, Ms. Susan Blitch, counsel for Monterey County, Mr. Michael Bien of Ms. Grunfeld's office and James Egar, the Monterey County Public Defender and co-counsel for plaintiffs.  Attached hereto as **Exhibit D** is a true and correct copy of Dr. Puisis' disclosure of patient identifiers to the parties.

9.      Plaintiffs then utilized Dr. Puisis' report as the basis for their critique of CFMG's medical program at the Monterey County Jail in support of their motion for class certification, attached as Exhibit J to Ms. Grunfeld's declaration in support of plaintiffs' motion.

10.      In the course of preparing CFMG's opposition to plaintiffs' motion for class certification, it became apparent to me the nature and extent of the violation of the 29 inmates privacy rights and the potential for ongoing and future harm to these individuals and CFMG.  My belated discovery of the fundamental and irrevocable harm to these individuals was not intended to prejudice any of the parties, but due to my not fully realizing the consequences of the unlawful disclosure.

///

11.     It is CFMG's contention that Dr. Puisis' report is rife with factual inaccuracies based on his review of the patient charts.  However, I believe I am prohibited from bringing those inaccuracies into the daylight before this court because in production of the patients' actual medical records or any further facts about their care by CFMG while incarcerated, I would be adding to, aiding and perpetuating the privacy violations these individuals have already suffered.

12.     In addition, my interpretation of HIPAA and California statutes also concludes that in divulging Dr. Puisis' inaccuracies and errors and in further discussion of these patients' records, I would be subjecting CFMG to future civil, criminal and professional liabilities in the form of claims by these 29 separate individuals on the basis of California and Federal privacy laws.

13.     CFMG is highly prejudiced by this situation.  CFMG cannot fully and appropriately respond to the class certification allegations against it without committing the same privacy violations.  This situation could have been entirely avoided had I been afforded the opportunity to de-identify these records.  Further, I do not believe plaintiffs have any right or need for the identity of these individuals in the first place.

14.     I have met and conferred at length with plaintiffs' counsel regarding this serious situation in an attempt to resolve the privacy issues involved with Dr. Puisis' report. We have been unable to reach an agreement.  Similarly, plaintiffs have never responded to my inquiries as to why they are entitled to  the third party identifying information at all. Attached to this declaration as **Exhibit E** is a true and correct copy of my September 17, 2014 correspondence to Ms. Grunfeld, my September18, 2014 email to Ms. Grunfeld and plaintiffs' counsel's responses.

15.     On June 16, 2014 I took Dr. Michael Puisis' deposition in connection with this case.  Attached to this Declaration as **Exhibit F** in support of CFMG's Motion to Strike Dr. Puisis' Report are true and correct copies of the pertinent pages of the deposition transcript of Dr. Michael Puisis.

///

DECLARATION OF PETER G. BERTLING IN SUPPORT OF
MOTION TO STRIKE DR. PUISIS' REPORT

16.     Attached hereto as **Exhibit G** is a copy of the Order entered by the Northern District Court on April 5, 2013 in the *Coleman v. Brown* litigation (Document Number 4539) case Number 2:90-cv-00520-LKK-JFM.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.  Executed on September 30, 2014, at Santa Barbara, California.

By:     */s/ Peter G. Bertling*
        Peter G. Bertling, Declarant
        Attorney for Defendant
        pgb@bertling-clausen.com

DECLARATION OF PETER G. BERTLING IN SUPPORT OF
MOTION TO STRIKE DR. PUISIS' REPORT

## Exhibit List

**Exhibit A**  Correspondence from Peter Bertling to Dr. Puisis, dated August 21, 2013.

**Exhibit B**  Dr. Puisis' November 6, 2013 correspondence.

**Exhibit C**  Ms. Grunfeld's November 7, 2013 request to Dr. Puisis.

**Exhibit D**  Dr. Puisis' disclosure of patient identifiers to the parties.

**Exhibit E**  Correspondence from Peter G. Bertling to Ms. Grunfeld., dated November 7, 2013.

**Exhibit F**  Correspondence from Peter G. Bertling to Ms. Grunfeld, September 17, 2014 my September 2014 email to Ms. Grunfeld and plaintiffs' counsel's responses, dated September 17, 2014

**Exhibit G**  Opposition to Plaintiffs' Motion for Class Certification are true and correct copies of the pertinent pages of the deposition transcript of Dr. Michael Puisis.

**Exhibit H**  Order entered by the Northern District Court on April 5, 2013 in the *Coleman v. Brown* litigation (Document Number 4539) case Number 2:90-cv-00520-LKK-JFM.

DECLARATION OF PETER G. BERTLING IN SUPPORT OF
MOTION TO STRIKE DR. PUISIS' REPORT