1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE HERNANDEZ et al., | Case No.: 5:13-cv-2354-PSG |
| Plaintiffs, | **ORDER GRANTING MOTIONS TO STRIKE** |
| v. | |
| COUNTY OF MONTEREY, et al., | **(Re: Docket Nos. 391, 392)** |
| Defendants. | |

"An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."[1]   In this class action suit challenging various policies and practices at the Monterey County Jail, Plaintiffs dispute the plausibility of Defendants' affirmative defenses.[2]   Plaintiffs seek to strike California Forensic Medical Group's

---

[1] *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010) (citing *Roberge v. Hannah Marine Corp.*, Case No. 96-cv-1691, 1997 WL 468330, at *3 (6th Cir. 1997)).

[2] *See* Docket Nos. 388, 389.

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

United States District Court
For the Northern District of California

1 nine affirmative defenses, the County of Monterey's sixteen affirmative defenses as well as the

2 County's request for a jury trial.[3]  Because Plaintiffs' complaints are valid, the court GRANTS

3 Plaintiffs' motions.

### I.

Fed. R. Civ. P. 12(f) holds a "court may strike from a pleading an insufficient defense."[4]

"The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that

will arise from litigating spurious issues by dispensing with those issues prior to trial."[5]

"[M]ost district courts in this circuit agree that the heightened pleading standard of

*Twombly* and *Iqbal* . . . is now the correct standard to apply to affirmative defenses."[6]  In *Bell Atl.*

*Corp. v. Twombly*, the Supreme Court held that fulfilling the "obligation to provide the 'grounds'

of . . . 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements . . . will not do."[7]  Under the *Twombly* standard, "a wholly conclusory statement"[8]

is insufficient; instead, there must be "enough factual matter" so as to "possess enough heft to

'sho[w] that the pleader is entitled to relief.'"[9]  In *Ashcroft v. Iqbal*, the Supreme Court made clear

that *Twombly* rested on its interpretation and application of Fed. R. Civ. P. 8, which governs the

---

[3] *See* Docket Nos. 391, 392.

[4] Fed. R. Civ. P. 12(f); *Federal Sav. and Loan v. Gemini Management,* 921 F.2d 241, 243 (9th Cir.1990).  Rule 12(b) also authorizes striking relevant immaterial, impertinent or scandalous matter.  None of these alternative grounds are at issue here.

[5] *Solis v. Zenith Capital, LLC*, Case No. 3:08-cv-4854-EMC, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

[6] *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013); *see also Jacobson v. Persolve, LLC*, Case No. 5:14-cv-00735-LHK, 2014 WL 4090809, at *5-6 (N.D. Cal. Aug. 19, 2014); *BlackBerry Ltd. v. Typo Products LLC*, Case No. 3:14-cv-00023-WHO, 2014 WL 1867009, at *5 (N.D. Cal. May 8, 2014); *Ujhelyi v. Vilsack*, Case No. 4:12-cv-04282-JSW, 2013 WL 6174491, at *2 (N.D. Cal. Nov. 25, 2013).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original).

[8] *id.* at 561.

[9] *Id.* at 556-57 (citing Fed. R. Civ. P. 8(a)(2)).

2

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

pleading standard in all civil actions.[10]  To be sufficiently pleaded under Rule 8(b), an affirmative defense must give a plaintiff fair notice.[11]

The allegations underlying this dispute are well-known to the parties; less-familiar readers are directed to the court's order denying Defendants' motion to dismiss.[12]  When Defendants first answered Plaintiffs' second amended complaint, Plaintiffs wrote Defendants a letter noting various deficiencies.[13]  Defendants did not respond, and Plaintiffs filed an initial motion to strike.[14]  Defendants then agreed to modify "whether it be by further specificity or deletion,"[15] but filed amended answers similar to those they filed the first time.[16]  Plaintiffs then filed the two instant motions to strike.[17]

Plaintiffs request that the court issue an order striking CFMG's first, second, third and sixth affirmative defenses with prejudice, and striking the remaining affirmative defenses (the fourth, fifth, seventh, eighth and ninth affirmative defenses) for failing to provide sufficient facts to

---

[10] *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009); *see also Barnes*, 718 F. Supp. 2d at 1172 ("'Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply.' . . .  Applying the same standard will also serve to weed out the boilerplate listing of affirmative defenses where many of the defenses alleged are irrelevant to the claims asserted.") (citing *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (K. Kan. 2009); *CTF Dev., Inc. v. Penta Hospitality, LLC*, Case No. 3:09-cv-02429-WHA, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009)).

[11] *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

[12] *See* Docket No. 128.

[13] *See* Docket No. 377-1 ¶ 2.

[14] *See* Docket No. 377 at 2.

[15] *See* Docket No. 393 ¶ 2 & Ex. A.

[16] *See* Docket Nos. 388, 389.

