MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California  94105-2235
Telephone:	(415) 433-6830
Facsimile:	(415) 433-7104
Email:	mbien@rbgg.com
	egalvan@rbgg.com
	vswearingen@rbgg.com
	kstone-manista@rbgg.com

JAMES EGAR – 065702
Public Defender
DONALD E. LANDIS, JR. – 149006
Assistant Public Defender
OFFICE OF THE PUBLIC DEFENDER
COUNTY OF MONTEREY
111 West Alisal Street
Salinas, California  93901-2644
Telephone:	(831) 755-5806
Facsimile:	(831) 755-5873
Email:	EgarJS@co.monterey.ca.us
	LandisDE@co.monterey.ca.us

ALAN SCHLOSSER – 049957
MICAELA DAVIS – 282195
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:	(415) 621-2493
Facsimile:	(415) 255-8437
Email:	aschlosser@aclunc.org
	mdavis@aclunc.org

ERIC BALABAN (*admitted pro hac vice*)
CARL TAKEI – 256229
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
915 15th Street N.W., 7th Floor
Washington, D.C.  20005-2302
Telephone:	(202) 393-4930
Facsimile:	(202) 393-4931
Email:	ebalaban@aclu.org
	ctakei@aclu.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 PSG<br><br>**[PROPOSED] ORDER REGARDING ENFORCEMENT OF SETTLEMENT AGREEMENT**<br><br>Judge:	Hon. Paul S. Grewal<br>Date:	DATE<br>Time:	TIME<br>Crtrm.:	5, 4th Floor |

1  The parties have presented disputes regarding the Implementation Plans required by
2  the Settlement Agreement approved by the Court on August 18, 2015.  By stipulation of
3  the parties, the Court decides these disputes based on the papers, as well as the entire
4  record of this action, without a hearing.
5  The core of the parties' dispute is whether the Implementation Plans as drafted meet
6  the requirements of the Settlement Agreement.  "A settlement is interpreted as any other
7  contract, under the interpretive rules of the state."  *Armstrong v. Davis*, 275 F.3d 849, 876
8  (9th Cir. 2001); *Gates v. Rowland,* 39 F.3d 1349, 1444 (9th Cir. 1994).  Under California
9  contract law, the first step is to examine the text of the contract, Cal. Civil Code § 1638, to
10 determine the intent of the parties.  Cal. Civil Code § 1636; *Armstrong,* 275 F.3d at 876.
11 The Settlement Agreement includes the requirement that Implementation Plans must be
12 shaped "to ensure that the class is not exposed to substantial risks of serious harms and that
13 the [disability] subclass is not subject to discrimination on account of disability."
14 (Settlement Agreement.  (SA) at 5:10-12.)  This principle is consistent with the rights of
15 jail inmates under the Fourteenth and Eighth Amendments, as well as under federal
16 disability law.  The Settlement Agreement provides for federal court enforcement.
17 Enforcement orders cannot perpetuate violations of federal law.  *Brown v. Plata*, 131 S. Ct.
18 1910, 1928-1929 (2011).
19 The Court has reviewed the disputes to determine whether the disputed
20 Implementation Plan provisions meet the requirements of the Settlement Agreement as
21 well as the underlying federal law.
22 The Court finds that the several Implementation Plan provisions are not in
23 compliance with the Settlement Agreement.  Where possible, the Court orders immediate
24 modification and implementation of the provisions.  Where it is necessary for Defendants
25 to develop more specific remedies, the Court directs that such remedies be developed
26 within 30 days of this Order, followed by a 30 day meet and confer period, and 14 days
27 thereafter to present remaining disputes to the Court.
28 There is no reason to delay implementation of the Plans while the specific remedies

ordered below are being developed.  On the contrary, there is great urgency to begin the already long-delayed implementation.  Deaths at the jail continue, and the suicide rate has increased significantly from the already high rate found in the Preliminary Injunction.

The Court finds that this Order meets the standard set forth in 18 U.S.C. § 3626(a)(1) in that they are narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and are the least intrusive means necessary to correct the violation of the Federal right of the Plaintiffs.

The Court orders as follows:

1. **Commencing Implementation.** Defendants shall begin carrying out their Implementation Plans without further delay.

2. **Neutral Monitors.**  Magistrate Judge Cousins shall complete appointment of the neutral monitors within 14 days of the Order.

3. **Immediate Changes to Implementation Plans.**  Defendants are directed to make the following changes to the County and CFMG Plans:

   a. **Meet and Confer Provision.**  Delete "If there are any inconsistencies between the plans, the inconsistencies between the plans shall be resolved through a meet and confer process which shall include a representative from CFMG, the Monterey County Office of the Sheriff, and the Monterey County Office of the Public Defender," and replace with:  "If there are any inconsistencies between the plans, the inconsistencies between the plans shall be resolved through a meet and confer process that includes Plaintiffs' counsel."

   b. **Mental Health Treatment.**  The County shall include in its Implementation Plan the following statement:  "The County shall engage in an ongoing effort to monitor the supply of mental health treatment resources available at the jail, including staffing, contracted services, treatment space, custody escorts and security, and shall provide the needed resources."

   c. **Segregation Transition Cells.**  The Implementation Plans shall be revised to ensure that Defendants do not use administrative segregation transition cells to

house class members who have been identified as actively suicidal or in need of suicide precautions or suicide watch.

      d.    **Dental Staffing.**  The Implementation Plans shall be revised to provide a full-time dentist and dental assistant, and to provide for an objective staffing analysis to be completed within 60 days, and for staffing to be adjusted based on the results.

