| | |
|---|---|
| MICHAEL W. BIEN – 096891 | ALAN SCHLOSSER – 049957 |
| ERNEST GALVAN – 196065 | MICAELA DAVIS – 282195 |
| VAN SWEARINGEN – 259809 | AMERICAN CIVIL LIBERTIES UNION |
| ROSEN BIEN | FOUNDATION OF NORTHERN |
| GALVAN & GRUNFELD LLP | CALIFORNIA, INC. |
| 50 Fremont Street, 19th Floor | 39 Drumm Street |
| San Francisco, California 94105-2235 | San Francisco, California 94111-4805 |
| Telephone: (415) 433-6830 | Telephone: (415) 621-2493 |
| Facsimile: (415) 433-7104 | Facsimile: (415) 255-8437 |
| Email: mbien@rbgg.com | Email: aschlosser@aclunc.org |
| egalvan@rbgg.com | mdavis@aclunc.org |
| vswearingen@rbgg.com | |
| JAMES EGAR – 065702 | ERIC BALABAN (*admitted pro hac vice*) |
| Public Defender | CARL TAKEI – 256229 |
| DONALD E. LANDIS, JR. – 149006 | NATIONAL PRISON PROJECT of the |
| Assistant Public Defender | AMERICAN CIVIL LIBERTIES UNION |
| OFFICE OF THE PUBLIC DEFENDER | 915 15th Street N.W., 7th Floor |
| COUNTY OF MONTEREY | Washington, D.C. 20005-2302 |
| 111 West Alisal Street | Telephone: (202) 393-4930 |
| Salinas, California 93901-2644 | Facsimile: (202) 393-4931 |
| Telephone: (831) 755-5806 | Email: ebalaban@aclu.org |
| Facsimile: (831) 755-5873 | ctakei@aclu.org |
| Email: EgarJS@co.monterey.ca.us | |
| LandisDE@co.monterey.ca.us | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 PSG<br><br>**ADMINISTRATIVE MOTION AND [PROPOSED] ORDER TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Phyllis J. Hamilton |

# INTRODUCTION

Plaintiffs bring this Motion under Local Rule 3-12(b) to consider whether this action, *Hernandez v. County of Monterey*, No. 13-cv-2354-PSG should relate to *Claypole v. County of Monterey, et al.*, Case 5:14-cv-02730-BLF ("*Claypole* action") and *Estate of Sandra Vela, et al. v. County of Monterey, et al.*, Case No. 5:16-cv-02375-BLF ("*Vela* action"). All three Northern District actions involve policies, procedures, practices, and customs at the Monterey County Jail (the "Jail") with respect to inmates' health care, mental health treatment, and protection from harm, including the policies and practices of the Jail's private health care contractor, California Medical Forensic Group, Inc. ("CFMG"). The County of Monterey and CFMG are defendants to all three actions.

Given the overlap in factual and legal issues concerning the care of Jail inmates, Judge Freeman found good cause to relate the *Claypole* and *Vela* actions on May 12, 2016. *See Claypole* Dkt. No. 285 at 3. The *Hernandez* action is currently assigned to Magistrate Judge Grewal, who will resign from the court on June 3, 2016. *See Hernandez* Dkt. No. 541. Relating *Hernandez* to the other Monterey County Jail cases, *Claypole* and *Vela*, will insure that Judge Freeman presides over all three Jail actions, which furthers the interests of judicial economy and consistency set forth in Local Rule 3-12(a).

# ***HERNANDEZ* BACKGROUND**

The factual record concerning the Jail's provision of care and protection of its inmates from harm has been most extensively developed in *Hernandez*, which overlaps considerably with the factual and legal issues in the *Claypole* and *Vela* actions.

On May 23, 2013, the *Hernandez* Plaintiffs filed a class action lawsuit against Defendants seeking declaratory and injunctive relief for alleged violations of the Eighth and Fourteenth Amendments of the U.S. Constitution, the Americans with Disabilities Act, the Rehabilitation Act, as well as the California Constitution and State statutes. *See Hernandez* Dkt. No. 1. Plaintiffs alleged that Defendants provide inadequate security, medical care, and mental health care to inmates in the Jail, exposing inmates to substantial, unreasonable, and life-threatening risks of harm. *See generally*, Second Amended

Complaint, *Hernandez* Dkt. No. 41. Plaintiffs also alleged that Defendants routinely discriminate against and fail to accommodate inmates with disabilities. *See id.*

In November 2013, four neutral experts submitted expert reports on the security, medical care, and ADA accommodations at the Jail. *See Hernandez* Dkt. No. 490 ¶¶ 6-12. Following the submission of additional party expert declarations, the Court certified the class and disability sub-class on January 29, 2015. *See Hernandez* Dkt. No. 431. The class is defined as "all adult men and women who are now, or will be in the future, incarcerated in the Monterey County Jail." *Id.* at 164. The Court also certified a sub-class of "all qualified individuals with a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in the Monterey County Jail." *Id.*

Over the course of 2014 and 2015, Plaintiffs and Defendants deposed over three dozen fact and expert witnesses including all 21 named Plaintiffs; three Plaintiffs' experts in correctional medical services; three FRCP 30(b)(6) witnesses who testified as to the Jail's practices, policies, and procedures relevant to Plaintiffs' claims; two CMFG experts; three staff employed by CFMG; and the Jail operations manager employed by the Sheriff's Office. *See Hernandez* Dkt. No. 490 ¶ 22. All parties served multiple sets of written discovery, which resulted in the production of tens of thousands of electronic documents in response. *See id.* ¶ 23. Plaintiffs also completed four inspections of the jail with expert consultants in the area of safety, disability access, mental health, medical care, and dental care. *See id.* ¶ 25.

