UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>  Defendants. | Case No. 5:13-cv-02354-PSG<br><br>**ORDER GRANTING-IN-PART DEFENDANTS' MOTIONS FOR APPROVAL OF IMPLEMENTATION PLANS AND DENYING AS MOOT CFMG'S FIRST MOTION FOR APPROVAL OF IMPLEMENTATION PLAN**<br><br>**(Re: Docket No. 514, 517, 532)** |

Defendants County of Monterey and California Forensic Medical Group move for approval of their plans implementing the settlement agreement between them and Plaintiffs Jesse Hernandez et al.[1] As an initial matter, CFMG has two motions for approval pending.[2] CFMG first moved for approval of its implementation plan on Feb. 19, 2016,[3] and then moved for approval of a revised implementation plan after meeting and conferring with Plaintiffs.[4] The court DENIES CFMG's Feb. 19 motion as moot in light of CFMG's revised plan. With respect to CFMG, this order relies on CFMG's revised implementation plan, filed as Docket No. 532.

The court has considered all of Plaintiffs' objections to Defendants' proposed

---

[1] *See* Docket Nos. 514, 517, 532.

[2] *See* Docket Nos. 517, 532.

[3] *See* Docket No. 517.

[4] *See* Docket No. 532.

1
Case No. 5:13-cv-02354-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTIONS FOR APPROVAL OF IMPLEMENTATION PLANS AND DENYING AS MOOT CFMG'S FIRST MOTION FOR APPROVAL OF IMPLEMENTATION PLAN

implementation plans, as presented in Plaintiffs' briefing and at oral argument.[5] The court GRANTS-IN-PART Defendants' motions for approval of their implementation plans and overrules Plaintiffs' objections except as follows:

1. **Meet and confer process**: the meet and confer process for each implementation plan shall include all Plaintiffs' counsel.
2. **Diamond Pharmacy license**: the Diamond Pharmacy pharmacist that dispenses medications to the Monterey County Jail in bulk or stock supply shall hold a California pharmacist license.
3. **Pharmacy pill transfer**: Plaintiffs object that the licensed vocational nurses that transfer medication from the stock supply do so by pouring out pills, putting them by hand in envelopes for each patient and putting leftover pills back in the stock supply bottles.[6] Plaintiffs argue that this practice endangers patient safety.[7] CFMG states that its LVNs are trained to take out a single dose of medication from the stock supply at a time.[8] This objection is resolved as follows: LVNs may transfer medication from the stock supply so long as they do not engage in the practice complained of.
4. **Suicide Risk Assessment Tool**: Plaintiffs object that Dr. Hayward's Suicide Risk Assessment Tool lacks guidance on how to use the assessment results and request that the court order Defendants to develop instructions for using the risk assessment tool.[9] At oral argument, Plaintiffs stated that Hayward was available to train CFMG and the County on the tool's use. This objection is resolved as follows: Hayward shall offer Defendants training on how to use

---

[5] *See* Docket Nos. 531, 538.

[6] *See* Docket No. 531 at 4.

[7] *See id.* at 5-6.

[8] *See* Docket No. 532 at 3.

[9] *See* Docket No. 531 at 8-9.

the suicide risk assessment tool. Defendants may use their clinical discretion in relying on the results of the suicide risk assessment tool.

5. **Administrative segregation classification**: when inmates are placed in segregation, Defendants shall conduct a classification review within seven days of the placement and every 14 days thereafter.

6. **Restraint chairs**: individuals placed in a restraint chair shall be under constant supervision for the entire time they are in the restraint chair. The restraint chair may be placed in a safety cell or another location in the jail.

7. **Telepsychiatry**: Defendants' implementation plans must have standards for when they can deviate from a typical in-person encounter and use telemedicine or telepsychiatry.

8. **Violence Reduction Implementation Plan**: at oral argument, the County requested a four-month extension of the implementation plan's deadline for installing a new camera system, so that the County also could install new control panels for the camera system. Plaintiffs agreed to the four month extension. The four month extension is granted.

9. **Disability access plan**: the County shall provide a copy of the neutral ADA expert's report to the neutral disability access monitor and to Plaintiffs' counsel. The neutral monitor shall assess the adequacy of the County's ADA modifications.

10. **Implementation deadlines**: At oral argument, the County requested a 60-day extension to all expired deadlines in the implementation plan. Nearly a month has passed since oral argument. The County shall have a 90-day extension of all expired deadlines in the implementation plan. CFMG requests 45 days to train its staff on the implementation plan, before requiring its implementation.[10] CFMG shall have 45 days for training.

---

[10] *See* Docket No. 532 at 1.

**SO ORDERED.**

Dated: May 27, 2016

                                                 _____
PAUL S. GREWAL
United States Magistrate Judge

4

Case No. 5:13-cv-02354-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTIONS FOR APPROVAL OF IMPLEMENTATION PLANS AND DENYING AS MOOT CFMG'S FIRST MOTION FOR APPROVAL OF IMPLEMENTATION PLAN