CHARLES J. McKEE, SBN 152458
County Counsel
JANET L. HOLMES, SBN 107639
Deputy County Counsel
County of Monterey
168 West Alisal Street, Third Floor
Salinas, California 93901-2653
Telephone: (831) 755-5045
Facsimile: (831) 755-5283

Attorneys for Defendant County of Monterey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| JESSE HERNANDEZ, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; et al.,<br><br>Defendants. | Case No. 13-02354-BLF<br><br>ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; [PROPOSED] ORDER |

**I.  INTRODUCTION.**

Defendant County of Monterey brings this motion required under Local Rule 3-12(b) to consider whether *Gasca v. County of Monterey,* No. 16-cv-04221, relates to *Hernandez v. County of Monterey,* No. 13-cv-02354-BLF (N.D. Cal. Filed May 23, 2013) (herein "*Hernandez*").

**II.  BACKGROUND.**

**A.  Factual summary of later-filed suit.**

Plaintiff Javier Gasca filed his action on July 26, 2016, alleging that Defendants County of Monterey, Monterey County Sheriff's Office, and California Forensic Medical Group, and

1

1  their employees, have violated federal and state disability civil rights laws by failing to provide
2  accessible facilities to Plaintiff Gasca, an inmate at the Monterey County Jail, in violating of 28
3  C.F.R. 35.150.
4        Plaintiff Gasca alleges he is mobility impaired and relies upon a wheelchair.  He has been
5  incarcerated since January 29, 2016.  Gasca also alleges he is a member of the class in
6  *Hernandez v. County of Monterey,* No. 13-cv-02354-BLF.  (*Gasca* Complaint ¶17, Case 5:16-cv-
7  042210, Doc. 1, p. 6.)   Plaintiff Gasca alleges he is at risk to develop pressure ulcers on the
8  buttocks, requiring immediate medical attention and adequate follow up care.  Plaintiff Gasca
9  alleges that since his incarceration, he has developed two pressure ulcers, and claims he has
10 failed to receive proper treatment.
11       Plaintiff Gasca further alleges that Defendants have failed to provide accessible shower
12 facilities to Plaintiff.
13       **B.**      **Description of earlier-filed case.**
14       On May 23, 2013, the *Hernandez* class action lawsuit was filed against the County of
15 Monterey, alleging that the County provides constitutionally inadequate medical, detoxification,
16 and mental health care in the Monterey County Jail, among other claims. See *Hernandez v.*
17 *County of Monterey*, No. 13-cv-2354-BLF (N.D. Cal. filed May 23, 2013).  *Hernandez* also
18 named California Forensic Medical group as a defendant.   The *Hernandez* complaint sought
19 declaratory and injunctive relief against the County of Monterey and California Forensic Medical
20 Group -- both Defendants in the *Gasca* action -- for alleged violations of class members' civil
21 rights.  A substantial portion of the claims alleged in *Hernandez* concerned the provision of
22 medical care, in particular with respect to inmates with disabilities.
23       In his Complaint in the later-filed case, Plaintiff Gasca alleges he is a member of the
24 "inmates with disabilities subclass" in *Hernandez*.  (*Gasca* Complaint ¶17, Case 5:16-cv-
25 042210, Doc. 1, p. 6.)
26 **III.**    **ANALYSIS**
27       Under Local Rule 3-12(a), two actions are related if "(1) [t]he actions concern
28 substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there

2

*Hernandez v. County of Monterey, et al.*      Case No.  13-cv-02354 BLF
County's Administrative Motion to Consider Whether Cases Should be Related

will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Here, the actions both concern events occurring at the Monterey County Jail, and both cases will involve investigating Jail policy, procedure, history, and custom as it relates to medical health care and accommodations.  In addition, Monterey County and California Forensic Medical Group are Defendants to both actions.  Lastly, the *Gasca* Complaint relies on the claims made in *Hernandez* and investigations conducted thereafter.  As mentioned, Plaintiff Gasca alleges he is a member of the "inmates with disabilities subclass" in *Hernandez*.  (*Gasca* Complaint ¶17, Case 5:16-cv-042210, Doc. 1, p. 6.)  Given the significant overlap between the two actions, judicial economy is best served by designating both cases as related.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant County of Monterey brings this motion to consider whether the cases should be related.

Dated:  October 24, 2016

          CHARLES J. McKEE
          County Counsel


          By    /s/ *Janet L. Holmes*
          JANET L. HOLMES, Deputy County Counsel
          Attorneys for Defendant County of Monterey

3

*Hernandez v. County of Monterey, et al.*                                                                                                         Case No.  13-cv-02354 BLF
County's Administrative Motion to Consider Whether Cases Should be Related

**[PROPOSED] ORDER**

Based on Defendant County of Monterey's Administrative Motion to Consider Whether Cases Should Be Related, and pursuant to Local Rule 3-12, the Court finds good cause to relate *Javier Gasca v. County of Monterey, et al.,* No. 16-cv-04221, to *Hernandez, et al. v. County of Monterey, et al.,* No. 13-02354-BLF.

DATED: _____, 2016.

_____
United States District Judge

4

*Hernandez v. County of Monterey, et al.*                                      Case No.  13-cv-02354 BLF
County's Administrative Motion to Consider Whether Cases Should be Related