MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
ANDREW G. SPORE – 308756
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California  94105-2235
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
Email:        mbien@rbgg.com
               egalvan@rbgg.com
               vswearingen@rbgg.com
               aspore@rbgg.com

ALAN SCHLOSSER – 049957
MICAELA DAVIS – 282195
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:  (415) 621-2493
Facsimile:   (415) 255-8437
Email:        aschlosser@aclunc.org
               mdavis@aclunc.org

ERIC BALABAN (*admitted pro hac vice*)
CARL TAKEI – 256229
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
915 15th Street N.W., 7th Floor
Washington, D.C.  20005-2302
Telephone:  (202) 393-4930
Facsimile:   (202) 393-4931
Email:        ebalaban@aclu.org
               ctakei@aclu.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING TELEPSYCHIATRY**<br><br>Judge:  Hon. Beth Labson Freeman |

THE PARTIES THROUGH THEIR COUNSEL HEREBY STIPULATE AS FOLLOWS:

On September 20, 2017, Plaintiffs' Motion to Enforce Settlement Agreement came on for a hearing in this Court, the Honorable Beth Labson Freeman presiding. The Court ordered that Defendants County of Monterey and California Medical Forensic Group, Inc. (collectively "Defendants") must provide 40 hours of on-site psychiatric services by a psychiatrist at the Monterey County Jail each and every week; that Defendants have procedures in place to bring in substitute on-site psychiatrists if Dr. Francisco is unable to meet the 40 hour per week on-site requirement; and that Defendants provide the monthly hours actually worked to Plaintiffs' counsel. During the hearing, the parties agreed to certain mandatory requirements that must be followed whenever Defendants use telepsychiatry services with patients at the Monterey County Jail. The parties agreed to present these requirements in the form of a joint stipulated order.

THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE that any use of telepsychiatry services with patients at the Monterey County Jail must comply with the following requirements:

1. Telepsychiatry shall not be used without the patient's informed consent, documented in writing in the patient's medical record. Informed consent for use of telepsychiatry with a patient shall include, at minimum: discussion of the structure and timing of services; procedures for coordination of care with other professionals; scheduling, including a protocol for contact between sessions; record keeping, including the process by which patient information will be documented and stored; privacy and confidentiality; potential risks; an agreed upon emergency plan; and information specific to the nature of videoconferencing, inducing the potential for technical failure. An informed consent form to be reviewed with the patient, completed, and signed by the patient prior to providing psychiatric services via telepsychiatry is attached as **Exhibit A**.

2. The telepsychiatrist shall have access to relevant clinical data of the patient as if they were being seen in person. Relevant clinical data may be provided to the telepsychiatrist by (1) facsimile transmission, (2) secured encrypted HIPAA complaint

internet based formats including email, or (3) direct discussions with any of the patient's medical or mental health care providers.  Relevant clinical data on each patient will be provided to the telepsychiatrist at least 1 hour before the start of the telepsychiatry session. All pertinent information, i.e., pertinent history, lab results, progress notes from mental health provider, medication compliance, etc., will be included. This information may be provided either by:  (1) providing the patient's entire medical and mental health file to the telepsychiatrist; or (2) providing pertinent records documenting the patient's active psychiatric and medical conditions (including treatments and responses), past medical and psychiatric treatments (including treatments and responses), pertinent lab results and progress notes, and an abbreviated social history to the telepsychiatrist.  Information provided by way of the second option shall be captured and documented in a chart review form.  Additional clinical data may be sent to the telepsychiatrist during or after the telepsychiatry session as necessary.

3. Telepsychiatrists must adequately document each patient session, and transmit the documentation electronically to the facility for inclusion in the patient's medical record within 24 hours of the clinic visit.  Such documentation shall include the date and duration of the encounter, the psychiatrist's assessment, patient history, treatment plan, and informed consent.

4. Defendants' Telepsychiatry facilities and technological capabilities must be regularly vetted to ensure: the normal operation of the devices do not have technological difficulties; up-to-date antivirus software and a firewall is installed; reliable management software is used to provide consistent oversight of applications; adequate security by using point-to-point encryption; and the maintenance of the most reliable connection method to access the Internet.  Technical problems that interrupt or prevent adequate patient assessment shall be documented in a log as well as the patient record.

