# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JESSE HERNANDEZ, et al., <br>     Plaintiffs, <br> v. <br> COUNTY OF MONTEREY, et al., <br>     Defendants. | Case No. 13-cv-02354-BLF <br><br> **ORDER DENYING COUNTY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> [Re: ECF 644] |

Defendant County of Monterey has filed an Administrative Motion to File Under Seal (ECF 644), seeking to file under seal certain documents the County has submitted in opposition to Plaintiffs' Motion for Attorneys' Fees and Expense. Specifically, the County requests sealing of the Declaration of Anne K. Brereton in Support of Opposition to Motion for Attorneys' Fees and Exhibits A through D thereto, in their entirety.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A).

The good cause standard governs, because the sealing request relates to evidence offered to oppose Plaintiffs' fees motion, which is only tangentially related to merits of Plaintiffs' claims. The County has not shown good cause for sealing. The County asserts that Exhibits A through D to the Declaration of Anne K. Brereton in Support of Opposition to Motion for Attorneys' Fees are sealable in their entirety because they have been designated as "CONFIDENTIAL INFORMATION" by the County under the applicable Stipulated Protective Order, meaning that they contain "'operations records, institutional records, [and] medical records' that contain 'security-sensitive information' and 'confidential personal information.'" Decl. of Anne K. Brereton in Support of Defendants Administrative Motion to File Under Seal at ¶ 2, ECF 644-1. However, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). Moreover, Exhibits A through D are not operations, institutional, or medical records. They are copies of correspondence between counsel arguing about production of medical records. The documents do mention the names of individuals as to whom medical records are sought. To the extent the County contends that those names should be sealed, the sealing request is not narrowly tailored, because the names easily could be redacted and the remainder of the documents could be filed publicly. Accordingly, the sealing motion is DENIED WITHOUT PREJUDICE to a renewed sealing motion which is narrowly tailored.

The Court notes that the County has filed *all* of its briefing in opposition to Plaintiffs' fees motion as exhibits to its Administrative Motion to File Under Seal. This is so even with respect to the County's Memorandum of Points and Authorities, as to which no sealing is requested. As a result, the County's Memorandum of Points and Authorities cannot be viewed by the public. The County SHALL re-file its Memorandum of Points and Authorities in opposition to Plaintiffs' fees motion in the public docket.

IT IS SO ORDERED.

Dated: February 13, 2019

_____
BETH LABSON FREEMAN
United States District Judge