MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CARA E. TRAPANI – 313411
CAROLINE E. JACKSON – 329980
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
       egalvan@rbgg.com
       vswearingen@rbgg.com
       ctrapani@rbgg.com
       cjackson@rbgg.com

ERIC BALABAN (admitted *pro hac vice*)
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
915 15th Street N.W., 7th Floor
Washington, D.C. 20005-2302
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ebalaban@aclu.org

KATHLEEN GUNERATNE – 250751
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: kguneratne@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**JOINT STATUS REPORT AND [PROPOSED] ORDER**<br><br>Judge: Hon. Beth Labson Freeman<br>Crtrm.: 3, 5th Floor, San Jose |

**JOINT STATUS REPORT**

The parties offer this joint status report to update the Court on recent developments in this case, and respectfully request that the Court adopt the parties' agreements as set forth below.

Approximately five years ago, Defendants California Forensic Medical Group, Inc., or "CFMG", the County of Monterey, the Monterey County Sheriff's Office (collectively "Defendants") and Plaintiffs—the class of all persons held at the Monterey County Jail ("Jail"), and a subclass of persons with disabilities—entered into, and the Court approved, a Settlement Agreement to improve the provision of medical, mental health, and dental care, safety, and disability access at the Jail. *See* Dkt. 494, Ex. A.[1] Pursuant to the Settlement Agreement, the parties developed Implementation Plans with detailed requirements in these five subject matter areas. *See* Dkt. 532, Ex. A (CFMG's Implementation Plan); Dkt. 528-1, Ex. A (County's Implementation Plan). On May 27, 2016, the Court approved in-part Defendants' Implementation Plans and resolved all other disputes concerning the Plans. *See* Dkt. 549. The Court also granted Defendants a 90-day extension, through August 2016, to meet the deadlines in the Plans. *Id.* at 3.

Since August 2016, the Court-appointed neutral monitors for the five subject matter areas have assessed Defendants' substantial compliance with the Implementation Plans and Settlement Agreement. *See* Dkts. 494 & 658 (Orders Appointing Neutral Monitors and Orders of Reference). On February 6, 2020, pursuant to the findings in the monitors' periodic reports and the dispute resolution process outlined in Paragraph 48 of the Settlement Agreement, *see* Dkt. 494 at 25-26, Plaintiffs' counsel submitted a letter to Defendants' counsel identifying requirements under the Implementation Plans and Settlement Agreement for which Plaintiffs' counsel assert the monitors have found

---

[1] All references to page numbers in documents filed in the Court's Electronic Case Filing (ECF system) are to the page number assigned by the ECF system and located in the upper right hand corner of the page.

Defendants to be not in substantial compliance.

Since February 2020, the parties have met and conferred several times regarding their dispute over Defendants' substantial compliance, including during a two-day all-parties summit that took place on May 20 and 21, 2020, and included all five monitors. The parties recognize that the following agreement is contingent upon the Monterey County Board of Supervisors' approval. Pursuant to these extensive negotiations, the parties now stipulate and agree, contingent upon County Board approval, to the following:

1. The parties agree to a process whereby Defendants will develop, under the direction and guidance of the neutral monitors and with input from Plaintiffs' counsel, corrective action plans to remedy all the areas for which the neutral monitors have found Defendants to be not in substantial compliance. Each corrective action plan will include an estimated date by which the plan will be completed. Defendants will work with the monitors to develop initial drafts of the corrective action plans and provide Plaintiffs with draft corrective action plans within 30 days of this filing. Plaintiffs will review and comment within 30 days of receipt of the corrective action plans. The parties will then meet and confer under the direction and guidance of the neutral monitors to revise the corrective action plans as necessary. Once finalized, the neutral monitors shall approve the corrective action plans. Defendants will implement the neutral monitor-approved corrective action plans no later than 90 days from the date of this filing, or 30 days from the date the monitor approves the plan, whichever is later.

2. The parties agree to provide for reasonable increased monitoring of the terms of the Settlement Agreement and Implementation Plans by the neutral monitors, if necessary. The parties agree to meet and confer in good faith to discuss how increased monitoring may be accomplished, including an additional monitoring tour (either onsite, virtual or by paper audit) and report per year for each monitor, if necessary. Defendants agree to bear the additional costs of increased monitoring pursuant to agreements Defendants make with the neutral monitors.

