Lori Rifkin, Esq. [S.B. # 244081]
Sairah Budhwani, Esq. [S.B. # 327996]
RIFKIN LAW OFFICE
3630 High St. #18917
Oakland, CA 94619
Telephone: (510) 414-4132
Emails: lrifkin@rifkinlawoffice.com
        sbudhwani@rifkinlawoffice.com

Attorneys for Proposed Plaintiff-Intervenors

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JESSE HERNANDEZ, et al., | Case No.: 5:13-CV-02354-BLF |
| Plaintiffs, | |
| v. | **COMPLAINT IN LIMITED INTERVENTION** |
| COUNTY OF MONTEREY, et al., | |
| Defendants. | |

COMPLAINT IN LIMITED INTERVENTION

Pursuant to Federal Rule of Civil Procedure 24(c), proposed Plaintiff-Intervenors Estate of Rafael Ramirez Lara, Patricia Ramirez, Rafael Ramirez, and Jennifer Ramirez file this Complaint in Limited Intervention as follows:

## INTRODUCTION

Plaintiff-Intervenors are the Estate and three adult children of Rafael Ramirez Lara, who was a class member in this action at the time of his death in Monterey County Jail on December 22, 2019. Mr. Lara died from acute water intoxication due to the Jail's failure to treat his schizophrenia. Intervenors have brought a lawsuit against the County of Monterey ("the County"), the Jail's healthcare provider Wellpath (formerly California Forensic Medical Group, "CFMG"), and County and Wellpath officials and employees. Intervenors' claims are similar to those brought by Plaintiffs in this action in that they allege deficiencies in the provision of healthcare at the Jail, including constitutional violations for failure to provide adequate mental health care to people incarcerated at the Jail. By this pleading, Intervenors seek to comply with the "separate pleading" requirement of Rule 24(c).

Intervenors seek to intervene in this action for a limited purpose: to clarify or modify the protective order entered in this action on December 22, 2014 to allow Intervenors to review Mr. Lara's custody records, including any incident report or other documents pertaining to his death.

## PARTIES

1. Intervenors Estate of Rafael Ramirez Lara and Patricia Ramirez, Rafael Ramirez, and Jennifer Ramirez are litigants in another action pending in this Court, *Estate of Rafael Ramirez Lara et al. v. County of Monterey et al.*, Case No. 4:21-cv-02409-PJH (N.D. Cal.). Mr. Lara was a *Hernandez* class member at the time of his death. Intervenors allege that Defendants failed to adequately treat Mr. Lara's schizophrenia, resulting in his death, and assert federal claims for failure to provide mental health treatment, failure to protect from harm, and deprivation of familial relations in violation of substantive due process, as well as a state claim for wrongful death.

2. Defendants in *Estate of Rafael Ramirez Lara et al. v. County of Monterey et al.* are the County of Monterey ("the County"), the Jail's healthcare provider Wellpath (formerly California Forensic Medical Group, "CFMG"), and County and Wellpath officials and employees.

3. Plaintiffs in the instant action are the class of all adults who were at the time of class certification, or would be in the future, incarcerated in Monterey County Jail.

4. Defendants in the instant action are the County of Monterey, CFMG (now Wellpath), and their officials.

### INTERVENORS' FIRST CLAIM FOR RELIEF

**Motion for Permissive Intervention and for Clarification or Modification of Protective Order**

5. Intervenors, the Estate of Mr. Lara and his heirs, seek access to his custody records, including any incident report or other documents pertaining to Mr. Lara's death that are presently covered by the protective order entered in this case on December 22, 2014. *See Hernandez* December 22, 2014 Amended Protective Order, ECF No. 401. Intervenors contend that the protective order specifically permits them to access these records on behalf of Mr. Lara. *See id.* at ¶10 ("Nothing in this Protective Order will preclude Plaintiffs' counsel from reviewing with the Plaintiffs his or her own Jail medical and/or custody records.").

6. In the alternative, Intervenors contend that the operative protective order in this case should be modified to grant them access to Mr. Lara's records, consistent with the Ninth Circuit presumption of discovery disclosure and the ongoing interests of class members in the ability to review their own records.

### PRAYER FOR RELIEF

WHEREFORE, Intervenors pray for the following relief from this Court:

1. Grant of Intervenors' motion for permissive intervention;

2. Entry of an order clarifying or modifying the *Hernandez* protective order to allow Intervenors to review Mr. Lara's custody records, including any incident report or other documents relating to his death;

3. For reasonable attorney's fees and costs of suit necessarily incurred herein; and

4. For such other and further relief as this Court may deem just and appropriate.

Dated: April 30, 2021

Respectfully submitted,
RIFKIN LAW OFFICE

By: */s/ Sairah Budhwani*

Lori Rifkin
Sairah Budhwani
Attorneys for Proposed Plaintiff-Intervenors

COMPLAINT IN LIMITED INTERVENTION -2- 5:13-CV-02354-BLF