MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CARA E. TRAPANI – 313411
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:  mbien@rbgg.com
        egalvan@rbgg.com
        vswearingen@rbgg.com
        ctrapani@rbgg.com
        cjackson@rbgg.com
        bhattem@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, California 94111-4805
Telephone:  (202) 393-4930
Facsimile:  (202) 393-4931
Email:  ckendrick@aclu.org
        kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone:  (415) 621-2493
Facsimile:  (415) 255-8437
Email:  afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**SECOND JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>N.D. Cal. Local Rules 7-11 & 79-5(c)<br><br>Judge:  Hon. Beth Labson Freeman<br><br>No Hearing Date Pursuant to L.R. 7-11(c) |

1      Pursuant to Civil Local Rules 79-5(c) and 7-11, Plaintiffs' counsel and counsel for Defendant Wellpath, Inc. ("Wellpath," formerly California Forensic Medical Group, Inc., or "CFMG") (jointly, "the parties") respectfully submit this Second Joint Administrative Motion to File Under Seal.  The instant motion—which largely mirrors the parties' first Joint Administrative Motion to Seal that is pending before the Court, *see* Dkt. 787—seeks to seal documents and portions of documents that contain information falling into three categories:

     (1)    incarcerated people's names, dates of birth, and booking numbers, except that initials will be used to identify deceased class members;

     (2)    the names of health care staff employed by Wellpath, who are directly involved in providing or supervising patient care at the Monterey County Jail ("Jail"); and

     (3)    information from medical records of several patients, and a report evaluating the circumstances of a recent patient death, which have been designated as confidential pursuant to the protective order in this case.

     The information that the parties seek to seal is identified in detail in the chart included as **Attachment A** to this motion.  Specifically, the parties seek to seal portions of the Reply Declaration of Cara E. Trapani In Support of Plaintiffs' Motion to Enforce the Settlement Agreement and Wellpath Implementation Plan ("Reply Trapani Decl."); and the entirety of Exhibits 2-4 to the Reply Trapani Declaration.

     In conformance with Civil Local Rules 79-5(d) and (e) and this Court's Civil Standing Order, Plaintiffs' counsel (the "Filing Party") have filed concurrently with this motion sealed copies of the unredacted versions of all the relevant documents with proposed redactions highlighted in yellow.  Plaintiffs' counsel will provide courtesy copies of these documents to the Court, in conformity with Civil Local Rule 79-5(d), upon request.  *See* U.S. District Court, N.D. Cal., General Order 78.  In addition, Plaintiffs have conditionally redacted portions of their Reply Brief and the Reply Trapani Declaration in conformance with their pending Administrative Motion to Consider Whether to File Under Seal Neutral Monitor Reports (Dkt. 776).  Plaintiffs' counsel have conditionally filed

under seal the unredacted versions of these documents.  This joint motion is supported by the parties' Stipulation and Proposed Order Granting Second Joint Administrative Motion to File Under Seal, filed concurrently herewith.

## I. LEGAL STANDARD

The Ninth Circuit applies a "compelling reasons" standard to requests to seal most judicial records, which "derives from the common law right 'to inspect and copy public records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  This standard applies to records attached to any motion that is "more than tangentially related to the underlying cause of action."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  Parties seeking to seal documents must also comply with Civil Local Rule 79-5, which requires a statement of the applicable legal standard and an explanation of "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.  "This requirement applies even if the motion is joined by the opposing party." Civ. L.R. 79-5(c).

## II. THE PARTIES HAVE IDENTIFIED COMPELLING REASONS TO SEAL THE REQUESTED INFORMATION AND HAVE NARROWLY TAILORED THE REQUEST TO REDACT ONLY SEALABLE INFORMATION

The documents and portions of documents sought to be sealed are "related to the merits of this case," and therefore the "compelling reasons" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1101-02; *see also* Dkt. 604 at 2 (finding prior enforcement motion "more than tangentially related to the merits").  Compelling reasons exist to seal the parties' requested information.

The parties request to seal the first category of information, relating to class members' sensitive personal and identifying information, to protect legitimate private interests.  Civ. L.R. 79-5(c)(1).  The parties consistently redact such information pursuant

1  to the protective order (Dkt. 401) because the information appears in discussions of
2  incarcerated individuals' medical and custody records, implicating their rights to privacy.
3  This Court has previously granted requests to seal such information.  *See* Dkt. 604
4  (authorizing redactions that "relate to confidential and personal information of class
5  members and security-sensitive information").  Redaction of this personal information is
6  independently supported by applicable law to protect individuals' identities and privacy
7  interests, including their medical privacy.  *See, e.g.*, *Sumotext Corp. v. Zoove, Inc.*, No. 16-
8  cv-01370-BLF, 2019 WL 6841259, at *3 (N.D. Cal. Dec. 16, 2019) (sealing "sensitive
9  personal information"); *McArdle v. AT&T Mobility LLC*, No. 09-cv-1117 CW, 2018 WL
10 6803743, at *6 (N.D. Cal. Aug. 13, 2018) (same).  In class actions, medical privacy
11 interests can be protected through the redaction of patient-identifying information.  *See*
12 *Hedrick v. Grant*, No. 276-CV-0162GEBEFBP, 2017 WL 550044, at *2 (E.D. Cal.
13 Feb. 10, 2017).

