MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CARA E. TRAPANI – 313411
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
 egalvan@rbgg.com
 vswearingen@rbgg.com
 ctrapani@rbgg.com
 cjackson@rbgg.com
 bhattem@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
 kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING SECOND JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Beth Labson Freeman |

Plaintiffs' counsel and counsel for Defendant Wellpath, Inc. ("Wellpath," formerly California Forensic Medical Group, Inc., or "CFMG") (jointly, "the parties") have filed, pursuant to Civil Local Rules 79-5(c) and 7-11, a Second Joint Administrative Motion to File Under Seal ("Second Joint Administrative Motion to Seal").  The parties move to seal documents and portions of documents that contain information falling into three categories:

(1) incarcerated people's names, dates of birth, and booking numbers, except that initials will be used to identify deceased class members;

(2) the names of health care staff employed by Wellpath, who are directly involved in providing or supervising patient care at the Monterey County Jail ("Jail"); and

(3) information from medical records of several patients, and a report evaluating the circumstances of a recent patient death, which has been designated as confidential pursuant to the protective order in this case.

The parties request to seal the first category of information to protect legitimate private interests.  Civ. L.R. 79-5(c)(1).  The parties consistently redact such information pursuant to the protective order (Dkt. 401) because the information appears in discussions of incarcerated individuals' medical and custody records, implicating their rights to privacy.  This Court has previously granted requests to seal such information.  *See* Dkt. 604 (authorizing redactions that "relate to confidential and personal information of class members and security-sensitive information").  Redaction of this personal information is independently supported by applicable law, to protect individuals' identities and privacy interests, including their medical privacy.  *See, e.g.*, *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2019 WL 6841259, at *3 (N.D. Cal. Dec. 16, 2019) (sealing "sensitive personal information"); *McArdle v. AT&T Mobility LLC*, No. 09-cv-1117 CW, 2018 WL 6803743, at *6 (N.D. Cal. Aug. 13, 2018) (same).  In class actions, medical privacy interests can be protected through the redaction of patient-identifying information.  *See Hedrick v. Grant*, No. 276-CV-0162GEBEFBP, 2017 WL 550044, at *2 (E.D. Cal. Feb. 10, 2017).

1    The parties seek to use the initials of deceased class members (rather than fully
2 redacting their names) because these individuals' initials are already publicly available in
3 stipulated orders issued by this Court directing production of hospital records for each
4 deceased individual.  *See, e.g.*, Dkts. 792, 772, 763, 690, 664.  Using initials instead of the
5 full names of deceased class members is appropriate to protect the interests of the
6 decedents' families in reducing or avoiding public discussion of the medical and mental
7 health histories of their deceased loved ones.
8    The parties request to seal the second category of information, relating to the names
9 of certain health care staff, to protect legitimate private interests.  Civ. L.R. 79-5(c)(1).
10 Redacting the names of health care providers directly involved in providing or supervising
11 patient care at the Jail protects those individuals from public embarrassment or
12 professional consequences for acts and omissions in the provision of care to Plaintiff class
13 members, which may discourage those individuals and prospective employees from
14 working at the Jail.
15    Finally, the parties request to seal the third category of information—which consists
16 of information from medical records of several patients, and a report evaluating the
17 circumstances of a recent patient death—because public filing of these documents would
18 reveal incarcerated individuals' personal medical information, including detailed medical
19 and mental health histories of a deceased patient, and confidential custody information that
20 cannot realistically be anonymized.  Furthermore, the medical records and Wellpath's
21 death review were produced to counsel for Plaintiffs as confidential information pursuant
22 to the protective order in this case.  *See* Dkt. 401.  This Court has previously authorized
23 sealing entire medical records.  *See* Dkts. 604 at 2; 671 at 6.
24    The documents and portions of documents that the parties seek to seal are identified
25 in **Attachment A** to the parties' Joint Administrative Motion to Seal, and include: portions
26 of the Reply Declaration of Cara E. Trapani In Support of Plaintiffs' Motion to Enforce the
27 Settlement Agreement and Wellpath Implementation Plan ("Reply Trapani Decl."); and
28 the entirety of Exhibits 2-4 to the Reply Trapani Declaration.

IT IS SO STIPULATED.

Respectfully submitted,

DATED: June 9, 2023              ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Cara E. Trapani*
     Cara E. Trapani

Attorneys for Plaintiffs


DATED: June 9, 2023              BERTLING LAW GROUP

By: */s/ Peter G. Bertling*
     Peter G. Bertling

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.

Pursuant to General Order 45(X)(B), I hereby attest that I have on file approvals for any signatures indicated by a "conformed" signature (*/s/*) within this e-filed document.

DATED: June 9, 2023              */s/ Cara E. Trapani*
                                  Cara E. Trapani

## [PROPOSED] ORDER

Having reviewed the foregoing stipulation of the parties, and good cause appearing, the Court hereby accepts the parties' stipulation.

The Ninth Circuit applies a "compelling reasons" standard to requests to seal most judicial records, which "derives from the common law right 'to inspect and copy public records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). This standard applies to records attached to any motion that is "more than

tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  Parties seeking to seal documents must also comply with Civil Local Rule 79-5, which requires a statement of the applicable legal standard and an explanation of "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.  "This requirement applies even if the motion is joined by the opposing party." Civ. L.R. 79-5(c).

The Court concludes that the documents at issue here, which are filed in connection with Plaintiffs' Reply In Support of Plaintiffs' Motion to Enforce the Settlement Agreement and Wellpath Implementation Plan, are more than tangentially related to the merits.  Therefore, the "compelling reasons" standard applies.

The documents and portions of documents that the parties seek to seal are identified in detail in the chart included in Attachment A to the parties' Second Joint Administrative Motion to Seal.  The chart is reprinted below.  The Court has reviewed the documents and finds that the parties' characterization of the documents is accurate; the information consists of sensitive personal and medical information of incarcerated people and health care providers.  The parties therefore have established compelling reasons for sealing this information, and the Court finds that the request is narrowly tailored to seal only sealable material.

Accordingly, it is hereby ORDERED that the documents and portions of documents identified in the tables below shall be filed in redacted form to remove the information the parties seek to seal:

/ / /

/ / /

/ / /

/ / /

**Information to Be Redacted and Filed Under Seal**

| Reply Trapani Declaration ||
|---|---|
| **Document** | **Portion(s) to Seal** |
| Reply Declaration of Cara E. Trapani In Support of Plaintiffs' Enforcement Motion | Highlighted portions at 2:5-22, 5:3-11. |

| Exhibits to Reply Trapani Declaration |||
|---|---|---|
| **Exh. No.** | **Document** | **Portion(s) to Seal** |
| 2 | M.M. Mortality & Morbidity Report Part III | Entire document. |
| 3 | M.P.M. CorEMR File | Entire document. |
| 4 | Excerpts of Medical Monitor's draft Physician Case Review Tool Worksheet | Entire document. |

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
Honorable Beth Labson Freeman
United States District Judge