UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE HERNANDEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY, et al., <br><br> Defendants. | Case No. 13-cv-02354-BLF <br><br> **ORDER RE ADMISNISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> [Re: ECF 776, 787, 793] |

Plaintiffs filed this suit to obtain relief from Defendants' alleged failure to provide inmates at the Monterey County Jail ("Jail") with adequate medical and mental health care, reasonable accommodations for disabilities, and protection from violence. *See* Compl., ECF 1. The Court thereafter approved the parties' Settlement Agreement. *See* Order For Final Approval of Settlement, ECF 494. Plaintiffs have filed a motion to enforce both the Settlement Agreement and the Implementation Plan developed by Defendant County of Monterey ("County") and Defendant Wellpath, Inc. ("Wellpath"),[1] which is set for hearing on August 24, 2023 ("Enforcement Motion"). *See* Enforcement Mot., ECF 788.

This order addresses three administrative motions to seal briefing and documents filed in connection with Plaintiffs' Enforcement Motion. First, Plaintiffs have filed a motion to consider whether to seal in their entirety more than thirty reports prepared by court-appointed neutral

---

[1] Wellpath formerly was known California Forensic Medical Group, Inc.

1  monitors tasked with determining Defendants' compliance with the Settlement Agreement and
2  Implementation Plan (ECF 776).  Plaintiffs filed this motion based on Defendants' assertion that
3  the neutral monitor reports should be sealed.  Plaintiffs themselves oppose sealing the neutral
4  monitor reports in their entirety.  However, Plaintiffs and Defendants jointly agree to the sealing
5  of limited portions of the neutral monitor reports and other documents filed in connection with
6  Plaintiffs' Enforcement Motion.  The second motion before the Court is the parties' joint motion
7  to seal limited portions of Plaintiffs' Enforcement Motion and supporting evidence, including
8  neutral monitor reports, to protect personal identifying information of inmates and care providers,
9  as well as certain individual custody and medical records (ECF 787).  The third motion before the
10 Court is the parties' joint motion to seal limited portions of Plaintiffs' reply evidence to protect
11 personal identifying information of inmates and care providers, as well as certain individual
12 custody and medical records (ECF 793).

13     For the reasons discussed below, the motion to seal the neutral monitor reports in their
14 entirety is DENIED.  The parties' joint sealing motions, seeking to seal limited portions of the
15 neutral monitor reports and other documents filed in connection with Plaintiffs' Enforcement
16 Motion, are GRANTED.

17 **I.  LEGAL STANDARD**

18     "Historically, courts have recognized a 'general right to inspect and copy public records
19 and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of*
20 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Consequently, access to motions and their
21 attachments that are "more than tangentially related to the merits of a case" may be sealed only
22 upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp.*, LLC,
23 809 F.3d 1092, 1101−02 (9th Cir. 2006). Filings that are only tangentially related to the merits
24 may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

25     In this district, all parties requesting sealing also must comply with Civil Local Rule 79-5.
26 Under that rule, a party moving to seal a document in whole or in part must file a statement
27 identifying the legitimate private or public interests that warrant sealing, the injury that will result
28 if sealing is denied, and why a less restrictive alternative to sealing is not sufficient. Civ. L.R. 79-

5(c)(1). A supporting declaration shall be submitted if necessary. Civ. L.R. 79-5(c)(2). Finally, the moving party must submit "a proposed order that is narrowly tailored to seal only the sealable material[.]" Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

The sealing motions before the Court relate to Plaintiffs' Enforcement Motion, in which Plaintiffs ask the Court to enforce the terms of the Settlement Agreement and Implementation Plan regarding Jail conditions. Because the requested enforcement goes to the heart of the relief sought in this lawsuit, the Court applies the compelling reasons standard for sealing rather than the good cause standard applicable to matters only tangentially related to the merits.

