Peter G. Bertling (SBN 131602)
Jemma Parker Saunders
Bertling Law Group
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-962-0722
peter@bertlinglawgroup.com
jemma@bertlinglawgroup.com

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants | Case No.: 5:13-cv-02354-BLF<br><br>**DEFENDANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL AND FOR TEMPORARY STAY PENDING CONSIDERATION OF MOTION**<br><br>Judge: Hon. Beth Labson Freeman<br>Ctrm: 3 |

**MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS**

On July 21, 2023, Defendants filed a Notice of Appeal in the Northern District of California regarding the July 21, 2023, Order unsealing the Neutral Monitor Reports in this case. Given the prejudice which would result from implementation of this Order, and as discussed more fully below, Defendants respectfully request this Court issue a Stay of the July 21, 2023, Order (ECF No. 802.)

A court's decision to grant a stay is discretionary, "dependent upon the circumstances of the particular case." *Niken v. Holder*, 556 U.S. 418, 432 (2009). The movant bears the burden of showing the circumstances justifying a stay. *Id*. at 433-34;

see *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  A court may stay proceedings incidental to its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In determining whether a stay is appropriate, a federal court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)(citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

There are two separate standards to apply when a Court is making a determination as to whether to Order a stay of proceedings, or a stay of a judgment.  Defendants submit the *Landis* standard is appropriate herein, given the requested stay is a motion to stay an Order pending an appeal.

With respect to a motion to stay the proceedings, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254, 57 S.Ct. 163.  A court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings bear[s] upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864.  The *Landis* factors guide the analysis of when a stay is appropriate; they include (1) the possible damage of granting the stay; (2) the hardship or inequity on the movant by not granting the stay; (3) the orderly course of justice. *CMAX*, 300 F.2d at 268.

///
///

1. **Balance of Hardships**

Under the first two *Landis* factors, "the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds." *Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *2 (N.D. Cal. Aug. 30, 2018). Here, the July 21, 2023, Order allows for the unsealing of the Neutral Monitor Reports, which the Defendants jointly anticipate will now be publicly filed by class counsel in this case. However, Defendants contend these reports are privileged and confidential pursuant to the Protective Order that governs this case and there is no mechanism to "unring the bell" should these reports be publicly filed. (ECF Nos. 15 and 305.)

Defendants respectfully request that Magistrate Judge Nathanael Cousins, who has mediated all settlement conferences regarding Plaintiffs' Motion to Enforce as well as the extensive negotiations that resulted in the Stipulations this Court approved on May 29, 2020, and June 3, 2022, should review and comment on the propriety of unsealing the neutral monitor reports. (ECF Nos. 671 and 751.) In fact, this Court's May 29, 2020, Order specifically states: "***The parties' dispute whether the final neutral monitor reports should be filed with the Court or otherwise be made public is to be resolved by the mediator, Judge Cousins.***" (ECF No. 671 at 5.)

Issuing a stay of the July 21, 2023, Order is of no prejudice to plaintiffs, the class, class counsel, or the public at large. At worst, it would mandate a mere delay for opposing counsel to file these highly sensitive documents on the public docket. Alternatively, not issuing the requested stay would prejudice Defendants with no relief should the appeal be granted in favor of Defendants.

Given the fact that Plaintiffs will not be injured by waiting for the appellate process to be completed, any opposition to a stay is easily outweighed by the burdens and severe and significant prejudice that allowing these highly confidential documents to be filed on the public docket without permitting Defendants the right of appellate review. Furthermore, should the appeal be granted, there would be no change to the status quo of the Court's Docket, and all parties rights and the interests of justice would be preserved.

This stay will not harm Plaintiffs because the length of stay is not likely to be terminal, and the stay is extremely narrow in scope. Further, the issues raised on appeal are significant, with privilege, privacy and confidentiality bearing on the Ninth Circuit's decision as to the July 21, 2023, Order.

