# EXHIBIT 5

Jaqueline Aranda Osorno [S.B. # 308084]
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net

*Counsel for Intervenors Monterey County Weekly, First Amendment Coalition, Patricia and Jennifer Ramirez, and Yvette, Xavier, and Janel Pajas*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. CV 13 2354 BLF <br><br> **DECLARATION OF JENNIFER RAMIREZ IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS AND PROTECTING ACCESS TO PUBLIC PROCEEDINGS** <br><br> Hearing Date: November 16, 2023 <br> Hearing Time: 9:00 am <br><br> Judge:   Beth Labson Freeman |

Case No. CV 13 2354 BLF

DECLARATION OF JENNIFER RAMIREZ IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS AND PROTECTING ACCESS TO PUBLIC PROCEEDINGS

I, Jennifer Ramirez, declare:

1. My name is Jennifer Ramirez. I am a 24-year-old resident of Gonzales, California. I have spent my entire life in this close-knit community, witnessing both its strengths and its challenges.

2. I am the child of the late Rafael Ramirez Lara, a man whose life was marked by immense struggles. In his last couple of years, my father faced a difficult battle with mental health issues and substance abuse. Unfortunately, during his time in jail, he did not receive the necessary medical or mental health services that could have made a difference in his situation. It is disheartening to reflect on the fact that the system failed my father when he needed support the most.

3. The circumstances surrounding my father's passing were deeply troubling. Despite the existence of protocols and procedures designed to ensure the well-being of incarcerated people, there were instances where jail staff overlooked these important guidelines. These oversights proved to be devastating, as they ultimately contributed to my father's untimely death.

4. As a part of my family's response to the tragic circumstances surrounding my father's death, my siblings and I made the difficult decision to take legal action against the Monterey County Jail and Wellpath. We firmly believed that both entities failed my dad, and we wanted to hold them accountable for their negligence. Our primary objective was to humanize my father and ensure that the court understood the immense tragedy and pain caused by the jail and healthcare system's shortcomings. We wanted to emphasize that, despite his mistakes, my father deserved to receive proper care and supervision.

5. One crucial aspect of our case was highlighting the deteriorating mental state my father experienced in the weeks leading up to his incarceration. We made sure the court was aware of the extent of his instability and the numerous attempts we made to seek help from community members and even within the jail system itself. It was crucial for the court to understand that my father's mental health issues were not only significant but also known to various individuals who could have intervened.

1

Case No. CV 13 2354 BLF

DECLARATION OF JENNIFER RAMIREZ IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS AND PROTECTING ACCESS TO PUBLIC PROCEEDINGS

6. It is my understanding that certain records containing information about the current conditions in the jail are not available to the public, including the reports of the independent monitors in this case. It deeply concerns me to learn that certain records containing crucial information about the current conditions in the jail, including the reports of the independent monitors in this case, are not accessible to the public. This lack of transparency represents a grave injustice, not only to the affected families but also to the larger community.

7. When my family and I made the decision to file a lawsuit against Monterey County, our primary motivation was to prevent other families from enduring the same tragedy we experienced. We firmly believed that shedding light on the failures of the jail system was crucial to initiating positive change. However, if reports and information about current conditions are withheld from the public, it undermines those efforts and leaves us feeling dissatisfied and uncertain about whether similar incidents will be prevented in the future.

8. The loss of lives, the pain endured by the families, and the hard journey towards seeking justice should not be in vain. It is essential that the community is kept informed about the conditions within the jail, including the findings of independent monitors.

9. In my own experience, access to records played a critical role in seeking justice for my father's passing. The records we obtained from the Hernandez trial provided valuable information that allowed us to navigate the legal process and hold those responsible accountable. Without access to these records, our pursuit of justice would have been significantly hindered. The integrity of the court system is called into question if the government is allowed to use litigation to hide information. Denying public access to current conditions and reports could have a similar effect, preventing other families from obtaining the information and evidence needed to seek justice for their loved ones.

10. Moreover, making these records public is not only crucial for individual cases but also has broader implications. The findings and insights contained within these records have the potential to highlight systemic issues, identify patterns of negligence, and inform the necessary reforms within the justice system. By keeping them sealed, we not only deny justice to those affected

but also impede progress toward a safe, more humane, and equitable system. The community has a right to know about the conditions within the jail and the efforts being made to rectify any shortcomings.

11. I believe it is imperative that these records are made public. By doing so, authorities can demonstrate their commitment to transparency, accountability, and the well-being of the most vulnerable among us. Furthermore, public access to these records enables families to seek justice, promotes a safer environment, and contributes to the continuous improvement of our justice system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed in Gonzales, California this 19th day of July 2023.

_____
Jennifer Ramirez