# EXHIBIT 6

Jaqueline Aranda Osorno [S.B. # 308084]
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net

*Counsel for Intervenors Monterey County
Weekly, First Amendment Coalition,
Patricia and Jennifer Ramirez, and
Yvette, Xavier, and Janel Pajas*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**DECLARATION OF YVETTE PAJAS IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS AND PROTECTING ACCESS TO PUBLIC PROCEEDINGS**<br><br>Hearing Date: November 16, 2023<br>Hearing Time: 9:00 am<br><br>Judge:   Beth Labson Freeman |

I, Yvette Pajas, declare:

1. I am 47 years old, and am the oldest child of Mark Pajas, Sr., who died in Monterey County Jail on January 20, 2015, at age 56. I have two children, who are 9 and 18 years old.

2. My family and I were plaintiffs in a lawsuit against the County of Monterey and California Forensic Medical Group based on our father's death at the Jail. We went through more than three years of litigation. In 2019, at the end of a trial, a jury found the County of Monterey had not provided adequate care to our father, resulting in his death.

3. We brought the lawsuit because I wanted to find out what had happened to my father and because I wanted to stop anything similar from happening to anyone else at the Jail. Without the lawsuit, we were not able to find out accurate information about my father's death and what led to it. I believed that the County was hiding information that could explain what happened to my father and that could help prevent other people from dying at the Jail. Through the lawsuit, we were able to get this information and to show that my father's death could have been prevented if the County had done what it was supposed to do under the law.

4. I am aware that there is a class action lawsuit and settlement that is supposed to address the kinds of problems at the Jail that led to my father's death. We were told that was one of the reasons we could not try to get the County to agree to change its policies as part of settling our case. But I also follow the news about other deaths at Monterey County Jail and am concerned that people continue to die unnecessary deaths at the Jail even after we won our lawsuit in 2019.

5. Information about how the County is responding to the settlement and whether it is implementing changes at the Jail is not public. I am concerned that, just like what happened with my father, when this kind of information is not public, the County is not being held accountable for making changes at the Jail to prevent more people from dying.

6. I think it is important for families like mine, who are deeply affected by what happens to people incarcerated in the Jail, to be able to have access to this information so that we can try to make sure more lives are not lost there.

1  I declare under penalty of perjury under the laws of the United States of America
2 that the foregoing is true and correct, and that this declaration is executed in Stockton,
3 California this 19th day of July 2023.

           /s/ Yvette Pajas
      _____
      Yvette Pajas