MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CARA E. TRAPANI – 313411
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
 egalvan@rbgg.com
 vswearingen@rbgg.com
 ctrapani@rbgg.com
 cjackson@rbgg.com
 bhattem@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
 kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY**<br><br>Judge: Beth Labson Freeman |

# INTRODUCTION

In their Emergency Motion for Stay Pending Appeal (Dkt. 806, hereafter "Mot."), Defendants seek to stay the Court's July 21, 2023 Order (Dkt. 802, hereafter "Order") on the sole ground that disclosure of the neutral monitor reports will cause some vague and unsubstantiated prejudice. Defendants provide no reason why this Court's analysis was incorrect or why they are likely to succeed on appeal. Defendants rely on the wrong legal standard and do not meet their burden to show that a stay of the Court's Order is appropriate. Defendants' appeal is unlikely to prevail, and their Motion should be denied.

## I.   LEGAL STANDARD

The moving party "bears the burden of showing that the circumstances justify" the stay of a court's order. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). Courts deciding whether to stay an order pending appeal consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006-07 (9th Cir. 2020) (quoting *Nken*, 556 U.S. at 434). "'The first two factors … are the most critical'; the last two are reached only '[o]nce an applicant satisfies the first two factors.'" *Id.* at 1007 (alterations in original) (quoting *Nken*, 556 U.S. at 434-35); *see also Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 672 (N.D. Cal. 2020) (describing stay standard).

Defendants contend that the Court should instead apply the standard of *Landis v. North American Co.*, 299 U.S. 248 (1936), under which courts consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). *Landis* applies when a party seeks the "stay of an action … pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Defendants seek to stay the execution of the Court's Order, not to stay this action. *See*

Mot. at 1, 4; *see also* Dkt. 806-1. *Landis* does not apply to motions to stay an order pending an appeal of that order, and the Court should apply the governing *Nken* standard. *See Flores v. Bennett*, --- F. Supp. 3d ----, 2023 WL 3751998, at *2 (E.D. Cal. June 1, 2023) (*Nken* applies to motions to stay an order pending appeal; *Landis* applies to motions to stay proceedings "pending the resolution of a related action in another court").

## II.   ARGUMENT

Defendants have not met their burden to obtain a stay of the Court's Order under the correct *Nken* standard or the inapplicable *Landis* standard.

### A.   No Stay is Warranted Under the Governing *Nken* Standard

Defendants do not even argue the first prong of the *Nken* analysis. They make no showing whatsoever that their appeal is likely to succeed, much less the "strong showing" that is required. *Nken*, 556 U.S. at 434. For that reason alone, Defendants have not met their burden to show that a stay is warranted, and their motion should be denied.

Defendants' appeal has little chance of success. The Court's reasoned Order explained why the County had not shown "compelling reasons" necessary to justify sealing the neutral monitors' reports: (1) the reports do not come within the Protective Order, (2) reliance on the Protective Order would be insufficient in any event, (3) the monitors agreed with the reports being filed with redactions, (4) any "desire for confidentiality" is not a compelling reason for sealing, and (5) the filing of the reports "will not impair the free flow of information." Order at 2-5. The Court's conclusions accord with caselaw governing the sealing of court records. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006) ("[A] non-party's reliance on a blanket protective order … is not a 'compelling reason' that rebuts the presumption of access."). Defendants' Motion identifies no basis on which the Court's Order might be reversed. Defendants vaguely contend that the reports are "private, privileged and confidential," Mot. at 4, but make no attempt to substantiate the privacy interest at stake, explain what privilege is implicated, or articulate how the Court's ruling as to confidentiality was made in error.

Nor have Defendants shown that they will be "irreparably injured absent a stay."

*Nken*, 556 U.S. at 434.  Defendants have not shown any cognizable harm they will face from the public filing of the neutral monitors' reports, and instead summarily assert that they will face uncertain "burdens" and "prejudice" if the reports become public.  Mot. at 1, 3.  Defendants have not submitted any evidence related to actual burdens or prejudice they would suffer as a result of the reports being made public.  A stay applicant does not meet its burden to prove irreparable injury "by submitting conclusory factual assertions and speculative arguments that are unsupported in the record."  *Doe #1 v. Trump*, 957 F.3d 1050, 1059-60 (9th Cir. 2020) (allegations of harm that are "premised on [the party's] view of the merits" are insufficient to justify a stay); *see also Scholl*, 494 F. Supp. 3d at 682 ("The failure here to produce any evidence regarding [asserted injuries] militates against finding a likelihood of irreparable harm.").

