Jaqueline Aranda Osorno [S.B. # 308084]
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net

*Counsel for Monterey County Weekly, First Amendment Coalition, Patricia and Jennifer Ramirez, and Yvette, Xavier, and Janel Pajas*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**PROPOSED INTERVENORS' RESPONSE TO COURT'S REQUEST FOR CLARIFICATION OF THEIR INTERVENOR STATUS**<br><br>Judge:   Beth Labson Freeman |

**PROPOSED INTERVENORS' RESPONSE TO COURT'S REQUEST FOR CLARIFICATION OF THEIR INTERVENOR STATUS**

On July 20, 2023, Monterey County Weekly, the First Amendment Coalition, Patricia Ramirez, Jennifer Ramirez, Yvette Pajas, Xavier Pajas, and Janel Pajas (collectively, "Proposed Intervenors") moved to intervene in this matter for the limited purpose of unsealing court records and protecting access to upcoming settlement enforcement proceedings. Docs. 799,[1] 800. On July 21, 2023, the Court issued an order ("Order") denying in large part the parties' motions to seal documents submitted in support of Plaintiffs' Motion to Enforce the Settlement Agreement and Wellpath Implementation Plan ("Motion to Enforce"). Doc. 802. Recognizing that its Order may have mooted Proposed Intervenors' motions, the Court separately ordered Proposed Intervenors to, after reviewing the unsealed documents, advise the Court whether they still intended to pursue their claims. Doc.803. Proposed Intervenors hereby submit this response to advise the Court that, in light of Defendant Wellpath's appeal of and motion to stay the Court's order, Proposed Intervenors will continue to pursue their motions for the purposes of (1) opposing Defendants' request for an emergency stay; and (2) protecting public access to the August 24, 2023, hearing on Plaintiffs' Motion to Enforce, and any subsequent enforcement proceedings. *See* Docs. 805, 806.

**I. Defendants Have Not Met the Burden of Showing the Circumstances in This Case Justify a Stay**

In deciding whether to grant a stay pending an appeal, a court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Defendants ignore this traditional and well-established standard for a stay and instead propose that the Court apply a legal standard that fails to consider the likelihood of Defendants' success on the merits of the appeal, or accords sufficient weight to injuries to other parties, including

---

[1] Proposed Intervenors filed an amended motion to intervene on July 24, 2023. Doc.808.

the public. Doc. 806 at 2 (proposing, without justification, that the Court apply the *Landis* standard). Defendants fall woefully short of meeting the correct *Nken* standard.

To the first *Nken* factor, Defendants have not made a showing, let alone "a strong showing," that they are likely to succeed on the merits, which is one of the "most critical" factors in determining whether a stay is proper. *See Niken*, 556 U.S. at 434. In their motion requesting a stay, Defendants only state that "the issues on appeal are significant," and implicate "privilege, privacy, and confidentiality." Doc. 806 at 4. This says nothing of the strength of their appeal. To the second *Nken* factor, Defendants have not articulated how they will be harmed if the documents are publicly docketed. They merely repeat that the documents are "private, privileged, and confidential." Doc. 806 at 4. Any such concerns were addressed by the Court's Order directing the redaction of certain sensitive information.[2] Even if Defendants were able to establish an irreparable injury, that alone would not justify granting a stay. *Nken*, 556 U.S. at 433 ("A stay is not a matter of right, even if irreparable injury might otherwise result.")

To the third *Nken* factor, Defendants fail to acknowledge that issuing a stay will substantially injure Proposed Intervenors and the public. *See* Doc. 806 at 3 (arguing that issuing a stay "is of no prejudice to . . . the public at large"). As explained in Proposed Intervenors' Motions to Unseal, the public has unquestionable First Amendment and common law rights of access to the records Defendants insist must remain entirely secret. Doc. 800 at 5-7. These records likely shed light on whether Defendants have and continue to provide systemically inadequate care to people incarcerated at the Jail and may help explain why the death and suicide rates at the Jail are alarmingly high. This Court has already determined that the public has a right to access these records, and that access must be "immediate and contemporaneous." *See Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), *superseded by rule on other grounds in Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009). As such, each passing day without access to these records constitutes

---

[2] Proposed Intervenors do not waive their right to challenge the redaction of information currently designated by the Court as "sensitive."

separate, cognizable, and irreparable harm to Proposed Intervenors and the public. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (holding that a court's delay in ruling on a motion to intervene and unseal records was "effectively a denial of any right to contemporaneous access—where each passing day may constitute a separate and cognizable infringement of the First Amendment" (internal alternations and citations omitted)).

Finally, to the fourth *Nken* factor, courts have "consistently recognized the significant public interest in upholding First Amendment principles." *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) (citations omitted). Here, Proposed Intervenors and the public have a First Amendment right to inspect court records in a case that alleges serious and ongoing constitutional violations. Both the information contained in those records and the fact that the government continues to try to shield that information from public scrutiny are of significant public interest. *See* Rey Mashayekhi, *Behind the Bars*, Monterey County Weekly (July 26, 2023), https://tinyurl.com/yc484kms. Granting a stay and allowing secrecy to continue is contrary to "where the public interest lies." *See Nken*, 556 U.S. at 434.

Because Defendants cannot meet the burden of showing why the circumstances in this case justify issuing a stay, Proposed Intervenors ask that the Court deny the motion to stay and order the unsealing of the neutral monitor reports consistent with the Court's July 21, 2023, Order. *See* Doc. 802.

## II. Even if the Stay is Granted, Enforcement Proceedings Must Remain Public

Proposed Intervenors seek not only to unseal records, but also to protect public access to proceedings. Doc. 808. If the Court is inclined to grant Defendants' motion and issues a stay of its July 21, 2023, Order, Proposed Intervenors renew their argument that the Court must preserve public access to the upcoming settlement enforcement proceedings on August 24, 2023. Doc. 800 at 9-10. Without access to these proceedings, the public will be left to speculate not only what the specific evidence being considered is, but also what arguments Plaintiffs are making or what relief they seek. *See* Doc. 788 (redacting most of the factual and procedural background and argument of the Plaintiffs' Motion to Enforce). Ultimately, "[p]ublic confidence in the courts is the issue: How can the public know that courts are deciding cases fairly and impartially if it doesn't know what is being

decided? . . . Sealing a record undermines that interest, but shutting the courthouse door poses an even greater threat to public confidence in the justice system." *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (internal citations omitted). The Court should ensure the courthouse doors remain open on August 24, 2023, and any subsequent enforcement proceedings.

## CONCLUSION

As explained above, Proposed Intervenors continue to pursue their motions to intervene and unseal in light of Wellpath's appeal and motion for stay. Proposed Intervenors request that the Court deny Defendants' request to stay the July 21, 2023, Order and ensure the upcoming proceedings remain public. Proposed Intervenors also request that the Court resolve their Motion to Intervene to ensure Proposed Intervenors can defend any appeal related to the sealing issues.

Dated: July 26, 2023                                          Submitted,

/s/ Jaqueline Aranda Osorno
*Counsel for Proposed Intervenors*

Jaqueline Aranda Osorno (308084)
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net