LESLIE J. GIRARD, SBN 098986
County Counsel
SUSAN K. BLITCH, SBN 187761
Chief Assistant County Counsel
ELLEN S. LYONS, SBN 136011
Deputy County Counsel
County of Monterey
168 West Alisal Street, Third Floor
Salinas, California 93901-2653
Telephone: (831) 755-5045
Facsimile: (831) 755-5283
Email: blitchsk@co.monterey.ca.us
       lyonse@co.monterey.ca.us

Attorneys for Defendants COUNTY OF MONTEREY
and MONTEREY COUNTY SHERIFF'S OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| JESSE HERNANDEZ, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br>v.<br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No. 5:13-cv-02354 BLF<br><br>**DEFENDANTS COUNTY OF MONTEREY AND MONTEREY COUNTY SHERIFF'S OFFICE REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP'S MOTION FOR STAY**<br><br>Judge: Hon. Beth Labson Freeman |

Defendants, COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S OFFICE ("County Defendants"), hereby submit this reply to Plaintiffs' Opposition to Defendant California Forensic Medical Group's Motion for Stay Pending Appeal and for Temporary Stay Pending Consideration of Motion.

First, Defense counsel points out that Plaintiffs' counsel, Van Swearingen, orally agreed that the monitors' reports would remain confidential and would not be filed with the Court. This occurred during a meeting with Plaintiffs' counsel and Defense counsel via zoom May 20-21,

1

2020.  (Dec. of Blitch.)  Unfortunately, Defense counsel does not have this agreement in writing and when Defense counsel confronted Mr. Swearingen with the agreement, Mr. Swearingen denied the agreement and equivocated.  (Dec. of Blitch.)  However, Defense counsel does have email correspondence with Dr. Barnett, attached hereto, that confirms the agreement.  (Ex. A to Blitch Dec.)  Also attached as Exhibit A are email exchanges with Dr. Barnett concluding with Dr. Barnett's signing a declaration requesting the monitor reports be kept confidential. The parties' understanding of the confidentiality of these monitor reports is supported by the fact that, with the exception of one report related to COVID-19 filed during the height of the pandemic, **none** of the monitors' reports have been filed in this case.

Second, there is information in the monitors' reports which discuss items outside of the implementation plans.  This action was not resolved by a consent decree but by a settlement agreement.  As part of the settlement agreement, the parties agreed that a "designated monitor will prepare a draft written report on the Defendants' efforts to meet the terms of this Settlement Agreement and all Implementation Plans …"  "**Each report shall contain a determination of whether Defendants are 'substantially complying' with the applicable Implementation Plan.**"  (Settlement Agreement, Document 483-2, Case 5:13-cv-02354, p.16 (emphasis added).)  There is no agreement for reports to include additional information unrelated to the implementation plans.  For instance, Dr. Barnett's most recent reports do not break down each implementation plan requirement and indicate whether Wellpath is substantially compliant with that particular requirement.  Rather, Dr. Barnett, randomly groups categories together in his analysis.  Moreover, Dr. Barnett includes items and subject matters in his monitor report which are not part of the implementation plan requirements.  In his December 26, 2022 Report on p. 19, for example, Dr. Barnett devotes a whole section to "Plaintiffs' Attorney Inquiries".

Defendants anticipate future motions to strike sections from the monitors' reports that are outside the scope of the implementation plans.  In particular, while Defendants agreed to allow monitoring of ADA items and programs above and beyond what is required in the implementation plans, an actual publicized report should not contain items outside the scope of the implementation plan.  Defendants are considering whether they need to file a motion for

2

*Hernandez, et al. v. County of Monterey, et al.*   Case No.  13-cv-02354 BLF
County's Reply to Plaintiffs' Opposition to CFMG's Motion for Stay

declaratory relief as to the scope of the implementation plans or a motion to strike portions of the monitor reports.

Finally, there are very real safety and security concerns regarding making the monitoring reports public. For instance, the monitor reports disclose to inmates when welfare checks are done. The publication of this information might make it easier for an inmate to do harm to oneself or others. Similarly, there is significant concern that confidential information about an inmate will be identified. For instance, on page 15-16 of Dr. Barnett's December 26, 2022 Report, Dr. Barnett discusses inmates who died in custody, providing specific information about inmates' criminal charges, their substance abuse issues, their mental health conditions, and medical conditions. Dr. Barnett provides the date of death, which when coupled with media reports of in custody deaths makes it very easy for someone to identify the inmate in question. This has the potential of causing substantial harm to the inmates' family.

Dr. Barnett's case reviews beginning on p. 10 of his December 26, 2022 Report also provide intake dates with enough detail on the individual inmates to make them identifiable in a jail with average population in the 900's.

## CONCLUSION

For the foregoing reasons, County Defendants respectfully request the Court reconsider its position and/or stay the enforcement of its order publicizing the monitor reports.

Dated: July 27, 2023                     Respectfully Submitted,

                                         LESLIE J. GIRARD
                                         County Counsel


                                         By: */s/ Susan K. Blitch*
                                         SUSAN K. BLITCH, Chief Assistant County Counsel
                                         Attorneys for Defendants COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S OFFICE

3

*Hernandez, et al. v. County of Monterey, et al.*                                 Case No. 13-cv-02354 BLF
County's Reply to Plaintiffs' Opposition to CFMG's Motion for Stay