Peter G. Bertling (SBN 131602)
Jemma Parker Saunders
Bertling Law Group
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-962-0722
peter@bertlinglawgroup.com
jemma@bertlinglawgroup.com

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants | Case No.: 5:13-cv-02354-BLF<br><br>**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION TO STAY OF PROCEEDINGS [ECF NO. 806]**<br><br>Judge: Hon. Beth Labson Freeman<br>Ctrm: 3 |

**I.  THE STANDARD SET FORTH IN *LANDIS v. NORTH AMERICA* IS AN APPROPRIATE LEGAL STANDARD FOR THIS COURT TO APPLY WHEN RULING ON WELLPATH'S MOTION TO STAY.**

Plaintiffs contend Wellpath applied the wrong legal standard in *Landis v. North America* Co., 299 U.S. 248 (9th Cir. 1936), in its Emergency Motion to Stay this Court's July 21, 2023, Order (ECF No. 802.). The Ninth Circuit Court of Appeal has never address which legal standard applies to the unique circumstances in this case, and it will be an issue of first impression for them to address. However, "district courts that have directly confronted whether the *Nken* test or the *Landis* test applies to stay of proceedings

'have overwhelmingly concluded that the *Landis* test or something similar governs.'" (Citations omitted.) *Flores v. Bennett* Case No. 1:22-cv-01002-JLT-HBK, 2023 WL 375199 at *3.

Plaintiffs cannot legitimately argue they will be prejudiced by a short stay of this Court's July 21, 2023, Order. The medical, mental health, and dental monitors have issued reports for more than 5 years. However, during that time, Plaintiffs and Intervenors never argued the public had a right to know the content of these reports. Why the rush to judgment now? The Ninth Circuit has already set the following briefing schedule:

- Wellpath's Opening Brief is due on October 30, 2023
- Plaintiffs' Answering Brief is due on November 20, 2023
- Wellpath's Reply brief is due on December 21, 2023.

Wellpath is not asking the Court to continue the hearing on Plaintiffs' Motion to Enforce. That is still scheduled to go forward on August 24, 2023. Wellpath is not asking the Court to refrain from issuing an Order on Plaintiffs' Motion. They are not asking the Court to preclude the public from attending the hearing. They are simply asking the Court to continue the status quo of keeping the monitor reports sealed pending a ruling by the Ninth Circuit Court of Appeal.

## II. WELLPATH WILL SUSTAIN IMMEDIATE, IRREPARABLE HARM IF THE MONITOR REPORTS ARE UNSEALED.

Unsealing the monitor reports will cause irreparable harm to CFMG and its patients for a multitude of reasons. First, production of the reports will discourage Defendants' employees from engaging in the quality review process. Both federal and California state law recognize that quality reviews should be privileged, so that healthcare providers can engage in transparent and critical review of care provided to patients, and thus improve the level of patient care going forward, without fear of liability or retaliation. 42 U.S.C. §11101; Cal.Evid.Code §1157(a). "Section 1157 represents a legislative choice between competing public concerns. It embraces the goal of medical

staff candor at the cost of impairing plaintiffs' access to evidence." *Matchett v. Superior Ct.*, 40 Cal. App. 3d 623, 629 (Ct. App. 1974). While the instant case does not deal with production of quality assurance reports in discovery, the principle is applicable. If healthcare providers cannot rely on the public policy that protects quality review reports, or in this case neutral monitoring reports, from public dissemination, they are discouraged from continuing to perform or meaningfully engage in the process, and thus potentially adversely affecting patient care. The goal of the neutral monitoring process in this case is to ensure compliance with the Implementation Plan, and ultimately improve care and outcomes for patients in Monterey County Jail. Producing the monitoring reports will have the chilling opposite effect. (Torres Dec. ¶5).

In addition, production of the reports will have real, immediate implications on CFMG's provision of medical care at Monterey County Jail. For example, production of these reports would likely create distrust between CFMG's staff and their patients. Patients may be discouraged from seeking medical or mental health care, or speaking openly and honestly with their medical providers, if they know that their medical and psychiatric/mental health concerns are subject to disclosure and review by third parties. (Torres Dec. ¶3) CFMG has also been tasked, via the Implementation Plan, with hiring and retaining competent medical staff to work at Monterey County Jail. The hiring process has already been negatively impacted by the media attention surrounding this litigation. (Torres Dec. ¶4). Production of the monitoring reports, and the resultant increase in media attention and public awareness of their confidential content, will only serve to make those hiring and compliance efforts more difficult. *Id.*

Overall, production of these reports would simply fuel distrust among the parties, harming the success of Defendants' efforts to comply with the Implementation Plan, and negatively impacting the care and treatment provided to patients at Monterey County Jail.

///
///
///

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | DATED: July 28, 2023 | BERTLING LAW GROUP |
| 3 |  |  |
| 4 |  | */s/ Peter G. Bertling* |
|   |  | Peter G. Bertling |
| 5 |  | Jemma Parker Saunders |
| 6 |  | Attorneys for Defendant |
|   |  | CALIFORNIA FORENSIC |
| 7 |  | MEDICAL GROUP |