MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CARA E. TRAPANI – 313411
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
ctrapani@rbgg.com
cjackson@rbgg.com
bhattem@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, California  94111-4805
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO REPLY EVIDENCE**<br><br>Judge:  Beth Labson Freeman |

I, Van Swearingen, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP ("RBGG"), counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Objections to Reply Evidence.

2. Attached hereto as **Exhibit A** is a true and correct copy of a letter sent by Cara E. Trapani, an associate in my office, to counsel for Defendants on June 23, 2020.

3. Attached hereto as **Exhibit B** is a true and correct copy of portions of an email exchange between me and counsel for Defendants on July 10, 2020. I have not attached the entire email exchange because earlier emails in the thread were irrelevant to the issues in Plaintiffs' Objections and contained patient-specific medical information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Anselmo, California this 28th day of July, 2023.

/s/ Van Swearingen<br>
Van Swearingen

# Exhibit A



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Cara E. Trapani
Email: CTrapani@rbgg.com

June 23, 2020

VIA ELECTRONIC MAIL ONLY

Susan K. Blitch
Senior Deputy County Counsel
Monterey County Counsel's Office
168 West Alisal Street, 3rd Floor
Salinas, CA 93901-2439
blitchsk@co.monterey.ca.us

Peter G. Bertling
Bertling Law Group
15 West Carrillo Street, Suite 100
Santa Barbara, CA 93101-8215
peter@bertlinglawgroup.com

Re:   *Hernandez v. County of Monterey et al.*, N.D. Cal. No. CV 13 2354 BLF
      June 26, 2020 Settlement Conference Re: Limited Issue of Public-Filing of
      Neutral Monitor Reports
      Our File No. 1187-10

Dear Susan and Peter:

I write in advance of our settlement conference before Judge Cousins this Friday, June 26, 2020, which will address our dispute regarding "whether the final neutral monitor reports should be filed with the Court or otherwise be made public." Dkt. No. 671 at 5. For the below reasons, we maintain that public filing of the monitors' reports is necessary and appropriate, and ask that Defendants reconsider their contrary position. While we would prefer to reach agreement on this matter without the Court's assistance, we are prepared to present the below arguments to Judge Cousins on Friday.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) (footnotes omitted); *see also Oregonian Publ'g Co. v. United States Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990) ("Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents."). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City*

[3566389.3]

**PRIVILEGED AND CONFIDENTIAL**
Susan K. Blitch
Peter G. Bertling
June 23, 2020
Page 2

*and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Where the material involved is "more than tangentially related to merits" of the litigation, the party seeking to seal a judicial record must demonstrate compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Group LLC,* 809 F.3d 1092, 1103 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). .

      Here, the neutral monitor reports are directly related to the merits of the litigation. The Court appointed the neutral monitors and ordered them to prepare these regular compliance reports.  *See* Dkt. 563 at 4; Dkt. 658 at 6.  As required, the reports contain critical information regarding the status of Defendants' compliance with the Settlement Agreement and Implementation Plans.  *See id.*  Since this action settled nearly five years ago, there has been no information provided to the public or the Court regarding Defendants' overall compliance.  Also since that time, the County has continued to expend significant funds and resources on this litigation, including payments to the neutral monitors for their Jail inspections and reports.  The public has an interest in seeing the fruits of those public expenditures.

      The neutral monitor reports are also necessary for the Court and the public to understand the May 29, 2020 stipulated order, Dkt. 671.  This order is premised on the findings in the neutral monitor reports. *Id.* at 5 ("Defendants will develop, under the direction and guidance of the neutral monitors and with input from Plaintiffs' counsel, corrective action plans to remedy *all the areas for which the neutral monitors have found Defendants to be not in substantial compliance*." (emphasis added)).  Without access to these reports, the Court and the public cannot ascertain "the areas for which the neutral monitors have found Defendants to be not in substantial compliance," *see id.*, rendering the promise of corrective action meaningless.  In the *Center for Auto Safety* case, the Ninth Circuit held that documents related to a failed preliminary injunction motion were directly related to the merits of the case.  809 F.3d at 1102.  The stipulated order to extend the Court's jurisdiction is at least as central to the merits of this case.

      This class action concerns the rights of hundreds of class members on matters of life and death.  These issues have significant impact on class members and their families.  Our clients, the public, and the Court should not be left in the dark as to the information underlying the parties' decision to opt for extended jurisdiction rather than litigation of an enforcement motion.

