UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE HERNANDEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-02354-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR STAY OF SEALING ORDER PENDING APPEAL; AND EXTENDING DATE FOR PLAINTIFFS TO RE-FILE NEUTRAL MONITOR REPORTS UNTIL AUGUST 10, 2023**<br><br>[Re: ECF 806] |

On July 21, 2023, this Court issued an order ("Sealing Order") addressing the parties' administrative motions to seal briefing and documents filed in connection with Plaintiffs' pending motion to enforce the Settlement Agreement and Implementation Plan regarding treatment of inmates at the Monterey County Jail ("Jail"). *See* Sealing Order, ECF 802. As relevant here, Defendants requested that the Court seal, in their entirety, more than thirty reports prepared by court-appointed neutral monitors tasked with determining Defendants' compliance with the Settlement Agreement and Implementation Plan. The Court denied Defendants' request to seal the neutral monitor reports in their entirety, but it granted the parties' joint motion to seal limited portions of the neutral monitor reports to protect individual privacy rights in personal identifying information and health records. *See id.* at 7. The Court directed Plaintiffs to re-file the neutral monitor reports on the public docket by July 28, 2023, with only the limited redactions and sealing permitted by the Sealing Order. *See id.* Defendants have appealed the Sealing Order and have filed a motion for stay of the Sealing Order pending appeal.

1    Defendants' motion for stay of the Sealing Order pending appeal is DENIED.  However,
2    the Court will extend the date for Plaintiffs to re-file the neutral monitor reports on the public
3    docket until August 10, 2023 to give Defendants an opportunity to seek a stay from the Court of
4    Appeals.

## I. LEGAL STANDARD

A stay of an order pending appeal "is an intrusion into the ordinary processes of administration and judicial review" and therefore "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citations omitted).  "Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis in *Nken*: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434).  The moving party bears the burden of showing that the circumstances warrant an exercise of the court's discretion to grant a stay.  *See id.*

## II. DISCUSSION

Before evaluating Defendants' motion under the *Nken* factors, the Court addresses Defendants' contention that their motion for stay of the Sealing Order is governed not by the legal standard set forth in *Nken* but rather by the standard set forth in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).  *Landis* recognized a court's inherent power to stay proceedings before it pending resolution of proceedings in another forum.  *See Landis*, 299 U.S. at 254-55.  Exercise of that inherent power is governed by the three so-called *Landis* factors:  "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-255).

1   Other district courts in the Ninth Circuit "have reasoned that the *Nken* test is applicable when there is a request to stay a district court's *judgment or order* pending an appeal of the same case, while *Landis* applies to the decision to stay *proceedings*[.]" *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (internal quotation marks and citations omitted) (collecting cases). This Court agrees with that reasoning and therefore concludes that the *Nken* test is applicable here, as Defendants seek to stay an order of this Court pending appeal of the order.

In their reply, Defendant Wellpath, Inc. ("Wellpath")[1] relies on *Flores v. Bennett*, No. 1:22-cv-01003-JLT-HBK, 2023 WL 3751998 (E.D. Cal. June 1, 2023), in arguing that Defendants' motion for stay is governed by *Landis* rather than *Nken*. That reliance is misplaced. In *Flores*, the district court determined that the defendants' request for stay of its preliminary injunction order was governed by *Nken*, while the defendants' request for stay of the proceedings entirely was governed by *Landis*. *See Flores*, 2023 WL 3751998, at *3 ("[T]he Court uses the *Nken* factors to evaluate Defendants' request to stay enforcement of the preliminary injunction and relies on the *Landis* test to evaluate the request to stay the proceedings pending the interlocutory appeal."). Here, Defendants have not sought a stay of the *proceedings* pending appeal of the Sealing Order, but rather have sought a stay of the Sealing Order itself. Under those circumstances, *Nken* is the applicable test.

The Court next addresses Defendants' showing on each of the four *Nken* factors.

**A.   Likelihood of Success**

Defendants' motion for stay does not address the first *Nken* factor, likelihood of success on their appeal of this Court's Sealing Order. The Sealing Order is subject to review for abuse of discretion. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (applying abuse of discretion standard to decision relating to sealing); *see also Kinsley v. Udemy, Inc.*, No. 21-15787, 2022 WL 10966073, at *1 (9th Cir. Oct. 19, 2022) ("We review the district court's rulings on Kinsley's motions to file under seal . . . for abuse of discretion."). Thus, in

---

[1] Wellpath formerly was known California Forensic Medical Group, Inc.

3

order to prevail on their appeal, Defendants must show that this Court abused its discretion when it denied Defendants' request to seal the neutral monitor reports in their entirety.

This Court applied the correct legal standard – the compelling reasons standard set forth in *Kamakana* – and Defendants do not suggest otherwise. *See* Sealing Order at 2-3. This Court carefully considered whether the compelling reasons standard was satisfied by the reasons advanced by Defendants for sealing the neutral monitor reports in their entirety. *See id.* at 3-5. The Court determined that Defendants did not satisfy the compelling reasons standard. *See id.* While Defendants clearly do not like the Court's conclusion, they have not attempted to explain how the Court's application of the relevant legal standard to Defendants' proffered reasons for sealing constituted an abuse of discretion.

