1  LESLIE J. GIRARD, SBN 098986
   County Counsel
2  SUSAN K. BLITCH, SBN 187761
   Chief Assistant County Counsel
3  ELLEN S. LYONS, SBN 136011
   Deputy County Counsel
4  TUCKER N. WISDOM-STACK, SBN 300927
   Deputy County Counsel
5  County of Monterey
   168 West Alisal Street, Third Floor
6  Salinas, California 93901-2653
   Telephone: (831) 755-5045
7  Facsimile: (831) 755-5283
   Email: blitchsk@co.monterey.ca.us
8          wisdom-stacktn@co.monterey.ca.us
           lyonse@co.monterey.ca.us
9

10 Attorneys for Defendants COUNTY OF MONTEREY
   and MONTEREY COUNTY SHERIFF'S OFFICE

11

12                 UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                       San Jose Division

15 JESSE HERNANDEZ, et al., on behalf of        Case No. 5:13-cv-02354 BLF
   themselves and all others similarly
16 situated,                                     **COUNTY OF MONTEREY AND
                                                 MONTEREY COUNTY SHERIFF'S
17                            Plaintiffs,        OFFICE'S OPPOSITION TO
              v.                                 PROPOSED INTERVENORS' MOTION
18                                               TO INTERVENE FOR THE LIMITED
   COUNTY OF MONTEREY; MONTEREY                  PURPOSE OF UNSEALING COURT
19 COUNTY SHERIFF'S OFFICE;                      RECORDS**
   CALIFORNIA FORENSIC MEDICAL
20 GROUP, INCORPORATED, a California             Judge: Hon. Beth Labson Freeman
   corporation; and DOES 1 to 20, inclusive,
21
                              Defendants.
22

23       Defendants, COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S

24 OFFICE ("County Defendants") hereby submit this opposition to proposed intervenors,

25 MONTEREY COUNTY WEEKLY; FIRST AMENDMENT COALITION; PATRICIA AND

26 JENNIFER RAMIREZ; and YVETTE, XAVIER, AND JANEL PAJAS (collectively "Proposed

27 Intervenors") Motion to Intervene for the Limited Purpose of Unsealing Court Records and

28 Protecting Access to Public Proceedings ("Motion to Intervene").

                                        1

1

**I.       INTRODUCTION**

2      Proposed Intervenors seek permissive intervention for the limited purpose of unsealing

3   Plaintiffs' Motion to Enforce Settlement Agreement and Wellpath Implementation Plan

4   ("Motion to Enforce") and related court records (ECF 787, 788, 793, 794, and all attachments).

5      However, the Proposed Intervenors lack the pre-requisite condition upon which their

6   motion for permissive intervention is based – lack of public access.  This Court provided public

7   access to the documents that the Proposed Intervenors seek – Plaintiffs' Motion to Enforce

8   Settlement Motion and related documents – through its Order re Administrative Motions to File

9   Under Seal ("Order") (ECF 802).  Furthermore, the Proposed Intervenors' Motion to Intervene is

10   moot.  This Court undertook the public access analysis that the Proposed Intervenors are

11   requesting, balancing the interest of public access with the compelling interest of the parties and

12   private individuals.  The Court ruled that narrowly tailored and limited sealing was appropriate.

13

**II.       LEGAL STANDARD**

14      Third parties seeking access to judicial records may do so by seeking permissive

15   intervention under Federal Rules of Civil Procedure Rule 24(b)(2).  *San Jose Mercury News, Inc.*

16   *v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999.)  In order to permissively intervene, the

17   applicant must demonstrate (1) independent grounds for jurisdiction; (2) the motion is timely; (3)

18   the applicant's claim or defense shares a common question of law or fact with the main action.

19   *Id.*

20      However, implicit in the authorities which address permissive intervention for public

21   access court records, is the precondition that the proposed intervenors in fact lack public access.

22   *See generally Kamakana v. City of and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Foltz*

23   *v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *San Jose Mercury News, Inc. v.*

24   *U.S. Dist. Ct.*, 187 F.3d 1096 (9th Cir. 1999); *Beckman Industries, Inc. v. International Ins. Co.*,

25   966 F.2d 470 (9th Cir. 1992).

26   / / /

27   / / /

28   / / /

*Hernandez, et al. v. County of Monterey, et al.*                                                          Case No.  13-cv-02354 BLF
County of Monterey and Monterey County Sheriff's Office's Opposition to Motion to Intervene

1

### III.    ARGUMENT

2   As noted *supra*, permissive intervention requires the applicant to demonstrate (1)

3   independent grounds for jurisdiction; (2) the motion is timely; (3) the applicant's claim or

4   defense shares a common question of law or fact with the main action.  *San Jose Mercury News,*

5   *Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999).  Courts have broadly interpreted these

6   requirements in their application to non-parties seeking to intervene for the limited purpose of

7   accessing court records.

