LESLIE J. GIRARD, SBN 098986
County Counsel
SUSAN K. BLITCH, SBN 187761
Chief Assistant County Counsel
ELLEN S. LYONS, SBN 136011
Deputy County Counsel
TUCKER N. WISDOM-STACK, SBN 300927
Deputy County Counsel
County of Monterey
168 West Alisal Street, Third Floor
Salinas, California 93901-2653
Telephone: (831) 755-5045
Facsimile: (831) 755-5283
Email: blitchsk@co.monterey.ca.us
       lyonse@co.monterey.ca.us
       wisdom-stacktn@co.monterey.ca.us

Attorneys for Defendants COUNTY OF MONTEREY
and MONTEREY COUNTY SHERIFF'S OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| JESSE HERNANDEZ, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354 BLF<br><br>**COUNTY OF MONTEREY AND MONTEREY COUNTY SHERIFF'S OFFICE'S OPPOSITION TO PROPOSED INTERVENORS' MOTION TO UNSEAL COURT RECORDS**<br><br>Judge: Hon. Beth Labson Freeman |

Defendants, COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S OFFICE ("County Defendants") hereby submit this opposition to proposed intervenors, MONTEREY COUNTY WEEKLY, FIRST AMENDMENT COALITION, PATRICIA AND JENNIFER RAMIREZ, AND YVETTE, XAVIER, AND JANEL PAJAS ("Proposed Intervenors") Motion to Unseal Court Records and Protect Access to Public Proceedings ("Motion to Unseal").

1

## I. INTRODUCTION

The Proposed Intervenors seek to unseal Plaintiff's Motion to Enforce Settlement Agreement and Wellpath Implementation Plan ("Motion to Enforce") and related court records (ECF 787, 788, 793, 794, and all attachments) in order to obtain public access to those court records.

The County Defendants oppose the Proposed Intervenors' Motion to Unseal on the grounds that this Court has already provided public access to the documents that the Proposed Intervenors seek access to, through this Court's Order re Administrative Motions to File Under Seal ("Order") (ECF 802), rendering the Proposed Intervenors' Motion to Unseal moot. This Court applied the standard advocated for by the Proposed Intervenors, balanced the interest of public access with the compelling reasons of the parties and private individuals, and ruled that narrowly tailored and limited sealing was appropriate. Proposed Intervenors provide no authority that indicates personal information should not have been sealed.

## II. LEGAL STANDARD

When considering whether a document should be unsealed, a court first determines whether the document at issue is attached to a motion that more than tangentially relates to the merits of a case. *Center of Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *see also Kamakana v. City of and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Documents attached to dispositive motions, or other motions that more than tangentially relate to the merits of a case, are treated differently and require a showing of "compelling reasons" to remain sealed. *Id.*. By contrast, records attached to motions that are not more than tangentially related to the merits of a case require only a "good cause" showing. *Id.*

## III. ARGUMENT

A. <u>Application of the "Good Cause" Standard</u>.

Here, the Proposed Intervenors seek to unseal Plaintiffs' Motion to Enforce (ECF 788) and related court documents. The County Defendants believe that unsealing of the Motion to Enforce and related documents should be analyzed through the "good cause" framework. While the Motion to Enforce discusses the underlying case, in substance it is primarily concerned with

2

*Hernandez, et al. v. County of Monterey, et al.*                                                           Case No.  5:13-cv-02354 BLF
County of Monterey and Monterey County Sheriff's Office's Opposition to Proposed Intervenors' Motion to Unseal Court Records And Protect Access To Public Proceedings

1   the imposition of financial sanctions.  This is evidenced by the legal standard section of the

2   Motion to Enforce being dedicated to the standard for imposing sanctions.  ECF 788, pp. 6-7.

3   The Ninth Circuit has found that confidential settlement information attached to a motion for

4   discovery sanctions was subject to the "good cause" analysis.  *Center for Auto Safety v. Chrysler*

5   *Group, LLC*, *supra*, 809 F.3d at 1097 (discussing *Phillips ex rel. Estates of Byrd v. General*

6   *Motors Corp.*, 307 F.3d 1206).  Additionally, the Northern District of California has held on

7   multiple occasions that motions to enforce settlement agreements are only tangentially related to

8   the merits of the underlying cause of action, non-dispositive, and thus subject to the "good

9   cause" standard for a motion to seal.  *United States ex rel. Lesnik v. Eisenmann SE*, 2021 WL

10  2092944, at \*2 (N.D. Cal. May 11, 2021); *NetApp, Inv. V. Nimble Storage, Inc.,* 2015 WL

11  5569420, at \*1 (N.D. Cal. Sept. 22, 2015); *Dodocase VR, Inc. v. MerchSource, LLC*, 2018 WL

12  5619799, at \*1 n.1 (N.D. Cal. May 22, 2018).

