MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CARA E. TRAPANI – 313411
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:     (415) 433-7104
Email:          mbien@rbgg.com
                     egalvan@rbgg.com
                     vswearingen@rbgg.com
                     ctrapani@rbgg.com
                     cjackson@rbgg.com
                     bhattem@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, California 94111-4805
Telephone:    (202) 393-4930
Facsimile:     (202) 393-4931
Email:          ckendrick@aclu.org
                     kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone:    (415) 621-2493
Facsimile:     (415) 255-8437
Email:          afrey@aclunc.org

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' MOTION TO INTERVENE AND MOTION TO UNSEAL**<br><br>Judge:  Beth Labson Freeman |

# INTRODUCTION

The Monterey County Weekly, the First Amendment Coalition, and the families of two people who have died at the Monterey County Jail (collectively, "Proposed Intervenors") moved to intervene in this case and to unseal the neutral monitors' reports showing Defendants' longstanding noncompliance with the Settlement Agreement and Implementation Plans.  Mot. to Unseal, Dkt. 800; Mot. to Intervene, Dkt. 808.  On July 21, 2023, this Court ordered Plaintiffs to re-file the monitors' reports on the public docket with limited privacy-protective redactions.  *See* Order Re: Admin. Mot. to File Under Seal ("Sealing Order"), Dkt. 802 at 7.

Recognizing that the Sealing Order may have fully addressed Proposed Intervenors' motions, the Court ordered them to "advise the Court within 7 days whether they still intend to pursue their motions to intervene and to unseal."  Order Directing Prop. Intervenors to Advise Court Whether They Intend to Pursue Motion, Dkt. 803 at 2.  The Court further ordered the parties to submit any responses to Proposed Intervenors' motions within "14 days after the Proposed Intervenors' advisement to the Court."  *Id.*

On July 26, 2023, after Defendants appealed the Sealing Order and moved for a stay before this Court (*see* Dkts. 805, 806), Proposed Intervenors informed the Court that they seek to continue pursuing their motions.  *See* Intervenors' Resp. to Court's Request for Clarification of Their Intervenor Status, Dkt. 811 at 2, 5.  On August 3, 2023, Defendants the County of Monterey and the Monterey County Sheriff's Office (collectively, "the County") filed oppositions to Proposed Intervenors' pending motions.  *See* Cnty.'s Opp'n to Mot. to Intervene, Dkt. 822; Cnty.'s Opp'n to Mot. to Unseal, Dkt. 823.

Plaintiffs hereby respond to the County's oppositions to show that (1) Proposed Intervenors' motions are not moot; and (2) the "compelling reasons" standard, not the "good cause" standard, governs the question of whether to unseal the neutral monitors' reports.  *See* Section I & II, *infra*.

**ARGUMENT**

**I.    PROPOSED INTERVENORS' MOTIONS ARE NOT MOOT**

The County argues that Proposed Intervenors' motions are moot because the Court has ordered the neutral monitors' reports to be unsealed with limited redactions.  *See* Cnty.'s Opp'n to Mot. to Intervene, Dkt. 822 at 2, 4; Cnty.'s Opp'n to Mot. to Unseal, Dkt. 823 at 2, 5.  But "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).  It is correct that the Court's Sealing Order (Dkt. 802) and the July 28 Order denying Defendants' motion to stay (Dkt. 819) provide much of the relief that Proposed Intervenors originally sought.  However, Defendant Wellpath appealed the Sealing Order on July 21, *see* Notice of Appeal, Dkt. 805, and has since moved for an emergency stay of the Sealing Order, and the July 28 Order (which extended Plaintiffs' deadline to re-file the reports on the public docket to August 10, 20, *see* Dkt. 819), pending resolution of the appeal.

In light of Wellpath's appeal, and given that the Ninth Circuit could remand the sealing dispute back to this Court, Proposed Intervenors retain an interest in "ensur[ing] the upcoming proceedings remain public," and "defend[ing] any appeal to the sealing issues." *See* Intervenors' Resp. to Court's Request for Clarification Oof Their Intervenor Status, Dkt 811 at 5.  Indeed, Wellpath has proceeded under the assumption that Proposed Intervenors' motion to intervene will be granted.  *See* Notice of Appeal, Dkt. 805 (listing Proposed Intervenors as appellees in the appeal).  So long as Defendants continue to litigate the issues Proposed Intervenors raise in their motions, and so long as Proposed Intervenors continue to have a concrete interest in the outcome of that litigation, Proposed Intervenors' motions are not moot. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (alteration in original) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979))).  The Court should grant Proposed Intervenors' motion to intervene (Dkt. 808) and motion to unseal (Dkt 800).

