MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CARA E. TRAPANI – 313411
CAROLINE E. JACKSON – 329980
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830
Facsimile:   (415) 433-7104
Email:    mbien@rbgg.com
          egalvan@rbgg.com
          vswearingen@rbgg.com
          ctrapani@rbgg.com
          cjackson@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, California  94111-4805
Telephone:   (202) 393-4930
Facsimile:   (202) 393-4931
Email:    ckendrick@aclu.org
          kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:   (415) 621-2493
Facsimile:   (415) 255-8437
Email:    afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**EXHIBITS 51 TO 55 TO THE DECLARATION OF CARA E. TRAPANI IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND WELLPATH IMPLEMENTATION PLAN**<br><br>Judge:   Hon. Beth Labson Freeman<br>Date:    August 24, 2023<br>Time:    9:00 a.m.<br>Crtrm.:  3 |

Case No. CV 13 2354 BLF

EXHIBITS 51 TO 55 TO THE DECLARATION OF CARA E. TRAPANI IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND WELLPATH IMPLEMENTATION PLAN

# Exhibit 51

# EXHIBIT FILED UNDER SEAL

# Exhibit 52

# EXHIBIT FILED
# UNDER SEAL

# Exhibit 53

[4276968.1]

| | |
|---|---|
| **From:** | Cara Trapani |
| **To:** | Monterey County Jail Team |
| **Subject:** | FW: Inmate death [IMAN-DMS.FID33558] |
| **Date:** | Thursday, January 19, 2023 9:38:26 AM |

---

**From:** Bpbmdjd <bpbmdjd@aol.com>
**Sent:** Thursday, January 19, 2023 8:55 AM
**To:** james.vess@correctionalpsychconsult.com; BlitchSK@co.monterey.ca.us; Cara Trapani <CTrapani@rbgg.com>; Caroline Jackson <CJackson@rbgg.com>; peter@bertlinglawgroup.com; JGottwald@Wellpath.us
**Cc:** LYONSE@co.monterey.ca.us; dtaranath@wellpath.us; ███████████████████████
███████████████
**Subject:** Re: Inmate death

> [EXTERNAL MESSAGE NOTICE]

To all,

   Mental health, medical services and custody officers work together to reduce the risk of death for incarcerated persons.  I welcome the opportunity to Dr. Vess and for me to meet with medical, mental health and custody staff to discuss this case to clarify  the Implementation Plan provisions that may apply.  The Implementation Plan instructions regarding Patients admitting to drug use, or with clear evidence of drug use, are elucidated in the sections referring to "Treatment of Drug Withdrawal."  See Page 48 - 61.  Page 52 et seq. deals with patients at risk for withdrawal from Methamphetamines. Significant signs of withdrawal noted in Mr. ████████ case included depression, suicidality, anxiety, tachycardia (abnormally high pulse) and prior history of methamphetamine abuse.

   Page 61 instructs health care staff to monitor vital signs every 6 hours until stable, call provider for pulse over 100 where there are symptoms, consider urine dipstick to rule out rhabdomyolysis, watch for depression and suicidal behavior, and refer for mental health staff sick call.  As I noted in my initial assessment, the on call provider was alerted to the abnormal vital signs.  Mental health staff was contacted and visited with this patient.  There was no urine testing for rhabdomyolysis.  Mr. ██████ apparent suicide leads me to question whether he was sufficiently monitored "until stable."

   I am informed as to standards of care in treating drug withdrawal at intake by the recommendations issued in the clinical resources from the Federal Bureau of Prisons, which cites SAMHSA (US Department of Health & Human Services, Substance Abuse and Mental Health Services Administration) guideline, recommending that patients withdrawing from stimulants should be monitored closely for complications of stimulant withdrawal—depression and suicidality, as well as prolonged QTc intervals (irregular heart rhythm that can cause sudden death) and seizures. I interpret the term "monitored closely" to mean assignment to an observation cell with continual

53-1

attention until the PCP and the mental health team explicitly clear the patient for residence in the general population.

Bruce Barnett, MD, JD

████████████  - personal cell


-----Original Message-----
From: James Vess <james.vess@correctionalpsychconsult.com>
To: BlitchSK@co.monterey.ca.us <BlitchSK@co.monterey.ca.us>; CTrapani@rbgg.com <CTrapani@rbgg.com>; CJackson@rbgg.com <CJackson@rbgg.com>; peter@bertlinglawgroup.com <peter@bertlinglawgroup.com>; JGottwald@Wellpath.us <JGottwald@Wellpath.us>; Bpbmdjd <bpbmdjd@aol.com>
Cc: LYONSE@co.monterey.ca.us <LYONSE@co.monterey.ca.us>; dtaranath@wellpath.us <dtaranath@wellpath.us>; ████████████ ████████████████████████████████
████████████████  ████████████████████████████████████████
Sent: Wed, Jan 18, 2023 1:52 pm
Subject: Re: Inmate death

Hello All

I was able to do a preliminary review of this inmate's healthcare record, but access to the records is now blocked.  From what I was able to read, there was a brief MCJ stay 5/8/22 - 5/10/22, with no indication of mental health issues on the intake screening and no contact with mental health staff prior to release.  Alcohol and methamphetamine use were noted, but the inmate denied any history of mental health problems.   The inmate was readmitted to MCJ 1/3/23. The intake screening documented recent meth use, but the inmate denied any history of mental illness or current mental health symptoms.  The inmate denied suicidal ideation at intake.  Suicide risk screening items on the standardized intake form were all negative.

