MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CARA E. TRAPANI – 313411
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:     (415) 433-7104
Email:         mbien@rbgg.com
               egalvan@rbgg.com
               vswearingen@rbgg.com
               ctrapani@rbgg.com
               cjackson@rbgg.com
               bhattem@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, California 94111-4805
Telephone:    (202) 393-4930
Facsimile:     (202) 393-4931
Email:         ckendrick@aclu.org
               kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone:    (415) 621-2493
Facsimile:     (415) 255-8437
Email:         afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND WELLPATH IMPLEMENTATION PLAN**<br><br>Judge:  Beth Labson Freeman<br>Date:   August 24, 2023<br>Time:   9:00 a.m.<br>Crtrm.: 3 |

[4256553.4]

Case No. CV 13 2354 BLF

DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE
SETTLEMENT AGREEMENT AND WELLPATH IMPLEMENTATION PLAN

1        I, Van Swearingen, declare:

2        1.        I am an attorney duly admitted to practice before this Court.  I am a partner

3   in the law firm of Rosen Bien Galvan & Grunfeld LLP ("RBGG"), counsel of record for

4   Plaintiffs.  I have personal knowledge of the facts set forth herein, and if called as a

5   witness, I could competently so testify.  I make this declaration in support of Plaintiffs'

6   Motion to Enforce the Settlement Agreement and Wellpath Implementation Plan.

7        2.        Working under my direction and supervision, Ms. Ellen Brancart, a paralegal

8   in my office, calculated the post-settlement average daily population for Monterey County

9   Jail ("MCJ" or "Jail").  Ms. Brancart calculated that the period spanning August 18, 2015

10  to April 26, 2023 is 2,809 days.  Ms. Brancart then used publicly-available Board of State

11  and Community Corrections data to obtain the midyear in-custody population figures for

12  the years 2015 (884 people), 2016 (894 people), 2017 (863 people), 2018 (876 people),

13  2019 (875 people), 2020 (655 people), 2021 (875 people), and 2022 (863 people).

14  Because Board of State and Community Corrections data for 2023 is not yet available, she

15  used inmate daily count sheets produced to Plaintiffs by the County of Monterey

16  ("County") to calculate the average daily Jail population for March 2023 (897 people).

17       3.        Working under my direction and supervision, Ms. Yesenia Murillo, a

18  paralegal in my office, used the autopsy reports and death notifications produced by the

19  County and Defendant Wellpath, Inc. ("Wellpath," formerly California Forensic Medical

20  Group or "CFMG," and collectively, "Defendants") and compiled a list of the twenty-four

21  in-custody deaths at the Jail since the Court approved the Settlement Agreement on

22  August 18, 2015 (Dkt. 494).  In calculating the death rate of people incarcerated at the Jail,

23  I determined that we should not include one individual who died in hospice care while

24  technically in the Jail's custody, leaving the total count of in-custody deaths since

25  August 18, 2015 at twenty-three.

26       4.        Mr. Ben Hattem, an associate in my office working under my direction and

27  supervision, averaged the aforementioned in-custody population figures to obtain the

28  average daily post-settlement Jail population over the applicable 2,809 day period (854

DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE
SETTLEMENT AGREEMENT AND WELLPATH IMPLEMENTATION PLAN

people).  Mr. Hattem then divided the number of in-custody deaths (23 deaths) by the number of days between the Settlement approval date (August 18, 2015) and April 26, 2023 (2,809 days).  The resulting figure was multiplied by the number of days in a year (365.25) to arrive at 2.99 deaths per year at the Jail.  Dividing that figure by the average post-settlement in-custody population (854 people) and then multiplying by 100,000 results in an annual in-custody death rate of 350.4 deaths per 100,000 people.  This is the same methodology used by the Bureau of Justice Statistics to calculate death rates in other jails.  *See* Bureau of Just. Stats., U.S. Dep't of Just., *Mortality in Local Jails, 2000–2019*, at 34 (2021), https://bjs.ojp.gov/content/pub/pdf/mlj0019st.pdf.  Performing the same calculations with regard to the nine people who have died by suicide at the Jail since August 18, 2015 yields an annual in-custody suicide rate of 137.1 suicides per 100,000 people.  The Bureau of Justice Statistics has determined that the average annual death rate in local jails across the country is 167 deaths per 100,000 people.  *See id.* at 1.  The Bureau of Justice Statistics has also determined that the average annual suicide rate in jails in California was 42 suicides per 100,000 people for the period of 2015-2019.  *See* Bureau of Just. Stats., U.S. Dep't of Just., *Suicide in Local Jails and State and Federal Prisons, 2000–2019*, at 12 tbl.3 (2021), https://bjs.ojp.gov/sites/g/files/xyckuh236/files/media/document/sljsfp0019st.pdf.

