MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CARA E. TRAPANI – 313411
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
ctrapani@rbgg.com
cjackson@rbgg.com
bhattem@rbgg.com

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND WELLPATH IMPLEMENTATION PLAN**<br><br>Judge: Beth Labson Freeman<br>Date: August 24, 2023<br>Time: 9:00 a.m.<br>Crtrm.: 3 |

[4252386.1]

Case No. CV 13 2354 BLF

## [PROPOSED] ORDER

In April 2015, the Court entered a preliminary injunction in favor of Plaintiffs, finding "significant evidence that Defendants' policies and practices constitute deliberate indifference to Plaintiffs' serious medical needs." Dkt. 406 at 21. Four months later, the Court approved the parties' Settlement Agreement and ordered Defendants to comply with its terms. Dkt. 494 at 4. The Court retained jurisdiction and power to enforce the agreement and found that it satisfied the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(1)(A). The Court also ordered the parties to develop Implementation Plans that would be "enforceable by the Court as part of the Settlement Agreement," Dkt. 494 at 4, and it approved and adopted these Implementation Plans with some modifications in May 2016. *See* Dkt. 549; *see also* Dkt. 528-1 (County Implementation Plan); Dkt. 532 (CFMG Implementation Plan).

Following settlement, the Court empowered neutral monitors to determine whether Defendants are in substantial compliance with the Settlement Agreement and the Implementation Plans. *See* Orders Appointing Neutral Monitors and Orders of Reference, Dkts. 563, 658, 744, and 753. Since then, the Court-appointed neutral monitors for medical, mental health, and dental care have consistently found Defendant Wellpath, Inc. ("Wellpath," formerly California Forensic Medical Group, Inc. or "CFMG") noncompliant with the vast majority of its obligations under the Settlement Agreement and Implementation Plans. For many of these requirements, the monitors' reports show that Wellpath has never been substantially compliant. The monitors' reports also establish that Wellpath has been repeatedly instructed about steps it must take to achieve compliance and that Wellpath has failed to take these actions. Plaintiffs and the neutral monitors have identified many people who have died or experienced serious harm as a result of Wellpath's failure to comply with the Court-ordered Settlement Agreement and Implementation Plans.

To address Wellpath's persistent noncompliance, the Court ordered Wellpath in May 2020 to create and implement "corrective action plans to remedy all the areas for

1  which the neutral monitors have found [Wellpath] to be not in substantial compliance."
2  Dkt. 671 at 3.  Although the Court ordered Wellpath to create these corrective action plans
3  within 30 days and implement them within 90, Wellpath failed to finalize the corrective
4  action plans for more than a year and still has not complied with them.  *See* Dkt. 751 at 3.
5  The Court therefore issued a further order in June 2022, granting the neutral monitors
6  authority to conduct additional visits to the Jail "to mentor and shadow staff, review
7  patient files, provide guidance, and train staff in the requirements of the Implementation
8  Plans."  *See id.* at 8.  Wellpath's noncompliance has continued.  Neutral monitoring audits
9  conducted since the Court's order have found no significant improvement in Wellpath's
10  compliance, and the neutral monitors' findings establish that Wellpath's noncompliance
11  continues to place people at the Jail at grave risk of harm, including serious medical and
12  dental complications, untreated chronic illness, self-injury, and death.
13         Having considered the arguments of the parties, the evidence presented, and the
14  findings of the neutral monitors for medical, mental health, and dental care, the Court finds
15  that Defendant Wellpath has been repeatedly noncompliant and remains noncompliant
16  with the requirements of the Settlement Agreement and Wellpath Implementation Plan in
17  each of the areas identified below.  The Court further finds that Wellpath's noncompliance
18  in these areas places individuals incarcerated at the Monterey County Jail at substantial
19  risk of serious harm.  The Court has considered the magnitude of the harm caused by
20  Wellpath's noncompliance and the duration of Wellpath's noncompliance, and the Court
21  has determined that this Order is the only remedy likely to bring about timely compliance
22  by Wellpath with the Settlement Agreement and Implementation Plan.
23         After reviewing the reports and findings of the neutral monitors, who are
24  empowered under the Order Appointing Neutral Monitors and Order of Reference to
25  assess Wellpath's substantial compliance, and based upon the entire record in this case, the
26  Court finds that Wellpath is in sustained noncompliance with the following forty-four
27  requirements of the Settlement Agreement and Wellpath Implementation Plan:
28

<u>Clinical Staffing</u>

1. Medical, Mental Health, and Dental Staffing. *See* Settlement Agreement, Dkt 494 at 16; Wellpath Implementation Plan, Dkt. 532 at 116.

<u>Medical Requirements</u>

2. Medical Intake Screening. *See* Dkt. 532 at 11-14, 29, 41-42, 72.
3. Sick Call. *See id.* at 21, 24-26.
4. Chronic Care. *See id.* at 14, 28-36.
5. Health Care Maintenance. *See id.* at 30, 34-38.
6. Continuity of Care. *See id.* at 38-39.
7. Outside Care Referrals. *See id.* at 21, 24, 39-40, 46, 68.
8. Treatment of Intoxicated Patients. *See id.* at 18, 48-71.
9. Treatment of Communicable Diseases. *See id.* at 13-14, 30, 33-35, 78-87.
10. Pharmaceutical Practices. *See id.* at 89-95.
11. Medical Quality Assurance. *See id.* at 9, 23-24, 77, 98.

