Jaqueline Aranda Osorno [S.B. # 308084]
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net

*Counsel for Monterey County
Weekly, First Amendment Coalition,
Patricia and Jennifer Ramirez, and
Yvette, Xavier, and Janel Pajas*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**PROPOSED INTERVENORS' SECOND RESPONSE TO COURT'S REQUEST FOR CLARIFICATION OF THEIR INTERVENOR STATUS**<br><br>Judge:   Beth Labson Freeman |

**PROPOSED INTERVENORS' SECOND RESPONSE TO COURT'S REQUEST FOR CLARIFICATION OF THEIR INTERVENOR STATUS**

On July 20, 2023, Monterey County Weekly, the First Amendment Coalition, Patricia Ramirez, Jennifer Ramirez, Yvette Pajas, Xavier Pajas, and Janel Pajas (collectively, "Proposed Intervenors") moved to intervene in this matter for the limited purpose of unsealing court records and protecting access to upcoming settlement enforcement proceedings. Docs. 799, 800, 808. On July 21, 2023, the Court issued an order denying in large part the parties' motions to seal the documents Proposed Intervenors sought access to. Doc. 802. Recognizing that its July 21, 2023, order may have mooted Proposed Intervenors' motions, the Court ordered them to advise the Court whether they still intended to pursue their motions to intervene and unseal within seven days of the documents being publicly docketed. Doc. 803. Proposed Intervenors hereby submit this response to advise the Court that they will continue to pursue their motion to unseal for the purpose of unredacting the names of Wellpath healthcare staff. *See* Doc. 802.

Proposed Intervenors disagree that the names of "healthcare staff employed by Wellpath, who are directly involved in providing or supervising patient care at the Jail" should be categorically redacted. The parties have jointly agreed that redacting the names of Wellpath employees is necessary to "protect legitimate private interests." Doc. 793 at 4. Specifically, the parties argued that "[r]edacting the names of health care providers directly involved in providing or supervising patient care at the Jail protects those individuals from public embarrassment or professional consequences for acts and omissions in the provision of care to Plaintiff class members, which may discourage those individuals and prospective employees from working at the Jail." *Id.* However, proponents of sealing must establish more than the existence of "legitimate private interests." Court records more than tangentially related to the merits of a case, such as the records at issue here, may be sealed only upon a showing of "compelling reasons" for sealing. Doc. 802 at 2; *see* Doc. 800 at 6-7 (discussing the legal standard for sealing documents in the Ninth Circuit). Avoidance of embarrassment or professional consequences is not a "compelling reason" for sealing. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

without more, compel the court to seal its records."). Furthermore, there is no legal authority suggesting that release of information that could discourage people from working at a carceral institution constitutes a "compelling reason" for sealing.

As Proposed Intervenors have previously argued, the public has a significant interest in this case, including an interest in examining how their tax dollars—which pay for Wellpath's contract—are spent. Doc. 800 at 8. The public also has an interest in evaluating the performance of Monterey County public officials, public entities, and government contractors, including Wellpath. *See id.* (arguing that information relating to this case could inform "decisions about whether the County should continue to make multi-million-dollar payments to the same private, for-profit health contractor that has a long record of providing deficient care"); Sara Rubin, *An Investigation, Spurred by Allegedly Missing Pain Pills, Is Underway in Monterey County Jail* (Oct. 13, 2022), https://tinyurl.com/2h33z29p (reporting that Wellpath employee Christina Cruz Kaupp, a regional director of operations for Wellpath, and formerly a regional director of nursing, was under internal investigation after potentially addictive pain medications went missing). For example, the public has an interest in learning which healthcare provider's care "fall[s] below applicable standards for best practice" or under whose care there have been significant lapses. Doc. 825-2 at 169. Notably, this Court would not be the first to allow disclosure of the identities of private correctional health care contractor staff responsible for overseeing care. *See e.g., Dunn v. Dunn*, 219 F. Supp. 3d 1100, 1108 (M.D. Ala. 2016) (discussing by name the private correctional healthcare staff responsible for overseeing mental health care in Alabama prisons).

This court must "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). In light of the public's strong interest in knowing the names of Wellpath employees in charge of providing care at the Jail, the Court should order that Wellpath employee names be unredacted.

Dated: August 16, 2023                                        Submitted,

/s/ Jaqueline Aranda Osorno
*Counsel for Proposed Intervenors*

PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net