1
2
3
4   **UNITED STATES DISTRICT COURT**
5   **NORTHERN DISTRICT OF CALIFORNIA**
6   **SAN JOSE DIVISION**
7

8   JESSE HERNANDEZ, et al.,                Case No. 13-cv-02354-BLF

9          Plaintiffs,                      **ORDER GRANTING MOTION TO INTERVENE; AND GRANTING IN PART AND DENYING IN PART INTERVENORS' MOTION TO UNSEAL COURT RECORDS**
10     v.
11  COUNTY OF MONTEREY, et al.,
12         Defendants.                      [Re:  ECF 800, 808]
13

14         This order addresses (1) a motion to intervene (ECF 808) brought by several individuals

15  and entities ("Proposed Intervenors"); and (2) Proposed Intervenors' motion to unseal (ECF 800).

16  The Court finds the motions to be suitable for disposition without oral argument.  *See* Civ. L.R.

17  7-1(b).  For the reasons discussed below, the motion to intervene is GRANTED and the motion to

18  unseal is GRANTED IN PART AND DENIED IN PART.

19  **I.     BACKGROUND**

20         Plaintiffs filed this suit to obtain relief from Defendants' alleged failure to provide inmates

21  at the Monterey County Jail ("Jail") with adequate care.  *See* Compl., ECF 1.  After more than two

22  years of litigation, the parties entered into a Settlement Agreement, which was approved by the

23  Court.  *See* Order For Final Approval of Settlement, ECF 494.  Plaintiffs have filed a motion to

24  enforce the Settlement Agreement and the Implementation Plan developed by Defendants County

25  of Monterey ("County") and Wellpath, Inc. ("Wellpath"),[1] which is set for hearing on August 24,

26  2023 ("Enforcement Motion").  *See* Enforcement Mot., ECF 788.

27  _____

28  [1] Wellpath formerly was known California Forensic Medical Group, Inc.

United States District Court
Northern District of California

1    On July 20, 2023, Proposed Intervenors Monterey County Weekly, the First Amendment

2    Coalition, Patricia Ramirez, Jennifer Ramirez, Rafael Ramirez, Yvette Pajas, Xavier Pajas, and

3    Janel Pajas filed a motion for permissive intervention pursuant to Federal Rule of Civil Procedure

4    24(b).  *See* Mot. to Intervene, ECF 799, 808.[2]  The motion requests leave to intervene in this case

5    for the limited purpose of moving to unseal court records relating to Plaintiffs' Enforcement

6    Motion.  Proposed Intervenors also filed a motion to unseal on July 20, 2023.  *See* Mot. to Unseal,

7    ECF 800.

8    When the motion to intervene and motion to unseal were filed, a substantial portion of the

9    briefing and documents relating to Plaintiffs' Enforcement Motion had been filed under seal.  On

10   July 21, 2023, the Court issued an order ("Sealing Order") denying the parties' sealing motions in

11   large part and directing that the briefing and documents relating to the Enforcement Motion be

12   filed on the public docket, with limited redactions to protect individual privacy rights in personal

13   identifying information and health records.  *See* Sealing Order, ECF 802.

14   After filing the Sealing Order, the Court directed the Proposed Intervenors to advise the

15   Court regarding the status of their motions.  *See* Order Directing Proposed Intervenors to Advise

16   Court, ECF 803.  Proposed Intervenors filed a first response on July 26, 2023, advising that they

17   wished to pursue their motions light of Defendants' appeal of the Court's Sealing Order and

18   request for an emergency stay of the Sealing Order.  *See* Proposed Intervenors' First Response,

19   ECF 811.  Proposed Intervenors filed a second response on August 16, 2023, confirming that they

20   wish to proceed with their motions but indicating that their motion to unseal now is limited to a

21   request to unseal the names of Wellpath healthcare staff.

22   Defendants County of Monterey and the Monterey County Sheriff's Office ("County

23   Defendants") filed opposition to the motion to intervene and the motion to unseal, arguing that the

24   motions are moot because the public has access to the documents at issue except for limited and

25   warranted redactions.  *See* County Defs.' Opp., ECF 822.  Plaintiffs support the motions and

26   contend that they are not moot.  *See* Pls.' Response, ECF 824.

