1  LINDSEY M. ROMANO (SBN: 337600)
   lromano@grsm.com
2  ALLISON J. BECKER (PRO HAC VICE)
   abecker@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone: (415) 875-4126
5  Facsimile:  (415) 986-8054

6  Attorneys for Defendants
   CALIFORNIA FORENSIC MEDICAL GROUP, INC.

7
                    UNITED STATES DISTRICT COURT
8
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10 JESSE HERNANDEZ et al., on behalf of        ) CASE NO.  5:13-cv-02354-BLF
   themselves and all others similarly situated, )
11                                              ) **DEFENDANT CALIFORNIA**
                          Plaintiffs,           ) **FORENSIC MEDICAL GROUP,**
                                                ) **INC.'S MOTION TO ENLARGE**
12      vs.                                     ) **TIME FOR STATUS CONFERENCE**
                                                ) **HEARING**
13 COUNTY OF MONTEREY; MONTEREY                 )
   COUNTY SHERIFF'S OFFICE;                     )
14 CALIFORNIA FORENSIC MEDICAL                  ) **Current Hearing Date:**
   GROUP, INCORPORATED, a California            ) **March 28, 2024**
15 corporation, and DOES 1-20,                  ) **Current Hearing Time:**
                                                ) **    11:00 a.m.**
16                        Defendants.           ) **Department: Courtroom 1**
                                                )
17                                              ) Action Filed: May 23, 2013
                                                ) Trial Date: None yet
18                                              ) Judge: Hon. Beth Labson Freeman
                                                )

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

19
20 I.      **Introduction.**

21         Defendant California Forensic Medical Group, Inc. ("CFMG"), moves pursuant to

22 Northern District Local Rule 6-3 for an enlargement of time for hearing on the Court's status

23 conference which is currently set for March 28, 2024. CFMG now respectfully requests this

24 Court continue the hearing date until sometime after August 15, 2024 in order to allow time for

25 the next set of monitor reports to be completed and finalized.

26 II.     **Reasons for the Requested Enlargement of Time [Local Rule 6-3(a)(1)]**

27         On September 26, 2023, this Court entered an Order Granting Plaintiff's Motion to

28 Enforce the Settlement Agreement. [Dkt. 838]. Per that order, the Court allowed CFMG a six

-1-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   month "purge period" to come into compliance and purge potential sanctions, which would end

2   only three days prior to the currently scheduled status conference. CFMG is working diligently

3   to come into compliance during the purge period. Since the time of the Court's September Order,

4   Wellpath has hired new in-house counsel responsible for overseeing the CFMG Monterey

5   Implementation Plan. CFMG also retained new outside counsel for this case, who entered

6   appearances on February 6, 2024 and February 14, 2024.

7          New counsel for CFMG and Wellpath have also been working to review and respond to

8   the most recent monitor reports, and have identified some concerns with the sampling and

9   methodology with all monitor reports—specifically, that each monitor is not randomly selecting

10  a sample from among all inmates with certain clinical markers, but instead is only reviewing files

11  for patients with complaints or adverse outcomes. [A Becker Decl. ¶ 3]. This sampling method

12  will necessarily skew all findings by any monitor toward non-compliance. This Court has

13  expressly noted that "100% compliance is not required" for defendants to be in "substantial

14  compliance" with the Implementation Plan. [Dkt. 851]. We have reached out to opposing counsel

15  requesting to meet and confer on this issue as well as a conference with Judge Cousins to discuss

16  a more randomized sampling process for patient chart reviews to ensure that compliance findings

17  are based on a sample that is reflective of the entire jail patient population, rather than only those

18  patients who may have suffered an adverse outcome. [A Becker Decl. ¶ 5].

