MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
Email:        mbien@rbgg.com
                   egalvan@rbgg.com
                   vswearingen@rbgg.com
                   cjackson@rbgg.com
                   mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone:  (202) 393-4930
Facsimile:   (202) 393-4931
Email:        ckendrick@aclu.org
                   kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:  (415) 621-2493
Facsimile:   (415) 255-8437
Email:        afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S MOTION TO ENLARGE TIME FOR STATUS CONFERENCE HEARING; DECLARATION OF CAROLINE E. JACKSON**<br><br>Date:   March 28, 2024<br>Time:  11:00 a.m.<br>Crtrm.: 1, San Jose<br><br>Judge: Beth Labson Freeman |

# INTRODUCTION

Plaintiffs oppose the motion of Defendant California Forensic Medical Group, Inc. ("CFMG") to enlarge the time for the status conference hearing, currently set for March 28, 2024, to "sometime after August 15, 2024." The Court would benefit from a status update at this time. Further, CFMG's stated reasons for enlarging the time are incorrect and have been waived.

## I.   REASONS FOR OPPOSING THE ENLARGEMENT OF TIME

On September 26, 2023, in the aftermath of six in-custody deaths in a twelve-month period, this Court issued an Order finding Defendant Wellpath, LLC ("Wellpath," formerly California Forensic Medical Group, Inc. or "CFMG") in civil contempt of forty-three requirements of the Settlement Agreement and Wellpath Implementation Plans. The Court granted Wellpath a six-month purge period, ending March 25, 2024, and set a status conference for March 28, 2024. On January 9, 2024, following a joint stipulation by the parties, this Court ordered a schedule for neutral monitors Dr. Barnett, Dr. Winthrop and Dr. Vess, to inspect the Jail and issue reports beginning March 25, 2024. *See* Dkt. No. 851. However, the March 28 status conference remained on calendar.

Wellpath requests to delay the status conference, in part, because "each monitor ... is only reviewing files for patients with complaints or adverse outcomes." *See* Dkt. No. 858 at 2. This is not an invalid way to conduct such audits: "[i]f the issue is whether prisoners are provided adequate medical care, it makes sense to look to prisoners with serious needs and, in particular, those who suffer adverse outcomes, not those prisoners who have no contact with the medical system." *Jensen v. Shinn*, 609 F. Supp. 3d 789, 833–34 (D. Ariz. 2022), amended, No. CV-12-00601-PHX-ROS, 2022 WL 2910835 (D. Ariz. July 18, 2022). And it is especially valid in this case, where the Implementation Plans are "intended to ensure that the class is not exposed to substantial risks of serious harm." *See* Settlement Agreement, Dkt. No. 494 ¶ 31.

In any event, there is no change in circumstance that requires the Court to change its plans for a status conference on March 28, 2024. The neutral monitors—agreed to by

Defendants and appointed by the Court for their expertise in their respective fields—have not changed their sampling methodologies substantially since the reports on which this Court's contempt order was based.  *See* Jackson Decl. ¶ 5.  For seven years, Wellpath never took issue with the neutral monitors' sampling methodology.  *See id.* ¶ 4.  Wellpath has had innumerable opportunities to confer with Plaintiffs' counsel regarding these alleged concerns and has failed to act.

Moreover, Wellpath has waived these arguments by failing to raise them in response to Plaintiffs' Enforcement Motion, *see generally* Dkt. No. 790, or in the first seven years of monitoring, *see* Jackson Decl. ¶¶ 4-5.  Wellpath does not allege that the neutral monitors have made any significant changes to their methodology.  Therefore, these arguments are waived.  *See Graves v. Penzone*, No. CV-77-00479-PHX-NVW, 2018 WL 4006748, at *13 (D. Ariz. Aug. 22, 2018) (party waived ability to object to methodology of compliance assessments by failing to raise them during meet-and-confer on point).

## II.  TIMING

Plaintiffs do not agree that Wellpath's motion would not affect the overall timing of the case.  The purpose of this case in the post-settlement mode is to ensure that the Plaintiff class receives the protections of the Settlement Agreement.  Delaying the March 28, 2024 status conference to some indeterminate date no earlier than five months from now hinders that purpose.

## III.  PREJUDICE

Wellpath will suffer no prejudice from this Court proceeding with the March 28 status conference.  The status conference is not a hearing, and the parties do not expect the Court to rule regarding Wellpath's continued noncompliance at that time.  Rather, Plaintiffs would be prejudiced by losing the opportunity to learn or discuss with the Court any new information regarding Wellpath's compliance efforts.

## IV. MEET AND CONFER PROCESS WITH DEFENDANTS

Wellpath never asked for Plaintiffs' basis for opposing the motion to continue the status conference. Further, Wellpath has had ample opportunity to meet and confer with Plaintiffs' counsel regarding the dispute that forms the basis for their Motion. Wellpath has sat on its hands and should not be rewarded for doing so.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court DENY Defendants CFMG's Motion for Enlargement of Time. Wellpath/CFMG has not provided a valid basis for the enlargement and has waived the underlying argument. Moreover, Plaintiffs would suffer prejudice from losing the opportunity for the Court to receive an update regarding Wellpath's efforts to achieve substantial compliance with the Implementation Plans.

DATED: March 1, 2024

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Caroline E. Jackson
Caroline E. Jackson

Attorneys for Plaintiffs

[4446382.3]

3

Case No. 5:13-cv-02354-BLF

PLAINTIFFS' OPPOSITION TO DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S MOTION TO ENLARGE TIME FOR STATUS CONFERENCE HEARING; DECLARATION OF CAROLINE E. JACKSON