MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
Email:        mbien@rbgg.com
                   egalvan@rbgg.com
                   vswearingen@rbgg.com
                   cjackson@rbgg.com
                   mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
NATIONAL PRISON PROJECT of the
AMERICAN CIVIL LIBERTIES UNION
39 Drumm Street
San Francisco, California  94111-4805
Telephone:  (202) 393-4930
Facsimile:   (202) 393-4931
Email:        ckendrick@aclu.org
                   kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:  (415) 621-2493
Facsimile:   (415) 255-8437
Email:        afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>N.D. Cal. Local Rules 7-11 & 79-5(c)<br><br>Judge:  Hon. Beth Labson Freeman<br><br>No Hearing Date Pursuant to L.R. 7-11(c) |

1    Plaintiffs' counsel submits, pursuant to Civil Local Rules 79-5(c) and 7-11, an
2    Administrative Motion to File Under Seal ("Administrative Motion to Seal" or "Admin.
3    Mtn."). Plaintiffs move to seal documents and portions of documents that contain the
4    following three categories of information:

5    1.   incarcerated people's names, dates of birth/death, and booking numbers,
6         except that initials will be used to identify deceased class members;
7    2.   the names and email addresses of health care staff employed by Wellpath,
8         who are directly involved in providing or supervising patient care at the
9         Monterey County Jail ("Jail"); and
10   3.   all other personal contact information, including those of the Court-
11        appointed neutral monitors.

12   The instant Motion seeks to seal the same kinds of information at issue in the
13   Court's July 21, 2023 Order granting the parties' Joint Administrative Motion to Seal
14   briefing and documents in connection with Plaintiffs' May 2023 Motion to Enforce the
15   Settlement Agreement and Wellpath Implementation Plan. Dkt. No. 802. Specifically,
16   Plaintiffs seek to seal portions of the 11th Mental Health Report, produced by Dr. James
17   Vess on March 8, 2024 (attached as Exhibit B to the March 21, 2024 Notice of Filing
18   Medical and Mental Health Neutral Monitor Reports), and the 15th Medical Care Audit
19   Report ("Medical Report") produced by Dr. Bruce Barnett on February 29, 2024 (attached
20   as Exhibit A to the March 21, 2024 Notice of Notice of Filing Medical and Mental Health
21   Neutral Monitor Reports), (together, "the Neutral Monitor Reports"). The information
22   sought to be sealed is identified in detail in the chart included in the below table:

**Information to Be Redacted and Filed Under Seal**

| Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|
| Exhibit B to March 21, 2024 Notice of Filing Medical and Mental Health Neutral Monitor Reports - 11th Mental Health Report | Highlighted portions at pages 1, 49, 61-63 | Contains information identifying class members, providers of patient care, and compliance ratings on requirements released from monitoring. Public disclosure would cause harm. |

| Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|
| Exhibit A to March 21, 2024 Notice of Filing Medical and Mental Health Neutral Monitor Reports - 15th Medical Audit Report | Highlighted portions at pages 14-20, 28-30; highlighted portions in report attachment Physician Case Review; highlighted portions of attachment Monitoring Audit Tool at pages 2-4, 9-12, 14-27, 34 | Contains information identifying class members and providers of patient care. Public disclosure would cause harm. |

Defense counsel would not agree to jointly filing the neutral monitor reports with redactions by March 20, 2024, and instead asked that the parties meet and confer about redactions during the week of April 1. *See* Declaration of Maya Campbell in Support of Plaintiffs' Administrative Motion to Seal ("Campbell Declaration") ¶¶ 13-16. Plaintiffs' counsel informed defense counsel that Plaintiffs intended to file the neutral monitor reports by March 20, 2024 so that the Court may review the reports in advance of the March 28, 2024 status conference. *Id.* ¶¶ 10, 12, 15.

In accordance with Civil Local Rules 79-5(d) and (e) and this Court's Civil Standing Order, Plaintiffs' counsel has concurrently filed sealed copies of the unredacted versions of all relevant documents with the proposed redactions highlighted in yellow. *See* Notice of Filing of Medical and Mental Health Neutral Monitor Reports, filed herewith. Plaintiffs' counsel will provide courtesy copies of these documents to the Court, in conformity with Civil Local Rule 79-5(d), if requested. *See* U.S. District Court, N.D. Cal., General Order 78. Plaintiffs' counsel have filed herewith a Proposed Order Granting the Administrative Motion to File Under Seal. *See* Civ. L.R. 79-5(c)(3).

