| | |
|---|---|
| MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>VAN SWEARINGEN – 259809<br>CAROLINE E. JACKSON – 329980<br>MAYA E. CAMPBELL – 345180<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone:  (415) 433-6830<br>Facsimile:   (415) 433-7104<br>Email:        mbien@rbgg.com<br>                    egalvan@rbgg.com<br>                    vswearingen@rbgg.com<br>                    cjackson@rbgg.com<br>                    mcampbell@rbgg.com | AVRAM D. FREY<br>(*admitted pro hac vice*)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN<br>CALIFORNIA, INC.<br>39 Drumm Street<br>San Francisco, California 94111-4805<br>Telephone:  (415) 621-2493<br>Facsimile:   (415) 255-8437<br>Email:        afrey@aclunc.org |
| CORENE KENDRICK – 226642<br>KYLE VIRGIEN – 278747<br>ACLU NATIONAL PRISON PROJECT<br>425 California St., Ste. 700<br>San Francisco, CA 94104<br>Telephone:  (202) 393-4930<br>Facsimile:   (202) 393-4931<br>Email:        ckendrick@aclu.org<br>                    kvirgien@aclu.org | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO FILE UNDER SEAL NEUTRAL MONITOR REPORTS**<br><br>N.D. Cal. Local Rule 79-5(f)<br><br>Judge:  Beth Labson Freeman |

1  In 2016, the Court appointed neutral monitors to inspect the Monterey County Jail ("Jail") and issue reports assessing Defendant Wellpath, Inc.'s ("Wellpath," formerly California Forensic Medical Group, Inc.) compliance with the Settlement Agreement and Implementation Plan.  *See* Dkt. 563 at 2-4.  On April 27, 2023, Plaintiffs filed a Motion to Enforce the Settlement Agreement and Wellpath Implementation Plan ("Enforcement Motion"), establishing that Wellpath has failed to comply with most of its Court-ordered requirements, as evidenced by more than thirty neutral monitor reports evaluating Wellpath's provision of medical, mental health, and dental care at the Jail.  *See* Dkt. No. 775.  On September 26, 2023, this Court granted Plaintiffs' Enforcement Motion and ordered thereafter that "[t]he neutral monitors will continue to evaluate Wellpath's compliance as part of their regular monitoring duties" and that "[t]he parties shall file the neutral monitor reports with the Court."  Dkt. No. 838 at 27.

Despite this Court's Order, Plaintiffs have been unable to obtain Wellpath's agreement to jointly file the two most recent neutral monitor reports at least a week before the March 28, 2024 status conference.  *See* Declaration of Maya Campbell in Support of Plaintiffs' Administrative Motion to Seal ¶¶ 10-18.  Instead, Wellpath declined to jointly submit the documents by the March 20, 2024, and instead requested to meet and confer about redactions to the neutral monitor reports after the March 28, 2024 conference.  *Id.*

Pursuant to Civil Local Rule 79(f), Plaintiffs file this Administrative Motion to Consider Whether to File Under Seal Neutral Monitor Reports in order to ensure that the Court has the two most recent neutral monitor reports prior to the March 28, 2024 status conference.  Plaintiffs have therefore filed the two neutral monitor reports conditionally under seal, which are identified as Exhibits A and B to the Notice of Filing of Medical and Mental Health Neutral Monitor Reports, filed herewith.

Plaintiffs are concurrently filing an Administrative Motion to Seal, in which Plaintiffs seek to redact three categories of information:

1.  incarcerated people's names, dates of birth/death, and booking numbers, except that initials will be used to identify deceased class members;

2. the names and email addresses of health care staff employed by Wellpath, who are directly involved in providing or supervising patient care at the Monterey County Jail ("Jail"); and

3. all other personal contact information, including those of the Court-appointed neutral monitors.

Plaintiffs believe that redacting the above information is sufficient to maintain the confidentiality of those portions of the neutral monitor reports that are truly confidential.

Civil Local Rule 79-5(f) provides that "[f]or any document a party ('Filing Party') seeks to seal because that document has been designated as confidential by another party … (the 'Designating Party'), the Filing Party must … file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed." Civ. L.R. 79-5(f). Here, Plaintiffs are the "Filing Party" and Wellpath is the "Designating Party." The Designating Party bears the burden of justifying the sealing of the information they have designated as confidential, and must file, within seven days, "a statement and/or declaration as described in subsection [79-5](c)(1)" that provides "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." Civ. L.R. 79-5(c), (f)(3).

Here, Wellpath must establish, within seven days, why sealing is justified by narrowly tailoring their request to only seek sealing of sealable material and demonstrating, *inter alia*, "legitimate private or public interests that warrant sealing." Civ. L.R. 79-5(a), (c)(1), (f). Plaintiffs anticipate that Wellpath will be unable to justify sealing any portion of the neutral monitor reports not already redacted by Plaintiffs.

DATED: March 21, 2024          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/Maya Campbell
Maya E. Campbell

Attorneys for Plaintiffs