MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830
Facsimile:     (415) 433-7104
Email:          mbien@rbgg.com
                    egalvan@rbgg.com
                    vswearingen@rbgg.com
                    cjackson@rbgg.com
                    mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone:    (202) 393-4930
Facsimile:     (202) 393-4931
Email:          ckendrick@aclu.org
                    kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:    (415) 621-2493
Facsimile:     (415) 255-8437
Email:          afrey@aclunc.org

Attorneys for Plaintiffs
(*counsel continued on following page*)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**JOINT STATUS REPORT**<br><br>Date:    March 28, 2024<br>Time:    11:00 a.m.<br><br>Judge:  Beth Labson Freeman |

1   (*counsel continued from preceding page*)

2   SUSAN K. BLITCH – 187761
    Acting County Counsel
3   ELLEN S. LYONS – 136011
    Deputy County Counsel
4   TUCKER WISDOM-STACK – 300927
    Deputy County Counsel
5   COUNTY OF MONTEREY,
    OFFICE OF THE COUNTY COUNSEL
6   168 West Alisal Street, Third Floor
    Salinas, California  93901
7   Telephone:    (831) 755-5045
    Facsimile:    (831) 755-5283
8   Email:        LyonsE@co.monterey.ca.us
                  Wisdom-StackTN@co.monterey.ca.us
9
    Attorneys for Defendant
10  COUNTY OF MONTEREY and
    MONTEREY COUNTY SHERIFF'S OFFICE
11

12  LINDSEY M. ROMANO – 337600
    ALLISON J. BECKER – *pro hac vice*
13  GORDON REES SCULLY MANSUKHANI, LLP
    275 Battery Street, Suite 2000
14  San Francisco, California  94111
    Telephone:    (415) 875-4126
15  Facsimile:    (415) 986-8054
    Email:        lromano@grsm.com
16                abecker@grsm.com

17  Attorneys for Defendant
    WELLPATH, INC.

18

19

20

21

22

23

24

25

26

27

28

1    The parties submit the following joint statement in anticipation of the Status

2 Conference currently sent for March 28, 2024:

3    Since submitting the historical neutral monitor reports for medical, mental health,

4 and dental in connection with Plaintiffs' enforcement motion, Dkt. No. 825-1, the Court-

5 appointed neutral monitors have issued five final monitoring reports.  These reports,

6 redacted per this Court's prior orders, *see* Dkt. Nos. 604, 802, have been filed with this

7 Court as follows:

8  •  The 14th neutral monitor medical report prepared by Dr. Bruce Barnett, M.D., J.D.,

9     dated September 4, 2023, and covering the time period January 2023 through June

10    2023, has been filed as Dkt. No. 842-2.

11 •  The 15th neutral monitor medical report prepared by Dr. Bruce Barnett, dated

12    February 29, 2024, which covers the time period July through December 2023, has

13    been filed as Dkt. No. 862-5.

14 •  The 10th neutral monitor mental health report prepared by Dr. James Vess, PhD.,

15    dated August 21, 2023 and covering the time period July 2022 through May 2023,

16    has been filed as Dkt. No. 842-1.

17 •  The 11th neutral monitor mental health report prepared by Dr. James Vess, PhD.,

18    dated March 8, 2024 and covering the time period June through October 2023, has

19    been filed as Dkt. No. 862-4.

20 •  The 10th neutral monitor dental report prepared by Dr. Viviane Winthrop, dated

21    February 14, 2023, which covers the time period January 1 through June 30, 2023,

22    has been filed as Dkt. No. 857-1.

23    In addition, the parties have met and conferred regarding Defendants' stated

24 concerns regarding audit methodology, *see* Dkt. No. 858 at 1.  The parties have developed

25 a plan to continue to meet and confer regarding this dispute.

