MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
cjackson@rbgg.com
mcampbell@rbgg.com

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**JOINT STATUS REPORT AND [PROPOSED] ORDER**<br><br>Judge: Beth Labson Freeman |

**JOINT STATUS REPORT**

The County and Plaintiffs offer this joint status report to update the Court on recent developments in this case, and respectfully request that the Court adopt the County and Plaintiffs' agreements as set forth below.

On August 18, 2015, Defendants California Forensic Medical Group, Inc., ("CFMG," now "Wellpath"), the County of Monterey, the Monterey County Sheriff's Office ("the County") and Plaintiffs—the class of all persons held at the Monterey County Jail ("Jail"), and a subclass of persons with disabilities—entered into, and the Court approved, a Settlement Agreement to improve the provision of medical, mental health, and dental care, safety and security, and disability access at the Jail.  *See*  Dkt. 494, Ex. A.[1] Pursuant to the Settlement Agreement, the Court would retain jurisdiction to enforce the terms of this Settlement Agreement for a period of five years and Plaintiffs could move the Court for an extension of the Court's jurisdiction for a longer period.  *See* Dkt. No. 494 ¶ 46.

Pursuant to the parties' stipulation, on May 29, 2020, the Court extended its jurisdiction over this litigation and over all parties to enforce and administer the Settlement Agreement and Implementation Plans through August 31, 2022.  *See* Dkt. 671 at 6. Pursuant to another stipulation by the parties, on June 3, 2022, the Court extended its jurisdiction for a two-year period, through August 31, 2024, for safety and security and ADA-architectural monitoring, and for a three-year period, through August 31, 2025, for mental health, medical, dental, and ADA-programmatic monitoring.

The County and Plaintiffs have continued to discuss their disputes regarding ADA architectural monitoring and safety and security monitoring.  On June 4, 2024, the Monterey County Board of Supervisors approved a one-year extension of monitoring in the areas ADA architectural monitoring and safety and security.  The County and Plaintiffs

---

[1] All references to page numbers in documents filed in the Court's Electronic Case Filing (ECF system) are to the page number assigned by the ECF system and located in the upper right hand corner of the page.

now stipulate and agree to the following:

1. The County and Plaintiffs agree to and hereby request that the Court extend the terms of the Settlement Agreement and Implementation Plans, as well as its jurisdiction over this litigation and over the County and Plaintiffs to enforce and administer the Settlement Agreement and Implementation Plans for safety and security and ADA-architectural monitoring for an additional one-year period, through August 31, 2025.

2. By this agreement, the County and Plaintiffs agree that the County does not waive its right to seek termination, and Plaintiffs do not waive their right to enforce the Settlement Agreement and Implementation Plans.

IT IS SO STIPULATED.

Respectfully submitted,

DATED:  June 21, 2024　　　　ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Caroline E. Jackson*
　　Caroline E. Jackson

Attorneys for Plaintiffs

DATED:  June 21, 2024　　　　COUNTY COUNSEL,
　　　　　　　　　　　　　　　COUNTY OF MONTEREY

By: */s/ Ellen S. Lyons*
　　Ellen S. Lyons
　　Deputy County Counsel

Attorneys for Defendant County of Monterey

Pursuant to General Order 45(X)(B), I hereby attest that I have on file approvals for any signatures indicated by a "conformed" signature (*/s/*) within this e-filed document.

DATED:  June 21, 2024　　　　*/s/ Caroline E. Jackson*
　　　　　　　　　　　　　　　Caroline E. Jackson

## [~~PROPOSED~~] ORDER

Having reviewed the foregoing stipulation, and good cause appearing, the Court hereby accepts the County and Plaintiffs' stipulation. THE COURT ORDERS THAT:

The terms of the Settlement Agreement and Implementation Plans, as well as the Court's jurisdiction over this litigation and over the County and Plaintiffs to enforce and administer the Settlement Agreement and Implementation Plans for safety and security and ADA-architectural monitoring, are extended for a one-year period, through August 31, 2025.

IT IS SO ORDERED.

DATED: __June 26_____, 2024     _____/s/ Beth Labson Freeman_____
Honorable Beth Labson Freeman
United States District Judge