MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
cjackson@rbgg.com
mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT STATEMENT CONTAINING DRAFT MONITOR FINDINGS [DKT. NO. 891]**<br><br>Judge: Beth Labson Freeman |

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* at 1178 (citations and internal quotation marks omitted). This presumption "is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies," and the "public interest in understanding the judicial process." *Id*. at 1178-79 (citations, alterations and internal quotation marks omitted). Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing that is not based on "hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

As the "party seeking to seal a judicial record," Wellpath "bears the burden of overcoming this strong presumption" in favor of public access. *See id.* at 1178; Civ. L.R. 79-5(c)(1).

## II. WELLPATH HAS NOT ESTABLISHED A COMPELLING REASON FOR SEALING

This Court has already considered and rejected Wellpath's motion to seal the final neutral monitor reports in this case, *see* Dkt. No. 802, and denied Wellpath's motion to stay publication of the reports pending appeal, *see* Dkt. No. 819. *See also* Dkt. No. 838 at 27 (ordering the parties to publicly file the final neutral monitor reports as a matter of course). Defendants' sealing motion (Dkt. No. 892; hereafter, "Motion") asks the Court to seal portions of the parties' Joint Status Report that contain findings from the dental monitor's draft report. *See* Dkt. No. 893 at ECF 4, 7-8 (Defendants' redactions were not

made with black rectangles, so it looks as if the draft findings were deleted).

Defendants have not met their obligation under Civ. L.R. 79-5(c)(1) to show an injury that will result if sealing is denied. Defendants present no evidence to support their contention that revealing Dr. Winthrop's draft findings would "harm the validity and credibility of the monitor's audit system." Mot. at 4. The Settlement Agreement sets forth a process for the Court-appointed monitors to submit draft reports to the parties for comment before finalization. *See* Dkt. No. 494 ¶ 40(e). Nothing in the Settlement Agreement suggests that draft findings are confidential, and Defendants fail to explain how publication of draft findings will harm the validity or credibility of the monitoring process. Nor do Defendants present any evidence to support their speculative argument that draft findings "could mislead the public to entertain incorrect findings as fact." All references to the draft findings in the Joint Status Report clearly indicate that they are "draft" findings. The parties and the public understand that "drafts" are preliminary and subject to revision under the publicly-filed Settlement Agreement.

The cases Wellpath cites do not support sealing the draft findings. The court in *Int'l Swimming League, Ltd. v. Fed'n Internationale De Natation* found good cause (not a compelling reason) to seal a draft Memorandum of Understanding between private entities because its "terms include 'commercial rights, ownership interests, and payment schedules' whose disclosure would place 'FINA at a competitive disadvantage in future negotiations with independent organizers seeking to enter into agreements with FINA.'" Case No. 18-cv-07394-JSC, 2021 WL 2075572 at *7 (N.D. Cal. May 24, 2021). No such interests are at stake here. In *Al Otro Lado Inc. v. Wolf*, the court agreed to "limited redactions" of Draft Guidance by the U.S. Department of Homeland Security that, if made public, "would lead to 'undue public scrutiny' of DHS's deliberative process." Case No. 3:17-cv-2366-BAS-KSC, 2020 WL 6449152 at *5 (S.D. Cal. Nov. 2, 2020). The preliminary findings of the neutral monitors are not protected by the deliberative process privilege, and Defendants have not made that argument.

[4534632.2]

3

Case No. 5:13-cv-02354-BLF

PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT STATEMENT CONTAINING DRAFT MONITOR FINDINGS

## CONCLUSION

Wellpath has stated a preference, not a compelling reason, to conceal the dental monitor's draft report findings.  Plaintiffs respectfully request that this Court rule consistently with its prior orders and deny Defendants' motion to seal.

DATED:  July 29, 2024

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Caroline E. Jackson
    Caroline E. Jackson

Attorneys for Plaintiffs

[4534632.2]

4

Case No. 5:13-cv-02354-BLF

PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT STATEMENT CONTAINING DRAFT MONITOR FINDINGS