UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE HERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>    Defendants. | Case No.  13-cv-02354-BLF<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT STATUS REPORT CONTAINING DRAFT MONITOR FINDINGS**<br><br>[Re: ECF 891] |

Defendants have filed a motion to seal (ECF 891) portions of the Joint Status Report (ECF 893) filed by the parties in advance of the Status Conference scheduled for August 1, 2024. Specifically, Defendants seek to redact material in the Joint Status Report that is drawn from the draft 11th neutral monitor dental report prepared by the dental monitor, Dr. Viviane Winthrop, D.D.S. Plaintiffs oppose Defendants' sealing motion.

The Court first must determine whether Defendants' motion to seal should be evaluated under the "compelling reasons" standard applicable to documents that are "more than tangentially related to the merits of a case," or under the lesser "good cause" standard. *See Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02, 1097 (9th Cir. 2006). The Court finds the compelling reasons standard to be applicable, because the reports prepared by neutral monitors in this case go to the heart of the relief sought, adequate medical and mental health care for inmates at the Monterey County Jail. The Joint Status Report is intended to advise the Court of Defendants' progress in curing previously identified deficiencies in the care provided at the Jail.

1  The Court previously determined that Defendants failed to show compelling reasons to
2  seal the final neutral monitor reports, with the exception of certain personal identifying
3  information and health records, which the Court ordered redacted.  *See* Order Re. Admin. Mots.,
4  ECF 802.  The Court now finds that Defendants have failed to show compelling reasons to seal
5  material contained in the draft neutral monitor reports.  Defendants argue that the findings in the
6  draft report at issue are incomplete and may be incorrect, and that publicly filing the draft report
7  "would harm the validity and credibility of the monitor's audit system."  Def.'s Admin. Mot. at 4,
8  ECF 891.  Defendants also argue that because the findings in the draft report are subject to change,
9  those findings could mislead the public.  Defendants have not presented a factual basis for their
10 assertion that material drawn from the draft report could mislead the public.  As pointed out by
11 Plaintiffs, the Joint Status Report makes clear that the material in question constitutes "draft"
12 findings by the monitor, and that a final report is expected shortly.

13  Defendants' reliance on *Int'l Swimming League, Ltd. v. Fed'n Internationale De Natation*,
14 No. 18-CV-07394-JSC, 2021 WL 2075572 (N.D. Cal. May 24, 2021), and *Al Otro Lado, Inc. v.*
15 *Wolf*, No. 3:17-CV-2366-BAS-KSC, 2020 WL 6449152 (S.D. Cal. Nov. 2, 2020), is misplaced.
16 In *Int'l Swimming League*, the district court found good cause to seal a draft contract on the basis
17 that it contained non-public terms relating to commercial rights, ownership interests, and payment
18 schedules, and that disclosure of those terms would put one of the parties at a competitive
19 disadvantage in future negotiations.  Those commercial considerations are not applicable here.  In
20 *Al Otro Lado*, the district court found good cause to redact portions of a motion containing
21 material drawn from Draft Guidance of the United States Department of Homeland Security
22 ("DHS"), reasoning that public disclosure of the material would lead to undue scrutiny of DHS's
23 deliberative process and could stifle DHS personnel's participation in future processes.
24 Defendants have not explained how public disclosure of the draft monitor report at issue could
25 stifle future reporting; in fact, it could not, as the monitors are court-appointed and well aware that
26 their findings will be made publicly available.

27  Accordingly, Defendants' administrative motion to seal portions of the Joint Status Report
28 is DENIED.

**ORDER**

(1) Defendants' administrative motion (ECF 891) to seal portions of the Joint Status Report (ECF 893) filed in advance of the August 1, 2024 Status Conference is DENIED.

(2) The parties SHALL file the Joint Status Report in unredacted form on the public docket by 5:00 p.m. on August 1, 2024.

(3) This order terminates ECF 891.

Dated:  July 31, 2024

_____
BETH LABSON FREEMAN
United States District Judge