LINDSEY M. ROMANO (SBN: 337600)
LROMANO@GRSM.COM
ALLISON J. BECKER (PRO HAC VICE)
ABECKER@GRSM.COM
ELIZABETH B. MCGOWAN (PRO HAC VICE)
EMCGOWAN@GRSM.COM
GORDON REES SCULLY MANSUKHANI, LLP
315 PACIFIC AVENUE
SAN FRANCISCO, CA 94111
TELEPHONE: (415) 875-4126
FACSIMILE:  (415) 986-8054
Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation, and DOES 1-20,<br><br>Defendants. | CASE NO.  5:13-cv-02354-BLF<br><br>**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS PATIENT KEY FOR THE EXHIBITS TO ITS RESPONSE TO SHOW CAUSE IN RESPONSE TO ENFORCEMENT ORDER**<br><br>N.D. Cal. Local Rule 7-11 and 79-5(c)<br><br>Judge: Hon. Beth Labson Freeman |

Defendants' counsel for California Forensic Medical Group, Inc. ("CFMG") submits, pursuant to Civil Local Rules 79-5(d) and 7-11, an Administrative Motion to File Under Seal ("Administrative Motion to Seal"). CFMG moves to seal the following document to its Response to Show Cause:

    1.    Patient Key to Exhibits 1-44 and 56-58 to CFMG's Response to Show Cause Brief.

The documents contains incarcerated people's names and booking numbers. *See* **Declaration of Allison Becker Exhibit A**.

-1-

This Motion seeks to seal the same kinds of information at issue in the Court's July 21, 2023 Order granting the parties' Joint Administrative Motion to Seal briefing and documents in connection with Plaintiffs' May 2023 Motion to Enforce the Settlement Agreement and Wellpath Implementation Plan. Dkt. No. 802. Specifically, CFMG seeks to seal its patient key for exhibits 1-44 and 56-58 to its Response to Show Cause in Response to Enforcement Order. The information sought to be sealed is identified in detail in the chart included in the below table:

**Document to Be Filed Under Seal**

| Ex. | Document | Reason(s) for Sealing |
| --- | --- | --- |
| Ex. 59 | Patient Key to Exhibits 1-44 and 56-58 | Contains personal identifying information protected by law and should not be filed on the public docket. Public disclosure would cause harm to individuals should those findings be disclosed to the public. |

CFMG hereby files this motion to seal the Exhibits to its Response to Show Cause in Response to Enforcement Order ("Response to Show Cause"). *See* **Declaration of Allison Becker Exhibit A** ("Becker Declaration") ¶¶ 2, 3. Counsel for all parties have consented to this motion. *Id*. ¶ 4.

In accordance with Civil Local Rule 79-5(e) and this Court's Civil Standing Order, CFMG has concurrently filed sealed copies of the un-redacted versions of the exhibits. *See* Notice of Filing of Patient Key, filed herewith. Defense counsel will provide courtesy copies of these documents to the Court, in conformity with Civil Local Rule 79-5(e), if requested. *See* U.S. District Court, N.D. Cal., General Order 78. Defense counsel has filed herewith a Proposed Order Granting the Administrative Motion to File Under Seal. *See* Civ. L.R. 79-5(c)(3).

**I.     LEGAL STANDARD**

It is clear that the court "recognize[s] a general right to inspect and copy public records

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). The presumption of access is based on the need for accountability and "for the public to have confidence in the administration of justice." *Id* (quoting *United States v. Amodeo (Amodeo II )*, 71 F.3d 1044, 1048 (2d Cir.1995)). The party seeking to seal a judicial record has the burden of overcoming the "strong presumption by meeting the 'compelling reasons' standard." *Id* (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006)). A compelling reason may include records that could be used to "gratify private spite or promote public scandal." *Id*. at 1097. Moreover, parties requesting sealing of portions of a non-dispositive motion must make a "particularized showing of good cause." *Al Otro Lado, Inc. v. Wolf*, No. 3:17-CV-2366-BAS-KSC, 2020 WL 6449152, *5 (S.D. Cal. Nov. 2, 2020). "Good cause exists where the party seeking protection shows that specific prejudice or harm will result if the request to seal is denied." *Id* (citing *Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015)). Parties seeking to seal documents must comply with Civil Local Rule 79-5, which requires a statement of the applicable legal standard and an explanation of "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L. R. 79-5(c)(1).

## II. DEFENDANTS HAVE IDENTIFED NOT ONLY GOOD CAUSE, BUT COMPELLING REASONS TO SEAL THE REQUESTED INFORMATION AND HAVE NARROWLY TAILORED THE REQUEST TO REDACT ONLY SEALABLE MATERIAL.

CFMG requests to seal information relating to patients sensitive personal and identifying information, to protect legitimate private interests. Civ. L.R. 79-5(c)(1). The parties consistently redact such information pursuant to the protective order (Dkts. 401; 910) because the information appears in discussions of incarcerated individuals' medical and custody records, implicating their rights to privacy. This Court has previously granted requests to seal such information. See Dkt.

No. 604 (authorizing redactions that "relate to confidential and personal information of class members and security-sensitive information"); Dkt. No. 802 (authorizing many of the redactions requested herein). Redaction of this personal information is independently supported by applicable law, to protect individuals' identities and privacy interests, including their medical privacy. See, e.g., *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2019 WL 6841259, at *3 (N.D. Cal. Dec. 16, 2019) (sealing "sensitive personal information"); *McArdle v. AT&T Mobility LLC*, No. 09-cv-1117 CW, 2018 WL 6803743, at *6 (N.D. Cal. Aug. 13, 2018) (same). In class actions, medical privacy interests can be protected through the redaction of patient-identifying information. *See Hedrick v. Grant,* No. 276-CV-0162GEBEFBP, 2017 WL 550044, at *2 (E.D. Cal. Feb. 10, 2017). CFMG's request to seal the second category of information, relating to the names and book identification numbers of patients, to protect legitimate private interests. Civ. L.R. 79-5(c)(1). Redacting the names and booking identification of patients protects those individuals from public disclosure of private information.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the instant Administrative Motion to File under Seal.

Respectfully submitted,

Dated: September 5, 2024            GORDON REES SCULLY MANSUKHANI, LLP

By:   */s/ Allison J. Becker*
      Lindsey M. Romano
      Allison J. Becker, (pro hac vice)
      Elizabeth B. McGowan (pro hac vice)
      Attorneys for Defendant CFMG.

-4-
DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS PATIENT KEY FOR THE EXHIBITS TO ITS RESPONSE TO SHOW CAUSE IN RESPONSE TO ENFORCEMENT ORDER

# [PROPOSED] ORDER

Having reviewed CFMG's Administrative Motion to File Under Seal, and good cause appearing, the Court hereby GRANTS CFMG's Administrative Motion to File Under Seal.

Accordingly, it is hereby ORDERED that the document identified in the table below shall be filed under seal:

**Document to Be Filed Under Seal**

| Ex. | Document | Reason(s) for Sealing |
|---|---|---|
| Ex. 59 | Patient Key to Exhibits 1-44 and 56-58 | Contains personal identifying information protected by law and should not be filed on the public docket. Public disclosure would cause harm to individuals should those findings be disclosed to the public. |

**IT IS SO ORDERED.**

Dated: _____     By:_____

*Hon. Beth Labson Freeman*

*United States District Court*