[17] *See* Docket Nos. 391, 392.

3

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

United States District Court
For the Northern District of California

provide Plaintiffs with fair notice.[18]  Plaintiffs further request the court to issue an order striking the County's first, second, third, fourth, fifth, seventh, eighth, eleventh, twelfth, fourteenth and sixteenth (in part) affirmative defenses with prejudice, and striking the remaining affirmative defenses (the sixth, ninth, tenth, thirteenth, fifteenth, and sixteenth (in part) affirmative defenses) for failing to proffer sufficient facts to provide Plaintiffs with fair notice.  Plaintiffs also request that the court strike the County's demand for a jury trial.

## II.

This court has jurisdiction under 28 U.S.C. § 1331.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[19]

## III.

After *Iqbal*, "the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended."[20]  "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense."[21]  Affirmative defenses are insufficient as a matter of law where "'there are no questions of fact, [ ] any questions of law are clear and not in dispute, and [ ] under no set of circumstances

---

[18] *See* Docket No. 391 at 3.

[19] *See* Docket Nos. 8, 34, 46.  Before addressing the merits, Defendants allege Plaintiffs made no efforts to meet and confer prior to filing their motions.  The procedural history of these motions show sufficient notice and attempts at reconciliation, and so the court will entertain them.  Along the same lines, although CFMG filed its opposition late and did not seek leave with the court, missing a deadline by less than a day is an insufficient reason not to consider its arguments.

[20] *CTF Dev., Inc.*, 2009 WL 3517617, at *8 (emphasis in original).

[21] *Dion v. Fulton Friedman & Gullace LLP*, Case No. 3:11-2727-SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (internal citations omitted).

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

could the defense succeed.'"[22]  Because Defendants' affirmative defenses are either implausible or deficient as a matter of law, they must be stricken, as must the County's demand for a jury trial.

## A.

**First**, CFMG asserts Plaintiffs' claims may be barred by the statute of limitations and that it "pleads this affirmative defense under information and belief so that it may preserve this defense should facts be revealed during the course of discovery in this action which would support such a defense."[23]  CFMG argues this affirmative defense is wholly proper, as it gives Plaintiffs ample notice and sufficient detail.[24]

The problem is that CFMG's language is unnecessarily equivocal:  "Plaintiffs named in this Second Amended Complaint may have failed to meet the applicable limitations period for filing claims. . . .  should facts be revealed during the course of discovery in this action which would support such a defense."[25]  This fails to "point to the existence of some identifiable fact that if applicable to [Plaintiffs] would make the affirmative defense plausible on its face."[26]  It also fails to identify which of Plaintiffs' claims, if any, would be barred by the statute of limitations.[27]  Fair notice pleading "is not intended to give parties free license to engage in unfounded fishing

---

[22] *Ganley v. County of San Mateo*, Case No. 3:06-cv-3923-TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (quoting *E.E.O.C. v. Interstate Hotels, L.L.C.*, Case No. 3:04-04092-WHA, 2005 WL 885604 (N.D. Cal. Apr. 14, 2005)).

[23] *See* Docket No. 389 at 32.

[24] *See* Docket No. 403 at 6-7.

[25] Docket No. 389 at 32.

[26] *Barnes*, 718 F. Supp. 2d at 1172.

[27] *See Otey v. CrowdFlower, Inc.*, Case No. 3:12-05524-JST, 2013 WL 5734146, at *5 (N.D. Cal. Oct. 22, 2013) ("The Court concludes that this affirmative defense does not meet *Iqbal*'s plausibility standard, because it does not identify which claims would be barred by the statutes of limitations mentioned in the defense").

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

1    expeditions on matters for which they bear the burden of proof."[28]  CFMG's first affirmative

2    defense therefore is stricken.[29]

3         **Second**, CFMG seeks to limit "damages for alleged attorney's fees" to $112.50 per hour,

4    pursuant to the Prison Litigation Reform Act and *Madrid v. Gomez*.[30]  CFMG argues this

5    affirmative defense does not pertain to "damages" under the PLRA, but rather was an assertion of

6    limitations on attorney's fees.[31]  CFMG also argues that because the case does not solely fall under

7    the ADA or the Rehabilitation Act, the PLRA attorney's fees provisions still are applicable.[32]

8         But once again the defense is insufficiently pled.  Plaintiffs do not seek damages in their

9    second amended complaint, and attorneys' fees are not damages.[33]  In any event, a defense

10   targeting the amount of the recovery is a limitation rather than an affirmative defense.[34]  CFMG's

11   second affirmative defense too is stricken.

12

---

[28] *Perez v. Gordon & Wong Law Grp., P.C.*, Case No. 5:11-cv-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012).