4.    **Remedial Plans.**  In each area where the Implementation Plans are not adequate, Defendants shall be responsible to develop remedial plans that meet the following requirements.  This process shall not delay immediate implementation of the Implementation Plans as they currently are drafted.  Defendants shall provide the neutral monitors and Plaintiffs' counsel with draft remedial plans within 30 days of this order.  The parties shall have 30 days to meet and confer.  Any remaining disputes must be brought to the Court within 14 days after expiration of the meet and confer period.

      a.    **Pharmacy.**  Defendants shall end the practice of licensed vocational nurses assembling medication envelopes from stock bottles, except in cases of emergencies.

      b.    **Medical Administration Record.**  During medication administration, LVNs shall made contemporaneous entries in the Medical Administration Record.

      c.    **Inpatient Hospital Care.**  Defendants shall develop reasonable timelines for inpatient care transfers, with specific timelines assigned to specific levels of need, including immediate transfer for emergency referrals, and short transfer times for acute but non-emergent referrals, and shall remove arbitrary obstacles to care.

      d.    **Telepsychiatry.**  Tele-psychiatry referrals are made by a psychiatrist or psychiatric nurse only after an inmate has first received face-to-face care to start treatment, and that tele-psychiatry is not to be used during a mental health crisis.

      e.    **Safety Cells.**  Safety cells shall not be treated as a form of suicide precaution, but rather as an emergency placement that requires prompt attention by medical and mental health staff, with the patient moved to an appropriate location for

suicide precautions and suicide watch.  (1) Class members placed in safety cells shall receive prompt (within 15 minutes) medical and mental health evaluations, and shall be under constant one-on-one observation until the mental health evaluation.  (2) Class members in need of suicide precautions or suicide watch shall be removed from the safety cells and placed in an observation cell in the Outpatient Housing Unit, or, if those cells are not available, transferred to the hospital for suicide precautions or suicide watch; (3) The Implementation Plans shall include a cumulative time limit on safety cell placement such that no individual may be housed in a safety cell for more than 24 hours total over a period of three days.  (4) Arriving prisoners whose behavior prevents a hands-on medical intake screening shall not be held in a safety cell for more than 6 hours, but instead shall be transferred to the hospital.

   f. **Suicide Prevention.**  Defendants shall develop instructions for using the suicide risk assessment tool to guide clinical discretion in setting specific levels of suicide prevention responses, including constant observation for prisoners at high risk of suicide.

   g. **Administrative Segregation.**  Defendants shall establish a specialized housing unit for the most seriously mentally ill inmates for the purpose of excluding them from segregation, and providing necessary structured therapeutic activity, not less than 10 hours per week and 10 hours of out-of-cell exercise per week.

   h. **Classification.**  Defendants shall develop an objective classification plan.  For inmates placed in segregation, Defendants shall conduct a classification review promptly (within 7 days after segregation placement) and every 14 days thereafter.

   i. **Restraint Chairs.**  When an inmate is placed in a restraint chair, Defendants shall provide a face-to-face medical evaluation within one hour, with a prompt mental health evaluation thereafter.  Inmates placed in a restraint chair shall be transferred to the hospital if they cannot be removed from the chair within six hours.  Occupied restraint chairs shall not be placed in safety cells.

   j. **Specific Dental Procedures.**  Dental care shall not be triaged based

1  on verifiable sentence length, but instead based on clinical discretion that may take
2  expected length of custody into account.  Patients shall be referred to oral pathologists
3  where necessary to screen for oral cancer or other pathologies.  Defendants shall
4  implement medically necessary protocols for dental care of persons with chronic diseases.
5  Dentures shall be provided when medically necessary, including but not limited to when
6  necessary to maintain nutrition.  Endodontic care shall be provided when medically
7  necessary, and without arbitrary oral hygiene barriers.  Defendants shall provide root canal
8  therapy on back/posterior teeth that meet one of the following criteria:  The tooth must be
9  restorable with a direct filling restoration that will protect the cusps; or, the tooth is part of
10 a fixed partial denture/bridge and is not decayed; or, the tooth helps to retain a removable
11 partial denture which will be rendered useless if the tooth is removed and is restorable with
12 a direct filling restoration.

13       k.    **Dental Records.**  Dental records shall be complete and shall include
14 all patient radiographs.

15       l.    **Safety.**  Staffing throughout the jail shall be adjusted as necessary to
16 provide direct supervision where physical plant limitations prevent safe levels of inmate
17 supervision.  Defendants shall develop a plan to remove the visibility barriers identified by
18 neutral expert Michael Hackett.

19       m.    **Disabilities.**  Defendants shall provide the neutral disability access
20 monitor and Plaintiffs' counsel with their disability access consultants' report.  Defendants
21 shall work with the neutral disability access monitor to develop the specific disability
22 access and accommodations procedures referred to in Monterey County Jail Policy No.
23 602.

24 DATED:  _____, 2016

                                            Paul S. Grewal
                                            United States Magistrate Judge