On April 14, 2015, the Court granted Plaintiffs' preliminary injunction motion, ordering Defendants to file a plan to reform the following issues: tuberculosis testing and treatment, detoxification, medication continuity, suicide prevention, sign language interpreters, and disability access. *See Hernandez* Dkt. No. 460 at pp. 42-44. In May 2015, the parties agreed to settle, and the Court ordered final approval of the settlement on August 18, 2015. *See Hernandez* Dkt. No. 494. As part of the settlement, the parties agreed to jointly develop implementation plans to address myriad issues affecting the

safety and welfare of Jail inmates, including but not limited to: detoxification, medication continuity, suicide prevention, intake screening, safety cells, custody staffing, clinical staffing, medical care, mental health care, and safety. *See id.* The parties have briefed disputes regarding the content of the implementation plans. *See Hernandez* Dkt. Nos. 514, 517, 527-532. These disputes were heard in oral argument on April 28, 2016 and remain under submission. *See Hernandez* Dkt. No. 538. Also pending before the Court is the appointment of neutral experts to monitor implementation and compliance. *See Hernandez* Dkt. No. 531-6 at 2.

## DESCRIPTION OF RELATED CASES

In 2014, the Estate of Joshua Claypole and his mother, Silvia Guersenzvaig, filed a lawsuit against, the County of Monterey, CFMG, and various other parties, arising from Mr. Claypole's death as a result of suicide by hanging at the Jail. *See Estate of Joshua Claypole v. Cty. of Monterey*, No. 14-CV-02730-BLF, 2016 WL 541075, at *1 (N.D. Cal. Feb. 11, 2016). The Plaintiffs in *Claypole* sought damages against the County of Monterey and CFMG as a result of their failure to provide necessary medical treatment and failure to protect Mr. Claypole from harm. *Id.* The parties reached settlement after the Court largely denied cross-motions for summary judgment by Plaintiffs and Defendants and trial was soon to commence. *See Claypole* Dkt. No. 279.

Sandra Vela died as a result of suicide by hanging in the Jail on March 24, 2015. *See Vela* Dkt. No. 1. Plaintiffs Estate of Sandra Vela, AnnaMarie Moreno, and Bernadette Alverado filed the *Vela* action on May 2, 2016 alleging that County of Monterey, CFMG, and various individual defendants failed to provide necessary medical and mental health treatment to Sandra Vela and failed to protect her from harm during her incarceration at the Jail. *Id.* Ms. Vela's survivors allege in their Complaint that that Defendants were on notice of these deficiencies and refused to take reasonable measures to remediate them, evidencing deliberate indifference to the substantial risk of harm, including self-inflicted harm, to inmates at the Jail. *Id.*

## ANALYSIS

Local Rule 3-12(a) provides that two actions are related if "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results of the cases are conducted before different Judges." In arguing for relation of the *Vela* action to the *Claypole* action, the *Vela* plaintiffs successfully showed that" "[m]uch of the evidentiary record developed in *Claypole* regarding systemic policies, procedures, practices, custom, and history at Monterey County Jail with respect to mental health treatment and suicide prevention will overlap with the evidentiary record to be developed in the *Vela* case. Similarly numerous of the legal issues litigated in each case will be substantially similar, including, *inter alia*, the legal obligations of a municipality to ensure provision of adequate health care when it contracts provision of such care out to a private provider, the obligations of a jail medical provider to provide mental health treatment including adequately assessing risk of suicide, and the legal obligations of jail administrators and staff to protect an inmate at risk of self-harm from known dangers." *See Claypole* Dkt. No. 285 at pp. 2-3.

The factual record in the *Hernandez* action is robustly developed, with extensive facts relating to issues at the heart of the *Claypole* and *Vela* actions, including those related to: suicide precautions, medical health care, mental health care, and staffing. Indeed, the factual record in Hernandez includes specific facts and analyses related to the deaths of Mr. Claypole and Ms. Vela. *See, e.g.*, *Hernandez* Dkt. No. 51 ¶¶ 96-97 (Claypole); *Hernandez* Dkt. No. 516-1 at p. 107 of 152 (Vela). The *Hernandez* action should be related to the *Claypole* and *Vela* actions, allowing Judge Freeman to preside over a set of cases focused on substantially similar factual records and legal questions.

\\
\\
\\
\\

# CONCLUSION

Relating *Hernandez* to the *Claypole* and *Vela* actions, and assignment of this matter to Judge Freeman would prevent duplication and promote judicial economy.

DATED: May 24, 2016

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
     Van Swearingen

Attorneys for Plaintiffs

# [PROPOSED] ORDER

Based on Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related, and pursuant to Local Rule 3-12, the Court finds good cause to relate *Hernandez v. County of Monterey*, No. 13-cv-2354-PSG to *Estate of Vela, et al. v. County of Monterey, et al.* No. 5:16-cv-02375-BLF and *Claypole v. County of Monterey, et al.*, Case 5:14-cv-02730-BLF.

IT IS SO ORDERED.

DATED: _____, 2016

Hon. Phyllis J. Hamilton
Chief United States District Judge