5. Defendants' Telepsychiatry Policy shall ensure that telepsychiatric care is subject to Quality Assurance monitoring that addressed the particular requirements for telemedicine, including but not limited to whether records are being reviewed as

appropriate, whether the technology is working, and whether patients are consenting to telemedicine sessions and getting timely access to on-site care when they do not consent.

6. Telepsychiatry sessions shall be conducted so that clinical discussion cannot be overheard by other patients. Custody staff may maintain visual supervision but may not be close enough to overhear communication, absent security concerns based on an individualized determination of risk which includes consideration of a request by a qualified mental health practitioner requiring that custody staff be closer at hand for that specific inmate.

DATED: December 7, 2017        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
    Van Swearingen

Attorneys for Plaintiffs

DATED: December 7, 2017        OFFICE OF THE COUNTY COUNSEL
                               COUNTY OF MONTEREY

By: */s/ Susan K. Blitch*
    Susan K. Blitch
    Senior Deputy County Counsel

Attorneys for Defendants
COUNTY OF MONTEREY and
MONTEREY COUNTY SHERIFF'S OFFICE

DATED: December 7, 2017        BERTLING & CLAUSEN, L.L.P.

By: */s/ Peter G. Bertling*
    Peter G. Bertling

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP,
INCORPORATED

4

Case No. CV 13 2354 BLF

STIPULATION AND [PROPOSED] ORDER REGARDING TELEPSYCHIATRY

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __December 7th__, 2017          _____
                                        Beth Labson Freeman
                                        United States District Judge

# Exhibit A

# Confidentiality Disclosure and Consent for Treatment by Telepsychiatry

**Inmate Name**: _____

**Booking #**: _____

**Housing Unit**: _____

## Confidentiality Disclosure Statement

I understand that Telepsychiatry sessions shall be conducted with adequate privacy so that clinical discussion cannot be overheard by other patients and/or correctional officers.

I understand there are limits to the confidentiality within a correctional setting. I understand that the treating Telepsychiatrist is required to disclose any information regarding: Suicidal, Homicidal, and Self Injurious Ideation; Unreported Child or Elder Abuse/Neglect; as well as Safety and Security Issues.

I understand that the treating Telepsychiatrist may disclose information to on-site staff for the purposes of coordinating my mental health care and/or housing placement.

I understand that, in rare cases, a poor Internet connection or equipment failure may make it difficult for the Telepsychiatrist to communicate with me or make an appropriate medical decision. Additionally, in rare cases, security protocols could fail, causing a breach of privacy of my personal medical information.

## Consent to Treatment by Telepsychiatry

I understand that I may refuse Telepsychiatry at any time and will then be scheduled to see an on-site psychiatrist.

I understand that I have the right to refuse any medications that I am prescribed, and that I may withdraw my consent to treatment with my prescribed medications at any time.

The Telepsychiatrist has explained to me the structure and timing of my treatment, including the procedures for coordinating my care with on-site mental health staff and the scheduling of my next appointment. I have been informed of how to access mental health staff if I have a crisis or emergency, including an urge to hurt myself or others. The Telepsychiatrist and I have agreed upon a plan in the event that I undergo a psychiatric emergency.

The Telepsychiatrist has explained to me that details of this appointment, including the date and duration of the encounter, my patient history, the Telepsychiatrist's assessment, treatment plan, and my informed consent, will be documented in my medical record, a copy of which will be stored on-site at the Monterey County Jail.

I understand my responsibilities include participating in the treatment program and alerting medical staff to any problems or issues that may arise as a result of treatment.

A-1

A-2

This informed consent process included the opportunity for me to ask questions in regard to my treatment.  My questions have been answered and the risks, benefits, and any practical alternatives have been discussed with me in a language in which I understand.

I voluntarily consent to treatment provided by the Telepsychiatrist identified below.

☐ I consent to treatment by Telepsychiatry                  ☐ I reject treatment by Telepsychiatry and demand an on-site psychiatrist

_____     _____
Patient Signature                                                    Date

☐ Patient Refused to Sign                                          Provide Reason:

_____     _____
Clinician Name (Print)                                            Title

_____     _____
Clinician Signature                                                  Date