3. The parties agree the terms of the Settlement Agreement and Implementation

Plans, as well as the Court's jurisdiction over this litigation and over all parties to enforce and administer the Settlement Agreement and Implementation Plans, currently last through August 31, 2021.  The parties further agree to additional time for monitoring of substantial compliance with the requirements set forth in the Implementation Plans and Settlement Agreement.  The parties therefore request that the Court extend the terms of the Settlement Agreement and Implementation Plans, as well as its jurisdiction over this litigation and over all parties to enforce and administer the Settlement Agreement and Implementation Plans, for an additional one-year period through August 31, 2022.

4. The parties agree that Defendants will make available to Plaintiffs' counsel the death reviews of in-custody deaths at Monterey County Jail for those inmates who have died since Settlement.  Defendants will provide Plaintiffs' counsel non-downloadable access to the death reviews within 30 days of this filing.  For all future in-custody deaths, should any occur, Defendants will provide Plaintiffs' counsel non-downloadable access to the death reviews within 30 days from the date the review is completed.  The parties agree that the death reviews are Confidential Information, as that term is defined by the protective order in this matter (Dkt. 401).

5. The parties have a dispute whether the final neutral monitor reports should be filed with the Court or otherwise be made public, and the parties request the assistance of the mediator, Judge Cousins, to resolve the dispute.

IT IS SO STIPULATED.

Respectfully submitted,

DATED:  May 29, 2020     ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Van Swearingen*
      Van Swearingen

Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | DATED: May 29, 2020 | OFFICE OF THE COUNTY COUNSEL |
| 2 | | COUNTY OF MONTEREY |
| 3 | | By: /s/ Susan K. Blitch |
| 4 | | Susan K. Blitch<br>Assistant County Counsel |
| 5 | | |
| 6 | | Attorneys for Defendants<br>COUNTY OF MONTEREY and |
| 7 | | MONTEREY COUNTY SHERIFF'S OFFICE |
| 8 | DATED: May 29, 2020 | BERTLING LAW GROUP |
| 9 | | By: /s/ Peter G. Bertling |
| 10 | | Peter G. Bertling |
| 11 | | Attorneys for Defendant CFMG |

Pursuant to General Order 45(X)(B), I hereby attest that I have on file approvals for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

| | | |
|---|---|---|
| 15 | DATED: May 29, 2020 | ROSEN BIEN GALVAN & GRUNFELD LLP |
| 16 | | By: /s/ Van Swearingen |
| 17 | | Van Swearingen |
| 18 | | Attorneys for Plaintiffs |

### ~~[PROPOSED]~~ ORDER

Having reviewed the foregoing stipulation of the parties, and good cause appearing, the Court hereby accepts the parties' stipulation. THE COURT ORDERS THAT:

Upon approval by Defendants' respective Boards, Defendants will develop, under the direction and guidance of the neutral monitors and with input from Plaintiffs' counsel, corrective action plans to remedy all the areas for which the neutral monitors have found Defendants to be not in substantial compliance. Each corrective action plan will include an estimated date by which the plan will be completed. Defendants shall work with the neutral monitors to develop initial drafts of the corrective action plans and provide

Plaintiffs with draft corrective action plans within 30 days of the date of the parties' stipulation. Plaintiffs shall review and comment within 30 days of receipt of the corrective action plans. The parties shall thereafter meet and confer under the direction and guidance of the neutral monitors to revise the corrective action plans as necessary, and the neutral monitors shall approve the corrective action plans. Defendants shall implement the neutral monitor-approved corrective action plans no later than 90 days from the date of this filing, or 30 days from the date the monitor approves the plan, whichever is later.

The parties shall meet and confer in good faith to discuss how increased monitoring may be accomplished, including an additional monitoring tour (either onsite, virtual or paper audit) and report per year for each monitor, if necessary. Defendants shall bear the additional costs of increased monitoring pursuant to agreements Defendants make with the neutral monitors.

The terms of the Settlement Agreement and Implementation Plans, as well as the Court's jurisdiction over this litigation and over all parties to enforce and administer the Settlement Agreement and Implementation Plans are extended for a one-year period, through August 31, 2022.

Defendants will provide Plaintiffs' counsel non-downloadable access to the death reviews of post-Settlement in-custody deaths within 30 days of this filing. For all future in-custody deaths, should any occur, Defendants will provide Plaintiffs' counsel non-downloadable access to the death reviews within 30 days from the date the review is completed. The death reviews are Confidential Information, as that term is defined by the protective order in this matter (Dkt. 401).

The parties' dispute whether the final neutral monitor reports should be filed with the Court or otherwise be made public is to be resolved by the mediator, Judge Cousins.

IT IS SO ORDERED.

DATED: May 29, 2020

_____
Honorable Beth Labson Freeman
United States District Judge