14        The parties propose using the initials of deceased class members (rather than fully
15 redacting their names) because these individuals' initials are already publicly available in
16 stipulated orders issued by this Court directing production of hospital records for each
17 deceased individual.  *See, e.g.*, Dkts. 792, 772, 763, 690, 664.  Using initials instead of the
18 full names of deceased class members is appropriate to protect the interests of the
19 decedents' families in reducing or avoiding public discussion of the medical and mental
20 health histories of their deceased loved ones.

21        The parties request to seal the second category of information, relating to the names
22 of certain health care staff, to protect legitimate private interests.  Civ. L.R. 79-5(c)(1).
23 Redacting the names of health care providers directly involved in providing or supervising
24 patient care at the Jail protects those individuals from public embarrassment or
25 professional consequences for acts and omissions in the provision of care to Plaintiff class
26 members, which may discourage those individuals and prospective employees from
27 working at the Jail.

28        Finally, the parties request to seal the third category of information—which consists

1  of information from medical records of several patients, and a report evaluating the
2  circumstances of a recent patient death—because public filing of these documents would
3  reveal incarcerated individuals' personal medical information, including the detailed
4  medical and mental health history of a deceased patient, and confidential custody
5  information that cannot realistically be anonymized.  Furthermore, the medical records and
6  Wellpath's death review were produced to counsel for Plaintiffs as confidential
7  information pursuant to the protective order in this case.  *See* Dkt. 401.  This Court has
8  previously authorized sealing entire medical records.  *See* Dkts. 604 at 2; 671 at 6.
9        The parties' requests are "narrowly tailored to seal only sealable material."  Civ.
10 L.R. 79-5(c)(3).  Narrower redaction would reveal private information and infringe on the
11 privacy interests of incarcerated people, the families of deceased class members, and
12 health care providers.
13 \ \ \
14 \ \ \
15 \ \ \
16 \ \ \
17 \ \ \
18 \ \ \
19 \ \ \
20 \ \ \
21 \ \ \
22 \ \ \
23 \ \ \
24 \ \ \
25 \ \ \
26 \ \ \
27 \ \ \
28 \ \ \

# CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant this Second Joint Administrative Motion to File Under Seal and adopt the Stipulated Proposed Order Granting the Motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  June 9, 2023 | ROSEN BIEN GALVAN & GRUNFELD LLP |
|  | By: */s/ Cara E. Trapani* |
|  |        Cara E. Trapani |
|  | Attorneys for Plaintiffs |
| DATED: June 9, 2023 | BERTLING LAW GROUP |
|  | By: */s/ Peter G. Bertling* |
|  |        Peter G. Bertling |
|  | Attorneys for Defendant |
|  | CALIFORNIA FORENSIC MEDICAL GROUP, INC. |

Pursuant to General Order 45(X)(B), I hereby attest that I have on file approvals for any signatures indicated by a "conformed" signature (*/s/*) within this e-filed document.

DATED:  June 9, 2023                         */s/ Cara E. Trapani*
                                                              Cara E. Trapani

## Attachment A

## Joint Proposed Redactions

| Reply Trapani Declaration | | |
|---|---|---|
| **Document** | **Portion(s) to Seal** | **Reason(s) for Sealing** |
| Reply Declaration of Cara E. Trapani In Support of Plaintiffs' Enforcement Motion | Highlighted portions at 2:5-22, 5:3-11 | Contains information identifying class members. Public disclosure would cause harm. *See* Second Joint Administrative Motion to File Under Seal at Section II. |

| Exhibits to Reply Trapani Declaration | | | |
|---|---|---|---|
| **Exh. No.** | **Document** | **Portion(s) to Seal** | **Reason(s) for Sealing** |
| 2 | M.M. Mortality & Morbidity Report Part III | Entire document. | Contains sensitive personal and medical information that cannot realistically be redacted. This Court has previously authorized the sealing of documents such as this. *See id.* |
| 3 | M.P.M. CorEMR File | Entire document. | Consists of a medical record. This Court has previously authorized the sealing of such documents. *See id.* |
| 4 | Excerpts of Medical Monitor's draft Physician Case Review Tool Worksheet | Entire document. | Contains information identifying class members and providers of patient care, and sensitive personal and medical information that cannot realistically be redacted. Public disclosure would cause harm. *See id.* |

[4308034.1]