### A.   Motion to Consider Sealing of Neutral Monitor Reports (ECF 776)

Plaintiffs have filed a motion to consider whether to seal, in their entirety, more than thirty reports prepared by court-appointed neutral monitors tasked with determining Defendants' compliance with the Settlement Agreement and Implementation Plan. Those reports, and other documents citing to the reports, are submitted by Plaintiffs as Exhibits 1-49, 53, and 59 to the Trapani Declaration and Exhibits 3-4 to the Swearingen Declaration. Plaintiffs have conditionally filed those documents under seal, and have conditionally redacted their Enforcement Motion to the extent it contains findings and quotations from the neutral monitor reports. In Plaintiffs' view, the neutral monitor reports should not be sealed in their entirety. Plaintiffs filed the motion to consider sealing the neutral monitor reports because Defendants take the position that they are confidential and should be sealed in their entirety. Where the moving party requests sealing of materials that have been designated confidential by another party, the designating party has the burden to establish that the materials should be sealed. *See* Civ. L.R. 79-5(f).

Defendant County has filed a response to Plaintiffs' motion, asserting that the neutral monitor reports should be sealed in their entirety for three reasons. First, the County argues that the neutral monitor reports fall within the Protective Order issued in this case. The Protective Order provides a mechanism whereby parties to this action may designate documents produced in discovery as "confidential" under certain circumstances, such as when the documents contain proprietary information, security-sensitive information, confidential personal information, or

1   information protected from disclosure under state or federal law.  *See* Protective Order, ECF 401.

2   The neutral monitor reports were not produced in discovery and therefore do not appear to fall

3   within the scope of the Protective Order.  The County has not shown that it ever designated the

4   neutral monitor reports as "confidential" pursuant to the Protective Order.  Even if the County had

5   done so, this Court's Civil Local Rules expressly provide that "[r]eference to a stipulation or

6   protective order that allows a party to designate certain documents as confidential is not sufficient

7   to establish that a document, or portions thereof, are sealable."  Civ. L.R. 7-5(c).

8           Second, the County contends that the court-appointed neutral monitors understood that

9   their reports would be strictly confidential, and wanted the reports to be strictly confidential.  The

10  County submits the declarations of two neutral monitors, Bruce P. Barnett, M.D. and James D.

11  Vess, Ph.D.  *See* Barnett Decl., ECF 782-1; Vess Decl., ECF 782-2.  Dr. Barnett states in his

12  declaration that it was his understanding and intent that his reports would be confidential, and that

13  understanding allowed him to be forthright in his statements.  *See* Barnett Decl. ¶¶ 3-4.  Dr. Vess

14  makes identical statements in his declaration.  *See* Vess Decl. ¶¶ 3-5.  The County has not cited,

15  and the Court has not discovered, any authority for the proposition that a court-appointed

16  monitor's desire for confidentiality constitutes a "compelling reason" for sealing.  To the contrary,

17  the Supreme Court has held that "a non-party's reliance on a blanket protective order is

18  unreasonable and is not a 'compelling reason' that rebuts the presumption of access."  *Kamakana*,

19  447 F.3d at 1183.

20          Moreover, Plaintiffs submit Dr. Barnett's supplemental declaration, clarifying that Dr.

21  Barnett's confidentiality concerns regarding his monitor reports relate solely to patient descriptors,

22  the names of health care staff, and the like.  *See* Barnett Suppl. Decl. ¶¶ 2-4, ECF 786-1.  Plaintiffs

23  also submit the declarations of two other neutral monitors, Viviane G. Winthrop, D.D.S. and

24  Kerry C. Hughes, M.D.  *See* Winthrop Decl., ECF 786-2; Hughes Decl., ECF 786-3.  Doctors

25  Barnett, Winthrop, and Hughes all state that they are comfortable with their reports being filed on

26  the public docket if the Court grants the parties' joint sealing motions regarding personal

27  identifying information of inmates and care providers, as well as certain individual custody and

28  medical records.  *See* Barnett Suppl. Decl. ¶ 4; Winthrop Decl. ¶¶ 3-4; Hughes Decl. ¶ 3-4.  As

1  discussed below, the Court will grant the parties' joint sealing motions directed to limited portions
2  of the neutral monitor reports and other documents.  All but one of the 33 neutral monitor reports
3  at issue was authored by Dr. Barnett, Dr. Winthrop, or Dr. Hughes.