This is not a situation wherein the Defendants are seeking a stay so as to not have to defend a suit, which admittedly is not a 'clear case of hardship or inequity' within the meaning of Landis.' " *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255, 57 S.Ct. 163). On the other hand, the public filing of documents which the Defendants contend are private, privileged and confidential, in this digital age of permanent footprints, cannot be outweighed by plaintiffs' anticipated desire to place these documents on the public docket. Therefore, Defendants assert the balance of hardships tips in Defendants' favor. The first two *Landis* factors weigh in Defendants' favor.

**2.  Orderly Course of Justice**

The third *Landis* factor considers the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. "[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). In the context of a stay pending appeal, the Ninth Circuit has "repeatedly admonished district courts not to delay **trial preparation** to await an interim ruling." See, e.g., *California v. Azar*, 911 F.3d 558, 583-84 (9th Cir. 2018). (emphasis added). This factor also weighs in Defendants' favor because Defendants do not seek to delay any other aspect of the instant litigation, other than to preclude plaintiffs or any party from publicly filing documents until the appellate process is completed. This is a minor inconvenience to plaintiffs, countering a significant hardship to Defendants.

///

In addition, courts typically stay cases when the outcome of another proceeding will have preclusive effect on the pending issues. *Safari Club Int'l v. Bonta*, No. 222CV01395DADJDP, 2023 WL 3505373, at *1 (E.D. Cal. May 17, 2023) (granting stay where the interlocutory appeal of the court's denial of the preliminary injunction "contained all of the substantive legal issues in dispute in this litigation"); see also *Andrade Rico*, 2019 WL 4127206, at **5, 8 (staying proceedings pending interlocutory appeal where the merits of plaintiffs' claims were intertwined with the questions of qualified immunity on appeal because a grant of qualified immunity would result in dismissal of the claims); but see *Johnson v. Starbucks Corp*., No. 2:18-CV-1886 WBS EFB, 2019 WL 3202849, at **2-3 (E.D. Cal. July 16, 2019) (denying request to stay where appeals pending in other cases involved similar legal issues but where the factual development of plaintiff's case may distinguish it from those on appeal).

Here, the outcome of the appellate proceeding will have a preclusive rather than inclusive effect on the pending issues. The result of the appeal may preclude plaintiffs from burdening the docket of this court with public filings which may be subject to even additional law and motion or other additions to the Court's Docket.

The ruling on Defendants' appeal of the July 21, 2023, Order likely will simplify the privacy and confidentiality issues and questions of law for the remainder of litigation in this matter, and granting a stay will promote judicial economy. Currently, all parties in this litigation must undertake the administrative sealing process to reference and provide the Court with the Neutral Monitor Reports as needed. However, should defendant's appeal be denied, all such documents will be filed publicly and will streamline the litigation. Should defendant's appeal be granted, the documents cannot be publicly filed.

Evaluating all the *Landis* factors, the risk of hardship to Defendants outweighs any potential harm Plaintiffs may suffer by the delay in implementing the July 21, 2023, Order. See *Americans for Freedom v. Bennett* Case NO. 1:22-cv-01002-JLT-HBK, 2023 WL 3751998, at **6-10 (E.D. Cal. June 1, 2023.)

///

For the good and sufficient reasons discussed below, this Court should exercise that discretion here and stay the Order issued July 21, 2023, ECF No. 80 pending the joint defense appeal of said Order.  Defendants are not seeking a stay of the totality of the litigation, only the July 21, 2023 Order.  Staying this Order will serve the interests of justice in allowing Defendants to exercise their right to seek appeal of the Order.

## CONCLUSION

Accordingly, Defendants request that the Court stay the Order issued on July 21, 2023 pending appellate determination.  Defendants suggest the parties jointly file a status report in 60 days to keep the Court informed of the appellate status so that further substantive proceedings may be conducted in this action should a decision become warranted.

Respectfully submitted,

DATED: July 21, 2023              BERTLING LAW GROUP

*/s/ Peter G. Bertling*
Peter G. Bertling
Jemma Parker Saunders
Attorneys for Defendant
CALIFORNIA FORENSIC
MEDICAL GROUP