Furthermore, any harm Defendants might suffer from public knowledge of their noncompliance with the Settlement Agreement and Implementation Plans "is largely self-inflicted."  *Al Otro Lado*, 952 F.3d at 1008.  If Defendants provided adequate medical, mental health, and dental care to people at the Jail as required by the Settlement Agreement, Implementation Plans, and this Court's orders, they would have nothing to fear from disclosure of the monitors' reports.  That Defendants seek a stay to continue hiding evidence of their noncompliance in order to avoid public knowledge of their shortcomings "'severely undermines' [their] claim for equitable relief."  *Id.* (quoting *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993).

The third and fourth factors—the harm that would be caused by a stay and the public interest—are only considered "[o]nce an applicant satisfies the first two factors."  *Nken*, 556 U.S. at 435.  Because Defendants have not shown that their appeal is likely to succeed and have identified no harm except public awareness of their deficient care, the Court "need not dwell on the final two factors."  *Al Otro Lado*, 952 F.3d at 1014.  If the Court reaches these factors, however, they strongly favor denying the stay.

Here, the third and fourth factors are the same:  the harm that granting a stay would cause is the injury to the public interest that would result from obscuring the evidence of

Defendants' violations of the Settlement Agreement, Implementation Plans, and Court orders. Staying the Court's order would prevent the public, members of the Plaintiff class, and their families from knowing even the subjects of Plaintiffs' enforcement motion and the subsequent order the Court may issue following the August 24, 2023 hearing, as well as the evidence in support of such an order. It would likely require most or all of the hearing to be conducted behind closed doors, harming the public's right of access to judicial proceedings. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir. 2020). As explained in Proposed Intervenors' Motion to Unseal Court Records, the "public has a right to see for itself" the evidence that Wellpath has "provided systemically inadequate care to the people whose wellbeing it is entrusted to safeguard." Dkt. 800 at 1-2. Staying the Court's Order would continue to damage that right.

### B. No Stay is Warranted Under the Inapplicable *Landis* Standard

Defendants insist that the Court should evaluate their Motion under the inapposite *Landis* standard. The Motion would fail under that standard too.

A party seeking a *Landis* stay "must make out a clear case of hardship or inequity" to justify the stay "if there is even a fair possibility that the stay … will work damage to some one else." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255). Staying the Court's order would damage the public's interest in understanding the care provided at the Jail and in accessing the August 24, 2023 hearing. *See* Dkt. 800 at 3-5, 10-11. Defendants have identified no "hardship or inequity" that would result from denying the stay, relying instead on broad, unsupported assertions of prejudice as the basis for their Motion. *See* Mot. at 3-4.

Defendants' claim that a stay would promote the "orderly course of justice" is unpersuasive. *See CMAX*, 300 F.2d at 268. Defendants incorrectly assert that denying their Motion would impede judicial economy by forcing the parties to "undertake the administrative sealing process to reference and provide the Court with the Neutral Monitor Reports." Mot. at 5. Defendants' claim is backwards: Staying the Court's Order would require the parties to continue submitting contested sealing motions with any report filed,

whereas allowing the Order to remain in effect would mean that reports can be filed with only privacy-protective redactions that the parties have already agreed upon.

The Court should also reject out of hand Defendants' claim that they may file "additional law and motion or other additions to the Court's Docket" if the monitors' reports are filed under the Court's Order. *See id.* Defendants' assertion that they may continue to contest the filing of the neutral monitors' reports with frivolous motions after the Court conclusively resolved the issue is no reason to stay the Order.

Finally, Defendants argue that the Court's Order should be stayed so that Judge Cousins can "review and comment on the propriety of unsealing the neutral monitor reports." *Id.* at 3. Defendants cite no authority for the proposition that a court's order should be stayed pending comment from the parties' appointed mediator, and Plaintiffs are aware of none. Staying the Order for this purpose would be particularly odd because Judge Cousins has already weighed in on this issue. After mediation of the issues in Plaintiffs' enforcement motion concluded, counsel for Defendant Wellpath raised the issue of sealing the neutral monitors' reports, and Judge Cousins instructed the parties to present their dispute to the Court in an administrative motion. *See* Decl. of Benjamin Hattem in Supp. Pls.' Opp'n to Defs.' Mot. for Stay, ¶¶ 2-3. Plaintiffs followed Judge Cousins' instructions in filing their motion to consider whether the neutral monitors' reports should be sealed (Dkt. 776).

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Stay should be denied.

DATED: July 26, 2023

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ben Hattem*
Ben Hattem

Attorneys for Plaintiffs