      Nor can the parties file the neutral monitor reports under seal.  "[A] court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its

[3566389.3]

**PRIVILEGED AND CONFIDENTIAL**
Susan K. Blitch
Peter G. Bertling
June 23, 2020
Page 3

ruling, without relying on hypothesis or conjecture," and finds this reason outweighs the *public's* interest and the presumption of public access. *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179; *see also In re Neal*, 461 F.3d 1048, 1054 (8th Cir. 2006) ("[I]njury or potential injury to reputation is not enough to deny public access to court documents."); *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("We are unaware … of any case in which a court has found a … bare allegation of reputational harm to be a compelling interest sufficient to defeat the public's First Amendment right of access."). Under this authority, the neutral monitor reports must be filed on the public docket.

The absent class members' and the public's significant interest in accessing the substance of the neutral monitor reports far outweighs Defendants' interest in shielding them from public view. Our understanding of Defendants' concern is that they have "sensitivity to monitor language making its way into other lawsuits." *See* May 27, 2020 Email from Susan Blitch re: Hernandez – joint status report. But Defendants' interest in avoiding liability in other cases does not entitle the County or Wellpath to keep the monitors' findings hidden. *See Kamakana*, 447 F.3d at 1178; *In re Neal*, 461 F.3d at 1054; *Doe*, 749 F.3d at 269.

Defendants have already publically conceded that more time and additional monitoring is necessary to ensure compliance with the Settlement Agreement and Implementation Plans. *See* Dkt. 671 at 3-4. As such, they will not be prejudiced by filing the neutral monitor reports, which simply evidence the substantial compliance and non-compliance as determined by each monitor. Further, the reports will require redactions of class members' names and identifying information consistent with the Protective Order, Dkt. 401, which should address the parties' concerns regarding confidentiality. In any event, outside litigants can likely obtain these reports through Public Records Act requests or discovery in their own individual lawsuits if deemed relevant.

/ / /

/ / /

/ / /

/ / /

[3566389.3]

**PRIVILEGED AND CONFIDENTIAL**
Susan K. Blitch
Peter G. Bertling
June 23, 2020
Page 4

      In short, the neutral monitor reports are of great public importance and must be made available.  Plaintiffs are aware of no authority that justifies keeping the reports confidential merely because Defendants do not like their contents.  We therefore request that Defendants agree to file the neutral monitors reports, with appropriate redactions, on the public docket.  Please let us know whether you will so agree in advance of this Friday's settlement conference.

      Sincerely,

      ROSEN BIEN
      GALVAN & GRUNFELD LLP

      *Cara E. Trapani*

      By:  Cara E. Trapani

CET:cg

cc:    Michael R. Philippi
       Benjamin Rice

[3566389.3]

# Exhibit B

**From:** Blitch, Susan K. x5161 <BlitchSK@co.monterey.ca.us>
**Sent:** Friday, July 10, 2020 12:42 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; peter@bertlinglawgroup.com
**Cc:** Caroline Jackson <CJackson@rbgg.com>
**Subject:** RE: Covid positive inmate [IWOV-DMS.FID51875]

Van that makes sense – do you want to draft up something we can review?

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Friday, July 10, 2020 11:02 AM
**To:** Blitch, Susan K. x5161 <BlitchSK@co.monterey.ca.us>; Peter Bertling <peter@bertlinglawgroup.com>
**Cc:** Caroline Jackson <CJackson@rbgg.com>
**Subject:** RE: Covid positive inmate [IWOV-DMS.FID51875]

[CAUTION: This email originated from outside of the County. Do not click links or open attachments unless you recognize the sender and know the content is safe. ]
Susan and Pete,

First, thank you for confirming on today's Zoom call that you will ensure that the court has correct list of the high-risk population at the Jail.  Again, we don't want to micro-manage; we will not write to the superior court ourselves given our understanding that you will correct the list.

Second, we appreciated the opportunity to hear your position and the monitors' position on public filing.  We do not want to chill the flow of information.  Without waiving our right to file the reports at a later time, we do think there is common ground to achieve a solution that is amenable to all.  Susan had mentioned a new poster.  We think that a good solution would be to update the somewhat out-of-date settlement notice posters with more current information that would include that CAPs were agreed to in May 2020 and that inmates can contact us for more information about the settlement, IPs, and CAPs.  Let us know your thoughts.  We'll begin working on a revised poster for your review.  If we're in agreement, we can simply let Mr. Bryce know the outcome (along with the other monitors) without having to have a separate call with Mr. Bryce.

Thanks.
Van

**From:** Van Swearingen
**Sent:** Thursday, July 9, 2020 8:59 PM
**To:** 'Blitch, Susan K. x5161' <BlitchSK@co.monterey.ca.us>; 'bpbmdjd@aol.com'