This factor weighs against granting the requested stay.

### B. Irreparable Harm to Movants Absent Stay

Defendants' initial motion brief does not explain how the public filing of the neutral monitor reports, with the limited redactions mandated by the Sealing Order, would cause Defendants irreparable harm. Defendants correctly point out that once the material in the reports is made public, Defendants would have no effective recourse even if they were to prevail on their appeal of the Sealing Order. However, Defendants' motion does not identify any concrete injury that would flow from public access to the neutral monitor reports.

In their reply, Defendants County of Monterey and Monterey County Sheriff's Office ("County Defendants") assert that publication of the neutral monitor reports would implicate safety and security concerns because the reports disclose when welfare checks are done, which information might make it easier for an inmate to inflict harm to self or others. Defendants also assert that information in the reports could lead members of the public to identify inmates who died in custody, which could distress the deceased inmates' families. These speculations regarding harms that might be suffered by inmates or their families are insufficient to satisfy the second *Nken* factor. *See Nken*, 556 U.S. at 434-35 ("[S]imply showing some possibility of irreparable injury fails to satisfy the second factor." (internal quotation marks and citation omitted)).

4

Plaintiffs object to consideration of the County Defendants' assertion of new safety and security concerns, arguing that those concerns are not supported by evidence in the record and that the County Defendants improperly seek reconsideration of the Sealing Order in their reply brief without complying with this district's civil local rules regarding reconsideration. It is unfortunate that the County Defendants neglected their obligations to identify health and safety concerns by failing to raise these issues in the context of the underlying sealing motions. Moreover, a reply brief supporting a motion to stay is not a proper vehicle for seeking reconsideration. Nonetheless, in light of the importance of the issues raised by the County Defendants, this Court would *sua sponte* reconsider whether to allow additional limited redactions to the neutral monitor reports to address the County Defendants' newly-raised concerns. Given the appeal of the Sealing Order, however, it does not appear that this Court has jurisdiction to reconsider it at this time. If the County Defendants have a different view regarding this Court's jurisdiction, or if this Court reacquires jurisdiction over the Sealing Order, the County Defendants may reassert their newly-raised and limited safety and security concerns.

In its reply, Wellpath also asserts new grounds for sealing that were not submitted when the parties litigated the underlying sealing motions. Specifically, Wellpath argues that the neutral monitor reports should be sealed in their entirety based on the declaration statement of its employee Paulette Torres Collazo that public disclosure of the reports "would very likely create distrust between CFMG's staff and their patients." Collazo Decl. ¶ 3, ECF 817-1. Wellpath also argues that public disclosure of the reports would impair its ability to hire and retain competent medical staff. *See id*. ¶ 4. These are not legitimate reasons to seal the reports or to grant a stay.

This factor weighs against a stay.

### C. Harm to Opposing Parties and Public Interest

Only if the movant satisfies the first two *Nken* factors does the Court consider the third and fourth factors, the harm to opposing parties and the public interest, respectively. *See Nken*, 556 U.S. at 435; *see also Al Otro Lado v. Wolf*, 952 F.3d 999, 1014 (9th Cir. 2020) ("Because the Government has not satisfied the first two factors, we need not dwell on the final two factors – harm to the opposing party and the public interest." (internal quotation marks, citation, and

1 alterations omitted)).  Because Defendants have not demonstrated a likelihood of success on their
2 appeal or that they will suffer irreparable harm absent a stay, the Court need not address the
3 remaining *Nken* factors.  Those factors would not favor a stay in any event.  Allowing the neutral
4 monitor reports to remain under seal in their entirety pending appeal would impair public access to
5 documents that are highly relevant to Plaintiffs' pending motion to enforce the Settlement
6 Agreement and Implementation Plan.

**D.  Conclusion**

Having determined that Defendants' motion properly is evaluated under the *Nken* factors, and that those factors weigh against staying the Sealing Order pending appeal, the Court in the exercise of its discretion will deny Defendants' motion for stay.  However, the Court will extend the date for Plaintiffs to re-file the neutral monitor reports on the public docket until August 10, 2023 to give Defendants an opportunity to seek a stay from the Court of Appeals.

**III.  ORDER**

(1)  Defendants' motion for stay of the Sealing Order pending appeal is DENIED.

(2)  The date on which Plaintiffs shall re-file the neutral monitor reports on the public docket, with the limited redactions authorized by the Sealing Order, is EXTENDED to August 10, 2023.  The purpose of this extension is to give Defendants an opportunity to seek a stay from the Court of Appeals.

(3)  This order terminates ECF 806.

Dated:  July 28, 2023

_____
BETH LABSON FREEMAN
United States District Judge