8   In regard to the first requirement, courts have recognized that an independent

9   jurisdictional basis is not required for permissive intervention to access court records.  *Beckman*

10   *Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).  This is because the

11   applicant for intervention is not seeking to litigate an independent claim on the merits, but rather

12   seeks only to modify a protective order, a power which the court inherently retains.  *Id.*

13   In regard to the second requirement, courts have also recognized that timeliness is not

14   essential for an application for permissive intervention for the limited purpose of accessing court

15   records.  *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998).

16   This is supported by the rationale that timeliness is required to prevent prejudice in the

17   adjudication of the parties' rights; however, that concern is not present after parties have settled

18   their dispute and intervention is requested for a collateral purpose.  *Id.*

19   Lastly, in regard to the third factor, courts have recognized that a common claim or

20   defense is not required when intervenors are not becoming parties to the litigation but only

21   seeking to modify a protective order to access court records.  *Beckman, supra,* 966 F.2d at 474.

22   However, the seminal authorities, and those cited by the Proposed Intervenors in support

23   of their motion for permissive intervention under Rule 24(b)(2) are inapposite to the matter at

24   hand.  Each of those authorities address applicants that were denied access to the court records

25   they sought.  *See generally Kamakana v. City of and County of Honolulu*, 447 F.3d 1172 (9th

26   Cir. 2006) (addressing intervention to modify blanket seal on discovery materials and motions

27   for summary judgment); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)

28   (addressing intervention to modify blanket seal for summary judgment documents and various

1   discovery documents); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096 (9th Cir.

2   1999) (addressing intervention to modify blanket seal shielding release of investigatory report);

3   *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470 (9th Cir. 1992); *Greer v. County*

4   *of San Diego*, 2023 WL 4479234 (S.D. Cal. July 10, 2003) (addressing intervention to unseal

5   categories of discovery); *see also Cosgrove v. National Fire & Marine Ins. Co.*, 770 Fed.Appx.

6   793 (9th Cir. 2019) (addressing intervention to unseal a partial summary judgment order) .

7          By contrast, here the Proposed Intervenors do have access to the documents they seek as

8   a result of this Court's Order (ECF 802).  This Court ruled that public access would be granted to

9   Plaintiffs' Motion to Enforce and related documents, while also finding that the parties

10  demonstrated compelling reasons in their joint motions (ECF 787 and 793) that justified limited

11  sealing.  Accordingly, the Court's Order allowed both general public access and limited sealing

12  of the personal information of inmates, Wellpath staff, and other parties, as well as the medical

13  and custody records relating to the death of three inmates, which could not be reasonably

14  protected by redactions.  As a result, the Proposed Intervenors lack the necessary condition upon

15  which permissive intervention to seek public access is traditionally and logically based – a lack

16  of public access.

17         The Proposed Intervenors do not argue in their Motion to Intervene that public access

18  entitles them to personal information without limitation.  However, to the extent Proposed

19  Intervenors may seek unsealing without limitation, it is recognized that access to judicial records

20  is not absolute.  *Kamakana*, *supra*, 447 F.3d at 1178.  As noted above, this Court has already

21  undertaken the public access analysis and found that the personal interests at issue are

22  compelling and outweigh unlimited public access to the records at issue.  Further participation by

23  the Proposed Intervenors will not render the compelling private interests recognized by this

24  Court less compelling and change the outcome.  Thus, the grounds supporting the Proposed

25  Intervenors' Motion to Intervene have been fully addressed, rendering it now moot.

26  / / /

27  / / /

28

4

1

**IV.    CONCLUSION**

2

For the foregoing reasons, County Defendants respectfully request that the Court deny

3

the Proposed Intervenors' Motion to Intervene.

4

5

Dated:  August 3, 2023                                   Respectfully submitted,

6

LESLIE J. GIRARD
County Counsel

7

8

By:    /s/ *Tucker Wisdom-Stack*
TUCKER N. WISDOM-STACK,

9

Deputy County Counsel
Attorneys for Defendants COUNTY OF

10

MONTEREY and MONTEREY COUNTY
SHERIFF'S OFFICE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hernandez, et al. v. County of Monterey, et al.*                                   Case No.  13-cv-02354 BLF
County of Monterey and Monterey County Sheriff's Office's Opposition to Motion to Intervene