13       Here, this Court held in its Order that unsealing of the Motion to Enforce and related

14  documents should be analyzed through the "compelling reason" framework.  ECF 802, at p. 3.

15  Accordingly, the County Defendants now argue that the "compelling reason" standard weighs

16  against further unsealing, under the presumption that the law of the case doctrine would guide

17  analysis of the Proposed Intervenors' Motion to Unseal.  However, the County Defendants

18  recognize that application of the law of the case doctrine is discretionary and a trial judge has

19  broad discretion to reconsider their own pre-trial evidentiary rulings, particularly when no jury

20  trial is involved.  *See Kamakana*, *supra*, 447 F.3d at 1186; *see also U.S. v. Lummi Indian Tribe*,

21  235 F.3d 443, 452 (9th Cir. 2000).

22       A.  <u>The Motion to Enforce and Related Documents Should Not be Further Unsealed</u>

23          <u>Under the Compelling Reasons Standard</u>.

24       Under the "compelling reasons" framework, the Motion to Enforce and related

25  documents should not be further unsealed.  First, the Court has already balanced the right to

26  public access against the compelling interests of the parties, finding that the balance weighs in

27  favor of narrow sealing of private information.  This renders the Proposed Intervenors' Motion to

28  Unseal moot.

3

1    The Court noted that numerous other courts have found that individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records. *See generally Alegre v. United States*, 2021 WL 4934982, at *3 (S.D. Cal. July 29, 2021) (sealing "private and sensitive information, including names, dates of birth, and addresses"); *Ortiz v. City & Cnty. of San Francisco*, 2020 WL 2793615, at *9 (N.D. Cal. May 29, 2020) ("The Court agrees that health records properly meet the compelling reasons standard."); *McArdle v. AT&T Mobility LLC*, 2018 WL 6803743, at *6 (N.D. Cal. Aug. 13, 2018) (sealing "documents containing sensitive personal information"); *Hedrick v. Grant*, 2017 WL 550044, at *2 (E.D. Cal. Feb. 10, 2017) ("Any interest the public may have in the disclosure of the sensitive and private information contained in the declarations and exhibits is outweighed by class members' interests in the privacy of their medical and psychiatric records.")

Thus, this Court found that the parties demonstrated compelling reasons in their joint motions (ECF 787 and 793) that justified limited sealing four categories of information: (1) Jail inmates' names, dates of birth, and booking numbers, except that initials will be used to identify deceased class members; (2) the names and email addresses of health case staff employed by Wellpath, who are directly involved in providing or supervising patient care at the Jail; (3) all other personal contact information, including those of the court-appointed neutral monitors; and (4) medical and custody records pertaining to the recent deaths of three incarcerated people at the jail, and records evaluating the circumstances of their deaths. ECF 802, at p. 6.  The Court found that these categories were sufficiently narrowly tailored to protect privacy rights while preserving public access to a majority of the documents at issue. ECF 802, a p. 6.

Interestingly, the Proposed Intervenors did not withdraw their Motion to Unseal after this Court issued its Order, nor advocated for a different standard to be applied, nor provided authority suggesting that narrowly tailored sealing is inappropriate.  Rather, the Proposed Intervenors submitted an amended Motion to Intervene for the limited purpose of unsealing, resulting in the implication that they may seek further public access, i.e., without limitation.  ECF 808.

4

To the extent Proposed Intervenors may seek unsealing without limitation, it is recognized that access to judicial records is not absolute. *Kamakana*, *supra*, 447 F.3d at 1178. As noted above, this Court has already undertaken the public access analysis and found that the private interests at issue are compelling and outweigh unlimited public access to the records at issue. Proposed Intervenors provide no facts or authority indicating that the compelling private interests recognized by this Court are any less compelling and should change the outcome. Thus, the grounds supporting the Proposed Intervenors' Motion to Unseal have been fully addressed, rendering that motion moot.

### IV.   CONCLUSION

For the foregoing reasons, County Defendants respectfully request that the Court deny the Proposed Intervenors' Motion to Unseal.

Respectfully Submitted,

Dated:  August 3, 2023

LESLIE J. GIRARD
County Counsel

By:   /s/ *Tucker Wisdom-Stack*
TUCKER WISDOM-STACK
Deputy County Counsel
Attorneys for Defendants COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S OFFICE

5

*Hernandez, et al. v. County of Monterey, et al.*    Case No.  5:13-cv-02354 BLF
County of Monterey and Monterey County Sheriff's Office's Opposition to Proposed Intervenors' Motion to Unseal Court Records And Protect Access To Public Proceedings