## II.     THE COURT PROPERLY APPLIED THE COMPELLING REASONS STANDARD

In response to Proposed Intervenors' motion to unseal, the County argues for the first time that the lower "good cause" standard should govern the question of whether to unseal the neutral monitors' reports instead of the "compelling reasons" standard the Court applied. *See* Cnty.'s Opp'n to Mot. to Unseal, Dkt. 823 at 2-3. This argument is long waived. *See Valerio v. Crawford*, 306 F.3d 742, 791 n.11 (9th Cir. 2002); *see also Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1258 (C.D. Cal. 2007). Defendants failed to raise this in their request to seal the monitors' reports, *see* Dkt. 782, in their motion to stay the Sealing Order, *see* Dkt. 806, or in their improper motion for reconsideration of that order, *see* Dkt. 815.

The County's newfound argument is also wrong. The "compelling reasons" standard is the "presumptive" standard that applies to sealing court filings. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Only filings connected to motions that are "not related, or only tangentially related, to the merits of a case" are subject to the "good cause" exception. *Id.* at 1099. The motion need not be "technically 'dispositive'" to be governed by the higher standard; it must only be "more than tangentially related to the merits." *Id.* at 1101. That broad category covers all motions that "significantly affect the disposition of the issues in the case," including *Daubert* motions and "routine motions in limine" when they "pertain[] to central issues" in the litigation. *Id.* at 1099-1100. In its briefing before the Ninth Circuit, even Wellpath appears to concede that the "compelling reasons" standard applies. *See Hernandez v. Cnty. of Monterey*, Ninth Cir. Case No. 23-16027, Dkt. Entry 9 at 15 ("The Ninth Circuit has recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records. *See, Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).").

Plaintiffs' pending enforcement motion meets this test. The central issue in this litigation is whether Defendants are complying with the Settlement Agreement and

1  Implementation Plans that were entered by the Court in 2015 and 2016 to resolve

2  Plaintiffs' claims of unconstitutional conditions at the Jail.  After almost eight years of

3  Defendants providing systemically inadequate care to incarcerated people at the Monterey

4  County Jail, Plaintiffs filed their enforcement motion to secure the adequate medical,

5  mental health, and dental care that Defendants promised to remediate.  Plaintiffs' motion

6  will "significantly affect the disposition" of the case because it asks the Court to find

7  Defendants noncompliant with its Court-ordered obligations.  *See Ctr. for Auto Safety*, 809

8  F.3d at 1100.  The neutral monitors' reports contain evidence that shows Defendants'

9  noncompliance.  Under these circumstances, the court's reliance on and application of the

10  compelling reasons standard was correct.

11       The cases cited by the County provide no reason for the Court to revisit its

12  application of the compelling reasons standard.  First, *United States ex rel. Lesnick v.*

13  *Eisenmann SE* involved markedly different facts; in that case, "the only terms of the

14  Settlement Agreement" at issue were "the Defendant's discovery obligations."  No. 16-

15  CV-01120, 2021 WL 2092944, at *3 (N.D. Cal. May 11, 2021).  Second, the order in

16  *NetApp, Inc. v. Nimble Storage, Inc.*, No. 13-cv-05058, 2015 WL 5569420 (N.D. Cal.

17  Sept. 22, 2015), was issued before the Ninth Circuit clarified that "public access to filed

18  motions and their attachments does not merely depend on whether the motion is

19  technically 'dispositive,'" *Ctr. for Auto Safety*, 809 F.3d at 1101.  As a result, the court in

20  *NetApp* gave no reason for its application of the "good cause" standard except that the

21  motion was "nondispositive."  *NetApp, Inc.*, 2015 WL 5569420, at *1.  Finally, the court in

22  *Dodocase VR, Inc. v. MerchSource, LLC* gave no analysis in its footnote application of the

23  good cause standard except a citation to *NetApp*.  *See* No. 17-cv-07088, 2018 WL

24  5619799, *1 n.1. (N.D. Cal. May 22, 2018).

25       Even if "good cause" were the correct standard, Defendants would not meet it.  This

26  standard requires the moving party to show "specific prejudice or harm [that] will result" if

27  the records are not sealed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d

28  1206, 1210-11 (9th Cir. 2002).  "[T]he party resisting disclosure" must make "a

PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' MOTION TO INTERVENE AND MOTION TO
UNSEAL

1   particularized showing of good cause." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187

2   F.3d 1096, 1102 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by specific

3   examples or articulated reasoning," are insufficient.  *Beckman Indus., Inc. v. Int'l Ins. Co.*,

4   966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citations omitted).  As this

5   Court has found, Defendants have not shown any concrete harm that will flow from the

6   unsealing of the monitors' reports with redactions.  *See* Sealing Order, Dkt. 802 at 5; Order

7   Denying Defs.' Mot. for Stay of Sealing Order, Dkt. 819 at 4-5.

8                                              **CONCLUSION**

9          For the foregoing reasons, Plaintiffs respectfully request that the Court grant

10  Proposed Intervenors' motion to intervene and motion to unseal.

11

12  DATED:  August 9, 2023                     Respectfully submitted,

13                                             ROSEN BIEN GALVAN & GRUNFELD LLP

14

15                                             By:  */s/ Cara E. Trapani*

16                                                  Cara E. Trapani

17                                             Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' RESPONSE TO PROPOSED INTERVENORS' MOTION TO INTERVENE AND MOTION TO
UNSEAL