There were two separate notes by a mental health clinician on 1/4/23.  One indicated that the inmate had claimed to be suicidal, but upon contact with the clinician, denied suicidal ideation or intent, and stated that he wanted to get out of his cell so he could assault another inmate. A second note on 1/4/23 was apparently in response to the inmate making bizarre statements (no further information clarifying the content or nature of these statements was found in the documentation reviewed so far) but when seen by the clinician, the inmate was focused on changing housing to the dorms.  The mental status examination noted no significant abnormalities, the inmate denied suicidal or homicidal ideation, and again denied any history of mental health problems or treatment.

Based on the information reviewed so far, there were no obvious signs or symptoms of serious mental illness or suicide risk that would have prompted additional precautions.  I will continue review of this case when more information is available. I would welcome the opportunity to discuss further with Dr. Barnett and the MCJ clinical team any procedural changes that might reduce risk with such cases.

James Vess, Ph.D.
Mental Health Monitor

---

**From:** Bpbmdjd <bpbmdjd@aol.com>
**Sent:** Friday, January 6, 2023 12:01 PM
**To:** BlitchSK@co.monterey.ca.us <BlitchSK@co.monterey.ca.us>; CTrapani@rbgg.com <CTrapani@rbgg.com>; CJackson@rbgg.com <CJackson@rbgg.com>; peter@bertlinglawgroup.com <peter@bertlinglawgroup.com>; JGottwald@Wellpath.us <JGottwald@Wellpath.us>
**Cc:** James Vess <james.vess@correctionalpsychconsult.com>; LYONSE@co.monterey.ca.us <LYONSE@co.monterey.ca.us>; dtaranath@wellpath.us <dtaranath@wellpath.us>; ████████████████████ ████████████████████; ████████████████████
**Subject:** Re: Inmate death

To all,

   I know everyone is saddened by this death.  I believe the demise fits a pattern of circumstances which might merit attention and action to reduce the risks to other similarly situated incarcerated persons.

   I believe it is highly significant that Mr. ██████ had been abusing methamphetamines for year prior to his recent  MCJ booking on January 3, 2023. The abnormal vital signs on intake (elevated pulse) is consistent with methamphetamine intoxications and/or withdrawal. Subsequent bizarre behaviors including suicidal ideation is not unusual in patients using and/or withdrawing from methamphetamine.

   Pending further medical records, including custody reports and post mortem examinations, I find that the medical care was appropriate.  Abnormal vital signs were noted at intake.  In accord with the Implementation Plan, the on call PCP was contacted, meds written, and patient was placed on protocol for meth.  MH visit before death documented bizarre behavior and questionable suicidal ideation.  Mr. ██████ did not see PCP face to face or a psychiatrist.

   The review by MH is most pertinent.  However, from the perspective of managing substance abuse/withdrawal, I propose the MCJ clinical team consider whether patients with abnormal VS and meth abuse history should be automatically placed in observation cell until seen face to face by PCP and Psychiatry.

   I will supplement my review as more data is available.

   Bruce Barnett, MD, JD
   ██████████ - personal cell

-----Original Message-----
From: Blitch, Susan K. <BlitchSK@co.monterey.ca.us>
To: Cara Trapani <CTrapani@rbgg.com>; Caroline Jackson <CJackson@rbgg.com>; Peter Bertling
<peter@bertlinglawgroup.com>; Jax Gottwald <JGottwald@Wellpath.us>
Cc: Barnett Bruce <bpbmdjd@aol.com>; james.vess@correctionalpsychconsult.com
<james.vess@correctionalpsychconsult.com>; Lyons, Ellen <LYONSE@co.monterey.ca.us>
Sent: Thu, Jan 5, 2023 2:21 pm
Subject: Inmate death

I am sorry to have to report that we had an inmate suicide last night – details to follow.  Rosen Bien
please do not make this public yet as I am unsure if family notification taken place but inmate is:

 (DOB ████)

We will request the normal documents.

Susan K. Blitch
Chief Assistant County Counsel
COUNTY OF MONTEREY
168 WEST ALISAL STREET
SALINAS, CA 93901
831-755-5045
831-755-5283 – facsimile

**Note:  Many staff members are working remotely.  Please feel free to email staff members
directly.  Should you need further assistance, please call 831-755-5045.**

**DO NOT FORWARD THIS EMAIL.**

**CONFIDENTIALITY NOTICE**: This communication, including its contents and all attachments, may
contain confidential and/or legally privileged information, including but not limited to matter protected by
the attorney-client privilege, the attorney work product privilege, the privileges pertaining to deliberative
processes by governmental actors, the official information privilege, and/or the doctrine of client
confidentiality. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use,
or disclosure is prohibited and may violate applicable laws including the Electronic Communications
Privacy Act, the California Evidence Code, and the Federal Rules of Evidence. If you are not the intended
recipient, please contact the sender and destroy all copies of the communication.

# Exhibit 54

# EXHIBIT FILED
# UNDER SEAL

# Exhibit 55

# EXHIBIT FILED UNDER SEAL

[4276968.1]