5.       Pursuant to Paragraph 48 of the Settlement Agreement, my firm informed Defendants' counsel by letter dated December 16, 2022 that the Court-appointed neutral monitors have consistently found Defendants to be noncompliant with the requirements of the Settlement Agreement and Implementation Plans.  *See* Dkt. 494 at 25.  A true and correct copy of the December 16, 2022 letter is attached hereto as **Exhibit 1**.  Because of the upcoming holidays, Plaintiffs' letter offered to extend Defendants' response deadline to January 25, 2023, instead of the 30 days provided by Paragraph 48 of the Settlement Agreement.  *Id.*  Counsel for Monterey County responded on January 25, 2023.  Counsel for Wellpath did not provide a written response by that date.  After follow-up emails from Mr. Hattem and myself on January 27 and February 14 requesting a response, Counsel for

DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND WELLPATH IMPLEMENTATION PLAN

Wellpath responded on February 14, writing that "The County's responses to your letter sets [*sic*] forth much of Wellpath's position as well."  A true and correct copy of this email exchange is attached hereto as **Exhibit 2**.

6.     After meeting and conferring with Wellpath's counsel on February 15, 2023, Plaintiffs presented their concerns for mediation before Magistrate Judge Nathanael Cousins on February 17 and April 7, 2023.  Plaintiffs' counsel asked to meet and confer with Wellpath's counsel again prior to the April 7, 2023 mediation, but Wellpath refused to meet and confer.  Following the mediation on April 7, 2023, Judge Cousins determined that the parties were unable to resolve through mediation the issues raised in Plaintiffs' motion to enforce the Settlement Agreement and Implementation Plans.  *See* Dkt. 771.

7.     Ms. Cara E. Trapani, an associate in my office, informed the medical, mental health, dental, and ADA monitors by email on April 10, 2023 about a news article that indicated J.H. had died at the Jail on April 7.  Medical monitor Dr. Bruce Barnett and dental monitor Dr. Viviane Winthrop sent emails to me and to Wellpath's counsel on April 12 and April 10, respectively, stating that they were unable to access J.H.'s medical records.  Wellpath's counsel did not respond to either monitor's email.  True and correct copies of Dr. Barnett and Dr. Winthrop's emails are attached hereto as **Exhibit 3** and **Exhibit 4**.  On April 21, 2023, an assistant in the office of Wellpath's counsel sent some of J.H.'s medical records by email to me and to the neutral monitors for medical and dental care, but not the neutral monitor for mental health care.  A true and correct copy of that email is attached as **Exhibit 5**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Anselmo, California this 11th day of May, 2023.

Van Swearingen

# Exhibit 1



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Ben Hattem
Email:  BHattem@rbgg.com

December 16, 2022

<u>VIA ELECTRONIC MAIL ONLY</u>

Susan K. Blitch                               Peter Bertling
Senior Deputy County Counsel                  Bertling Law Group
Office of the County Counsel                  15 West Carrillo Street, Suite 100
County of Monterey                            Santa Barbara, CA 93101
168 West Alisal Street, 3rd Floor             peter@bertlinglawgroup.com
Salinas, CA 93901-2439
blitchsk@co.monterey.ca.us

Re:   *Hernandez et al. v. County of Monterey, Monterey Sheriff's Office, California*
      *Forensic Medical Group, Inc.*, No. CV-13-2354 BLF (N.D. Cal.)
      Non-Compliance with Settlement Agreement and Implementation Plans
      <u>Our File No. 1187-10</u>

Dear Counsel:

       Pursuant to Paragraph 48 of the Settlement Agreement, we write to inform you
that "Plaintiffs' counsel believes that Defendants are not substantially complying with …
the acts required by [the] Settlement Agreement [and] the Implementation Plans."
Settlement Agreement, Dkt. 494 at ECF 25.  The Court approved the parties' Settlement
Agreement and adopted it as an order more than seven years ago.  *Id.* at 4.  Since then,
the County and Wellpath (formerly "CFMG," collectively "Defendants") have failed to
meet their court-ordered obligations to improve conditions of confinement at the
Monterey County Jail (the "Jail").