<u>Mental Health Requirements</u>

12. Initial Mental Health Screening. *See id.* at 30-31, 36, 41-42.
13. Nursing Rounds in Administrative Segregation. *See id.* at 43.
14. Hospital Transfers. *See id.* at 16, 43, 73, 75, 80.
15. Treatment Planning. *See id.* at 27, 32, 43, 75, 114.
16. Chronic Care. *See id.* at 14, 28-36.
17. Acute Care. *See id.* at 11, 36, 41-43.
18. Outpatient Services. *See id.* at 41-43.
19. Psychiatric Follow-Up Visit Intervals. *See id.* at 31.
20. Consideration of Mental Health in Discipline. *See id.* at 47.
21. Segregation Placement Screenings. *See* Dkt. 494 at 17-18; Dkt. 532 at 43.
22. Mental Health Programming in Segregation. *See* Dkt. 494 at 17-18; Dkt. 532 at 42.
23. Involuntary Medication. *See* Dkt. 532 at 96-98.

24. Suicide Risk Assessments and Safety Planning. *See id.* at 43, 72-73, 75.

25. Medical Records. *See id.* at 114.

26. Corrective Action Plans. *See id.* at 9; Dkt. 494 at 11-12; Dkt. 671 at 5-6.

27. Provider Visits to Holding and Isolation Cells. *See* Dkt. 532 at 26.

28. Mental Health Quality Assurance. *See id.* at 9, 77, 98.

<u>Dental Requirements</u>

29. Dental Intake Screening. *See id.* at 99-100.

30. Initial Health Inventory. *See id.* at 33-34, 99-100.

31. Dental Training for Intake Staff. *See id.* at 9, 99.

32. Treatment for Urgent and Emergent Conditions. *See id.* at 99-100, 102-03.

33. Dental Sick Call. *See id.* at 102.

34. Chronic Care. *See id.* at 28-36; Dkt. 671 at 6.

35. Comprehensive Care. *See* Dkt. 532 at 104.

36. Restorative and Palliative Care. *See id.* at 107-08.

37. Extractions. *See id.* at 100-01.

38. Specialty Care Referrals. *See id.* at 101-03, 109-10, 112.

39. Endodontics. *See id.* at 109-10.

40. Periodontics. *See id.* at 104-05.

41. Informed Consent. *See id.* at 21-23, 108, 110, 112, 114.

42. Sanitary Treatment Space. *See* Dkt. 494 at 18; Dkt. 532 at 99.

43. Electronic Medical Records. *See id.* at 113-14.

44. Dental Quality Assurance. *See id.* at 9; Dkt. 671 at 6.

Accordingly, the Court orders as follows:

1. Wellpath is hereby enjoined to come into immediate and sustained compliance with the requirements of the Settlement Agreement and Wellpath Implementation Plan identified above.

2. As soon as possible after six months following the entry of this Order, the neutral monitors for medical, mental health, and dental care will evaluate whether

Wellpath has come into compliance with the above-identified requirements of the Settlement Agreement and Implementation Plans.  The Parties will file the neutral monitors' reports with the Court as soon as practicable thereafter.

3. If the neutral monitors find that Wellpath remains noncompliant with any of the above-identified requirements at the end of this six-month period, Wellpath shall be required to show cause at a hearing before this Court why Wellpath should not be held in contempt for violations of this Order.  If Wellpath is held in contempt, Wellpath will be required to pay fines of $25,000 for each of the above-identified requirements with which the neutral monitors found that Wellpath remains noncompliant.

4. The neutral monitors will continue to evaluate Wellpath's compliance with the above-identified requirements twice per year as part of their regular monitoring duties. The Parties will file the neutral monitors' reports with the Court.  After each monitoring report is filed, if the neutral monitor determines that Wellpath remains noncompliant with any of the above-identified requirements for which the Court has found Wellpath in contempt, Wellpath will be required to pay fines of $25,000 for each such requirement.

5. These fines will continue to be levied after each monitoring report is filed until Wellpath achieves full compliance with this Order.  Wellpath will deposit with the Clerk of Court payment for any fines imposed pursuant to this Order within one week of the fine's issuance.

6. Pursuant to Paragraph 50 of the Settlement Agreement, and in light of the evidence of Wellpath's recent noncompliance with Implementation Plan requirements related to the verification and continuation of mental health medications, neutral monitoring shall be reinstated for the two provisions of the Implementation Plan related to mental health medication verification and continuation for which Wellpath was released from monitoring on November 22, 2022.  *See* Dkt. 759 at 5-6; *see also* Dkt. 532 at 19.

The Court previously found that the Settlement Agreement entered in this matter was narrowly drawn, extended no further than necessary to correct the violation of Plaintiffs' federal rights, and was the least intrusive means necessary to correct that

violation. Dkt. 494 at 4. Based on the evidence presented, the Court finds that this Order is necessary, narrowly tailored, and the least intrusive means of ensuring compliance with the Settlement Agreement. The Court finds that other remedies have not corrected Wellpath's noncompliance with the Settlement Agreement and Implementation Plans and that this Order is the only remedy likely to bring Wellpath into compliance. The Court therefore finds that this Order is narrowly tailored, extends no further than necessary to correct the violation of Plaintiffs' federal rights, and is the least intrusive means necessary to correct the violation. *See* 18 U.S.C. § 3626(a)(1)(A).

IT IS SO ORDERED.

DATED: _____, 2023

_____
Honorable Beth Labson Freeman
United States District Judge