27

28   ---
     [2] The motion to intervene initially was filed on July 20, 2023 as ECF 799, but the motion was
     refiled on July 24, 2023 as ECF 808.

United States District Court
Northern District of California

## II.    MOTION TO INTERVENE (ECF 808)

The motion for permissive intervention is brought by a community newspaper, a nonprofit, and family of inmates who died at the Jail for the limited purpose of moving to unseal court records relating to Plaintiffs' Enforcement Motion.  The Court first sets forth the applicable legal standard, and then addresses the motion.

A motion for permissive intervention is governed by Federal Rule of Civil Procedure 24(b), which provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  While the primary focus of this provision is intervention for the purpose of litigating a claim on the merits, Rule 24(b) also provides an appropriate vehicle for nonparties to seek access to judicial records in a civil case.  *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999) ("Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)[.]"); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) ("Rule 24(b) permits limited intervention for the purpose of challenging a protective order.").  "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court."  *San Jose Mercury News*, 187 F.3d at 1100.  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

Nonparties seeking permissive intervention under Rule 24(b) generally must satisfy three requirements:  "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."  *Beckman*, 966 F.2d at 473.  However, "[a] third party seeking permissive intervention purely to unseal a court record does not need to demonstrate independent jurisdiction or a common question of law or fact."  *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019); *see also Beckman*, 966 F.2d at 473 (holding that an independent jurisdictional basis and strong nexus of fact or law are not required where a party seeks to intervene only to challenge a protective order).  In that circumstance, the proposed intervenor must satisfy only the second factor,

United States District Court
Northern District of California

1    timeliness.  *See San Jose Mercury News*, 187 F.3d at 1100.  "In determining whether a motion for

2    intervention is timely, a court must consider three factors: (1) the stage of the proceeding at which

3    an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length

4    of the delay."  *Id.* at 1100-01 (internal quotation marks and citation omitted).

5         As to the first timeliness factor, the stage of the proceedings, this case is well-advanced,

6    having been litigated since 2013.  However, the motion to intervene was triggered by Plaintiffs'

7    recent Enforcement Motion.  Proposed Intervenors – a community newspaper, a nonprofit, and

8    family of inmates who died at the Jail – have expressed legitimate interests in obtaining public

9    access to documents at the core of the Enforcement Motion, that is, documents relating to

10   Defendants' compliance with their obligations to provide adequate care to Jail inmates.  Under

11   these circumstances, the Court finds it reasonable that the motion to intervene was filed at this

12   stage in the proceedings.  This factor favors granting leave to intervene.

13        As to the second timeliness factor, prejudice to the parties, the County Defendants oppose

14   the motion on mootness grounds (discussed below) but have not identified any prejudice that

15   would flow from granting permissive intervention.  Plaintiffs support the motion to intervene.

16   Absent any identifiable prejudice to the existing parties, the Court finds that this factor favors

17   granting leave to intervene.

18        As to the third timeliness factor, delay, the motion to intervene was filed approximately

19   three months after Plaintiffs filed their Enforcement Motion and well before the hearing on the

20   Enforcement Motion.  Accordingly, there has not been any undue delay in bringing the motion to

21   intervene.  This factor favors granting the motion.

22        All three of the timeliness factors favor granting leave to intervene.  The County

23   Defendants do not argue to the contrary, but instead argue that the motion to intervene is entirely

24   unnecessary in light of the Court's Sealing Order.  The Court denied Defendants' request to seal,

25   in their entirety, more than thirty reports prepared by court-appointed neutral monitors tasked with

26   determining Defendants' compliance with the Settlement Agreement and Implementation Plan.