19         Finally, per the Court's recent Order on January 9, 2024 [Dkt. 851], the monitors are

20  currently scheduled to visit the site between late March and mid-April to assess Wellpath's

21  performance during this "purge period." Specifically the Court set the following dates for each

22  monitor's visit: March 25-26, 2024 (Dr. Barnett), April 1-2, 2024 (Dr. Winthrop), and April 15-

23  16, 2024 (Dr. Vess). [Dkt. 851, Pg. 2]. These visits are scheduled just days before or even weeks

24  after the currently scheduled status conference. Given the time frame contemplated by the

25  Settlement Agreement for the monitors to issue their drafts, review and comment by the parties,

26  and finalization of the reports, the reports detailing the monitor's findings at the conclusion of

27  the purge period would not be finalized until at least mid- to late July. [Dkt. 494, ¶ 40; Dkt. 851,

28  P. 3].

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S MOTION TO ENLARGE TIME FOR
STATUS CONFERENCE [N.D. Local Rule 6-3]

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

### III.   Timing [Local Rule 6-3(a)(6)]

The parties are proceeding with all document productions, filing deadlines, and monitor visits as currently scheduled and are not requesting a delay in any other case deadlines. However, with the schedule set by the Court's January Order in mind, CFMG and the County jointly request to postpone the status conference currently scheduled for March 28, 2024 to sometime after August 15, 2024 so that all parties can provide a substantive update on Wellpath's progress with the benefit of the final monitor reports from visits at the conclusion of the purge period, which will hopefully use a randomized sampling method. Postponing the conference would allow for the most efficient use of the Court's time and the parties' resources. Permitting the requested continuance would not affect the overall case management of this litigation in any way.

### IV.   Prejudice [Local Rule 6-3(a)(3)]

Defendants would suffer prejudice by providing a status update to the Court that would be reliant on monitor reports from visits performed on June 27-28, November 6-8, December 14-15, 2024—many months prior to the end of the purge period (some even before the September Order on the Motion to Enforce). There will be no way to determine whether CFMG came into compliance with any aspects of the Implementation Plan CFMG during the six month purge period based on this information. Defendants request the full six months allowed by the Court's September 26 Order prior to providing a substantive stats report to the Court, in order to focus resources on continued attempts to come into compliance and attempts to resolve ongoing issues with the monitors' sampling techniques. The continuance will also ensure that the Court is considering complete and up to date information at the status conference, including monitor reports that assess the Defendants' progress at the conclusion of the purge period. In the alternative, should the Court wish to proceed with a status conference on March 28, 2024, CFMG respectfully requests some guidance from the Court as to the items it might wish to cover during this status conference, in order to ensure the most productive use of the Court's time.

### V.   Meet & Confer Process with Plaintiffs [Local Rule 6-3(a)(2)]

In advance of filing this request, undersigned counsel conferred with counsel for all

-3-

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  parties regarding our intent to request a continuance of the status conference for the reasons

2  stated above. [Becker Decl. ¶ 7]. Counsel for the County consented and joins in the request.

3  Counsel for Plaintiffs has opposed.

4  **VI.     Plaintiffs' Position.**

5          Plaintiffs oppose CFMG's request for this continuance. Plaintiffs did not provide a basis

6  for opposing the request. [Becker Decl. ¶ 7]

7  **VII.    Conclusion.**

8          For the foregoing reasons, defendant CFMG respectfully requests this Court enter an

9  Order continuing the status conference from March 28, 2024, to a date after August 15, 2024, so

10  that the monitor reports for the purge periods can be finalized prior to the next status conference.

11  In the alternative, should the Court wish to proceed with a status conference on March 28, 2024,

12  CFMG respectfully requests some guidance from the Court as to the items it might wish to cover

13  during a March status conference, in order to ensure the most productive use of the Court's time.

14

15

16  Dated: February 26, 2024          GORDON REES SCULLY MANSUKHANI, LLP

17                                              By:     */s/ Allison J. Becker*
                                                        Lindsey M. Romano
18                                                      Allison J. Becker, (pro hac vice)
                                                        Attorneys for Defendant CFMG.

19

20

21

22

23

24

25

26

27

28

-4-