I.   **LEGAL STANDARD**

The Ninth Circuit applies a "compelling reasons" standard to requests to seal most

1  judicial records, which "derives from the common law right 'to inspect and copy public
2  records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.
3  2010) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.
4  2006)).  This standard applies to records attached to any motion that is "more than
5  tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler
6  Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  Parties seeking to seal documents must
7  also comply with Civil Local Rule 79-5, which requires a statement of the applicable legal
8  standard and an explanation of "(i) the legitimate private or public interests that warrant
9  sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
10 alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  "Reference to a stipulation
11 or protective order that allows a party to designate certain documents as confidential is not
12 sufficient to establish that a document, or portions thereof, are sealable." *Id*.

13 **II.  PLAINTIFFS HAVE IDENTIFIED COMPELLING REASONS TO SEAL
        THE REQUESTED INFORMATION AND HAVE NARROWLY TAILED
14      THE REQUEST TO REDACT ONLY SEALABLE MATERIAL**

15        Plaintiffs request to seal the first category of information, relating to class members'
16 sensitive personal and identifying information, to protect legitimate private interests. Civ.
17 L.R. 79-5(c)(1).  The parties consistently redact such information pursuant to the
18 protective order (Dkt. 401) because the information appears in discussions of incarcerated
19 individuals' medical and custody records, implicating their rights to privacy.  This Court
20 has previously granted requests to seal such information. *See* Dkt. No. 604 (authorizing
21 redactions that "relate to confidential and personal information of class members and
22 security-sensitive information"); Dkt. No. 802 (authorizing many of the redactions
23 requested herein).  Redaction of this personal information is independently supported by
24 applicable law, to protect individuals' identities and privacy interests, including their
25 medical privacy. *See, e.g.*, *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2019
26 WL 6841259, at *3 (N.D. Cal. Dec. 16, 2019) (sealing "sensitive personal information");
27 *McArdle v. AT&T Mobility LLC*, No. 09-cv-1117 CW, 2018 WL 6803743, at *6 (N.D. Cal.
28 Aug. 13, 2018) (same).  In class actions, medical privacy interests can be protected through

the redaction of patient-identifying information.  *See Hedrick v. Grant*, No. 276-CV-0162GEBEFBP, 2017 WL 550044, at *2 (E.D. Cal. Feb. 10, 2017).

Plaintiffs request to seal the second and third categories of information, relating to the names and email addresses of certain health care staff and all personal contact information, to protect legitimate private interests.  Civ. L.R. 79-5(c)(1).  Redacting the names and email addresses of health care providers directly involved in providing or supervising patient care at the Jail protects those individuals from public embarrassment or professional consequences for acts and omissions in the provision of care to Plaintiff class members, which may discourage those individuals and prospective employees from working at the Jail.  The email addresses may be used to identify individuals whose names have otherwise been redacted.  Redacting all personal contact information within the documents (such as personal phone numbers and email addresses), which belong to Court-appointed neutral monitors and to attorneys, protects the privacy interests of these individuals.  *See Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (sealing personal contact information).

The information identified for be sealing is nearly identical to the information previously approved for sealing or exclusion by this Court, *see* Dkt. Nos. 802, 844, as well as the neutral monitor reports redacted and jointly filed by the parties on two occasions since.  *See* Notice of Filing of Dental Neutral Monitor Report and Redacted Dental Monitoring Report, Dkt. Nos. 857, 851-1 (filed Feb. 23, 2024); Notice of Filing of Medical and Mental Health Neutral Monitor Reports, Dkt. No. 842 (filed Oct. 16, 2023).[1]  As such, this Motion asks for nothing new, but rather seeks to maintain the parties' agreed upon status quo.

---

[1] Plaintiffs have omitted Appendix B from the Mental Health Report, which consists of Dr. Vess's inadvertent inclusion of compliance determinations as to three provisions of the CFMG and County Implementation Plans and Settlement Agreement.  *See* Campbell Decl. ¶ 4.  These provisions were previously removed from monitoring in accordance the parties' Joint Status Report, Dkt No. 843, which was approved by the Court on October 27, 2023, Dkt. No. 844.  *See id.*  In light of the parties' previous agreement, Plaintiffs have omitted Appendix B its entirety.  *See id.* ¶¶ 15, 17.

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the instant Administrative Motion to File Under Seal.

Respectfully submitted,

DATED: March 21, 2024

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Maya E. Campbell*
    Maya E. Campbell

Attorneys for Plaintiffs