26 / / /

27 / / /

28 / / /

**I.      Plaintiffs' Statement**

Plaintiffs remain deeply concerned that, over seven years into the monitoring phase, Wellpath remains out of compliance with the vast majority of monitoring provisions according to reports submitted by the neutral monitors in the few weeks.  Plaintiffs' counsel has prepared a chart, included as **Exhibit A**, listing the neutral monitors' findings with respect to each of the 43 areas of non-compliance identified in the Court's September 26, 2023 Order finding Defendants in contempt, Dkt. No. 838 ("Enforcement Order").  Of these 43 areas, the neutral monitors have found Wellpath to be in substantial compliance with exactly one of them.

The Jail has not been providing and appears incapable of providing constitutional-levels of care to the approximately 900 people who are incarcerated in the Jail on any given day.  Routine medical and mental health evaluations to identify medical problems before they become urgent or emergent are not being done, are being done late, and/or are being done inadequately.  Dr. Barnett's review of 30 patients' care observed that 83% of people received inadequate medical care.  15th Medical Report at 25 n.15.  Dr. Barnett noted "the volume of patients with complicated medical problems seems to exceed the hours available for Medical Director supervision."  *See* 15th Medical Report at 23. Similarly, Dr. Vess and Dr. Winthrop concluded that that patients with mental health and dental issues are not being timely seen for sick call.  11th Mental Health Report at 9-10; 10th Dental Report at 33.

Another person has died in the custody of the Monterey County Jail since the Court issued its Enforcement Order on September 26, 2023.  Yet, since enforcement proceedings began, Wellpath stopped providing death reviews, in violation of the parties' agreement embodied in the Court's May 29, 2020 Order requiring Defendants to provide "access to the death reviews within 30 days from the date the review is completed."  *See* Dkt. No. 671.  Defendants' withholding of death reviews prevents both Plaintiffs' counsel and neutral monitors from evaluating care.  *See, e.g.*, 15th Medical Report at 24, 29, 35.

There is an urgent need for Wellpath to come into compliance with the 43 areas

1   listed in the Enforcement Order.  The lives and wellbeing of the residents of Monterey

2   County are at stake.  Wellpath appears to take the position that no care provided before

3   March 25, 2024 should be considered by the Court in evaluating its compliance with the

4   Enforcement Order.  That interpretation is inconsistent with the words and spirit of the

5   Enforcement Order as well as the parties' subsequent stipulation and Court order regarding

6   the timing of monitor reports.

7           On September 26, 2023, this Court granted Plaintiffs' Enforcement Order and set a

8   March 25, 2024 deadline—or six months—for Wellpath to come into substantial

9   compliance with the forty three requirements.  Dkt. No. 838  at 26-27.  The five neutral

10  monitor reports submitted since Plaintiffs filed their Enforcement Motion are relevant to

11  show that Wellpath has not meaningfully improved its provision of care to the people

12  incarcerated at the Jail.  On January 9, 2024, the parties filed a stipulation agreeing to a

13  timeline for the neutral monitor reports to be used by the Court to evaluate whether

14  Wellpath should be subject to sanctions in the amount of $25,000 per a violation.  Dkt.

15  850.  The Court accepted the parties' stipulation and ordered that the medical, mental

16  health, and dental audits to be conducted in late March and early-mid April 2024 will be

17  performed "to evaluate Wellpath's efforts to achieve substantial compliance pursuant to

18  the Enforcement Order."  Dkt. 851 at 5.  These neutral monitor reports will not be

19  available until early-to mid-summer 2024.  Dkt. 850 at 3-4.  Accordingly, the Court should

20  reject any attempt by Wellpath to have the Court not consider the neutral monitor reports

21  listed above on page 1 of this statement—or the reports agreed to in Dkts. 850 and 851—

22  for purposes of evaluating its compliance with the Court's Enforcement Order.

23          Plaintiffs respectfully request that the Court set a further status conference after the

24  next set of neutral monitor reports are anticipated to be finalized for the purpose of

25  evaluating Wellpath's compliance with the Enforcement Order, including whether

26  monetary sanctions are appropriate.  Plaintiffs suggest a date of August 1, 2024.