[29] *Cf. Ear v. Empire Collection Authorities, Inc.*, Case No. 3:12-cv-1695-SC, 2012 WL 3249514, at *2 (N.D. Cal. Aug. 7, 2012); *see also Joe Hand Promotions, Inc. v. Davis*, Case No. 4:11-cv-6166-CW, 2012 WL 4803923, at *6 (N.D. Cal. Oct. 9, 2012) (holding that where Plaintiffs' claims "are timely on the face of the allegations of the complaint," a court should strike the affirmative defense of statute of limitations).

[30] *See* Docket No. 389 at 32 (citing *Madrid v. Gomez*, 17[9] F.3d 1252 (9th Cir. 1999) (opinion withdrawn)).  CFMG's citation in its second affirmative defense is incorrect.

[31] *See* Docket No. 403 at 7.

[32] *See id*.

[33] *See* 42 U.S.C. § 1988(b); Fed. R. Civ. P. 54(d).

[34] *See Taylor v. United States*, 821 F.2d 1428, 1433 (9th Cir. 1987) (explaining that "the Federal Rules do not consider limitations of damages affirmative defenses").  Further, the PLRA cap on attorneys' fees does not apply to Plaintiffs' state law, ADA, and Rehabilitation Act claims.  *See, e.g.*, *Armstrong v. Davis*, 318 F.3d 965, 974 (9th Cir. 2003) ("The PLRA cap on attorney's fees . . . does not apply to fees awarded under the ADA or the RA").  Finally, the PLRA provides that "in prison actions 'in which attorney's fees are authorized under section 1988,' such fees may not be 'based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18.'"  *Id*. (citing 42 U.S.C. § 1997e(d)(3)).  That maximum hourly rate in 2014 was over $200 and it is adjusted frequently.

6

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

United States District Court
For the Northern District of California

**Third**, CFMG "continues to assert this affirmative defense [of lack of standing] so as not to waive its right to appeal the District Court's ruling."[35] CFMG claims its prior standing challenge was limited and it wishes to reserve its right to show that Plaintiffs such as Robert Yancey will not return to the jail.

Once again, CFMG's defense is not a proper affirmative defense. This court has already ruled that Plaintiffs have standing to pursue their claims.[36] Moreover, ongoing standing issues "are more properly brought before the Court in conjunction with pre-trial motions."[37] Because a lack of standing is not in fact an affirmative defense, CFMG's third affirmative defense is stricken.[38]

**Fourth**, CFMG asserts "the removal of the alleged barriers is not readily achievable and the modifications requested by Plaintiffs impose an undue burden on Defendant."[39] CFMG argues it is not required to identify specific barriers whose removal is not readily achievable, or precisely what financial burden it would impose on CFMG to do so, as these are matters for litigation and Plaintiffs are on notice they should inquire about barrier removal, alterations and alternative access for inmates with disabilities.[40]

Once again, CFMG's fourth affirmative defense fails to deliver sufficient facts to provide Plaintiffs with fair notice—facts which are within CFMG's possession. CFMG fails to offer allegations sufficient to identify to which barriers its affirmative defense applies, which barrier

---

[35] *See* Docket No. 389 at 33.

[36] *See* Docket No. 128 at 12-16.

[37] *Quintana v. Baca*, 233 F.R.D. 562, 566 (C.D. Cal. 2005) ("The forty-third and forty-fourth affirmative defense draw upon Article III of the Constitution to assert that the complaint does not present a valid case and controversy because the plaintiff lacks standing to bring this case and the plaintiff has not suffered an injury-in-fact. The contentions do not represent affirmative defenses. These issues are more properly brought before the Court in conjunction with pre-trial motions. The Court strikes these defenses as improper.").

[38] *See, e.g., Perez*, 2012 WL 1029425, at *11-12.

[39] Docket No. 389 at 33.

[40] *See* Docket No. 403 at 8.

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

removals are not readily achievable and which modifications impose an undue burden.  CFMG's assertion that "the totality of the costs associated with barrier removal would impose an undue burden"[41] fails to provide fair notice to Plaintiffs because CFMG does not identify which barriers are at issue, what specific costs are involved and how those costs would create an undue burden for CFMG.  The lack of factual bases to support CFMG's fourth affirmative defense renders the allegations merely possible, rather than plausible.[42]  CFMG's fourth affirmative defense is stricken.

*Fifth*, CFMG asserts it has "provided 'equivalent facilitation' in the form of alternative designs and technologies which provide substantially equivalent or greater access to and usability of CFMG."[43]  CFMG's fifth affirmative defense provides one example regarding Plaintiff Yancey, and as for the remaining Plaintiffs, CFMG offers a list of equivalent facilitations that "may" have been made.[44]

"[I]n disputes concerning disability access, such as the instant matter, defendants ought to be fully aware of and able to allege the equivalent facilitation available to disabled patrons, the building codes upon which they have relied, the reasons why architectural modifications may not be readily achievable, and other facts which support the affirmative defenses alleged in their answer.  Including this information in the answer furthers the goals of (i) placing the plaintiff on notice as to the nature of the affirmative defenses pleaded, (ii) spurring defendants to omit unsupported and irrelevant defenses, and (iii) ensuring that the parties conduct discovery with a minimum of waste."[45]  CFMG does not mention whether Yancey always or only sometimes had

---

[41] Docket No. 389 at 33.