4  Third, the County argues that sealing the neutral monitor reports to maintain their
5  confidentiality will assure a free flow of information between the parties and the neutral monitors.
6  The County points to declaration statements of Drs. Barnett and Vess indicating their belief that
7  such information flow will be impaired to the detriment of the custody operations and quality of
8  care at the Jail.  *See* Barnett Decl. ¶ 5; Vess Decl. ¶ 6.  As noted above, Dr. Barnett's
9  Supplemental Declaration clarifies that he is concerned only with personal information of inmates
10 and care providers and that he does not object to the filing of his reports on the public docket with
11 such information redacted.  Based on the views of Dr. Barnett, Dr. Winthrop, and Dr. Hughes, the
12 Court finds that filing of the neutral monitor reports on the public docket will not impair the free
13 flow of information necessary for the neutral monitors to fulfil their responsibilities.  As Plaintiffs
14 point out, similar reports have been publicly filed in a number of other cases with minor
15 redactions.  *See* Plaintiffs' Response at 3 (collecting cases), ECF 786.

16 The motion to consider sealing the neutral monitor reports in their entirety is DENIED.  As
17 discussed below, the parties have filed joint motions to seal limited portions of the neutral monitor
18 reports and other documents to protect the privacy interests of inmates and care providers, and
19 those motions will be granted by the Court.  The neutral monitor reports shall be filed on the
20 public docket with only those limited redactions discussed and approved below.

21       **B.**     **Parties' Joint Motions to Seal (ECF 787 and 793)**

22 The parties have filed two joint sealing motions.  The first joint sealing motion (ECF 787)
23 seeks partial sealing of Plaintiffs' Enforcement Motion and supporting evidence, including the
24 neutral monitor reports, specifically:  the supporting Declaration of Cara E. Trapani ("Trapani
25 Declaration") and Exhibits 1-15, 18, 20-32, 34, 36, 38-45, 47, 49, 53 and 59 thereto; and the
26 supporting Declaration of Van Swearingen ("Swearingen Declaration") and Exhibits 3-5 thereto.
27 The first joint motion also seeks to seal the entirety of Exhibits 50-52, 54-58 and 60 to the Trapani
28 Declaration.  The second joint motion (ECF 793) seeks partial sealing of the Reply Declaration of

1  Cara E. Trapani ("Reply Trapani Declaration), and sealing of Exhibits 2-4 thereto in their entirety.
2  The parties jointly request sealing of these materials on the grounds that they contain information
3  falling into four categories: (1) Jail inmates' names, dates of birth, and booking numbers, except
4  that initials will be used to identify deceased class members; (2) the names and email addresses of
5  health care staff employed by Wellpath, who are directly involved in providing or supervising
6  patient care at the Jail; (3) all other personal contact information, including those of the court-
7  appointed neutral monitors; and (4) medical and custody records pertaining to the recent deaths of
8  three incarcerated people at the Jail, and records evaluating the circumstances of their deaths.

9  Numerous courts have found that individual privacy rights in personal identifying
10 information and health records outweigh the presumption in favor of public access to court
11 records. *See, e.g., Alegre v. United States*, No. 16-CV-2442-AJB-KSC, 2021 WL 4934982, at *3
12 (S.D. Cal. July 29, 2021) (sealing "private and sensitive information, including names, dates of
13 birth, and addresses"); *Ortiz v. City & Cnty. of San Francisco*, No. 18-CV-07727-HSG, 2020 WL
14 2793615, at *9 (N.D. Cal. May 29, 2020) ("The Court agrees that health records properly meet the
15 compelling reasons standard."); *McArdle v. AT&T Mobility LLC*, No. 09-CV-1117 CW, 2018 WL
16 6803743, at *6 (N.D. Cal. Aug. 13, 2018) (sealing "documents containing sensitive personal
17 information"); *Hedrick v. Grant*, No. 2:76-cv-0162-GEB-EFB P, 2017 WL 550044, at *2 (E.D.
18 Cal. Feb. 10, 2017) ("Any interest the public may have in the disclosure of the sensitive and
19 private information contained in the declarations and exhibits is outweighed by class members'
20 interests in the privacy of their medical and psychiatric records.").