       The neutral monitors in all five areas—medical care, mental health care, dental
care, safety and security, and disability access—have repeatedly found Defendants
noncompliant with the Settlement Agreement and Implementation Plans.  The monitors'
most recent reports continue to show systemic noncompliance.  Many of the areas of
noncompliance identified in the monitors' latest reports reflect longstanding problems at
the Jail.  The monitors have repeatedly recommended measures that Defendants could

Susan K. Blitch
Peter Bertling
December 16, 2022
Page 2

take to bring these areas into compliance with the Settlement Agreement and
Implementation Plans. Defendants have nonetheless failed to come into compliance.

Historically, Defendants have not taken necessary steps to improve conditions at
the Jail as required by the parties' agreements and the Court's orders. For instance, the
all-parties summit in May 2020, precipitated by our February 2020 letter under
Paragraph 48 of the Settlement Agreement, resulted in a stipulation and court order to
develop corrective action plans (CAPs). Defendants did not abide by the timelines for
developing those CAPs and resisted both engagement in the CAP process and the
recommendations of the neutral monitors. As a result, the CAPs were not finalized until
September 2021. As evidenced by the neutral monitors' recent reports, Defendants'
compliance with the CAPs has been inconsistent and Defendants remain non-compliant
with a majority of their court-ordered obligations. The Court's order in June 2022 for
enhanced monitoring and mentoring by the neutral monitors, which followed our
January 2022 letter under Paragraph 48, has been met with some resistance from
Defendants and has already required the intervention of Judge Cousins.

As the neutral monitors' reports make clear, Defendants' continued and
widespread non-compliance with the Settlement Agreement and Implementation Plans
puts people incarcerated in the Jail at substantial risk of serious harm. Monterey has
disproportionately high in-custody suicide and death rates as compared to other jails in
California. The monitors' reports reflect that Defendants are making insufficient
progress toward compliance in many of the areas in which Defendants have been
persistently noncompliant. At times, and as observed by the neutral monitors,
compliance has recently deteriorated.

This letter therefore notifies you that we "believe[] that Defendants are not
substantially complying with" each of the requirements of the Settlement Agreement and
Implementation Plans with which the neutral monitors have found Defendants currently
noncompliant. *See* Settlement Agreement, Dkt. 494 at ECF 25. The "facts supporting
[our] belief" that Defendants are noncompliant with these requirements are the
noncompliance findings in the neutral monitors' most recent reports, which are enclosed
here. *Id.* Defendants have been found noncompliant with many if not all of these
requirements in previous reports by the neutral monitors as well.

The Settlement Agreement requires that "Defendants shall investigate the
allegations [in this letter] and respond in writing within 30 days." *Id.* Accordingly,
please respond in writing no later than January 15, 2023, to let us know how Defendants
intend to come into immediate and durable compliance with the requirements of the

Susan K. Blitch
Peter Bertling
December 16, 2022
Page 3


Settlement Agreement and Implementation Plans with which Defendants were found noncompliant in the neutral monitors' most recent reports.  Given the upcoming holidays, we are amenable to extending your response time by an additional ten days to January 25, 2023, upon request.

  We will consider Defendants' written response in good faith.  However, given the magnitude and persistence of Defendants' non-compliance, we anticipate needing to file an enforcement motion with the District Court to resolve this matter.  Please let us know your availability to present these issues to Judge Cousins.  Alternatively, please let us know whether Defendants consent to bypass the use of the mediator and brief these issues directly with the Court, with prior notice to Judge Cousins.  *See id.* at ECF 26.

  Thank you for your anticipated prompt attention to these issues.

<div style="margin-left:50%">

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Ben Hattem*

By: Ben Hattem

</div>

BCH:cn
Enclosures: Neutral Monitor Reports
cc:  Dr. Bruce Barnett
   Dr. James Vess
   Richard Bryce
   Terri McDonald
   Dr. Vivian Winthrop

# Exhibit 2

| From: | Peter Bertling |
|---|---|
| To: | Van Swearingen; Ben Hattem |
| Cc: | Susan K. Blitch |
| Subject: | Re: Hernandez: Paragraph 48 Letter re: Non-Compliance with Settlement Agreement and Implementation Plans |
| Date: | Tuesday, February 14, 2023 2:22:57 PM |

[EXTERNAL MESSAGE NOTICE]

Hi Van:

I am available to discuss this matter with you tomorrow.  However, there have been several discussions about these issues since your December 16, 2022 letter.  The County's responses to your letter sets forth much of Wellpath's position as well .  In addition, Wellpath has kept your firm updated on the status of recruitment and staffing at MCJ .  This was actually one of the first issues we discussed with Caroline during her recent jail tour.