27   *See* Sealing Order, ECF 802.  The Court ordered that the neutral monitor reports be filed on the

28   public docket with only limited redactions to protect individual privacy rights in personal

1    identifying information and health records.  *See id.*  There has been no suggestion that Proposed

2    Intervenors will not be able to attend the upcoming hearing on Plaintiffs' Enforcement Motion.

3    Under these circumstances, the County Defendants argue, the motion to intervene is moot.

4         Proposed Intervenors have made clear that the Court's Sealing Order does not fully resolve

5    their request for access to Court documents; they still wish to pursue their motion to unseal with

6    respect to the names of Wellpath staff members who provided or supervised patient care at the

7    Jail.  The Court's Sealing Order directed that those names be redacted from the briefing and

8    documents filed on the public docket.  The Court finds that the motion to intervene is not moot.

9         Having weighed the relevant factors as discussed above, and in the exercise of its

10   discretion, the Court finds that the motion to intervene is timely and well-taken.  The motion to

11   intervene is GRANTED.

12   **II.    MOTION TO UNSEAL (ECF 800)**

13        Proposed Intervenors (hereinafter "Intervenors") filed their motion to unseal before the

14   Court issued its Sealing Order regarding the briefing and documents submitted in connection with

15   Plaintiffs' Enforcement Motion.  The Court directed that the briefing and documents be filed on

16   the public docket with limited redactions that were stipulated by the parties and approved by the

17   Court to protect individual privacy rights in personal identifying information and health records.

18   *See* Sealing Order, ECF 802.  On August 16, 2023, Intervenors filed a statement indicating that

19   they still wish to pursue their motion to unseal with respect to the names of Wellpath staff

20   members who provided or supervised patient care at the Jail.

21        In its Sealing Order, the Court acknowledged the presumption of public access to court

22   records and determined that the compelling reasons standard applies to the briefing and documents

23   filed in connection with Plaintiffs' Enforcement Motion.  *See* Sealing Order, ECF 802.  The Court

24   found no compelling reasons to seal the majority of the briefing and documents at issue, but did

25   find compelling reasons to redact limited portions of the briefing and documents to protect

26   individual privacy interests.  *See id.*  Those redactions include the names of Jail staff members

27   who provided or supervised patient care at the Jail.  *See id.*  The Court relied on cases holding that

28   the need to protect personal identifying information, including names and addresses, satisfies the

United States District Court
Northern District of California

1 | compelling reasons test for sealing.  *See id.*

2 | Intervenors argue that the public has a strong interest in knowing how their tax dollars are

3 | spent, and in evaluating the performance of public officials and contractors, including Wellpath.

4 | While the Court agrees wholeheartedly, Intervenors have not explained why disclosure of the

5 | names of individual Jail staff is necessary to further that public interest.  Intervenors assert that

6 | "this Court would not be the first to allow disclosure of the identities of private correctional health

7 | care contractor staff responsible for overseeing care," citing *Dunn v. Dunn*, 219 F. Supp. 3d 1100,

8 | 1108 (M.D. Ala. 2016).  Intervenors' reliance on *Dunn* is misplaced, as that case did not involve

9 | sealing motions or application of the compelling reasons standard.

10 | Intervenors also assert that the possibility that Wellpath staff members might be

11 | embarrassed or suffer adverse professional consequences does not constitute an adequate basis for

12 | sealing, relying on the following language from *Kamakana*:  "The mere fact that the production of

13 | records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will

14 | not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179.

15 | Intervenors' reliance is once again misplaced, as the cited language relates to the embarrassment

16 | or exposure of litigants.  While Wellpath is a party to this litigation, its individual staff members

17 | are not.

18 | Having carefully considered Intervenors' arguments and authorities, the Court finds no

19 | basis to reconsider its Sealing Order redacting the names of individual Wellpath employees.

20 | Accordingly, Intervenors' motion to unseal is GRANTED IN PART to the extent consistent with

21 | the Court's prior Sealing Order, and is DENIED IN PART as to the names of Wellpath staff

22 | members who provided or supervised patient care at the Jail.

23 | //

24 | //

25 | //

26 | //

27 | //

28 | //

United States District Court
Northern District of California

6

**III.   ORDER**

    (1)     The motion to intervene is GRANTED;

    (2)     Intervenors' motion to unseal is GRANTED IN PART to the extent consistent with the Court's prior Sealing Order, and is DENIED IN PART as to the names of Wellpath staff members.

    (3)     This order terminates ECF 800, 808.

Dated:  August 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California