27

28

## II.      Defendants' Statement

### A.      CFMG Introduction

In February 2024, CFMG hired new outside counsel and in-house counsel to better address the requirements of the Implementation Plan and Settlement Agreement. CFMG has been working diligently to come into substantial compliance, and has made significant strides towards compliance, specifically in staffing, access to care, and training.

### B.      Monitor Reports

Since submitting the historical neutral monitor reports for medical, mental health, and dental in connection with Plaintiffs' enforcement motion, Dkt. No. 825-1, the Court-appointed neutral monitors have issued five final monitoring reports.  Three of these reports have already been filed with the Court.

Defendants are informed and believe that Plaintiffs filed Dr. Barnett 15th medical neutral monitor report, and Dr. Vess's 11th mental health neutral monitor report under Rule 79-5(f).[1] Defendants object to this filing.

Defendants respectfully request the Court consider monitor reports that are based on data reflecting the status of compliance as of March 26, 2024.  This will be consistent with the Court's Order providing Wellpath a six-month purge period to come into compliance. Dkt. No. 838.  Consideration of reports that contain data that predates March 25, 2024, does not accurately reflect the status of Wellpath's compliance.

Further, Defendants respectfully request that the Court wait to issue any conclusions regarding the imposition of sanctions until such time as it has an opportunity to review reports based on data from March 26, 2024 or after.  This will allow Defendants to receive the full benefit of the six-month purge period prior to being evaluated for compliance.

### C.      Meet and Confer Efforts

On February 11, 2024, the parties conducted a meet and confer to address document

---

[1] Defendants requested to meet and confer on the above referenced monitor reports. Plaintiffs made the unilateral decision to file Dr. Vess' and Dr. Barnett's monitoring reports in lieu of discussing the concerns surrounding the contents of the reports.

1   requests, potential review and revision of the monitors sampling methodology, and the

2   process and timing for filing the monitor reports. These discussions remain ongoing. The

3   parties plan to meet and confer again on April 1, 2024, to address specific elements of the

4   most recent monitoring reports, including the 15th neutral monitor medical report, and 11th

5   neutral monitor mental health report, among other issues.

6   **III.    Request for Guidance from the Court**

7            The parties would like to request guidance from the Court on two issues. First, the

8   parties request that the Court provide guidance on the timeline for filing the final monitor

9   reports as well as a process and timeline for filing formal objections to the filed monitor

10  reports, should Defendants deem such objections necessary. Second, on January 9, 2024,

11  the parties filed a Joint Status Report, stipulating that the monitors' onsite visits should

12  occur outside the purge period, in order to accurately assess whether the deficiencies have

13  been cured. Dkt. No. 850. Therefore, the parties request the Court's guidance on the

14  lookback period for compliance review. Defendants believe and suggest that in order to be

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

in alignment with the Court's September 26, 2023 Order, and to have the benefit of the six-month purge period, the proper lookback period for determining compliance should only include care provided <u>after</u> March 25, 2024.

Respectfully submitted,

DATED:  March 21, 2024           ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Caroline E. Jackson*
_____
     Caroline E. Jackson

Attorneys for Plaintiffs

DATED:  March 21, 2024           COUNTY COUNSEL,
                                 COUNTY OF MONTEREY

By:  */s/ Ellen S. Lyons*
_____
     Ellen S. Lyons
     Deputy County Counsel

Attorneys for Defendants
COUNTY OF MONTEREY and MONTEREY
COUNTY SHERRIFF'S OFFICE

DATED:  March 21, 2024           GORDON REES SCULLY MANSUKHANI

By:  */s/ Allison J. Becker*
_____
     Allison J. Becker

Attorneys for Defendant WELLPATH, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Northern District General Order 45(X)(B), I hereby attest that I have on file approvals for any signatures indicated by a "conformed" signature (*/s/*) within this e-filed document.

DATED:  March 21, 2024                    ROSEN BIEN GALVAN & GRUNFELD LLP

By:   */s/ Caroline E. Jackson*
       Caroline E. Jackson

Attorneys for Plaintiffs