[42] *See Bonshahi v. Fedex Corp.*, Case No. 3:12-cv-2471-TEH, 2012 WL 3638608, at *4 (N.D. Cal. Aug. 22, 2012) (striking "removal of barriers not readily achievable" defense because "Defendants provide no facts or law to explain the bare assertions that these doctrines apply").

[43] Docket No. 389 at 33.

[44] *See id.* at 33-34.

[45] *Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 602 (E.D. Cal. 2013).

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

"the option of conducting examinations and consultations with written facilitation."[46]  With respect to all Plaintiffs, CFMG's speculative and generalized wording fails to provide plausibility as to whether and what equivalent facilitations were allegedly provided to any Plaintiffs.  CFMG's fifth affirmative defense is stricken.

*Sixth*, CFMG claims it "has made good faith efforts to comply with the ADA and all accessibility regulations including providing appropriate alternative access."[47]  CFMG argues this defense provides the requisite fair notice.[48]

Once again, CFMG's defense is insufficiently pleaded and is not even an affirmative defense.  CFMG fails to identify what compliance efforts it made and what "alternative access" it provided to Plaintiffs.  Without these basic factual allegations, Plaintiffs cannot ascertain the grounds for CFMG's affirmative defense and are deprived of fair notice.  Moreover, "good faith" is an insufficient defense because CFMG's intent is irrelevant to Plaintiffs' ADA claims.  Plaintiffs' claims for violation of the ADA do not require a showing of lack of good faith or intentional discrimination.[49]  Because CFMG's intent is irrelevant to Plaintiffs' ADA claims, its affirmative defense of "good faith" is improper and stricken.

*Seventh*, CFMG asserts "Plaintiffs' claims are barred because the modifications Plaintiffs seek are not "alterations' within the meaning of the ADA or Title 24 and/or they do not trigger an 'alteration' legal standard, including because the modifications sought will be disproportionate in

---

[46] *See* Docket No. 389 at 33.

[47] *See id.* at 34.

[48] *See* Docket No. 403 at 9.

[49] *See Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004) ("It is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA").

9

United States District Court
For the Northern District of California

cost or cost in excess of 20% of the entire 'alteration.'"  CFMG argues they have provided

Plaintiffs with sufficient notice as to this affirmative defense.[50]

CFMG's seventh affirmative defense is overbroad and fails to offer sufficient facts to provide Plaintiffs with fair notice.  Plaintiffs cannot know which modifications are relevant to the defense, which modifications are not "alterations," which modifications do not trigger an "alteration" legal standard or what constitutes the total "alteration" at issue.  CFMG's seventh affirmative defense is stricken.

**Eighth**, CFMG asserts "Plaintiffs' Second Amended Complaint, in whole or in part, is barred by the doctrine of equitable estoppel."[51]  This is because, to CFMG, Plaintiffs were encouraged to file grievances and declarations that were false or incomplete for the purpose of increasing the number of litigants.  Citing cases pre-*Twombly* or out of circuit, CFMG argues it need not plead all the elements of a prima facie case in its defense.[52]

However sufficient they may have been pre-*Twombly*, post-*Twombly* CFMG's allegations are insufficient to support its defense of equitable estoppel.  "The defense of equitable estoppel is established by showing: (1) the party to be estopped [knew] the facts; (2) [the party intended] that his conduct [would] be acted upon; (3) the other party [was] ignorant of the true facts; and (4) [the other party relied] upon the conduct to his injury."[53]  CFMG has not alleged facts to support the elements of this defense.  For example, CFMG has failed to identify what conduct Plaintiffs

---

[50] *See* Docket No. 403 at 9.

[51] *See* Docket No. 389 at 34.

[52] *See* Docket No. 403 at 9-10.

[53] *Ansari v. Elec. Document Processing, Inc.*, Case No. 5:12-cv-01245-LHK, 2013 WL 664676, at *3 (N.D. Cal. Feb. 22, 2013) (citing *Golden W. Baseball Co. v. City of Anaheim*, 25 Cal. App. 4th 11, 47 (1994)) (striking equitable estoppel defense for "fail[ing] to provide sufficient information regarding the underlying factual bases of the defense") (citation and internal quotation omitted).

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

United States District Court
For the Northern District of California

1   intended CFMG to act upon and how it relied on Plaintiffs' untrue or incomplete statements.