21 The Court finds that the joint sealing motions are narrowly tailored protect these privacy
22 rights while preserving public access to the majority of the documents at issue. The parties seek
23 limited redactions to Plaintiffs' Enforcement Motion, supporting declarations, and documents
24 attached thereto, including neutral monitor reports. With respect to deceased class members, the
25 parties propose using the individuals' initials instead of redacting their names as a whole, because
26 initials of deceased class members are available in publicly filed documents. The only documents
27 the parties seek to seal in their entirety are certain medical and custody records of deceased class
28 members, in which the sealable information cannot reasonably be protected by redactions.

The Court finds that the parties have demonstrated compelling reasons for sealing the materials identified in their joint motions (ECF 787 and 793), which are GRANTED.

### III. ORDER

(1) Plaintiffs' motion to consider whether to seal the neutral monitor reports *in their entirety* (ECF 776) is DENIED. The neutral monitor reports, and documents citing or referring to those reports, shall be filed on the public docket with only those limited redactions proposed in the parties' joint motions and approved by the Court herein.

(2) The parties' joint motions to file under seal (ECF 787 and 793) portions of Plaintiffs' Enforcement motion and supporting evidence, including the neutral monitor reports, are GRANTED. The portions of documents and documents identified in the charts at the end of this order shall be sealed to protect individual privacy rights in personal identifying information and health records.

(3) Plaintiffs shall refile their Enforcement Motion, Reply, and supporting evidence on the public docket by July 28, 2023, with only the redactions and sealing permitted by this order.

(4) This order terminates ECF 776, 787, and 793.

Dated: July 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge

| Plaintiffs' Enforcement Motion and Declarations ||||
|---|---|---|---|
| Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| N/A | Plaintiffs' Motion to Enforce the Settlement Agreement and Wellpath Implementation Plan ("Enforcement Motion") | Highlighted portions at 5:14-20; 6:3-27; 10:25-28; 11:4-5; 12:9-16. | Contains information identifying class members and confidential medical information from documents produced pursuant to the Protective Order. *See* ¶ 3, *supra*. Public disclosure would cause harm. *See id.* Plaintiffs propose that initials should be used instead of names for deceased individuals. *See id.* |
| N/A | Declaration of Cara E. Trapani in Support of Plaintiffs' Enforcement Motion ("Trapani Declaration") | Highlighted portions at 7:3; 8:4; 9:4-17; 10:24-27; 12:12-15; 14:7-9; 15:5-17; 24:15-25; 28:23-26; 29:2-6; 32:8; 34:9; 38:10-27; 39:2; 61:4-26; 62:3-25; 63:4-26; 64:1-27; 65:2-27; 66:5-26; 67:3. | Contains information identifying class members and direct quotations from medical records produced pursuant to the Protective Order. *See id.* Public disclosure would cause harm. *See id.* Plaintiffs propose that initials should be used instead of names for deceased individuals. *See id.* |
| N/A | Declaration of Van Swearingen in Support of Plaintiffs' Enforcement Motion ("Swearingen Declaration") | Highlighted portions at 3:13-19. | Contains deceased class member's name. *See id*. Public disclosure would cause harm. *See id*. Plaintiffs propose that initials should be used instead of names for deceased individuals. See id. |

| Exhibits to Trapani Declaration |||
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| 1 | 1st Medical Report | Highlighted portions at exhibit pages 4, 8, 12. | Contains information identifying class members and providers of patient care. *See* ¶ 3, *supra*. Public disclosure would cause harm. *See id*. |
| 2 | 2nd Medical Report | Highlighted portions at exhibit pages 3, 7, 15-19. | Contains information identifying class members and providers of patient care. *See id*. Public disclosure would cause harm. *See id*. |
| 3 | 3rd Medical Report | Highlighted portions at exhibit pages 8, 13. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Public disclosure would cause harm. *See id*. |
| 4 | 4th Medical Report | Highlighted portions at exhibit pages 2, 7, 11-13. | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Public disclosure would cause harm. *See id*. |
| 5 | 5th Medical Report | Highlighted portions at exhibit pages 3, 9-12, 14. | Contains information identifying class members and providers of patient care. *See* ¶ 3, *supra*. Public disclosure would cause harm. *See id*. |
| 6 | 6th Medical Report | Highlighted portions at exhibit pages 3, 11-12, 14-18, 21. | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Public disclosure would cause harm. *See id*. |
| 7 | 7th Medical Report | Highlighted portions at exhibit pages 8-12, 14-16, 18-21. | Contains information identifying class members and providers of patient care. *See id*. Public disclosure would cause harm. *See id*. |