What time are you and Ben available tomorrow?  What specifically do you believe we need to discuss?

Regards,

 



21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
805-879-7558 – Office
www.bertlinglawgroup.com

PRIVILEGED AND CONFIDENTIAL
This message and any attached files are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL, and/or may contain ATTORNEY WORK PRODUCT or otherwise exempt from disclosure. If you are not the intended recipient, you are hereby notified that the viewing, copying or any dissemination of this information is prohibited.  If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately. Thank you.

---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Date:** Tuesday, February 14, 2023 at 2:08 PM
**To:** Ben Hattem <BHattem@rbgg.com>, Peter Bertling <peter@bertlinglawgroup.com>
**Cc:** "Susan K. Blitch" <blitchsk@co.monterey.ca.us>
**Subject:** RE: Hernandez: Paragraph 48 Letter re: Non-Compliance with Settlement Agreement and Implementation Plans

Hi Pete.  Wellpath did not respond to our December 16 letter nor to the below email.  Please let us know your availability before this Friday to meet and confer by phone.  Thanks.
Van

**From:** Ben Hattem <BHattem@rbgg.com>
**Sent:** Friday, January 27, 2023 3:59 PM
**To:** Peter Bertling <peter@bertlinglawgroup.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Susan K. Blitch <blitchsk@co.monterey.ca.us>
**Subject:** RE: Hernandez: Paragraph 48 Letter re: Non-Compliance with Settlement Agreement and Implementation Plans [IMAN-DMS.FID40388]

Hi Pete,

We have not yet received Wellpath's response to our December 16 letter.  Under paragraph 48 of the Settlement Agreement, you are required to investigate the allegations in our letter and respond in writing within 30 days.  We extended the deadline for your response to January 25 at your request.  That deadline has passed, and you are currently in violation of the Settlement Agreement. Please let us know when we will receive your response.

Thank you,

Ben Hattem
Associate Attorney



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
bhattem@rbgg.com

**From:** Ben Hattem
**Sent:** Friday, December 16, 2022 4:40 PM
**To:** Peter Bertling <peter@bertlinglawgroup.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Susan K. Blitch <blitchsk@co.monterey.ca.us>
**Subject:** RE: Hernandez: Paragraph 48 Letter re: Non-Compliance with Settlement Agreement and Implementation Plans [IMAN-DMS.FID40388]

Hi Pete,

We agree to the extension until January 25.  We will consider Wellpath's response in good faith, but in light of the magnitude and persistence of Defendants' noncompliance we think there is a high likelihood that this will require an enforcement motion. As to the specific orders, the Settlement Agreement generally authorizes all remedies permitted by law or equity, and we think it's premature at this time to speculate beyond that.

Thanks, and Happy Holidays to you too.

All best,
Ben

**From:** Peter Bertling <peter@bertlinglawgroup.com>
**Sent:** Friday, December 16, 2022 4:14 PM
**To:** Ben Hattem <BHattem@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Susan K. Blitch <blitchsk@co.monterey.ca.us>
**Subject:** Re: Hernandez: Paragraph 48 Letter re: Non-Compliance with Settlement Agreement and Implementation Plans [IMAN-DMS.FID40388]

[EXTERNAL MESSAGE NOTICE]

Hi Ben:

Thank you your letter.

Wellpath requests that your grant them an extension until January 25, 2023, to respond to your letter.   Will you also please clarify whether it is your intention to file a Motion to Enforce despite any response you receive from Wellpath?  Will you also identify what specific orders you contemplate asking Judge Freeman to issue in order to enforce compliance with the Implementation Plan?

I appreciate Van and Susan bring this issue to the attention of Judge Cousins and believe it will be beneficial for us to discuss this matter with him before Plaintiffs file any Motion to Enforce.

Happy Holidays.