2   CFMG's eighth affirmative defense is stricken.

3       **Ninth**, CFMG asserts that "all" of Plaintiffs' claims are barred because "many of the

4   Plaintiffs either failed to file a grievance pursuant to the Monterey County Jail inmate handbook

5   and/or failed to appeal the outcome of the grievance to a Commander or other appropriate

6   personnel."[54]  In its opposition, CFMG fails to address its ninth affirmative defense.

7       CFMG has not alleged that there was an administrative remedy available to Plaintiffs,[55] or

8   which specific procedures were not followed.  CFMG has provided no facts as to what Plaintiffs

9   must do to and which Plaintiffs failed to exhaust that remedy and which particular causes of action

10  might be barred under a doctrine related to exhaustion.  CFMG's ninth affirmative defense is

11  stricken.

12                              **B.**

13      For all of their affirmative defenses, using a pre-*Twombly* standard, the County solely

14  asserts that they include sufficient facts and have placed Plaintiffs on notice of the issues to be

15  addressed in this case, and that no judicial economy will be achieved by striking any of the

16  affirmative defenses.

17      **First**, the County asserts that "Plaintiffs' complaint fails to state facts sufficient to state a

18  cause of action against this answering Defendant in that there was no deprivation of rights

19  (constitutional or otherwise) as to any of the individual Plaintiffs.  Plaintiffs received adequate

20  medical and mental health care under the law and reasonable accommodations were provided to

---

[54] Docket No. 389 at 34-35.

[55] *See Albino v. Baca*, 747 F.3d 1162, 1178 (9th Cir.) (en banc) *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014) ("When a defendant alleges a failure to exhaust, it has the burden of raising the nonexhaustion of remedies as an affirmative defense and must show that … remedies exist that the claimant did not use") (internal citation omitted).

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

applicable Plaintiffs."[56]  However, "[f]ailure to state a claim is not a proper affirmative defense"
and is more akin to a denial, which is improper in the context of an affirmative defense.[57]  The
County's first affirmative defense is stricken.

*Second*, the County avers "Plaintiffs' complaint fails to state facts sufficient to state a cause
of action against COUNTY OF MONTEREY, because there was no deprivation of rights
(constitutional or otherwise) or discrimination resulting from an official policy, custom, or practice
of this answering Defendant."[58]  As with Defendant's first affirmative defense, failure to state a
claim is not a proper affirmative defense, and this affirmative defense too is stricken.

*Third*, the County asserts its "actions were objectively reasonable in light of the facts and
circumstances confronting it, and its conduct did not violate clearly established statutory or
constitutional rights of which a reasonable person would have known.  Specifically, Defendant
complied with Title 15 of the California Code of Regulations and industry and community
standards in the provision of care to inmates at the . . . jail.  Defendants and its officers and
employees are entitled to qualified immunity."[59]

 In addition to presenting insufficient facts, the County's third affirmative defense is
improper and not an affirmative defense as it merely negates Plaintiffs' contentions that the County
violated their statutory and constitutional rights.  Affirmative defenses admit allegations in the
complaint, but assert additional facts that would defeat recovery.[60]  By contrast, defenses that

---

[56] *See* Docket No. 388 at 3.

[57] *See Barnes*, 718 F. Supp. 2d at 1174; *Perez*, 2012 WL 1029425, at *11 ("Defendants' first
affirmative defense, based on failure to state a claim upon which relief can be granted, is better
understood as a denial of Plaintiff's allegations rather than as an affirmative defense"); *Quintana*,
233 F.R.D. at, 564 (striking such a defense with prejudice).

[58] Docket No. 388 at 3, 4 (emphasis in original).

[59] *Id.* at 3.

[60] *See Solis v. Couturier*, Case No. 2:08-cv-02732-RRB, 2009 WL 3055207, at *4 (E.D. Cal. Sept.
17, 2009) ("An affirmative defense is '[a] defendant's assertion of facts and arguments that, if true,

12

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

negate an element of the plaintiffs' proof are not affirmative defenses because they serve only to controvert an element of the plaintiffs' *prima facie* case.[61]  Labeling contentions that only attack the sufficiency of the plaintiffs' proof as affirmative defenses is improper.[62]  In negating Plaintiffs' contentions, the County offers no facts to identify any particular action the County took, and the allegations fail to show how or why any particular action was objectively reasonable.  The County's assertion that they complied with Title 15 as well as industry and community standards fails to offer facts sufficient to satisfy the heightened pleading standards that are now the law of the land.  Notably, the County fails to identify any single standard with which they complied, and likewise fail to identify what actions they undertook to comply.

Further, while the doctrine of qualified immunity protects government officials acting in their official capacity,[63]  Plaintiffs have not sued any government officials acting in their official capacity.  The County's third affirmative defense is therefore "immaterial and insufficient as a matter of law with respect to the claims pleaded in the complaint."[64]  Moreover, "qualified immunity is an affirmative defense to damage liability; it does not bar actions for declaratory or injunctive relief."[65]  Plaintiffs are not seeking damages.  The County's third amended defense is stricken.