| Exhibits to Trapani Declaration ||||
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| 8 | 8th Medical Report | Highlighted portions at exhibit pages 5-6. | Contains information identifying class members. *See* ¶ 3, *supra*. Public disclosure would cause harm. *See id.* |
| 9 | 9th Medical Report | Highlighted portions at exhibit pages 6-9, 13-22. | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Public disclosure would cause harm. *See id.* |
| 10 | 10th Medical Report | Highlighted portions at exhibit pages 6-9, 12-16. | Contains information identifying class members and providers of patient care. *See id.* Public disclosure would cause harm. *See id.* |
| 11 | 11th Medical Report | Highlighted portions at exhibit pages 5-9, 13-16. | Contains information identifying class members and providers of patient care. *See id.* Public disclosure would cause harm. *See id.* |
| 12 | 12th Medical Report | Highlighted portions at exhibit pages 4-6, 12-13, 15. | Contains information identifying class members. *See* ¶ 3, *supra*. Public disclosure would cause harm. *See id.* |
| 13 | 13th Medical Report | Highlighted portions at exhibit pages 4-8, 13-19. | Contains information identifying class members. *See id.* Public disclosure would cause harm. *See id.* |
| 14 | 1st Medical Mentoring Report | Highlighted portions at exhibit pages 3-6. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Public disclosure would cause harm. *See id.* |
| 15 | 2nd Medical Mentoring Report | Highlighted portions at exhibit pages 1-5. | Contains information identifying class members and providers of patient care. *See* |

| Exhibits to Trapani Declaration ||||
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|  |  |  | ¶¶ 3-4, *supra*. Contains personal phone numbers. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 3-5. |
| 18 | 1st Mental Health Report | Highlighted portions at exhibit pages 10, 23. | Contains personal phone numbers. *See* ¶ 3, *supra*. Public disclosure would cause harm. *See id*. |
| 20 | 2nd Mental Health Report | Highlighted portions at exhibit pages 12, 30. | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Contains personal phone numbers. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 3-5. |
| 21 | 2nd Mental Health Records Reviews | Highlighted portions at exhibit pages 1-6, 9-14, 17-22, 25-26, 30-33, 36-40, 43-46, 48-50 | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Public disclosure would cause harm. *See id*. |
| 22 | 3rd Mental Health Report | Highlighted portions at exhibit pages 11, 28. | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Contains personal phone numbers. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 3-5. |
| 23 | 3rd Mental Health Records Reviews | Highlighted portions at exhibit pages 1, 3-4, 7, 10, 12, 15, 16-17. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Public disclosure would cause harm. *See id*. |
| 24 | 4th Mental Health Report | Highlighted portions at exhibit pages 12, 30. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Contains personal phone numbers. *See* ¶ 5. Public |

| Exhibits to Trapani Declaration ||||
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| | | | disclosure would cause harm. *See* ¶¶ 4-5. |
| 25 | 4th Mental Health Records Reviews | Highlighted portions at exhibit pages 4, 7, 19, 22, 31. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Public disclosure would cause harm. *See id*. |
| 26 | 5th Mental Health Report | Highlighted portions at exhibit pages 15, 37. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Contains personal phone numbers. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 4-5. |
| 27 | 5th Mental Health Records Reviews | Highlighted portions at exhibit pages 3-11. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Public disclosure would cause harm. *See id*. |
| 28 | 6th Mental Health Report | Highlighted portions at exhibit pages 15, 39. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Contains personal phone numbers. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 4-5. |
| 29 | 6th Mental Health Records Reviews | Highlighted portions at exhibit page 11. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Public disclosure would cause harm. *See id*. |
| 30 | 7th Mental Health Report | Highlighted portions at exhibit pages 21, 50. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Contains personal phone numbers. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 4-5. |