Regards,



BERTLING LAW
G R O U P

21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
805-879-7558 – Office
www.bertlinglawgroup.com

PRIVILEGED AND CONFIDENTIAL
This message and any attached files are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL, and/or may contain ATTORNEY WORK PRODUCT or otherwise exempt from disclosure. If you are not the intended recipient, you are hereby notified that the viewing, copying or any dissemination of this information is prohibited.  If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately. Thank you.

**From:** Ben Hattem <BHattem@rbgg.com>
**Date:** Friday, December 16, 2022 at 10:56 AM
**To:** "Susan K. Blitch" <BlitchSK@co.monterey.ca.us>, Bertling Law Group <peter@bertlinglawgroup.com>
**Cc:** "Bruce Barnett, MD, JD" <bpbmdjd@aol.com>, James Vess <james.vess@correctionalpsychconsult.com>, Richard Bryce <richardbryce@me.com>, Terri McDonald <terrimcdonald02@gmail.com>, Viviane Winthrop <winthropdentalconsulting@gmail.com>, Monterey County Jail Team <MontereyCountyJailTeam@rbgg.com>
**Subject:** Hernandez: Paragraph 48 Letter re: Non-Compliance with Settlement Agreement and Implementation Plans [IMAN-DMS.FID40388]

Dear Susan and Pete:

Please find attached Plaintiffs' letter pursuant to Paragraph 48 of the Settlement Agreement notifying you that "Plaintiffs' counsel believes that Defendants are not substantially complying with ... the acts required by [the] Settlement Agreement [and] the Implementation Plans."  Settlement Agreement, Dkt. 494 at ECF 25.

Sincerely,

Ben Hattem
Associate Attorney



ROSEN BIEN
GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
bhattem@rbgg.com

# Exhibit 3

| From: | Bpbmdjd |
|---|---|
| To: | Caroline Jackson; BreretonA@co.monterey.ca.us |
| Cc: | BlitchSK@co.monterey.ca.us; lyonse@co.monterey.ca.us; MurphyAC@co.monterey.ca.us; HolmesJL@co.monterey.ca.us; peter@bertlinglawgroup.com; stephanie@bertlinglawgroup.com; Monterey County Jail Team; MontereyIPteam@wellpath.us |
| Subject: | Re ████████████████████[IMAN-DMS.FID33558] |
| Date: | Wednesday, April 12, 2023 8:29:17 AM |

**[EXTERNAL MESSAGE NOTICE]**

I am unable to find Mr. ████ medical record in the EMR.   How can I access his records?

Bruce Barnett, MD, JD

████████████ - personal cell



-----Original Message-----
From: Caroline Jackson <CJackson@rbgg.com>
To: Brereton, Anne K. x5363 <BreretonA@co.monterey.ca.us>
Cc: BlitchSK@co.monterey.ca.us <BlitchSK@co.monterey.ca.us>; Lyons, Ellen x5358 <lyonse@co.monterey.ca.us>; Murphy, Aerin <MurphyAC@co.monterey.ca.us>; Holmes, Janet L. x5107 <HolmesJL@co.monterey.ca.us>; Peter Bertling <peter@bertlinglawgroup.com>; Stephanie Aguiniga <stephanie@bertlinglawgroup.com>; Bpbmdjd <bpbmdjd@aol.com>; Monterey County Jail Team <MontereyCountyJailTeam@rbgg.com>; MontereyIPteam@wellpath.us <MontereyIPteam@wellpath.us>
Sent: Tue, Apr 11, 2023 2:43 pm
Subject ████████████████████████[IMAN-DMS.FID33558]

Anne,

I work with Cara Trapani at RBGG.  As you may know, ████████████████, booking number ██████████ was incarcerated at the Jail and died on April 7, 2023.  His DOB is ██████████  Attached is a proposed stipulation for release of records from NMC assuming he received treatment at the hospital.  Please let us know if we have your permission to sign.

Sincerely,

Caroline Jackson
Senior Counsel
She/her




101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 906-6355 (VP)

(415) 433-7104 (fax)
cjackson@rbgg.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at cjackson@rbgg.com.