---

will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.'").

[61] *See Zivkovic v. S. Calif. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also G & G Closed Circuit Events, LLC v. Nguyen*, Case No. 5:10-cv-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) ("[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses").

[62] *See Barnes,* 718 F. Supp. 2d at 1173.

[63] *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

[64] *Ganley*, 2007 WL 902551, at *5.

[65] *Am. Fire, Theft & Collision Managers, Inc. v. Gillespie,* 932 F.2d 816, 818 (9th Cir. 1991).

13

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Fourth*, the County asserts "that should Plaintiffs attempt to add California state law causes of action against Defendant, such causes of action would be barred because Plaintiffs have failed to comply with the requirements of the California Government Claims Act (aka 'California Tort Claims Act'). Further, Defendant asserts Plaintiffs are seeking to impose an obligation on Defendant to provide medical benefits to Plaintiffs in excess of those required by the U.S. Constitution and Title 15, and to the extent this provides a financial benefit to Plaintiffs, Plaintiffs should be subject to the California Government Claims Act."[66] In its opposition, the County argues legal arguments against potential relief can be affirmative defenses.[67]

The problem is that the County does not identify any specific requirements of the California Government Claims Act, nor does it state how Plaintiffs failed to comply with that requirement. The County's assertion that Plaintiffs seek to impose an excessive obligation is vague and does not explain which claims for relief are in excess of obligations required by the U.S. Constitution and Title 15. This affirmative defense seems to try to preempt a not-yet asserted cause of action— "*should* Plaintiffs *attempt to add* California state law causes of action"—rather than connecting to Plaintiffs' second amended complaint. Further, the California Government Claims Act's requirements for state claims-presentation do not apply to declaratory and injunctive relief[68] and so cannot constitute an affirmative defense to Plaintiffs' second amended complaint. This defense is stricken

---

[66] *See* Docket No. 388 at 4.

[67] *See* Docket No. 402 at 4.

[68] *See* Cal. Gov't Code § 814 ("Effect upon liability based on contract or right to relief other than money or damages" provides: "Nothing in this part affects liability based on contract or the right to obtain relief other than money or damages against a public entity or public employee." The Legislative Committee Comments to Section 814 further state: "This section also declares that the provisions of this statute relating to liability of public entities and public employees have no effect upon whatever right a person may have to obtain relief other than money or damages. Thus, for example, even though Section 820.6 provides that public employees are not liable for enforcing unconstitutional statutes, and even though public entities have a similar immunity under Sections 815 and 815.2, the right to enjoin the enforcement of unconstitutional statutes will still remain.").

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Fifth**, the County asserts that "[t]he acts or omissions set forth in the Complaint . . . fail to state a claim for relief and are insufficient to maintain a cause of action."[69]  As with CFMG's first and second affirmative defenses, failure to state a claim is not a proper affirmative defense, and this affirmative defense is stricken.

**Sixth**, the County asserts that Plaintiffs' claims are barred by the doctrine of equitable estoppel, for the same reason stated in CFMG's eighth affirmative defense.[70]  Also for the same reasons, the County's insufficiently pleaded sixth affirmative defense is stricken.

**Seventh**, the County asserts "Defendant contends that it is immune from liability pursuant to state and federal law.  Specifically, under *Monell v. New York City Dept. of Social Services*, the County does not have any policy or practice which would amount to 'deliberate indifference' in the care and treatment of inmates at the . . . jail."[71]  The County does not specifically identify any state law that would provide them immunity.  The County's affirmative defenses based on state law immunities are not applicable to Plaintiffs' claims based on federal law.[72]  Also like the County's third affirmative defense, the County's seventh affirmative defense serves only to negate Plaintiffs' contentions.  Though potentially insufficient as a matter of law and in danger of not constituting an affirmative defense, the County's seventh affirmative defense too is stricken.

---

[69] Docket No. 402 at 3-4.

[70] *See* Docket No. 388 at 4.

[71] *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978); *see* Docket No. 388 at 4-5.

[72] *See Martinez v. California*, 444 U.S. 277, 284 n.8 (1980) ("[C]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law.  A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise.") (quotation and citation omitted); *see also Guillory v. Orange Cnty.*, 731 F.2d 1379, 1382 (9th Cir. 1984) ("State statutory immunity provisions do not apply to federal civil rights actions.").

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

**Eighth**, the County alleges Plaintiffs' complaint is barred by the statute of limitations. As with CFMG's first affirmative defense, the County's eighth affirmative defense is stricken for insufficient facts.[73]

**Ninth**, the County asserts Plaintiffs' causes of action are barred because unidentified Plaintiffs failed to exhaust administrative remedies and grievance procedures.[74] For the same failure to provide sufficient factual allegations as in CFMG's ninth affirmative defense, the County's ninth affirmative defense is stricken.