| Exhibits to Trapani Declaration ||||
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| 31 | 7th Mental Health Records Reviews | Highlighted portions at exhibit pages 2-4, 9, 12-14, 16-17, 19-21, 26, 28. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Public disclosure would cause harm. *See id.* |
| 32 | 8th Mental Health Report | Highlighted portions at exhibit pages 23, 48. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Contains personal phone numbers. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 4-5. |
| 34 | 9th Mental Health Report | Highlighted portions at exhibit page 1, 21. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Public disclosure would cause harm. *See id.* |
| 36 | Mental Health CAP | Highlighted portions at exhibit pages 1, 6-9. | Contains information identifying providers of patient care. *See id.* Public disclosure would cause harm. *See id.* |
| 38 | 1st Dental Report | Highlighted portions at exhibit pages 7-14, 16-19, 23-32, 34, 38, 40, 44-47, 57, 61. | Contains information identifying providers of patient care. *See id.* Public disclosure would cause harm. *See id.* |
| 39 | 2nd Dental Report | Highlighted portions at exhibit pages 7-8, 10-12, 15-19, 21, 23, 25, 29, 33-34, 37-44, 53, 72, 74, 79-81, 84-85, 87, 91-98, 126. | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Contains personal contact information. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 3-5. |
| 40 | 3rd Dental Report | Highlighted portions at exhibit pages 5-12, 15-16, | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. |

| Exhibits to Trapani Declaration ||||
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| | | 19, 21, 27, 29-31, 34-37, 43. | Public disclosure would cause harm. *See id*. |
| 41 | 4th Dental Report | Highlighted portions at exhibit pages 7-8, 15, 23-25, 29, 33, 34, 38, 46, 49, 64, 70, 72, 76. | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Public disclosure would cause harm. *See id*. |
| 42 | 5th Dental Report | Highlighted portions at exhibit pages 8-10, 13-16, 25, 47, 53, 55-56, 58-59, 61-78, 81-98, 105-106, 108, 110, 113, 118, 120-122, 124-126, 127, 130-132, 137, 140-143, 148-156. | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Public disclosure would cause harm. *See id*. |
| 43 | 6th Dental Report | Highlighted portions at exhibit pages 10, 12, 14-17, 19-22, 27-28, 32, 47, 60-62, 64, 66-76, 80-81, 87-91, 94, 110-125, 129-134, 136-147, 149, 151, 153, 159, 167, 173-175, 177, 179, 181, 186-192, 194-200, 202-205, 218. | Contains information identifying class members and providers of patient care. *See id*. Contains personal contact information. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 3-5. |
| 44 | 7th Dental Report | Highlighted portions at exhibit pages at 5-6, 9, 11, 13-14, 16, 18, 21-22, 24-28, 31, 33-37, 39-44, 46, 56, 58, 63, 65, 74-79, 83-86, 88-98, 105- | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra*. Public disclosure would cause harm. *See id*. |

14

| **Exhibits to Trapani Declaration** | | | |
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| | | 108, 110, 125-140, 142-144, 146-158, 160-165, 167-168, 170, 172-173, 185-186, 192, 194-197, 203-207, 209, 212, 216-217, 219-237, 239-240, 242, 244, 246-247, 259, 262-275. | |
| 45 | 8th Dental Report | Highlighted portions at exhibit pages 4-5, 7-9, 12, 14-15, 18-21, 24-32. | Contains information identifying class members and providers of patient care. *See id*. Public disclosure would cause harm. *See id*. |
| 47 | 9th Dental Report | Highlighted portions at exhibit pages 4, 7, 9-17, 21, 23-27, 31, 33-34. | Contains information identifying class members and providers of patient care. *See id*. Public disclosure would cause harm. *See id*. |
| 49 | Dental Corrective Action Plan (CAP) | Highlighted portions at exhibit pages 14-15. | Contains information identifying providers of patient care. *See* ¶ 4, *supra*. Public disclosure would cause harm. *See id*. |
| 50 | M.M. CorEMR File | Entire document. | Consists of a medical record. *See* ¶ 6, *supra*. This Court has previously authorized the sealing of such documents. *See id.* |
| 51 | M.M. Custody Records | Entire document. | Consists of custody records for individual class member. *See id*. This Court has previously authorized the sealing of documents such as this. *See id.* |
| 52 | M.M. Psychological Autopsy | Entire document. | Consists of a record evaluating the circumstances of a death, which cannot |