# Exhibit 4

| | |
|---|---|
| **From:** | Viviane Winthrop |
| **To:** | Van Swearingen |
| **Cc:** | Cara Trapani; Blitch, Susan K. x5161; Peter Bertling; Brereton, Anne K.; Ann Marie Natali; Heather Barry; Stefan Cange; Monterey County Jail Team; Bruce Barnett, MD, JD; james.vess@correctionalpsychconsult.com; Richard Bryce; Terri McDonald; Janet L. x5107 Holmes; Stephanie Aguiniga; Ellen x5358 Lyons; Aerin Murphy |
| **Subject:** | Re: In-Custody Death of ███████████, ███████ -- April 7, 2023 |
| **Date:** | Monday, April 10, 2023 8:25:27 PM |

> **[EXTERNAL MESSAGE NOTICE]**

Hi Van,

In the documentation provided, it states that Mr. ████ had tooth pain on 03/14/23. I tried accessing his chart on CorEMR but it must have been taken down at this time. Please include all dental sick call notes and tasks when sending the chart for review.

Thank you,

Viviane G. Winthrop, DDS
Winthrop Dental Consulting, LLC
████████████

winthropdentalconsulting@gmail.com

PRIVACY AND CONFIDENTIALITY STATEMENT: This message and any attachments may contain information that is confidential and/or privileged. If you are not the intended recipient, please immediately notify the sender by return email and delete the message from your system. Thank you.

On Apr 10, 2023, at 7:52 PM, Van Swearingen <VSwearingen@rbgg.com> wrote:

Please also let us know how many working CPAP machines the jail has, including how many are presently in use and how many are not.  Thank you.

---

**From:** Cara Trapani <CTrapani@rbgg.com>
**Sent:** Monday, April 10, 2023 7:35 PM
**To:** Blitch, Susan K. <BlitchSK@co.monterey.ca.us>; Peter Bertling <peter@bertlinglawgroup.com>; Brereton, Anne K. <BreretonA@co.monterey.ca.us>
**Cc:** anatali@wellpath.us; Heather Barry <HBarry@Wellpath.us>; Stefan Cange <StCange@Wellpath.us>; Monterey County Jail Team <MontereyCountyJailTeam@rbgg.com>; Barnett Bruce <bpbmdjd@aol.com>; Viviane Winthrop <winthropdentalconsulting@gmail.com>; James Vess <james.vess@correctionalpsychconsult.com>; richardbryce@me.com; Terri McDonald <terrimcdonald02@gmail.com>; Holmes, Janet L. <HolmesJL@co.monterey.ca.us>; Aguiniga Stephanie <stephanie@bertlinglawgroup.com>; Lyons, Ellen <LYONSE@co.monterey.ca.us>; Murphy, Aerin <MurphyAC@co.monterey.ca.us>
**Subject:** RE: In-Custody Death of ███████████ -- April 7, 2023 [IMAN-DMS.FID33558]

Hello all,

We have reason to believe that the patient who died was named ██████████
booking number ████████  His date of birth listed on the February 2023 Intake List is
████████.  He was booked on February 3, 2023.  Please confirm that this information
is correct.  Assuming this is the patient who died, this is the same person who my
colleague Ben Hattem wrote about in his attached email on March 24.  At that time,
Mr. ████ was requesting a CPAP machine because he used one in the community and
did not have family in the state who could bring him his machine.  Mr. ████ was having
difficulty breathing at night, and woke up gasping for air.  Did he ever receive a CPAP
machine before his death?

We are very distressed by Mr. ████ death.  Please provide the documents requested
below at your earliest possible convenience.

Cara Trapani

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ctrapani@rbgg.com

**(Pronouns – she/her/hers)**

The information contained in this e-mail message may be privileged, confidential and protected from
disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly
prohibited. If you think that you have received this e-mail message in error, please e-mail the sender
at ctrapani@rbgg.com.

---

**From:** Blitch, Susan K. <BlitchSK@co.monterey.ca.us>
**Sent:** Monday, April 10, 2023 11:16 AM
**To:** Cara Trapani <CTrapani@rbgg.com>; Peter Bertling
<peter@bertlinglawgroup.com>; Brereton, Anne K. <BreretonA@co.monterey.ca.us>
**Cc:** anatali@wellpath.us; Heather Barry <HBarry@Wellpath.us>; Stefan Cange
<StCange@Wellpath.us>; Monterey County Jail Team
<MontereyCountyJailTeam@rbgg.com>; Barnett Bruce <bpbmdjd@aol.com>; Viviane
Winthrop <winthropdentalconsulting@gmail.com>; James Vess
<james.vess@correctionalpsychconsult.com>;richardbryce@me.com; Terri McDonald
<terrimcdonald02@gmail.com>; Holmes, Janet L. <HolmesJL@co.monterey.ca.us>;
Aguiniga Stephanie <stephanie@bertlinglawgroup.com>; Lyons, Ellen
<LYONSE@co.monterey.ca.us>; Murphy, Aerin <MurphyAC@co.monterey.ca.us>
**Subject:** RE: In-Custody Death of ████████ -- April 7, 2023 [IMAN-DMS.FID33558]