**Tenth**, the County asserts Plaintiffs claims are barred by the doctrine of laches. "Specifically, on information and belief, the Office of the Public Defender specifically complemented the medical care being given to inmates at the . . . jail. Contemporaneous to this, the Public Defender was collaborating with Plaintiffs and their counsel to gather declarations and grievances which were boiler plate and falsely or incompletely represented the quality of care (medical, mental and security) inmates received, as well as their satisfaction with such services."[75] To establish a defense of laches, a defendant must prove (1) unreasonable delay and (2) prejudice.[76] The County's allegations contain no information about delay or prejudice, and are insufficient to support a plausible defense of laches.[77] The County's tenth affirmative defense is stricken.

---

[73] *See Barnes*, 718 F. Supp. 2d at 1172 (requiring defendant to "point to the existence of some identifiable fact that if applicable to [plaintiff] or another class member would make the affirmative defense plausible on its face.").

[74] *See* Docket No. 388 at 5.

[75] *See* Docket No. 388 at 5.

[76] *See Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000); *see also E & J Gallo Winery v. Grenade Beverage LLC*, Case No. 1:13-cv-00770-AWI, 2014 WL 1747688, at *3 (E.D. Cal. Apr. 30, 2014) (striking laches affirmative defense because "Defendant's arguments in its opposition do not identify unreasonable delay by the plaintiff in bringing this suit or prejudice Defendant suffered as a result").

[77] *See* Docket No. 388 at 5.

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Eleventh**, the County asserts that "[t]he training programs of Defendant County of Monterey were adequate to train deputies to properly handle usual and recurring situations which they would encounter, and Defendant County of Monterey did not act with deliberate indifference with regard to the need to adequately train deputies.  At all times material hereto, Plaintiffs were afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the State of California.  Plaintiffs were provided mental and medical care and accommodations pursuant to state and federal law and industry standards.  At no time material hereto did Monterey County, or any Monterey County employee or agent act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiffs' health, safety and welfare."[78]

As with the third and the seventh affirmative defenses, the County's eleventh affirmative defense serves only to negate Plaintiffs' contentions.  Further, as with the County's affirmative defenses based on state law immunities in the seventh affirmative defense, as a matter of law, to the extent the eleventh affirmative defense rests on immunity under California law, the County's assertions are inapplicable to Plaintiffs' causes of action arising under federal law.  The County's eleventh affirmative defense is stricken.

**Twelfth**, the County claims Plaintiffs lack standing for the same reasons that CFMG provides.[79]  As with CFMG's third defense, the County's twelfth affirmative defense is stricken.

**Thirteenth**, similarly to the County's ninth affirmative defense, the County asserts all of Plaintiffs' claims are barred by the PLRA because certain unidentified Plaintiffs failed to follow grievance procedures "as enumerated in the Monterey County inmate handbook."[80]  For the same

---

[78] *See id.* at 5-6.

[79] *See id.* at 6.

[80] *See id.*

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

United States District Court
For the Northern District of California

failure to provide sufficient factual allegations as in CFMG's ninth affirmative defense and the County's ninth affirmative defense, the County's thirteenth affirmative defense is stricken.

   *Fourteenth*, the County asserts Plaintiffs' requested relief goes against public policy. "Determining whether an injunction either promotes or contradicts public policy goes to the heart of injunction analysis."[81]   As with the third, seventh, and eleventh affirmative defenses, because this question goes to the merits of the case, it is inappropriately presented as an affirmative defense. But because the court is not convinced that amendment is futile, the County's fourteenth affirmative defense is stricken.

   *Fifteenth*, the County claims "Plaintiffs' claims for relief and request for attorneys' fees are limited, in whole or in part, by the Prison Litigation Reform Act."[82]   A conclusory statement, the County fails to identify which particular causes of action in Plaintiffs' second amended complaint might be limited under the PLRA, nor does the County articulate how such claims would be limited.  The County's fifteenth affirmative defense fails to deliver sufficient facts to provide Plaintiffs with fair notice.  Like CFMG's second affirmative defense, the County's fifteenth affirmative defense is stricken.

   *Sixteenth*, the County asserts that the jail "was built and occupied before January 26, 1990. As such," it argues, "the 'readily achievable standard applies' as to any ADA claims and requested modifications cannot impose an undue burden on Defendant or fundamentally alter the nature of the . . . jail."[83]   The county cites 42 U.S.C. § 12181, which provides a list of definitions for terms such as "readily achievable."

---

[81] *Quintana*, 233 F.R.D. at 566 (citing *Chalk v. United States Dist. Court*, 840 F.2d 701, 711 (9th Cir. 1988)).