15

| **Exhibits to Trapani Declaration** ||||
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| | | | realistically be anonymized. *See id.* Public disclosure would cause harm. *See id.* |
| 53 | Email from Bruce Barnett, 1/19/23 | Highlighted portions at exhibit pages 1-4. | Contains information identifying class members and providers of patient care. *See* ¶¶ 3-4, *supra.* Contains personal phone numbers. *See* ¶ 5. Public disclosure would cause harm. *See* ¶¶ 3-5. |
| 54 | D.S. NMC Records | Entire document. | Consists of a medical record. *See* ¶ 6, *supra.* This Court has previously authorized the sealing of such documents. *See id.* |
| 55 | D.S. CorEMR File | Entire document. | Consists of a medical record. *See id.* This Court has previously authorized the sealing of such documents. *See id.* |
| 56 | Oct. 2022 Special Conditions List | Entire document. | Consist of a custody record listing individual class members and disabling conditions, which cannot realistically be anonymized. *See id.* Public disclosure would cause harm. *See id.* |
| 57 | D.S. Incident Reports | Entire document. | Consists of custody records for individual class member. *See id.* This Court has previously authorized the sealing of documents such as this. *See id.* |
| 58 | D.S. Cell Photos | Entire document. | Contains security-sensitive information (photos of interior and exterior of cell). *See id.* This Court has previously authorized the |

| Exhibits to Trapani Declaration |||| 
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| | | | sealing of information such as this. *See id.* |
| 59 | D.S. Autopsy Report | Highlighted portions at exhibit pages 1-10. | This autopsy report is a public record under California law; however, it was produced in unredacted form. Redacted portions contain both security-sensitive information and information identifying class members and providers of patient care. *See* ¶¶ 3-6, *supra*. Public disclosure would cause harm. *See id.* |
| 60 | J.C. Suicide Safety Gap Analysis | Entire document. | Contains both security-sensitive information and sensitive personal information that cannot realistically be redacted. *See* ¶ 6, *supra*. This Court has previously authorized the sealing of documents such as this. *See id.* |

| Exhibits to Swearingen Declaration ||||
|---|---|---|---|
| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| 3 | Dr. Barnett Email | Highlighted portions at exhibit page 1. | Contains information identifying class members. *See* ¶ 3, *supra*. Contains personal phone numbers. *See id.* ¶ 4. Public disclosure would cause harm. *See id.* ¶¶ 3-4. |

| 4 | Dr. Winthrop Email | Highlighted portions at exhibit pages 1-3. | Contains information identifying class members. *See* ¶ 3, *supra*. Contains personal phone numbers. *See id.* ¶ 4. Public disclosure would cause harm. *See id.* ¶¶ 3-4. |
|---|---|---|---|
| 5 | Email Sending Medical Records | Highlighted portions at exhibit page 1. | Contains information identifying class members. *See* ¶ 3, *supra*. Public disclosure would cause harm. *See id.* |

| **Reply Trapani Declaration** | | |
|---|---|---|
| **Document** | **Portion(s) to Seal** | **Reason(s) for Sealing** |
| Reply Declaration of Cara E. Trapani In Support of Plaintiffs' Enforcement Motion | Highlighted portions at 2:5-22, 5:3-11 | Contains information identifying class members. Public disclosure would cause harm. *See* Second Joint Administrative Motion to File Under Seal at Section II. |

| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 2 | M.M. Mortality & Morbidity Report Part III | Entire document. | Contains sensitive personal and medical information that cannot realistically be redacted. *See id*. |
| 3 | M.P.M. CorEMR File | Entire document. | Consists of a medical record. This Court has previously authorized the sealing of such documents. *See id*. |
| 4 | Excerpts of Medical Monitor's draft Physician Case Review Tool Worksheet | Entire document. | Contains information identifying class members and providers of patient care, and sensitive personal and medical information that cannot realistically be redacted. Public disclosure would cause harm. *See id*. |