[EXTERNAL MESSAGE NOTICE]

Yes Cara – I just got back into town last night and am trying to catch up – I was going to do notification today but you beat me to it.  I will work on getting you the information.  I am also working on flood issues re the Pajaro levee break so try to bear with me.

---

**From:** Cara Trapani <CTrapani@rbgg.com>
**Sent:** Monday, April 10, 2023 11:13 AM
**To:** Peter Bertling <peter@bertlinglawgroup.com>; Blitch, Susan K. <BlitchSK@co.monterey.ca.us>; Brereton, Anne K. <BreretonA@co.monterey.ca.us>
**Cc:** anatali@wellpath.us; Heather Barry <HBarry@Wellpath.us>; Stefan Cange <StCange@Wellpath.us>; Monterey County Jail Team <MontereyCountyJailTeam@rbgg.com>; Barnett Bruce <bpbmdjd@aol.com>; Viviane Winthrop <winthropdentalconsulting@gmail.com>; James Vess <james.vess@correctionalpsychconsult.com>;richardbryce@me.com; Terri McDonald <terrimcdonald02@gmail.com>; Holmes, Janet L. <HolmesJL@co.monterey.ca.us>; Aguiniga Stephanie <stephanie@bertlinglawgroup.com>; Lyons, Ellen <LYONSE@co.monterey.ca.us>; Murphy, Aerin <MurphyAC@co.monterey.ca.us>
**Subject:** RE: In-Custody Death of █████ -- April 7, 2023 [IMAN-DMS.FID33558]

[CAUTION: This email originated from outside of the County. Do not click links or open attachments unless you recognize the sender and know the content is safe. ]

Susan, Pete and Anne:

We understand from the attached news report that an individual named ████████ died in custody after experiencing a medical emergency at the Jail on Friday, April 7, 2023.  Please provide his booking number, date of birth, booking date, housing location at time of death, hi custody files, all of his CorEMR medical records, and any incident reports and surveillance camera footage pertaining to the death.   We will also need to see the death reviews and autopsy/toxicology reports when those are completed later.

This article states that Mr. ██ received medical care at NMC.  Assuming that is correct, we will need to see the NMC records as well.  We will prepare a stipulation for Anne to review.

Cara Trapani

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ctrapani@rbgg.com

**(Pronouns – she/her/hers)**

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ctrapani@rbgg.com.

4-3

# Exhibit 5

**Cara Trapani**

| | |
|---|---|
| **From:** | Stephanie Aguiniga <stephanie@bertlinglawgroup.com> |
| **Sent:** | Friday, April 21, 2023 9:43 AM |
| **To:** | Bpbmdjd; Viviane Winthrop; Cara Trapani; Van Swearingen; Blitch, Susan K. x5161; Ellen x5358 Lyons |
| **Cc:** | Peter Bertling |
| **Subject:** | Hernandez \| ▓▓▓▓▓ Records |
| **Attachments:** | ▓▓▓▓▓▓▓▓▓▓ Records.pdf |
| | |
| **Importance:** | High |

[EXTERNAL MESSAGE NOTICE]

Hello:

Attached please find records for ▓▓▓▓▓▓▓ *Password to follow in separate email.*

Best,
Stephanie



Stephanie S. Aguiniga | Assistant
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Main: 805-879-7558
Direct: 805-456-2736
Facsimile: 805-869-1597
stephanie@bertlinglawgroup.com
www.bertlinglawgroup.com

PRIVILEGED AND CONFIDENTIAL
This message and any attached files are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL  and/or may contain ATTORNEY WORK PRODUCT or otherwise exempt from disclosure. If you are not the intended recipient  you are hereby notified that the viewing  copying or any dissemination of this information is prohibited.  If you have received this communication in error  please erase all copies of the message and its attachments and notify us immediately. Thank you.