[82] Docket No. 388 at 7.

[83] *See id.* (citing 42 U.S.C. § 12181(9)).

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

Section § 12181(9) falls under Title III of the ADA, which applies to places of public accommodation,[84] not under Title II of the ADA, which applies to public entities like the County.[85] Therefore, the "readily achievable" standard does not apply to Plaintiffs' claims against the County.  The County also does not identify which "requested modifications" they believe are impermissible or how the modifications would "impose an undue burden" or "fundamentally alter" the County's programs or services.  Without such information, Plaintiffs lack notice of the nature of the defense.  The County's sixteenth affirmative defense is stricken.

## C.

The County's amended answer includes a demand for a jury trial under Fed. R. Civ. P. 38.[86] Rule 38 provides for a jury only if there is a right to a jury under the governing statute or the Seventh Amendment.[87]

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."[88]  The Supreme Court has stated that "[s]uits at common law" refers to "suits in which legal rights [are] to be ascertained and determined."[89]  "If the only relief sought is equitable, such as an injunction . . . ,

---

[84] *See* 42 U.S.C. § 12182.

[85] *See* 42 U.S.C. § 12132.

[86] *See* Docket No. 388 at 7.

[87] *See* Fed. R. Civ. P. Rule 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.").

[88] U.S. CONST. amend. VII.

[89] *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S. Ct. 1339, 108 L. Ed. 2d 519 (1990) (quoting *Parsons v. Bedford,* 28 U.S. 433, 3 Pet. 433, 447, 7 L. Ed. 732 (1830)).

19

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

United States District Court
For the Northern District of California

1    neither the party seeking that relief nor the party opposing it is entitled to a jury trial."[90]   A jury

2    trial also is not available for requests for declaratory relief.[91]

3        The County argues monetary relief would be adequate for the relief Plaintiffs seek.[92]   In

4    addition, the County argues that Plaintiffs request medical benefits that go above and beyond what

5    is required—therefore the relief is not equitable but rather legal.[93]   As such, the County argues they

6    are entitled to a jury trial.[94]

7        The County misconstrues the appropriate issue.   Plaintiffs do not seek monetary damages,

8    period.[95]   Because Plaintiffs seek only equitable relief in the form of a permanent injunctive and

9

10   declaratory relief,[96] a jury trial simply is not available.[97]

11                                    **IV.**

12       Defendants' affirmative defenses are stricken.   The County's request for a jury trial is

13   stricken.   Because the court cannot yet say that amendment of each of the disputed affirmative

14

15   _____

16   [90] *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002); *see also Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir. 1993) (where remedy was equitable

17   in nature "a jury trial was not required"); *Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 966 (7th Cir. 2004) ("There is no right to a jury where the only remedies sought (or available) are

18   equitable.").

19   [91] *See Marseilles Hydro Power*, 299 F.3d at 649 ("[A]dding a claim for a declaratory judgment to one's other claim or claims for relief[] does not create a right to a jury trial.").

20   [92] *See* Docket No. 402 at 8; *Adams v. I-Flow Corp.*, Case No. 09-cv-09550-MR, 2010 WL

21   1339948, at **1, 7 (C.D. Cal. Mar. 30, 2010); *Stationary Eng'rs Local 39 Health & Welfare Trust Fund v. Philip Morris, Inc.,* Case No. 4:97-cv-01519-DLJ, 1998 U.S. Dist. LEXIS 8302, at *56

22   (N.D. Cal. April 30, 1998).

23   [93] *See* Docket No. 402 at 9.

24   [94] *See id.* at 7-9.

25   [95] *See* Docket No. 405 at 4.

26   [96] *See* Docket No. 41 at ¶¶ 410-17.

27   [97] *See Shubin v. U.S. Dist. Court for S. Dist. of Cal., Cent. Div.*, 313 F.2d 250, 251 (9th Cir. 1963) ("[D]efendants' demand for a jury trial is properly stricken on motion [where] the complaint as

28   framed is equitable" in a case where the party "seek[s] only a permanent injunction.").

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE

defenses would be futile, leave to amend also is GRANTED.[98]  Any amendments shall be filed in by May 14, 2015.

**SO ORDERED.**

Dated: April 14, 2015

PAUL S. GREWAL
United States Magistrate Judge

**United States District Court**
For the Northern District of California

---

[98] *See Freeman v. Alta Bates Summit Med. Ctr. Campus*, Case No. 3:04-cv-2019-SBA, 2004 WL 2326369, at *2 (N.D. Cal. Oct. 12, 2004) ("A court granting a Rule 12(f) motion should generally grant leave to amend . . . unless the amendment would be futile."); *see also Wyshak*, 601 F.2d at 826.

Case No.: 5:13-cv-2354-PSG
ORDER GRANTING MOTIONS TO STRIKE