# Exhibit B

1  LINDSEY M. ROMANO (SBN: 337600)
   lromano@grsm.com
2  ALLISON J. BECKER (PRO HAC VICE)
   abecker@grsm.com
3  ELIZABETH B. MCGOWAN (PRO HAC VICE)
   emcgowan@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   315 Pacific Avenue
5  San Francisco, CA 94111
   Telephone: (415) 875-4126
6  Facsimile: (415) 986-8054

7  Attorneys for Defendant
   CALIFORNIA FORENSIC MEDICAL GROUP, INC

8

9                 IN THE UNITED STATES DISTRICT COURT

10               FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  JESSE HERNANDEZ, et al., on behalf of      )   Case No. 5:13-cv-02354-BLF
    themselves and all others similarly situated, )
13                                             )   **DEFENDANT CALIFORNIA**
                 Plaintiffs,                   )   **FORENSIC MEDICAL GROUP,**
14                                             )   **INC.'S OBJECTIONS TO**
          v.                                   )   **PLAINTIFFS' INTERROGATORIES,**
15                                             )   **SET ONE**
    COUNTY OF MONTEREY; MONTEREY               )
16  COUNTY SHERIFF'S OFFICE;                   )
    CALIFORNIA FORENSIC MEDICAL                )   Judge: Hon. Beth Labson Freeman
17  GROUP, INCORPORATED, a California          )
    corporation, and DOES 1-20,                )
18                                             )
                 Defendants.                   )
19  _____  )

20

21  PROPOUNDING PARTY:     Plaintiff, JESSE HERNANDEZ

22  RESPONDING PARTY:      Defendant, CALIFORNIA FORENSIC MEDICAL GROUP, INC.

23  SET NO.:               ONE

24              **GENERAL STATEMENTS AND OBJECTIONS**

25       The following responses are given while discovery is in progress and are given without

26  prejudice to producing at trial subsequently discovered documents or documents omitted from these

27  responses as a result of mistake, inadvertence, or good faith oversight.

28       These responses bear the same number as the request being answered or appear immediately

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

after the request.

1.      CFMG has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  CFMG reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to CFMG's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to CFMG's right to supplement or amend these responses in the event that any information previously available to CFMG may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      CFMG expressly reserves:

    5.1      All objections regarding the competency, relevance, materiality, probative value, and admissibility of all information provided, documents produced, and the contents thereof.

    5.2      All objections as to vagueness, ambiguity, unintelligibility, and overbreadth.

6.      Nothing herein shall be construed as an admission by CFMG regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in Propounding Party's discovery requests.

7.      These responses are signed by counsel only as to the objections set forth in the response.  CFMG specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request.

    Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections are incorporated by reference into each of the following responses.

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY each person that WELLPATH intends to call as a witness for the evidentiary hearing currently scheduled for December 16-17, 2024, and describe the subject matter of their testimony and the capacity in which they will be testifying (*e.g.*, as a fact witness or as an expert witness).

**RESPONSE TO INTERROGATORY NO. 1:**

CFMG objects to this interrogatory on the grounds that it is overbroad, vague, and premature. CFMG states the following individuals will be called as witnesses:

- Joshua Rafinski (expert)
- Dr. Alexander Meagher (expert)
- Dr. Brian Waxler (expert)
- Dr. Morton Rosenberg (expert)

CFMG does not yet know whether its fact witnesses are necessary at the evidentiary hearing. CFMG reiterates its request to Plaintiffs to stipulate as to the process for pulling data and the authenticity of the data pulled to avoid the need for depositions or hearing testimony on these subjects.

**INTERROGATORY NO. 2:**

For each of Exhibits 1-44 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905, describe with specificity the information that the exhibit was intended to capture.

**RESPONSE TO INTERROGATORY NO. 2:**

CFMG objects to this interrogatory on the grounds that the phrase "intended to capture" is vague and ambiguous. CFMG further objects because the answer would necessitate the preparation or the making of a compilation, abstract, audit, or summary of or from the documents of the party to whom the interrogatory is directed. The burden or expense of preparing or making it would be substantially the same for Plaintiffs as for CFMG. *See* Federal R. Civ. Pro. 33(d). CFMG refers Plaintiffs to the title of each exhibit.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

1    **INTERROGATORY NO. 3:**

2        For Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton Rosenberg, Joshua Rafinski,

3    and each person that WELLPATH intends to call as an expert witness, state:

4        (a)    the date the expert witness was hired or retained;

5        (b)    the compensation to be paid for the study and testimony in the case, including the

6    hourly rate and hours worked to date; and

7        (c)    the facts or data considered by the expert witness in forming all opinions the

8    expert witness will express, including the nature of the expert witness's access to "patient charts"

9    (*e.g.*, the witness received access to CorEMR; the witness was provided a complete medical

10   record for each patient; the witness was provided a partial medical record for each patient).

11   **RESPONSE TO INTERROGATORY NO. 3:**

12       CFMG does not object to this Request.

13   **INTERROGATORY NO. 4:**

14       For each AUDIT TOOL set forth in Exhibits 56 through 58 to DEFENDANTS' SHOW

15   CAUSE BRIEF, Dkt. No. 905:

16       (a)    IDENTIFY all persons responsible for developing the AUDIT TOOL and their

17   roles in developing the AUDIT TOOL;

18       (b)    describe the process used to develop the AUDIT TOOL; and

19       (c)    state which portions of the AUDIT TOOL, if any, were developed exclusively for

20   use in this case.

21   **RESPONSE TO INTERROGATORY NO. 4:**

22       CFMG does not object to this Request; however, CFMG reiterates its request to Plaintiffs

23   to stipulate as to the process for pulling data and the authenticity of the data pulled to avoid the

24   need for depositions or hearing testimony on these subjects.

25   **INTERROGATORY NO. 5:**

26       For each individual listed in Exhibits 2, 3, 10, 11 and 26 to DEFENDANTS' SHOW

27   CAUSE BRIEF, Dkt. No. 905, provide their booking date and release date, if any.

28

1  **RESPONSE TO INTERROGATORY NO. 5:**

2      CFMG objects to this interrogatory to the extent it seeks information or documents outside

3  of its possession, custody, or control. Moreover, CFMG does not have access to the release dates

4  of all patients at the jail. CFMG will not produce any additional information other than what has

5  already been provided in its Exhibits to its Show Cause Brief.

6  **INTERROGATORY NO. 6:**

7      Provide the name and booking number for each individual listed in Exhibits 45, 51 and 53

8  to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

9  **RESPONSE TO INTERROGATORY NO. 6:**

10      CFMG objects to this interrogatory to the extent it seeks information outside the scope of

11  the experts' audit and is not proportional to the needs of the current dispute. CFMG further

12  objects because the answer would necessitate the preparation or the making of a compilation,

13  abstract, audit, or summary of or from the documents of the party to whom the interrogatory is

14  directed. The burden or expense of preparing or making it would be substantially the same for

15  Plaintiffs as for CFMG. *See* Federal R. Civ. Pro. 33(d). CFMG will not produce any additional

16  information other than what has already been provided in its Exhibits to its Show Cause Brief.

17  **INTERROGATORY NO. 7:**

18      For each individual listed in Exhibits 4 and 5 to DEFENDANTS' SHOW CAUSE BRIEF,

19  Dkt. No. 905, provide the date that this individual was initially referred for the specialty care

20  referenced in the Exhibit. (Note: It is Plaintiffs' understanding that the Exhibits 4 and 5 indicate

21  the date on which the individual was scheduled for a specialty care appointment and the date the

22  individual attended the specialty care appointment, but do not indicate the date the patient was

23  referred for specialty care).

24  **RESPONSE TO INTERROGATORY NO. 7:**

25      CFMG objects to this interrogatory to the extent it seeks information outside the scope of

26  the experts' audit and not proportional to the needs of the current dispute. CFMG further objects

27  because the answer would necessitate the preparation or the making of a compilation, abstract,

28  audit, or summary of or from the documents of the party to whom the interrogatory is directed.

The burden or expense of preparing or making it would be substantially the same for the Plaintiffs as for CFMG. *See* Federal R. Civ. Pro. 33(d). CFMG will produce medical records for the patients included in the expert audit.

**INTERROGATORY NO. 8:**

For each of the FINAL REPORTS from Dr. Barnett, Dr. Vess and Dr. Winthrop, identify all facts set forth in the FINAL REPORT that WELLPATH contends are incorrect.

**RESPONSE TO INTERROGATORY NO. 8:**

CFMG objects to this interrogatory to the extent it seeks information outside the scope of the expert audit, outside the scope of the Court's September 26, 2023 Order, and not proportional to the needs of the current dispute. See Dkt. 838.

**INTERROGATORY NO. 9:**

For each Request for Admission where WELLPATH's response was anything less than an unqualified admission:

(a)      state the number of the request;

(b)      set forth all facts on which you base your response; and

(c)      identify all individuals who have knowledge of those facts.

**RESPONSE TO INTERROGATORY NO. 9:**

CFMG objects to this interrogatory to the extent it seeks information outside the scope of the expert audit, outside the scope of the Court's September 26, 2023 Order, and not proportional to the needs of the current dispute. CMFG also objects to the extent this request is premature. CMFG will provide substantive responses to the RFAs on September 11 per agreement and will supplement this response accordingly.

Dated: August 30, 2024                        GORDON REES SCULLY MANSUKHANI, LLP


                                                      By: */s/ Lindsey M. Romano*
                                                             Lindsey M. Romano
                                                             Allison J. Becker (pro hac vice)
                                                             Elizabeth B. McGowan (pro hac vice)
                                                             Attorneys for Defendant CFMG

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

1

2

### CERTIFICATE OF SERVICE

*Jesse Hernandez, et al. v. County of Monterey, et al.*

3       USDC Northern District of California Case No.: 5:13-cv-02354-BLF

4       I am a resident of the State of Texas, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 315 Pacific Avenue, San Francisco, CA 94111.  On the date below, I served the within documents:

5

6       **DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S OBJECTIONS TO PLAINTIFFS' INTERROGATORIES, SET ONE**

7

8   ☐   **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below pursuant to Federal Rules of Civil Procedure 5(b)(C).

9

10  ☐   **BY PERSONAL SERVICE BY CAUSE**.  I caused to be personally delivered the document(s) listed above to the person(s) set forth below pursuant to Federal Rules of Civil Procedure 5(b)(2)(B).

11  ☐   **BY ELECTRONIC MAIL** by transmitting via electronic mail the document(s) listed above to the address(es) listed below on this date before 5:00 pm pursuant to FRCP 5(b)(2)(E).

12

13  ☐   **BY OVERNIGHT DELIVERY**: by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Federal Express as part of the ordinary business practices of Gordon & Rees LLP, addressed as set forth below.

14

15  ☐   **BY ELECTRONIC SERVICE** through the CM/ECF System which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3).

16

17

18      *Attorneys for Plaintiffs*              *Attorneys for County of Monterey Defendants*

19      MICHAEL W. BIEN – 096891
        ERNEST GALVAN – 196065            SUSAN K. BLITCH – 187761

20      VAN SWEARINGEN – 259809           Acting County Counsel
        CAROLINE E. JACKSON – 329980      ELLEN S. LYONS – 136011

21      MAYA E. CAMPBELL – 345180         Deputy County Counsel
        ROSEN BIEN                        TUCKER WISDOM-STACK – 300927

22      GALVAN & GRUNFELD LLP             Deputy County Counsel
        101 Mission Street, Sixth Floor   COUNTY OF MONTEREY,

23      San Francisco, California 94105-1738   OFFICE OF THE COUNTY COUNSEL
        Telephone: (415) 433-6830         168 West Alisal Street, Third Floor

24      Facsimile: (415) 433-7104         Salinas, California 93901
        Email: mbien@rbgg.com             Telephone: (831) 755-5045

25      egalvan@rbgg.com                  Facsimile: (831) 755-5283
        vswearingen@rbgg.com              Email: LyonsE@co.monterey.ca.us

26      cjackson@rbgg.com                 Wisdom-StackTN@co.monterey.ca.us
        mcampbell@rbgg.com

27
        AVRAM D. FREY

28      (admitted pro hac vice)

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

AMERICAN CIVIL LIBERTIES
UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON
PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 30, 2024** at Fort Worth, Texas.

/s/ Alissa Giler

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S RESPONSE TO PLAINTIFFS' INTERROGATORIES, SET ONE

LINDSEY M. ROMANO (SBN: 337600)
lromano@grsm.com
ALLISON J. BECKER (PRO HAC VICE)
abecker@grsm.com
ELIZABETH B. MCGOWAN (PRO HAC VICE)
emcgowan@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation, and DOES 1-20, <br><br> Defendants. | Case No. 5:13-cv-02354-BLF <br><br> **DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE** <br><br> Judge: Hon. Beth Labson Freeman |

PROPOUNDING PARTY:    Plaintiff, JESSE HERNANDEZ

RESPONDING PARTY:    Defendant, CALIFORNIA FORENSIC MEDICAL GROUP, INC.

SET NO.:    ONE

## <u>GENERAL STATEMENTS AND OBJECTIONS</u>

The following responses are given while discovery is in progress and are given without prejudice to producing at trial subsequently discovered documents or documents omitted from these responses as a result of mistake, inadvertence, or good faith oversight.

These responses bear the same number as the request being answered or appear immediately

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

after the request.

1.      CFMG has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case.  CFMG reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to CFMG's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to CFMG's right to supplement or amend these responses in the event that any information previously available to CFMG may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      CFMG expressly reserves:

5.1      All objections regarding the competency, relevance, materiality, probative value, and admissibility of all information provided, documents produced, and the contents thereof.

5.2      All objections as to vagueness, ambiguity, unintelligibility, and overbreadth.

6.      Nothing herein shall be construed as an admission by CFMG regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in Propounding Party's discovery requests.

7.      These responses are signed by counsel only as to the objections set forth in the response.  CFMG specifically claims the attorney-client privilege and/or the attorney-work product privilege as to each and every response set forth herein.

8.      The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request.

Responding Party responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections are incorporated by reference into each of the following responses.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY each person that WELLPATH intends to call as a witness for the evidentiary hearing currently scheduled for December 16-17, 2024, and describe the subject matter of their testimony and the capacity in which they will be testifying (*e.g.*, as a fact witness or as an expert witness).

**RESPONSE TO INTERROGATORY NO. 1:**

CFMG refers to its objections served on August 30. CFMG states the following individuals will be called as witnesses:

- Joshua Rafinski (expert)

- Dr. Alexander Meagher (expert)

- Dr. Brian Waxler (expert)

- Dr. Morton Rosenberg (expert)

The above witnesses will testify regarding the facts and opinions contained in their declarations. CFMG does not yet know whether its fact witnesses are necessary at the evidentiary hearing. CFMG reiterates its request to Plaintiffs to stipulate as to the process for pulling data and the authenticity of the data pulled to avoid the need for depositions or hearing testimony on these subjects.

**INTERROGATORY NO. 2:**

For each of Exhibits 1-44 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905, describe with specificity the information that the exhibit was intended to capture.

**RESPONSE TO INTERROGATORY NO. 2:**

CFMG refers to its objections served on August 30. CFMG refers Plaintiffs to the title of each exhibit and to the Declaration of Katherine Tebrock.

**INTERROGATORY NO. 3:**

For Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton Rosenberg, Joshua Rafinski,

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

and each person that WELLPATH intends to call as an expert witness, state:

> (a)     the date the expert witness was hired or retained;

> (b)     the compensation to be paid for the study and testimony in the case, including the hourly rate and hours worked to date; and

> (c)     the facts or data considered by the expert witness in forming all opinions the expert witness will express, including the nature of the expert witness's access to "patient charts" (*e.g.*, the witness received access to CorEMR; the witness was provided a complete medical record for each patient; the witness was provided a partial medical record for each patient).

## RESPONSE TO INTERROGATORY NO. 3:

CFMG states the following in response to this interrogatory:

Dr. Alexander Meagher

> (a)     Dr. Meagher was hired on August 2, 2024.

> (b)     Dr. Meagher's hourly rate is $550/hr for expedited record reviews. To date, Dr. Meagher performed 25.1 hours of work on this matter for a total of $13,805.00.

> (c)     Dr. Meagher reviewed a randomized list of patient names or ID numbers for each clinical indicator. He was provided with CorEMR access, restricted to the Monterey County Jail. A full list of the materials Dr. Meagher relied upon for his review and a summary of his opinions is included in his declaration.

Dr. Brian Waxler

> (a)     Dr. Waxler was hired on August 2, 2024.

> (b)     Dr. Waxler's hourly rate is $600/hr. To date, Dr. Waxler performed 28 hours of work on this matter for a total of $16,800.

> (c)     Dr. Waxler reviewed a randomized list of patient names or ID numbers for each clinical indicator. He was provided with CorEMR access, restricted to the Monterey County Jail. A full list of the materials Dr. Waxler relied upon for his review and a summary of his opinions is included in his

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1   declaration.

2   Dr. Morten Rosenberg

3   (a)   Dr. Rosenberg was hired on August 2, 2024.

4   (b)   Dr. Rosenberg's hourly rate is $300/hr. To date, Dr. Rosenberg performed

5   32.25 hours of work on this matter for a total of $9,675.

6   (c)   Dr. Rosenberg reviewed a randomized list of patient names or ID numbers

7   for each clinical indicator. He was provided with CorEMR access,

8   restricted to the Monterey County Jail. A full list of the materials Dr.

9   Rosenberg relied upon for his review and a summary of his opinions is

10   included in his declaration.

11   Joshua Rafinski

12   (a)   Mr. Rafinski was retained on or around July 26, 2024.

13   (b)   Mr. Rafinski's hourly rate is $300/hr. To date, Mr. Rafinski performed 15.5

14   hours of work on this matter for a total of $4,650. CFMG states that has not

15   yet received a second invoice from Mr. Rafinski. It will update this

16   response once it receives the relevant information.

17   (c)   Mr. Rafinski assisted in development of the audit tools used by the experts,

18   randomized raw data to create patient lists for the experts to use for their

19   audits, and assisted with calculating final compliance percentages based on

20   the experts' audits. A full list of the materials Mr. Rafinski relied upon for

21   his review and a summary of his opinions is included in his declaration.

22   **<u>INTERROGATORY NO. 4:</u>**

23   For each AUDIT TOOL set forth in Exhibits 56 through 58 to DEFENDANTS' SHOW

24   CAUSE BRIEF, Dkt. No. 905:

25   (a)   IDENTIFY all persons responsible for developing the AUDIT TOOL and their

26   roles in developing the AUDIT TOOL;

27   (b)   describe the process used to develop the AUDIT TOOL; and

28   (c)   state which portions of the AUDIT TOOL, if any, were developed exclusively for

1 use in this case.

2 **RESPONSE TO INTERROGATORY NO. 4:**

3     CFMG directs Plaintiffs to the Declaration of Katherine Tebrock. CFMG reiterates its

4 request to Plaintiffs to stipulate as to the process for pulling data and the authenticity of the data

5 pulled to avoid the need for depositions or hearing testimony on these subjects.

6 **INTERROGATORY NO. 5:**

7     For each individual listed in Exhibits 2, 3, 10, 11 and 26 to DEFENDANTS' SHOW

8 CAUSE BRIEF, Dkt. No. 905, provide their booking date and release date, if any.

9 **RESPONSE TO INTERROGATORY NO. 5:**

10     CFMG refers to its objections served on August 30. CFMG will not produce any

11 additional information other than what has already been provided in its Exhibits to its Show

12 Cause Brief.

13 **INTERROGATORY NO. 6:**

14     Provide the name and booking number for each individual listed in Exhibits 45, 51 and 53

15 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

16 **RESPONSE TO INTERROGATORY NO. 6:**

17     CFMG refers to its objections served on August 30. CFMG agreed only to produce any

18 documents it might otherwise need to create in order to comply with other discovery requests

19 from Plaintiffs. Please see CFMG-00523, which is a list of all names and booking numbers for

20 each individual patient actually reviewed by the experts in their audit [EXHIBITS 56, 57, 58].

21 CFMG continues to object to creating any further documents not kept in the ordinary course of its

22 business as unduly burdensome and not proportional to the needs of the case.

23 **INTERROGATORY NO. 7:**

24     For each individual listed in Exhibits 4 and 5 to DEFENDANTS' SHOW CAUSE BRIEF,

25 Dkt. No. 905, provide the date that this individual was initially referred for the specialty care

26 referenced in the Exhibit. (Note: It is Plaintiffs' understanding that the Exhibits 4 and 5 indicate

27 the date on which the individual was scheduled for a specialty care appointment and the date the

28 individual attended the specialty care appointment, but do not indicate the date the patient was

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' INTERROGATORIES, SET ONE

1  referred for specialty care).

2  **RESPONSE TO INTERROGATORY NO. 7:**

3      CFMG refers to its objections served on August 30. CFMG directs Plaintiffs to patient

4  medical records produced as CFMG 00598-23093 and Exhibits 4-5. Moreover, CFMG states that

5  Exhibits 4 and 5 contain the referral date, the date the scheduler scheduled the appointment and

6  the date the appointment was scheduled for.

7  **INTERROGATORY NO. 8:**

8      For each of the FINAL REPORTS from Dr. Barnett, Dr. Vess and Dr. Winthrop, identify

9  all facts set forth in the FINAL REPORT that WELLPATH contends are incorrect.

10  **RESPONSE TO INTERROGATORY NO. 8:**

11      CFMG refers to its objections served on August 30. CFMG maintains that the findings in

12  the neutral monitor reports are based on a retrospective review of information and are therefore

13  inadmissible and irrelevant to the current dispute. [August 1, 2024 Transcript, p. 14, 29-30].

14  Subject to and without waiving these objections, CFMG directs Plaintiffs to its letters to the

15  medical, mental health, and dental monitors most recent draft reports. The letters are titled:

16      May 13, 2024 CFMG Response to Dr. Barnett Draft Report

17      May 17, 2024 CFMG Response to Plaintiffs Letter on Dr. Barnett's Draft Report

18      June 27, 2024 CFMG Response to Dr. Vess Draft Report

19      July 1, 2024 CFMG Response to Plaintiffs Letter on Dr. Vess's Draft Report

20      July 5, 2024 CFMG Response to Dr. Winthrop's Draft Report/Plaintiffs' Letter

21  **INTERROGATORY NO. 9:**

22      For each Request for Admission where WELLPATH's response was anything less than an

23  unqualified admission:

24      (a)    state the number of the request;

25      (b)    set forth all facts on which you base your response; and

26      (c)    identify all individuals who have knowledge of those facts.

27  **RESPONSE TO INTERROGATORY NO. 9:**

28      CFMG refers to its objections served on August 30. CFMG directs Plaintiffs to its

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-7-

responses to the Requests for Admission. CFMG also directs Plaintiffs to the Declaration of

Katherine Tebrock and the Declarations filed in support of its Show Cause Response.

Dated: September 11, 2024                          GORDON REES SCULLY MANSUKHANI, LLP


By: /s/ Allison J. Becker

        Allison J. Becker (pro hac vice)
        Elizabeth B. McGowan (pro hac vice)
        Lindsey M. Romano
        Attorneys for Defendant CFMG

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## CERTIFICATE OF SERVICE

*Jesse Hernandez, et al. v. County of Monterey, et al.*
USDC Northern District of California Case No.: 5:13-cv-02354-BLF

I am a resident of the State of North Carolina, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 315 Pacific Avenue, San Francisco, CA 94111. On the date below, I served the within documents:

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES, SET ONE**

☐ **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below pursuant to Federal Rules of Civil Procedure 5(b)(C).

☐ **BY PERSONAL SERVICE BY CAUSE.** I caused to be personally delivered the document(s) listed above to the person(s) set forth below pursuant to Federal Rules of Civil Procedure 5(b)(2)(B).

☒ **BY ELECTRONIC MAIL** by transmitting via electronic mail the document(s) listed above to the address(es) listed below on this date before 5:00 pm pursuant to FRCP 5(b)(2)(E).

☐ **BY OVERNIGHT DELIVERY**: by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Federal Express as part of the ordinary business practices of Gordon & Rees LLP, addressed as set forth below.

☐ **BY ELECTRONIC SERVICE** through the CM/ECF System which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3).

| *Attorneys for Plaintiffs* | *Attorneys for County of Monterey Defendants* |
|---|---|
| MICHAEL W. BIEN – 096891 | |
| ERNEST GALVAN – 196065 | SUSAN K. BLITCH – 187761 |
| VAN SWEARINGEN – 259809 | Acting County Counsel |
| CAROLINE E. JACKSON – 329980 | ELLEN S. LYONS – 136011 |
| MAYA E. CAMPBELL – 345180 | Deputy County Counsel |
| ROSEN BIEN | TUCKER WISDOM-STACK – 300927 |
| GALVAN & GRUNFELD LLP | Deputy County Counsel |
| 101 Mission Street, Sixth Floor | COUNTY OF MONTEREY, |
| San Francisco, California 94105-1738 | OFFICE OF THE COUNTY COUNSEL |
| Telephone: (415) 433-6830 | 168 West Alisal Street, Third Floor |
| Facsimile: (415) 433-7104 | Salinas, California 93901 |
| Email: mbien@rbgg.com | Telephone: (831) 755-5045 |
| egalvan@rbgg.com | Facsimile: (831) 755-5283 |
| vswearingen@rbgg.com | Email: LyonsE@co.monterey.ca.us |
| cjackson@rbgg.com | Wisdom-StackTN@co.monterey.ca.us |
| mcampbell@rbgg.com | |
| | |
| AVRAM D. FREY | |
| (admitted pro hac vice) | |
| AMERICAN CIVIL LIBERTIES | |
| UNION | |
| FOUNDATION OF NORTHERN | |

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 11, 2024** at Raleigh, North Carolina.

/s/ Todd Yoho

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE

1   LINDSEY M. ROMANO (SBN: 337600)
    lromano@grsm.com
2   ALLISON J. BECKER (PRO HAC VICE)
    abecker@grsm.com
3   ELIZABETH B. MCGOWAN (PRO HAC VICE)
    emcgowan@grsm.com
4   GORDON REES SCULLY MANSUKHANI, LLP
    315 Pacific Avenue
5   San Francisco, CA 94111
    Telephone: (415) 875-4126
6   Facsimile: (415) 986-8054

7   Attorneys for Defendant
    CALIFORNIA FORENSIC MEDICAL GROUP, INC.

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  JESSE HERNANDEZ, et al., on behalf of        )   Case No. 5:13-cv-02354-BLF
    themselves and all others similarly situated, )
13                                                )   **DEFENDANT CALIFORNIA**
                   Plaintiffs,                    )   **FORENSIC MEDICAL GROUP,**
14                                                )   **INC.'S RESPONSE TO PLAINTIFFS'**
           v.                                     )   **REQUESTS FOR ADMISSION, SET**
15                                                )   **ONE**
    COUNTY OF MONTEREY; MONTEREY                  )
16  COUNTY SHERIFF'S OFFICE;                      )
    CALIFORNIA FORENSIC MEDICAL                   )   Judge: Hon. Beth Labson Freeman
17  GROUP, INCORPORATED, a California             )
    corporation, and DOES 1-20,                   )
18                                                )
                   Defendants.                    )
19  _____)

20

21  PROPOUNDING PARTY:    Plaintiff, JESSE HERNANDEZ

22  RESPONDING PARTY:     Defendant, CALIFORNIA FORENSIC MEDICAL GROUP, INC.

23  SET NO.:              ONE

24

25              **RESPONSES TO REQUESTS FOR ADMISSION**

26  **REQUEST FOR ADMISSION NO. 1:**

27       Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with

28  ENFORCEMENT REQUIREMENT No. 26, identified in Dkt. No. 905-4 as "Corrective Action

                                    -1-

*Gordon Rees Scully Mansukhani, LLP*
*315 Pacific Avenue*
*San Francisco, CA 94111*

Plans."

**RESPONSE TO REQUEST NO. 1:**

Denied. Despite diligent efforts, CFMG has insufficient evidence to admit or deny this request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with ENFORCEMENT REQUIREMENT No. 34, identified in Dkt. No. 905-3 as "Chronic Care."

**RESPONSE TO REQUEST NO. 2:**

Denied. Despite diligent efforts, CFMG has insufficient evidence to admit or deny this request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with ENFORCEMENT REQUIREMENT No. 39, identified in Dkt. No. 905-3 as "Endodontics."

**RESPONSE TO REQUEST NO. 3:**

Denied. Despite diligent efforts, CFMG has insufficient evidence to admit or deny this request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with ENFORCEMENT REQUIREMENT No. 3, identified in Dkt. No. 905-1 as "Sick Call."

**RESPONSE TO REQUEST NO. 4:**

Admitted that CFMG is in partial compliance, not substantial compliance, with this requirement. CFMG denies that a lack of substantial compliance in this area equates to substandard care.

**REQUEST FOR ADMISSION NO. 5:**

Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with ENFORCEMENT REQUIREMENT No. 11, identified in Dkt. No. 905 as "Medical Quality Assurance."

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSION, SET ONE

**RESPONSE TO REQUEST NO. 5:**

Admitted that CFMG is in partial compliance, not substantial compliance, with this requirement. CFMG denies that a lack of substantial compliance in this area equates to substandard care.

**REQUEST FOR ADMISSION NO. 6:**

Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with ENFORCEMENT REQUIREMENT No. 12, identified in Dkt. No. 905-4 as "Initial Mental Health Screening."

**RESPONSE TO REQUEST NO. 6:**

Admitted that CFMG is not in substantial compliance with this requirement, but denied that a lack of substantial compliance in this area equates to substandard care.

**REQUEST FOR ADMISSION NO. 7:**

Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with ENFORCEMENT REQUIREMENT No. 16, identified in Dkt. No. 905-4 as "Chronic Care."

**RESPONSE TO REQUEST NO. 7:**

Admitted that CFMG is in partial compliance, not substantial compliance, with this requirement. CFMG denies that a lack of substantial compliance in this area equates to substandard care.

**REQUEST FOR ADMISSION NO. 8:**

Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with ENFORCEMENT REQUIREMENT No. 20, identified in Dkt. No. 905-4 as "Consideration of Mental Health in Discipline."

**RESPONSE TO REQUEST NO. 8:**

Admitted that CFMG is not in substantial compliance with this requirement, but denied that a lack of substantial compliance in this area equates to substandard care.

**REQUEST FOR ADMISSION NO. 9:**

Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with ENFORCEMENT REQUIREMENT No. 21, identified in Dkt. No. 905-4 as "Segregation

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  Placement Screenings."

2  **RESPONSE TO REQUEST NO. 9:**

3      Admitted that CFMG is not in substantial compliance with this requirement, but denied

4  that a lack of substantial compliance in this area equates to substandard care.

5  **REQUEST FOR ADMISSION NO. 10:**

6      Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with

7  ENFORCEMENT REQUIREMENT No. 22, identified in Dkt. No. 905-4 as "Mental Health

8  Programming in Segregation."

9  **RESPONSE TO REQUEST NO. 10:**

10      Admitted that CFMG is in partial compliance, not substantial compliance, with this

11  requirement. CFMG denies that a lack of substantial compliance in this area equates to

12  substandard care.

13  **REQUEST FOR ADMISSION NO. 11:**

14      Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with

15  ENFORCEMENT REQUIREMENT No. 30, identified in Dkt. No. 905-3 as "Initial Health

16  Inventory."

17  **RESPONSE TO REQUEST NO. 11:**

18      Admitted that CFMG is not in substantial compliance with this requirement, but denied

19  that a lack of substantial compliance in this area equates to substandard care.

20  **REQUEST FOR ADMISSION NO. 12:**

21      Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with

22  ENFORCEMENT REQUIREMENT No. 32, as identified in Dkt. No. 905-3 as "Treatment for

23  Urgent and Emergent Conditions."

24  **RESPONSE TO REQUEST NO. 12:**

25      Admitted that CFMG is in partial compliance, not substantial compliance, with this

26  requirement. CFMG denies that a lack of substantial compliance in this area equates to

27  substandard care.

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**REQUEST FOR ADMISSION NO. 13:**

Admit that WELLPATH is not in SUBSTANTIAL COMPLIANCE with ENFORCEMENT REQUIREMENT No. 36, identified in Dkt. No. 905-3 as "Restorative and Palliative Care."

**RESPONSE TO REQUEST NO. 13:**

Admitted that CFMG is in partial compliance, not substantial compliance, with this requirement. CFMG denies that a lack of substantial compliance in this area equates to substandard care.

**REQUEST FOR ADMISSION NO. 14:**

Admit that a WELLPATH employee developed the AUDIT TOOL used in Exhibit 56 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

**RESPONSE TO REQUEST NO. 14:**

Admitted, in part. Please see the Declaration of Katherine Tebrock produced as CFMG 17003-17013.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Dr. Alexander Meagher did not develop the AUDIT TOOL used in Exhibit 56 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

**RESPONSE TO REQUEST NO. 15:**

Admitted. Please see the Declaration of Katherine Tebrock.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Joshua Rafinski did not develop the AUDIT TOOL used in Exhibit 56 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

**RESPONSE TO REQUEST NO. 16:**

Denied, in part. Please see the Declaration of Katherine Tebrock.

**REQUEST FOR ADMISSION NO. 17:**

Admit that a WELLPATH employee developed the AUDIT TOOL used in Exhibit 57 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

**RESPONSE TO REQUEST NO. 17:**

Admitted, in part. Please see the Declaration of Katherine Tebrock.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Dr. Brian Waxler did not develop the AUDIT TOOL used in Exhibit 57 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

**RESPONSE TO REQUEST NO. 18:**

Admitted. Please see the Declaration of Katherine Tebrock.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Joshua Rafinski did not develop the AUDIT TOOL used in Exhibit 57 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

**RESPONSE TO REQUEST NO. 19:**

Denied, in part. Please see the Declaration of Katherine Tebrock.

**REQUEST FOR ADMISSION NO. 20:**

Admit that a WELLPATH employee developed the AUDIT TOOL used in Exhibit 58 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

**RESPONSE TO REQUEST NO. 20:**

Admitted, in part. Please see the Declaration of Katherine Tebrock.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Dr. Morton Rosenberg did not develop the AUDIT TOOL used in Exhibit 58 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

**RESPONSE TO REQUEST NO. 21:**

Admitted. Please see the Declaration of Katherine Tebrock.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Joshua Rafinski did not develop the AUDIT TOOL used in Exhibit 58 to DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905.

**RESPONSE TO REQUEST NO. 22:**

Denied, in part. Please see the Declaration of Katherine Tebrock.

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

1

**REQUEST FOR ADMISSION NO. 23:**

2

Admit that all FINAL REPORTS produced by the neutral monitors in this case and filed

3

with the Court are admissible in evidence.

4

**RESPONSE TO REQUEST NO. 23:**

5

Denied.

6

**REQUEST FOR ADMISSION NO. 24:**

7

Admit that all DOCUMENTS that WELLPATH has produced to Plaintiffs' counsel,

8

which also carry a Bates stamp, are authentic.

9

**RESPONSE TO REQUEST NO. 24:**

10

Admitted.

11

Dated: September 11, 2024                    GORDON REES SCULLY MANSUKHANI, LLP

12

13

By: /s/ *Allison J. Becker*

14

Allison J. Becker (*Pro Hac Vice*)

15

Elizabeth B. McGowan (*Pro Hac Vice*)
Lindsey M. Romano

16

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL

17

GROUP, INC.

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE
*Jesse Hernandez, et al. v. County of Monterey, et al.*
USDC Northern District of California Case No.: 5:13-cv-02354-BLF

I am a resident of the State of North Carolina, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 315 Pacific Avenue, San Francisco, CA 94111. On the date below, I served the within documents:

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION, SET ONE**

☐ **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below pursuant to Federal Rules of Civil Procedure 5(b)(C).

☐ **BY PERSONAL SERVICE BY CAUSE.** I caused to be personally delivered the document(s) listed above to the person(s) set forth below pursuant to Federal Rules of Civil Procedure 5(b)(2)(B).

☒ **BY ELECTRONIC MAIL** by transmitting via electronic mail the document(s) listed above to the address(es) listed below on this date before 5:00 pm pursuant to FRCP 5(b)(2)(E).

☐ **BY OVERNIGHT DELIVERY**: by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Federal Express as part of the ordinary business practices of Gordon & Rees LLP, addressed as set forth below.

☐ **BY ELECTRONIC SERVICE** through the CM/ECF System which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3).

| _Attorneys for Plaintiffs_ | _Attorneys for County of Monterey Defendants_ |
|---|---|
| MICHAEL W. BIEN – 096891 | |
| ERNEST GALVAN – 196065 | SUSAN K. BLITCH – 187761 |
| VAN SWEARINGEN – 259809 | Acting County Counsel |
| CAROLINE E. JACKSON – 329980 | ELLEN S. LYONS – 136011 |
| MAYA E. CAMPBELL – 345180 | Deputy County Counsel |
| ROSEN BIEN | TUCKER WISDOM-STACK – 300927 |
| GALVAN & GRUNFELD LLP | Deputy County Counsel |
| 101 Mission Street, Sixth Floor | COUNTY OF MONTEREY, |
| San Francisco, California 94105-1738 | OFFICE OF THE COUNTY COUNSEL |
| Telephone: (415) 433-6830 | 168 West Alisal Street, Third Floor |
| Facsimile: (415) 433-7104 | Salinas, California 93901 |
| Email: mbien@rbgg.com | Telephone: (831) 755-5045 |
| egalvan@rbgg.com | Facsimile: (831) 755-5283 |
| vswearingen@rbgg.com | Email: LyonsE@co.monterey.ca.us |
| cjackson@rbgg.com | Wisdom-StackTN@co.monterey.ca.us |
| mcampbell@rbgg.com | |
| | |
| AVRAM D. FREY | |
| (admitted pro hac vice) | |
| AMERICAN CIVIL LIBERTIES | |
| UNION | |
| FOUNDATION OF NORTHERN | |

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON
PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 11, 2024** at Raleigh, North Carolina.

/s/ Todd Yoho

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-9-

LINDSEY M. ROMANO (SBN: 337600)
lromano@grsm.com
ALLISON J. BECKER (PRO HAC VICE)
abecker@grsm.com
ELIZABETH B. MCGOWAN (PRO HAC VICE)
emcgowan@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile:  (415) 986-8054

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation, and DOES 1-20,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Judge: Hon. Beth Labson Freeman |

PROPOUNDING PARTY:    Plaintiff, JESSE HERNANDEZ

RESPONDING PARTY:      Defendant, CALIFORNIA FORENSIC MEDICAL GROUP, INC.

SET NO.:                          ONE

## GENERAL STATEMENTS AND OBJECTIONS

The following responses are given while discovery is in progress and are given without prejudice to producing at trial subsequently discovered documents or documents omitted from these responses as a result of mistake, inadvertence, or good faith oversight. These responses bear the same number as the request being answered or appear immediately after the request.

-1-

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1.      CFMG has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to CFMG's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to CFMG's right to supplement or amend these responses in the event that any information previously available to CFMG may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      CFMG expressly reserves:

5.1      All objections regarding the competency, relevance, materiality, probative value, and admissibility of all information provided, documents produced, and the contents thereof.

5.2      All objections as to vagueness, ambiguity, unintelligibility, and overbreadth.

6.      Nothing herein shall be construed as an admission by CFMG regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in Propounding Party's discovery requests.

7.      These responses are signed by counsel only as to the objections set forth in the response. CFMG specifically claims the attorney-client privilege and/or the attorney- work product privilege as to each and every response set forth herein.

8.      The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request.

9.  CFMG responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections are incorporated by reference into each of the following responses.

**<u>RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**REQUEST FOR PRODUCTION NO. 1:**

ANY and ALL DOCUMENTS that WELLPATH intends to introduce into evidence during the evidentiary hearing currently scheduled for December 16-17, 2024.

**RESPONSE TO REQUEST NO. 1:**

CFMG has no objection to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Read-only access to CorEMR, including the ability to generate reports.

**RESPONSE TO REQUEST NO. 2:**

CFMG objects to this request on the basis that it is overbroad and unduly burdensome and does not seek the production of a document, but access to a system. CFMG states that medical records for each patient reviewed by its experts will be produced in PDF format to Plaintiffs. CFMG reiterates its request for Plaintiffs to prioritize the order in which they would like the records to be produced in order to maximize efficiency of document production, deposition scheduling, and informal settlement discussions.

**REQUEST FOR PRODUCTION NO. 3:**

The complete medical record for all individuals listed in Exhibits 1-44 in support of DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905, produced both in Excel format and in Portable Document Format (PDF).

**RESPONSE TO REQUEST NO. 3:**

CFMG objects to this request on the basis that it is overbroad, unduly burdensome, and seeks documents outside the scope of the experts' review and not proportional to the needs of the current dispute. CFMG further objects to the extent Plaintiffs seek documents not relied on by the experts. Moreover, CFMG objects to the request that the medical records be produced in an excel format. CFMG states that CorEMR exports medical records only in a PDF form. Furthermore, Rule 34(b)(2)(E)(iii) is clear that a party need not produce the same electronically stored information in more than one form. Therefore, CFMG will produce PDF versions of the medical records through August 16, 2024 for each patient. CFMG reiterates its request for Plaintiffs to prioritize the order in which they would like the records to be produced in order to maximize

-3-

efficiency of document production, deposition scheduling, and informal settlement discussions.

**REQUEST FOR PRODUCTION NO. 4:**

The complete medical record for all individuals whose records were reviewed in preparation of Exhibits 49 and 50 in support of DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905, produced both in Excel format and in Portable Document Format (PDF).

**RESPONSE TO REQUEST NO. 4:**

CFMG objects to this request on the basis that it is overbroad, unduly burdensome, and seeks documents outside the scope of the experts' review and not proportional to the needs of the current dispute. CFMG further objects to the extent Plaintiffs seek documents not relied on by the experts. Moreover, CFMG objects to the request that the medical records be produced in an excel format. CFMG states that CorEMR exports medical records only in a PDF form.   Furthermore, Rule 34(b)(2)(E)(iii) is clear that a party need not produce the same electronically stored information in more than one form. Moreover, CFMG objects to the scope of this request because its experts did not review the charts and/or data produced for the CQI process as part of their random audit. The experts' CQI review was limited to understanding whether the process was in place and sufficiently structured. CFMG will not produce any documents responsive to this request because they are outside the scope of the audit.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to show all individuals at the Jail who were under a "mental health" alert or "SMI" alert during the AUDIT PERIOD, such as a report from CorEMR.

**RESPONSE TO REQUEST NO. 5:**

CFMG objects to this request as it is overbroad, and seeks documents outside the scope of the expert review and not proportional to the needs of the current dispute. Moreover, CFMG does not keep any such report or record in the ordinary course of business, and would require examining, auditing, compiling, abstracting, or summarizing the patients' medical records, the burden of which would be substantially the same for either party. *See* Fed. R. Civ. P. 33(d). Furthermore, Rule 34(b)(2)(E)(iii) is clear that a party need not produce the same electronically stored information in more than one form. Therefore, CFMG will produce PDF versions of the

1    medical records for each patient through August 16, 2024.

2    **REQUEST FOR PRODUCTION NO. 6:**

3         DOCUMENTS sufficient to show all individuals who were waiting to be scheduled for

4    off-site specialty care during the AUDIT PERIOD, showing the date the task was created and (if

5    applicable) completed, such as a task report from CorEMR. (Note: It is Plaintiffs' understanding

6    that the task report listing individuals waiting to be scheduled for off-site appointments is distinct

7    from the task report listing patients who have been scheduled for such appointments, which was

8    produced as Exhibits 4 and 5 in support of DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No.

9    905).

10   **RESPONSE TO REQUEST NO. 6:**

11        CFMG has no objections to this request.

12   **REQUEST FOR PRODUCTION NO. 7:**

13        DOCUMENTS sufficient to show all individuals referred for chronic care appointments

14   following their intake assessment, such as a task report from CorEMR.

15   **RESPONSE TO REQUEST NO. 7:**

16        CFMG has no objections to this request.

17   **REQUEST FOR PRODUCTION NO. 8:**

18        DOCUMENTS sufficient to show all individuals whose medical records indicate an

19   affirmative response to the following questions, which appear on the Receiving Screening Form

20   produced to Plaintiffs as CMFG February 2024 001324:

21        •    Behavior: Appears under the influence/intoxicated/withdrawing from substance.

22        •    Does the patient appear to be acutely intoxicated?

23        •    Do you have, or have you ever had: Diabetes.

24        •    Do you have, or have you ever had: High Blood Pressure.

25        •    Do you have, or have you ever had: Heart Condition.

26        •    Do you have, or have you ever had: Asthma.

27        •    Do you have, or have you ever had: COPD.

28        •    Do you have, or have you ever had: Kidney Disease.

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

1    •    Do you have, or have you ever had: Seizure Disorder.

2    •    Do you have, or have you ever had: HIV/AIDS.

3    •    Do you have, or have you ever had: Hepatitis.

4    •    For "Do you use: Alcohol": Frequency: daily.

5    •    For "Do you use: Alcohol": Currently withdrawing.

6    •    For "Do you use: Benzodiazepines": Frequency: daily.

7    •    For "Do you use: Benzodiazepines": Currently withdrawing.

8    •    For "Do you use: Opiates": Frequency: daily.

9    •    For "Do you use: Opiates": Currently withdrawing.

10   •    For "Do you use: Synthetics": Frequency: daily.

11   •    For "Do you use: Synthetics": Currently withdrawing.

12   •    For "Do you use: Methamphetamines": Frequency: daily.

13   •    For "Do you use: Methamphetamines": Currently withdrawing.

14   •    Do you, or are you: Feeling so hopeless you don't want to live another moment?

15   •    Have you wished you were dead or wished you could go to sleep and not wake up?

16   •    Have you had any actual thoughts of killing yourself?

17   •    Have you been thinking about how you might kill yourself?

18   **RESPONSE TO REQUEST NO. 8:**

19   CFMG objects to this request as it is overbroad, unduly burdensome, vague, and seeks

20   documents outside the scope of the expert review and not proportional to the needs of the current

21   dispute. CFMG does not keep any such report or record in the ordinary course of business, and

22   would require examining, auditing, compiling, abstracting, or summarizing the patients' medical

23   records, the burden of which would be substantially the same for either party. *See* Fed. R. Civ. P.

24   33(d). CFMG will produce the documents and records each expert relied on in forming his

25   opinion as to compliance. Plaintiffs will have equal opportunity to review receiving screenings to

26   determine whether a patient answered in the affirmative "to the following questions." Moreover,

27   CFMG objects to the extent that Plaintiffs seek documents outside the scope of the expert review.

28   CFMG will not produce any additional documents other than the patients' medical records.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show all visits to holding and isolation cells by a MEDICAL PROVIDER during the AUDIT PERIOD, such as a task report from CorEMR.

**RESPONSE TO REQUEST NO. 9:**

CFMG objects to this request as it is vague, and seeks documents outside the scope of the expert review and not proportional to the needs of the current dispute. CFMG does not keep any such report or record in the ordinary course of business, and would require examining, auditing, compiling, abstracting, or summarizing the patients' medical records, the burden of which would be substantially the same for either party. *See* Fed. R. Civ. P. 33(d).  CFMG will produce patient charts reviewed by the experts during the audit period. The relevant information will be contained in the medical records. CFMG will not produce any additional documents other than the patients' medical records.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show all individuals on Medication Assisted Treatment for a Substance Use Disorder who were incarcerated at the JAIL during the AUDIT PERIOD, such as a report from CorEMR.

**RESPONSE TO REQUEST NO. 10:**

CFMG objects to this request as it is overbroad, vague, seeks documents outside the scope of the expert review and not proportional to the needs of the current dispute. Specifically, CFMG did not provide the experts with any data related to MAT, as it was not part of the September 26, 2023 Order. See Dkt. 838. Therefore, this request seeks documents outside the scope of the show cause briefing and irrelevant to the present sanctions contemplated by the Court. Therefore, CFMG will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show all individuals with positive PPD reads who were incarcerated at the JAIL during the AUDIT PERIOD, such as a report from CorEMR.

**RESPONSE TO REQUEST NO. 11:**

CFMG has no objections to this request.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**REQUEST FOR PRODUCTION NO. 12:**

For each individual listed in Exhibits 1, 35, 36 and 41 in support of DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905, all HEALTH SERVICES REQUESTS of any type and all GRIEVANCES submitted between March 20, 2024 and April 25, 2024. These documents may be produced in Portable Document Format (PDF).

**RESPONSE TO REQUEST NO. 12:**

CFMG objects to this request as it is overbroad, vague, and seeks documents outside the scope of the expert review and not proportional to the needs of the current dispute. This request seeks grievances, which were not relied on by the monitors in their review of patient charts and which are outside of CFMG's possession, custody, and control. Moreover, the timeframe requested by Plaintiffs is overly broad as it seeks requests submitted into late April, which is well outside of the audit period reviewed by the experts. CFMG will not produce any documents responsive to this request other than the patient medical records used in the audit.

**REQUEST FOR PRODUCTION NO. 13:**

For each individual whom Dr. Meagher, Dr. Rosenberg or Dr. Waxler determined did not experience "harm" due to a deficiency in their care, all HEALTH SERVICES REQUESTS of any type and all GRIEVANCES submitted between October 30, 2023 and August 30, 2024. These documents may be produced in Portable Document Format (PDF).

**RESPONSE TO REQUEST NO. 13:**

CFMG objects to this request as it is overbroad, vague, and seeks documents outside the scope of the expert review and not proportional to the needs of the current dispute. This request seeks grievances, which were not relied on by the monitors in their review of patient charts and which are outside of CFMG's possession, custody, and control. Moreover, the timeframe requested by Plaintiffs is overly broad as it seeks requests submitted into late April, which is well outside of the audit period reviewed by the experts. CFMG will not produce any documents responsive to this request other than the patient medical records used in the audit.

**REQUEST FOR PRODUCTION NO. 14:**

A blank copy of all forms that WELLPATH had available for use during the AUDIT

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1   PERIOD to obtain informed consent for dental procedures or treatment of any kind. These

2   documents may be produced in Portable Document Format (PDF).

3   **RESPONSE TO REQUEST NO. 14:**

4       CFMG objects to this request as it is overbroad, vague, and seeks documents outside the

5   scope of the expert review and not proportional to the needs of the current dispute. Moreover,

6   CFMG objects to this request as it seeks documents and information not contemplated by the

7   September 26, 2023 Court Order. See Dkt. 838. Per the Court's Order, informed consent was only

8   relevant in terms of dental care. The requisite forms will be included in the patient charts

9   provided to Plaintiffs, if such information exists. CFMG will not produce any additional

10  documents responsive to this request other than the patients' medical records.

11  **REQUEST FOR PRODUCTION NO. 15:**

12      All DOCUMENTS that WELLPATH contends sets forth the standard of care for medical,

13  mental health, and dental care that is currently applicable to this case. These documents may be

14  produced in Portable Document Format (PDF).

15  **RESPONSE TO REQUEST NO. 15:**

16      CFMG has no objection to this request.

17  **REQUEST FOR PRODUCTION NO. 16:**

18      Any and all DOCUMENTS reflecting COMMUNICATIONS between DEFENDANTS

19  and any member of the HEALTH CARE STAFF who began working at the JAIL in September

20  2023 and whose employment ended in December 2023 or January 2024. These documents may

21  be produced in Portable Document Format (PDF).

22  **RESPONSE TO REQUEST NO. 16:**

23      CFMG objects to this request as it is overbroad in scope, vague, irrelevant, unduly

24  burdensome, and because it seeks documents outside the scope of the expert review, the Court's

25  September 26, 2023 Order, and not proportional to the needs of this dispute. See Dkt. 838. CFMG

26  objects to the extent this request seeks confidential employee and HR information. CFMG objects

27  to this request to the extent it seeks documents protected by attorney-client privilege.

28      CFMG further objects to the extent this request seeks employment personnel files

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

protected by the Constitutional Right to Privacy. The custodian of such private information may not waive the privacy rights of persons who are constitutionally guaranteed their protection. (*Bd. of Tr. of Leland Stanford Jr. Univ. v. Super. Ct.*, (1981) 119 Cal. App. 3d 516 at 525-526. Emphasis added; internal quotes, cites, and bracketing omitted.) That personnel records are viewed in our State and by our society as protected by privacy rights is further evidenced by the federal Public Disclosure Act's exemption from its provisions of "personnel . . . files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy . . .." See 5 U.S.C. § 552(b)(6) and *Bd. of Tr. of Leland Stanford Jr. University*.  The custodian of private information has the right, in fact the duty, to resist attempts at unauthorized disclosure, and the person who is the subject of it is entitled to expect that his right will be thus asserted. And, of course, the custodian of such private information may not waive the privacy rights of persons who are constitutionally guaranteed their protection. (*Bd. of Tr. of Leland Stanford Jr. Univ. v. Super. Ct.*, (1981) 119 Cal. App. 3d 516 at 525-526. Emphasis added; internal quotes, cites, and bracketing omitted.) California's Public Records Act (Cal. Gov. Code §§ 6250-6265) also exempts from its disclosure provisions "personnel . . . or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." Id. (emphasis added). The request also ignores the provisions of Cal. Civ. Proc. Code § 1985.6. Section 1985.6, entitled Subpoena Duces Tecum for Employment Records, outlines a specific set of requirements which any litigant must follow in order to obtain the employment records of any employee, whether a party or a non-party. It provides for strict notice requirements similar to the "notice to consumer" requirements of Cal. Civ. Proc. Code § 1985.3. This is further evidence that the legislature intended to protect personnel files, or employment records, from unauthorized disclosure. Section 1985.6 provides that no employer need comply with a subpoena (or demand) for employment records unless proof of service of notice to the affected employee has been provided. The request attempts to circumvent the requirements of Cal. Civ. Proc. Code § 1985.6. All individuals have a right to privacy afforded to them under Article I, Section 1 of the California Constitution. *Griswold v. Connecticut*, 381 U.S. 479 (1965); and *Palay v. Super. Ct.*, 18 Cal. 4th 919 (1993). This protection has been afforded to employees with respect to their personnel files. *El Dorado*

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

*Savings & Loan Ass'n v. Super. Ct.*, 190 Cal. App. 3d 342, 345-346 (1987).

Further, the Business Records Act (Cal. Civ. Code §§ 1799-1799.3), which is interpreted broadly enough to include our client, bars disclosure of an employee's personal information. In fact, a violation of an employee's right of privacy may subject the employer to civil liability. Cal. Civ. Code § 1799.2 and *Payton v. City of Santa Clara*, 132 Cal. App. 3d 152 (1982). Of course, the right to privacy is not unfettered and may be overcome by the plaintiff's right to legitimate information in discovery. In fact, the Business Records Act specifically identifies the discoverability of the information as an exception to the bar on disclosure. Cal. Civ. Code § 1799.1(a). However, the requested records still are not discoverable as outlined below. Even highly relevant, non-privileged information may be shielded from discovery if its disclosure would impair a person's "inalienable right of privacy" provided by California Constitution Art. 1 Section 1. *Britt v. Super. Ct.*, 20 Cal. 3d 844 (1978). In each case, the Court must carefully balance the right of privacy against the need for discovery. Disclosure may be ordered if a "compelling public interest" would be served thereby. Id. Confidential personnel files at a person's place of employment are within a zone of privacy. *Bd. of Tr. of Leland Stanford Jr. Univ. v. Super. Ct.*, 119 Cal. App. 3d 516 (1981). There is the risk that the personnel file will contain confidential information regarding the employee's salary and "incentive plans" as well as performance evaluations. Disclosure would impair the confidentiality they expected would be accorded to their financial and other private information. Id. Personnel records are protected from discovery "unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from non-confidential sources." The job performance evaluation process, and compensation, should be afforded the same kind of protection given to other frank assessments of individuals routinely contained in personnel files. The party seeking discovery must show a particularized need for the confidential information sought. The broad "relevancy to the subject matter" standard is not enough here. The court must be convinced that the information is directly relevant to a cause of action or defense, i.e., that it is essential to determining the truth of the matters in dispute. *Britt*, 20 Cal. 3d at 844. Cal. Civ. Proc. Code § 2017(a) defines the scope of discovery. It states that discovery is limited to

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-11-

any matter "that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." The private personnel communications and information sought by Plaintiffs are simply not encompassed by this section and are therefore outside the scope of discoverable information.

In addition, the request is so vague that CFMG cannot reasonably discern what information Plaintiffs seek in response to this request or how it has any relevance to the current dispute. Compliance with this request as written contemplates production of nearly every email or communication between its employees for the entire time period at issue. CFMG will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

For the time period January 1, 2024 to April 30, 2024, any and all DOCUMENTS reflecting COMMUNICATIONS between DEFENDANTS and any member of the HEALTH CARE STAFF in which the member of the HEALTH CARE STAFF expressed concern or disapproval regarding the care provided to individuals at the JAIL or the training the HEALTH CARE STAFF member had received upon hire. These documents may be produced in Portable Document Format (PDF).

**RESPONSE TO REQUEST NO. 17:**

CFMG objects to this request as it is overbroad in scope, vague, irrelevant, unduly burdensome, and because it seeks documents outside the scope of the expert review, the Court's September 26, 2023 Order, and not proportional to the needs of this dispute. See Dkt. 838. CFMG objects to the extent this request seeks confidential employee and HR information. CFMG objects to this request to the extent it seeks to documents protected by attorney-client privilege.

CFMG further objects to the extent this request seeks employment personnel files protected by the Constitutional Right to Privacy. The custodian of such private information may not waive the privacy rights of persons who are constitutionally guaranteed their protection. (*Bd. of Tr. of Leland Stanford Jr. Univ. v. Super. Ct.*, (1981) 119 Cal. App. 3d 516 at 525-526. Emphasis added; internal quotes, cites, and bracketing omitted.) That personnel records are

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

viewed in our State and by our society as protected by privacy rights is further evidenced by the federal Public Disclosure Act's exemption from its provisions of "personnel . . . files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy . . .." See 5 U.S.C. § 552(b)(6) and *Bd. of Tr. of Leland Stanford Jr. University*.  The custodian of private information has the right, in fact the duty, to resist attempts at unauthorized disclosure and the person who is the subject of it is entitled to expect that his right will be thus asserted. And, of course, the custodian of such private information may not waive the privacy rights of persons who are constitutionally guaranteed their protection. (*Bd. of Tr. of Leland Stanford Jr. Univ. v. Super. Ct.*, (1981) 119 Cal. App. 3d 516 at 525-526. Emphasis added; internal quotes, cites, and bracketing omitted.) California's Public Records Act (Cal. Gov. Code §§ 6250-6265) also exempts from its disclosure provisions "personnel . . . or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." Id. (emphasis added). The request also ignores the provisions of Cal. Civ. Proc. Code § 1985.6. Section 1985.6, entitled Subpoena Duces Tecum for Employment Records, outlines a specific set of requirements which any litigant must follow in order to obtain the employment records of any employee, whether a party or a non-party. It provides for strict notice requirements similar to the "notice to consumer" requirements of Cal. Civ. Proc. Code § 1985.3. This is further evidence that the legislature intended to protect personnel files, or employment records, from unauthorized disclosure. Section 1985.6 provides that no employer need comply with a subpoena (or demand) for employment records unless proof of service of notice to the affected employee has been provided. The request attempts to circumvent the requirements of Cal. Civ. Proc. Code § 1985.6. All individuals have a right to privacy afforded to them under Article I, Section 1 of the California Constitution. *Griswold v. Connecticut*, 381 U.S. 479 (1965); and *Palay v. Super. Ct.*, 18 Cal. 4th 919 (1993). This protection has been afforded to employees with respect to their personnel files. *El Dorado Savings & Loan Ass'n v. Super. Ct.*, 190 Cal. App. 3d 342, 345-346 (1987).

Further, the Business Records Act (Cal. Civ. Code §§ 1799-1799.3), which is interpreted broadly enough to include our client, bars disclosure of an employee's personal information. In fact, a violation of an employee's right of privacy may subject the employer to civil liability. Cal.

Civ. Code § 1799.2 and *Payton v. City of Santa Clara*, 132 Cal. App. 3d 152 (1982). Of course, the right to privacy is not unfettered and may be overcome by the plaintiff's right to legitimate information in discovery. In fact, the Business Records Act specifically identifies the discoverability of the information as an exception to the bar on disclosure. Cal. Civ. Code § 1799.1(a). However, the requested records still are not discoverable as outlined below. Even highly relevant, non-privileged information may be shielded from discovery if its disclosure would impair a person's "inalienable right of privacy" provided by California Constitution Art. 1 Section 1. *Britt v. Super. Ct.*, 20 Cal. 3d 844 (1978). In each case, the Court must carefully balance the right of privacy against the need for discovery. Disclosure may be ordered if a "compelling public interest" would be served thereby. Id. Confidential personnel files at a person's place of employment are within a zone of privacy. *Bd. of Tr. of Leland Stanford Jr. Univ. v. Super. Ct.*, 119 Cal. App. 3d 516 (1981). There is the risk that the personnel file will contain confidential information regarding the employee's salary and "incentive plans" as well as performance evaluations. Disclosure would impair the confidentiality they expected would be accorded to their financial and other private information. Id. Personnel records are protected from discovery "unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from non-confidential sources." The job performance evaluation process, and compensation, should be afforded the same kind of protection given to other frank assessments of individuals routinely contained in personnel files. The party seeking discovery must show a particularized need for the confidential information sought. The broad "relevancy to the subject matter" standard is not enough here. The court must be convinced that the information is directly relevant to a cause of action or defense, i.e., that it is essential to determining the truth of the matters in dispute. *Britt*, 20 Cal. 3d at 844. Cal. Civ. Proc. Code § 2017(a) defines the scope of discovery. It states that discovery is limited to any matter "that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." The private personnel communications and information sought by Plaintiffs are simply not

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1   encompassed by this section and are therefore outside the scope of discoverable information.

2       In addition, the request is so vague that CFMG cannot reasonably discern what

3   information Plaintiffs seek in response to this request or how it has any relevance to the current

4   dispute. Compliance with this request as written contemplates production of nearly every email or

5   communication between its employees for the entire time period at issue. CFMG will not produce

6   any documents responsive to this request.

7   **REQUEST FOR PRODUCTION NO. 18:**

8       For Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton Rosenberg, Joshua Rafinski,

9   and each person that WELLPATH intends to call as an expert witness, any and all facts, data, or

10  other DOCUMENTS that the expert witness relied upon to form their opinion, including any and

11  all DOCUMENTS reflecting COMMUNICATIONS between WELLPATH or WELLPATH's

12  attorneys and the expert witness, such as COMMUNICATIONS related to compensation for the

13  expert's study or testimony, facts or data that the attorney provided and that the expert considered

14  in forming the opinions to be expressed, assumptions that the attorney provided and that the

15  expert relied on in forming the opinions to be expressed.

16  **RESPONSE TO REQUEST NO. 18:**

17      CFMG objects to this request as it is overbroad, vague, and to the extent it seeks

18  documents protected by the work product privilege. This request seeks communications protected

19  under Federal Rule of Civil Procedure 26(b)(4)(C). *See In re Application of Republic of Ecuador*,

20  280 F.R.D. 506 (N.D. Cal. 2012), *aff'd sub nom. Republic of Ecuador v. Mackay*, 742 F.3d 860

21  (9th Cir. 2014). Notwithstanding this objection, CFMG will produce documents responsive to this

22  request.

23  **REQUEST FOR PRODUCTION NO. 19:**

24      All retainer agreements for Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton

25  Rosenberg, and Joshua Rafinski. These documents may be produced in Portable Document

26  Format (PDF).

27  **RESPONSE TO REQUEST NO. 19:**

28      CFMG has no objection to this Request.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1   **REQUEST FOR PRODUCTION NO. 20:**

2       All DOCUMENTS reflecting time spent working on this case, including invoices and

3   evidence of payment, for Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton Rosenberg, and

4   Joshua Rafinski. These documents may be produced in Portable Document Format (PDF).

5   **RESPONSE TO REQUEST NO. 20:**

6       CFMG has no objection to this Request.

7   **REQUEST FOR PRODUCTION NO. 21:**

8       For Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton Rosenberg, Joshua Rafinski,

9   and each person that WELLPATH intends to call as an expert witness, all COMMUNICATIONS

10   regarding the FINAL REPORTS of Dr. Barnett, Dr. Vess and Dr. Winthrop. These documents

11   may be produced in Portable Document Format (PDF).

12   **RESPONSE TO REQUEST NO. 21:**

13       CFMG objects to this request to the extent that this request is overbroad, vague, and

14   irrelevant to the present matter, and to the extent it seeks communications protected by the work

15   product privilege and Federal Rule of Civil Procedure 26(b)(4)(C). *See In re Application of*

16   *Republic of Ecuador*, 280 F.R.D. 506 (N.D. Cal. 2012), *aff'd sub nom. Republic of Ecuador v.*

17   *Mackay*, 742 F.3d 860 (9th Cir. 2014). CFMG will not produce any documents responsive to this

18   request other than the declarations of each expert filed with the Court.

19   **REQUEST FOR PRODUCTION NO. 22:**

20       All DOCUMENTS related to the AUDIT TOOLS used in Exhibits 56-58 to

21   DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905, including non-final drafts of the AUDIT

22   TOOLS, COMMUNICATIONS regarding the AUDIT TOOLS, the qualifications of the

23   individual primarily responsible for developing each AUDIT TOOL, and all DOCUMENTS

24   showing facts or data considered during the development of the AUDIT TOOLS.

25   **RESPONSE TO REQUEST NO. 22:**

26       CFMG objects to this request to the extent that this request is overbroad, compound,

27   vague, and seeks information protected by the work product privilege and Federal Rule of Civil

28   Procedure 26(b)(4)(C). *See In re Application of Republic of Ecuador*, 280 F.R.D. 506 (N.D. Cal.

2012), *aff'd sub nom. Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014) (Holding that draft worksheets are treated as qualified work product and that communications outside of the express exceptions are protected from disclosure). CFMG will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

For each fact identified in response to Interrogatory No. 8 as incorrect, any and all DOCUMENTS supporting WELLPATH's contention that the fact is incorrect.

**RESPONSE TO REQUEST NO. 23:**

CFMG objects to this request as overbroad, outside the scope of the Court's September Order, and not proportional to the needs of the current dispute. CFMG will not produce any documents responsive to this request other than the letters it provided in response to the draft reports, which have already been produced to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS that any WELLPATH witness relies upon to refresh their recollection or prepare to testify in response to Plaintiffs' 30(b)(6) deposition notice.

**RESPONSE TO REQUEST NO. 24:**

CFMG objects to the extent that this request is premature. Specifically, Plaintiffs have not provided CFMG with a list of proposed 30(b)(6) topics, to which it could adequately respond to this request. Moreover, CFMG has not designated a PMK witness or witnesses.

**REQUEST FOR PRODUCTION NO. 25:**

Other than DOCUMENTS already produced to Plaintiffs, any and all DOCUMENTS reflecting self-audits or other CONTINUOUS QUALITY IMPROVEMENT ("CQI") measures conducted between March 1, 2024 and June 30, 2024, including the medical records and other patient records reviewed and the Excel spreadsheets showing the raw data.

**RESPONSE TO REQUEST NO. 25:**

CFMG objects to this request to the extent it is overbroad, vague, irrelevant, and seeks documents outside the scope of the expert audits and not proportional to the needs of the current dispute. CFMG further objects to the extent Plaintiffs seek documents not relied on by the

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-17-

1  experts. CFMG will not produce any additional documents other than what has already been

2  produced.

3  **REQUEST FOR PRODUCTION NO. 26:**

4      For all Interrogatories, all DOCUMENTS that support the information set forth in

5  DEFENDANTS' responses to Plaintiffs' Interrogatories.

6  **RESPONSE TO REQUEST NO. 26:**

7      CFMG incorporates by reference each of its objections to Plaintiffs' individual

8  Interrogatories. CFMG will not produce any additional documents other than what has already

9  been filed in support of its Show Cause briefing and what it has agreed to produce in response to

10  these Requests for Production.

11  **REQUEST FOR PRODUCTION NO. 27:**

12      For all Requests for Admission where WELLPATH's response was anything less than an

13  unqualified admission, all DOCUMENTS that support YOUR response.

14  **RESPONSE TO REQUEST NO. 27:**

15      CFMG incorporates by reference each of its responses to Plaintiffs' individual Requests

16  for Admission. CFMG has no responsive documents other than what has already been filed in

17  support of its Show Cause briefing and what it has agreed to produce in response to these

18  Requests for Production.

19      .

20  Dated: August 30, 2024        GORDON REES SCULLY MANSUKHANI, LLP

21

22          By: */s/ Lindsey M. Romano*

23          Lindsey M. Romano
        Allison J. Becker *(Pro Hac Vice)*

24          Elizabeth B. McGowan *(Pro Hac Vice)*
        Attorneys for Defendant

25          CALIFORNIA FORENSIC MEDICAL
        GROUP, INC.

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S RESPONSE TO PLAINTIFFS'
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

## CERTIFICATE OF SERVICE

*Jesse Hernandez, et al. v. County of Monterey, et al.*
USDC Northern District of California Case No.: 5:13-cv-02354-BLF

I am a resident of the State of Texas, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 315 Pacific Avenue, San Francisco, CA 94111.  On the date below, I served the within documents:

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

☐   **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below pursuant to Federal Rules of Civil Procedure 5(b)(C).

☐   **BY PERSONAL SERVICE BY CAUSE**.  I caused to be personally delivered the document(s) listed above to the person(s) set forth below pursuant to Federal Rules of Civil Procedure 5(b)(2)(B).

☒   **BY ELECTRONIC MAIL** by transmitting via electronic mail the document(s) listed above to the address(es) listed below on this date before 5:00 pm pursuant to FRCP 5(b)(2)(E).

☐   **BY OVERNIGHT DELIVERY**: by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Federal Express as part of the ordinary business practices of Gordon & Rees LLP, addressed as set forth below.

☐   **BY ELECTRONIC SERVICE** through the CM/ECF System which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3).

| *Attorneys for Plaintiffs* | *Attorneys for County of Monterey Defendants* |
|---|---|
| MICHAEL W. BIEN – 096891 | |
| ERNEST GALVAN – 196065 | SUSAN K. BLITCH – 187761 |
| VAN SWEARINGEN – 259809 | Acting County Counsel |
| CAROLINE E. JACKSON – 329980 | ELLEN S. LYONS – 136011 |
| MAYA E. CAMPBELL – 345180 | Deputy County Counsel |
| ROSEN BIEN | TUCKER WISDOM-STACK – 300927 |
| GALVAN & GRUNFELD LLP | Deputy County Counsel |
| 101 Mission Street, Sixth Floor | COUNTY OF MONTEREY, |
| San Francisco, California 94105-1738 | OFFICE OF THE COUNTY COUNSEL |
| Telephone: (415) 433-6830 | 168 West Alisal Street, Third Floor |
| Facsimile: (415) 433-7104 | Salinas, California 93901 |
| Email: mbien@rbgg.com | Telephone: (831) 755-5045 |
| egalvan@rbgg.com | Facsimile: (831) 755-5283 |
| vswearingen@rbgg.com | Email: LyonsE@co.monterey.ca.us |
| cjackson@rbgg.com | Wisdom-StackTN@co.monterey.ca.us |
| mcampbell@rbgg.com | |
| | |
| AVRAM D. FREY | |
| (admitted pro hac vice) | |
| AMERICAN CIVIL LIBERTIES | |
| UNION | |

-19-

FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON
PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 30, 2024** at Fort Worth, Texas.

/s/ Alissa Giler

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S RESPONSE TO PLAINTIFFS'
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

LINDSEY M. ROMANO (SBN: 337600)
lromano@grsm.com
ALLISON J. BECKER (PRO HAC VICE)
abecker@grsm.com
ELIZABETH B. MCGOWAN (PRO HAC VICE)
emcgowan@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ, et al., on behalf of themselves and all others similarly situated, ) ) | Case No. 5:13-cv-02354-BLF |
| Plaintiffs, ) ) | **DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| v. ) ) | |
| COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation, and DOES 1-20, ) ) ) ) ) | Judge: Hon. Beth Labson Freeman |
| Defendants. ) ) | |

PROPOUNDING PARTY:    Plaintiff, JESSE HERNANDEZ

RESPONDING PARTY:    Defendant, CALIFORNIA FORENSIC MEDICAL GROUP, INC.

SET NO.:    ONE

## **GENERAL STATEMENTS AND OBJECTIONS**

The following responses are given while discovery is in progress and are given without prejudice to producing at trial subsequently discovered documents or documents omitted from these responses as a result of mistake, inadvertence, or good faith oversight. These responses bear the same number as the request being answered or appear immediately after the request.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1.      CFMG has not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for arbitration or trial in this case. Responding Party reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.      These responses are made without prejudice to CFMG's right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.      These responses are made without prejudice to CFMG's right to supplement or amend these responses in the event that any information previously available to CFMG may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.      Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.      CFMG expressly reserves:

     5.1     All objections regarding the competency, relevance, materiality, probative value, and admissibility of all information provided, documents produced, and the contents thereof.

     5.2     All objections as to vagueness, ambiguity, unintelligibility, and overbreadth.

6.      Nothing herein shall be construed as an admission by CFMG regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in Propounding Party's discovery requests.

7.      These responses are signed by counsel only as to the objections set forth in the response. CFMG specifically claims the attorney-client privilege and/or the attorney- work product privilege as to each and every response set forth herein.

8.      The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection to any discovery request.

9.     CFMG responds to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections are incorporated by reference into each of the following responses.

## **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  **REQUEST FOR PRODUCTION NO. 1:**

2      ANY and ALL DOCUMENTS that WELLPATH intends to introduce into evidence

3  during the evidentiary hearing currently scheduled for December 16-17, 2024.

4  **RESPONSE TO REQUEST NO. 1:**

5      CFMG directs Plaintiffs to all exhibits filed with its show cause briefing. *See* Dkt. Nos.

6  905, 906, 907, 908. CFMG reserves the right to present additional evidence to rebut Plaintiffs'

7  evidence.

8  **REQUEST FOR PRODUCTION NO. 2:**

9      Read-only access to CorEMR, including the ability to generate reports.

10  **RESPONSE TO REQUEST NO. 2:**

11      CFMG refers to its objections served on August 30.

12      Subject to and without waiving these objections, CFMG is in the process of gathering the

13  patient charts and will produce them on a rolling basis. Please see documents attached as CFMG

14  00598-23093. CFMG will continue to supplement this response until all patient charts have been

15  produced.

16  **REQUEST FOR PRODUCTION NO. 3:**

17      The complete medical record for all individuals listed in Exhibits 1-44 in support of

18  DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905, produced both in Excel format and in

19  Portable Document Format (PDF).

20  **RESPONSE TO REQUEST NO. 3:**

21      CFMG refers to its objections served on August 30.

22      Subject to and without waiving these objections, CFMG is in the process of gathering the

23  patient charts and will prooduce them on a rolling basis. Please see documents attached as CFMG

24  00598-23093. CFMG will continue to supplement this response until all patient charts have been

25  produced.

26  **REQUEST FOR PRODUCTION NO. 4:**

27      The complete medical record for all individuals whose records were reviewed in

28  preparation of Exhibits 49 and 50 in support of DEFENDANTS' SHOW CAUSE BRIEF, Dkt.

No. 905, produced both in Excel format and in Portable Document Format (PDF).

**RESPONSE TO REQUEST NO. 4:**

CFMG refers to its objections served on August 30.

Plaintiffs have indicated they no longer seek a response to this request in their letter dated September 9, 2024. Accordingly, CFMG will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to show all individuals at the Jail who were under a "mental health" alert or "SMI" alert during the AUDIT PERIOD, such as a report from CorEMR.

**RESPONSE TO REQUEST NO. 5:**

CFMG refers to its objections served on August 30.

Plaintiffs have indicated they no longer seek a response to this request in their letter dated September 9, 2024. Accordingly, CFMG will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to show all individuals who were waiting to be scheduled for off-site specialty care during the AUDIT PERIOD, showing the date the task was created and (if applicable) completed, such as a task report from CorEMR. (Note: It is Plaintiffs' understanding that the task report listing individuals waiting to be scheduled for off-site appointments is distinct from the task report listing patients who have been scheduled for such appointments, which was produced as Exhibits 4 and 5 in support of DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905).

**RESPONSE TO REQUEST NO. 6:**

CFMG also refers Plaintiffs to its response to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to show all individuals referred for chronic care appointments following their intake assessment, such as a task report from CorEMR.

**RESPONSE TO REQUEST NO. 7:**

CFMG directs Plaintiffs to the following documents produced with this response:

CFMG 00558-00559

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show all individuals whose medical records indicate an affirmative response to the following questions, which appear on the Receiving Screening Form produced to Plaintiffs as CMFG February 2024 001324:

- Behavior: Appears under the influence/intoxicated/withdrawing from substance.
- Does the patient appear to be acutely intoxicated?
- Do you have, or have you ever had: Diabetes.
- Do you have, or have you ever had: High Blood Pressure.
- Do you have, or have you ever had: Heart Condition.
- Do you have, or have you ever had: Asthma.
- Do you have, or have you ever had: COPD.
- Do you have, or have you ever had: Kidney Disease.
- Do you have, or have you ever had: Seizure Disorder.
- Do you have, or have you ever had: HIV/AIDS.
- Do you have, or have you ever had: Hepatitis.
- For "Do you use: Alcohol": Frequency: daily.
- For "Do you use: Alcohol": Currently withdrawing.
- For "Do you use: Benzodiazepines": Frequency: daily.
- For "Do you use: Benzodiazepines": Currently withdrawing.
- For "Do you use: Opiates": Frequency: daily.
- For "Do you use: Opiates": Currently withdrawing.
- For "Do you use: Synthetics": Frequency: daily.
- For "Do you use: Synthetics": Currently withdrawing.
- For "Do you use: Methamphetamines": Frequency: daily.
- For "Do you use: Methamphetamines": Currently withdrawing.
- Do you, or are you: Feeling so hopeless you don't want to live another moment?
- Have you wished you were dead or wished you could go to sleep and not wake up?
- Have you had any actual thoughts of killing yourself?

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1        •      Have you been thinking about how you might kill yourself?

2    **RESPONSE TO REQUEST NO. 8:**

3        CFMG refers to its objections served on August 30. CFMG directs Plaintiffs to the

4    following documents produced with this response:

5        CFMG 00579-00597

6        Please note that CorEMR is not able to run reports on patient responses to the above

7    questions regarding the frequency of their drug use. We have provided reports that list patients

8    during the audit period who provided an affirmative response to the use of each drug, or an

9    affirmative response to withdrawing from each drug, but we cannot provide reports on which

10   patients might have affirmatively responded to a question regarding daily use of the drugs

11   requested.

12   **REQUEST FOR PRODUCTION NO. 9:**

13       DOCUMENTS sufficient to show all visits to holding and isolation cells by a MEDICAL

14   PROVIDER during the AUDIT PERIOD, such as a task report from CorEMR.

15   **RESPONSE TO REQUEST NO. 9:**

16       CFMG refers to its objections served on August 30. CFMG directs Plaintiffs to the

17   following documents produced with this response:

18       CFMG 00563-00578

19   **REQUEST FOR PRODUCTION NO. 10:**

20       DOCUMENTS sufficient to show all individuals on Medication Assisted Treatment for a

21   Substance Use Disorder who were incarcerated at the JAIL during the AUDIT PERIOD, such as

22   a report from CorEMR.

23   **RESPONSE TO REQUEST NO. 10:**

24       CFMG refers to its objections served on August 30. CFMG directs Plaintiffs to the

25   following documents produced with this response:

26       CFMG 00560-00562

27   **REQUEST FOR PRODUCTION NO. 11:**

28       DOCUMENTS sufficient to show all individuals with positive PPD reads who were

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-6-

incarcerated at the JAIL during the AUDIT PERIOD, such as a report from CorEMR.

**RESPONSE TO REQUEST NO. 11:**

CFMG directs Plaintiffs to the following documents produced with this response:

CFMG 00563

**REQUEST FOR PRODUCTION NO. 12:**

For each individual listed in Exhibits 1, 35, 36 and 41 in support of DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905, all HEALTH SERVICES REQUESTS of any type and all GRIEVANCES submitted between March 20, 2024 and April 25, 2024. These documents may be produced in Portable Document Format (PDF).

**RESPONSE TO REQUEST NO. 12:**

CFMG refers to its objections served on August 30. CFMG is in the process of gathering documents responsive to this Request and will supplement this response.

**REQUEST FOR PRODUCTION NO. 13:**

For each individual whom Dr. Meagher, Dr. Rosenberg or Dr. Waxler determined did not experience "harm" due to a deficiency in their care, all HEALTH SERVICES REQUESTS of any type and all GRIEVANCES submitted between October 30, 2023 and August 30, 2024. These documents may be produced in Portable Document Format (PDF).

**RESPONSE TO REQUEST NO. 13:**

CFMG refers to its objections served on August 30. CFMG is in the process of gathering documents responsive to this Request and will supplement this response.

**REQUEST FOR PRODUCTION NO. 14:**

A blank copy of all forms that WELLPATH had available for use during the AUDIT PERIOD to obtain informed consent for dental procedures or treatment of any kind. These documents may be produced in Portable Document Format (PDF).

**RESPONSE TO REQUEST NO. 14:**

CFMG refers to its objections served on August 30.

Plaintiffs have indicated they no longer seek a response to this request in their letter dated

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

1  September 9, 2024. Accordingly, CFMG will not produce documents responsive to this request.

2  **REQUEST FOR PRODUCTION NO. 15:**

3  All DOCUMENTS that WELLPATH contends sets forth the standard of care for medical,

4  mental health, and dental care that is currently applicable to this case. These documents may be

5  produced in Portable Document Format (PDF).

6  **RESPONSE TO REQUEST NO. 15:**

7  CFMG has no such documents in its possession, custody or control. CFMG contends that

8  the standard of care applicable to this case will be established by expert testimony and based on

9  the training, experience, and clinical judgment of experts who practice in similar specialties.

10  **REQUEST FOR PRODUCTION NO. 16:**

11  Any and all DOCUMENTS reflecting COMMUNICATIONS between DEFENDANTS

12  and any member of the HEALTH CARE STAFF who began working at the JAIL in September

13  2023 and whose employment ended in December 2023 or January 2024. These documents may

14  be produced in Portable Document Format (PDF).

15  **RESPONSE TO REQUEST NO. 16:**

16  CFMG refers to its objections served on August 30. CFMG continues to object on the

17  grounds that this request, even as narrowed by Plaintiffs' letter of September 9, remains

18  irrelevant, overbroad, vague, and not reasonably limited in time and scope, and continues to call

19  for privileged information. In addition, CFMG reiterates its request for Plaintiffs to provide

20  specific custodians and other reasonable parameters for this request so that it can continue to

21  consider whether any such request may be proportional to the needs of this dispute.

22  CFMG will not produce any documents responsive to this request.

23  **REQUEST FOR PRODUCTION NO. 17:**

24  For the time period January 1, 2024 to April 30, 2024, any and all DOCUMENTS

25  reflecting COMMUNICATIONS between DEFENDANTS and any member of the HEALTH

26  CARE STAFF in which the member of the HEALTH CARE STAFF expressed concern or

27  disapproval regarding the care provided to individuals at the JAIL or the training the HEALTH

28  CARE STAFF member had received upon hire. These documents may be produced in Portable

-8-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  Document Format (PDF).

2  **RESPONSE TO REQUEST NO. 17:**

3  CFMG refers to its objections served on August 30. CFMG continues to object on the

4  grounds that this request, even as narrowed by Plaintiffs letter of September 9, remains irrelevant,

5  overbroad, vague, and not reasonably limited in time and scope, and continues to call for

6  privileged information. In addition, CFMG reiterates its request for Plaintiffs to provide specific

7  custodians and other reasonable parameters for this request so that it can continue to consider

8  whether any such request may be proportional to the needs of this dispute.

9  CFMG will not produce any documents responsive to this request.

10  **REQUEST FOR PRODUCTION NO. 18:**

11  For Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton Rosenberg, Joshua Rafinski,

12  and each person that WELLPATH intends to call as an expert witness, any and all facts, data, or

13  other DOCUMENTS that the expert witness relied upon to form their opinion, including any and

14  all DOCUMENTS reflecting COMMUNICATIONS between WELLPATH or WELLPATH's

15  attorneys and the expert witness, such as COMMUNICATIONS related to compensation for the

16  expert's study or testimony, facts or data that the attorney provided and that the expert considered

17  in forming the opinions to be expressed, assumptions that the attorney provided and that the

18  expert relied on in forming the opinions to be expressed.

19  **RESPONSE TO REQUEST NO. 18:**

20  CFMG refers to its objections served on August 30. CFMG is in process of compiling

21  documents responsive to this request and anticipates being able to produce those documents and

22  any potential privilege log by September 20.

23  **REQUEST FOR PRODUCTION NO. 19:**

24  All retainer agreements for Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton

25  Rosenberg, and Joshua Rafinski. These documents may be produced in Portable Document

26  Format (PDF).

27  **RESPONSE TO REQUEST NO. 19:**

28  CFMG directs Plaintiffs to the following documents produced with this response:

-9-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1    CFMG 00534-00540

2    **REQUEST FOR PRODUCTION NO. 20:**

3         All DOCUMENTS reflecting time spent working on this case, including invoices and

4    evidence of payment, for Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton Rosenberg, and

5    Joshua Rafinski. These documents may be produced in Portable Document Format (PDF).

6    **RESPONSE TO REQUEST NO. 20:**

7         CFMG directs Plaintiffs to the following documents produced with this response:

8    CFMG 00527-00557

9    **REQUEST FOR PRODUCTION NO. 21:**

10        For Dr. Alexander Meagher, Dr. Brian Waxler, Dr. Morton Rosenberg, Joshua Rafinski,

11   and each person that WELLPATH intends to call as an expert witness, all COMMUNICATIONS

12   regarding the FINAL REPORTS of Dr. Barnett, Dr. Vess and Dr. Winthrop. These documents

13   may be produced in Portable Document Format (PDF).

14   **RESPONSE TO REQUEST NO. 21:**

15        CFMG refers to its objections served on August 30. CFMG is in process of compiling

16   documents responsive to this request and anticipates being able to produce those documents and

17   any potential privilege log by September 20.

18   **REQUEST FOR PRODUCTION NO. 22:**

19        All DOCUMENTS related to the AUDIT TOOLS used in Exhibits 56-58 to

20   DEFENDANTS' SHOW CAUSE BRIEF, Dkt. No. 905, including non-final drafts of the AUDIT

21   TOOLS, COMMUNICATIONS regarding the AUDIT TOOLS, the qualifications of the

22   individual primarily responsible for developing each AUDIT TOOL, and all DOCUMENTS

23   showing facts or data considered during the development of the AUDIT TOOLS.

24   **RESPONSE TO REQUEST NO. 22:**

25        CFMG refers to its objections served on August 30. CFMG directs Plaintiffs to the

26   Declaration of Katherine Tebrock (CFMG 17003-17013).

27

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  **REQUEST FOR PRODUCTION NO. 23:**

2       For each fact identified in response to Interrogatory No. 8 as incorrect, any and all

3  DOCUMENTS supporting WELLPATH's contention that the fact is incorrect.

4  **RESPONSE TO REQUEST NO. 23:**

5       CFMG refers to its objections served on August 30. CFMG maintains that any such

6  evidence is inadmissible and not relevant or proportional to the current dispute. Subject to and

7  notwithstanding these objections, CFMG will not produce any documents responsive to this

8  request other than the letters it provided in response to the draft reports, which have already been

9  produced to Plaintiffs.

10 **REQUEST FOR PRODUCTION NO. 24:**

11      Any and all DOCUMENTS that any WELLPATH witness relies upon to refresh their

12 recollection or prepare to testify in response to Plaintiffs' 30(b)(6) deposition notice.

13 **RESPONSE TO REQUEST NO. 24:**

14      CFMG refers Plaintiffs to its objections served on August 30. CFMG further objects to the

15 extent that the request calls for potentially privileged information. CFMG invites Plaintiffs to

16 continue to meet and confer to narrow the scope of 30(b)(6) topics such that CFMG can identify

17 appropriate witnesses.

18 **REQUEST FOR PRODUCTION NO. 25:**

19      Other than DOCUMENTS already produced to Plaintiffs, any and all DOCUMENTS

20 reflecting self-audits or other CONTINUOUS QUALITY IMPROVEMENT ("CQI") measures

21 conducted between March 1, 2024 and June 30, 2024, including the medical records and other

22 patient records reviewed and the Excel spreadsheets showing the raw data.

23 **RESPONSE TO REQUEST NO. 25:**

24      CFMG refers to its objections served on August 30. CFMG will not produce any

25 additional documents other than what has already been produced.

26 **REQUEST FOR PRODUCTION NO. 26:**

27      For all Interrogatories, all DOCUMENTS that support the information set forth in

28 DEFENDANTS' responses to Plaintiffs' Interrogatories.

-11-

DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**RESPONSE TO REQUEST NO. 26:**

CFMG incorporates by reference each of its objections and responses to Plaintiffs' individual Interrogatories. CFMG will not produce any additional documents other than what has already been filed in support of its Show Cause briefing and what it has agreed to produce in response to these Interrogatories and Requests for Production.

**REQUEST FOR PRODUCTION NO. 27:**

For all Requests for Admission where WELLPATH's response was anything less than an unqualified admission, all DOCUMENTS that support YOUR response.

**RESPONSE TO REQUEST NO. 27:**

CFMG incorporates by reference each of its responses to Plaintiffs' individual Requests for Admission. CFMG has no responsive documents other than what has already been filed in support of its Show Cause briefing and what it has agreed to produce in response to these Interrogatories and Requests for Production.

.

Dated: September 11, 2024                    GORDON REES SCULLY MANSUKHANI, LLP


By: */s/ Allison J. Becker*
_____

Allison J. Becker *(Pro Hac Vice)*
Elizabeth B. McGowan *(Pro Hac Vice)*
Lindsey M. Romano
Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL
GROUP, INC.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE
*Jesse Hernandez, et al. v. County of Monterey, et al.*
USDC Northern District of California Case No.: 5:13-cv-02354-BLF

I am a resident of the State of North Carolina, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 315 Pacific Avenue, San Francisco, CA 94111. On the date below, I served the within documents:

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

☐ **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below pursuant to Federal Rules of Civil Procedure 5(b)(C).

☐ **BY PERSONAL SERVICE BY CAUSE.** I caused to be personally delivered the document(s) listed above to the person(s) set forth below pursuant to Federal Rules of Civil Procedure 5(b)(2)(B).

☒ **BY ELECTRONIC MAIL** by transmitting via electronic mail the document(s) listed above to the address(es) listed below on this date before 5:00 pm pursuant to FRCP 5(b)(2)(E).

☐ **BY OVERNIGHT DELIVERY**: by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Federal Express as part of the ordinary business practices of Gordon & Rees LLP, addressed as set forth below.

☐ **BY ELECTRONIC SERVICE** through the CM/ECF System which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3).

| *Attorneys for Plaintiffs* | *Attorneys for County of Monterey Defendants* |
|---|---|
| MICHAEL W. BIEN – 096891 | |
| ERNEST GALVAN – 196065 | SUSAN K. BLITCH – 187761 |
| VAN SWEARINGEN – 259809 | Acting County Counsel |
| CAROLINE E. JACKSON – 329980 | ELLEN S. LYONS – 136011 |
| MAYA E. CAMPBELL – 345180 | Deputy County Counsel |
| ROSEN BIEN | TUCKER WISDOM-STACK – 300927 |
| GALVAN & GRUNFELD LLP | Deputy County Counsel |
| 101 Mission Street, Sixth Floor | COUNTY OF MONTEREY, |
| San Francisco, California 94105-1738 | OFFICE OF THE COUNTY COUNSEL |
| Telephone: (415) 433-6830 | 168 West Alisal Street, Third Floor |
| Facsimile: (415) 433-7104 | Salinas, California 93901 |
| Email: mbien@rbgg.com | Telephone: (831) 755-5045 |
| egalvan@rbgg.com | Facsimile: (831) 755-5283 |
| vswearingen@rbgg.com | Email: LyonsE@co.monterey.ca.us |
| cjackson@rbgg.com | Wisdom-StackTN@co.monterey.ca.us |
| mcampbell@rbgg.com | |
| | |
| AVRAM D. FREY | |
| (admitted pro hac vice) | |
| AMERICAN CIVIL LIBERTIES | |
| UNION | |

-13-

FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON
PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 11, 2024** at Raleigh, North Carolina.

/s/ Todd Yoho

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

SUSAN K. BLITCH, SBN 187761
County Counsel
ELLEN S. LYONS, SBN 136011
Deputy County Counsel
TUCKER WISDOM-STACK, SBN 300927
Deputy County Counsel
County of Monterey
168 West Alisal Street, Third Floor
Salinas, California 93901-2653
Telephone: (831) 755-5045
Facsimile: (831) 755-5283
Email: lyonse@countyofmonterey.gov
Wisdom-StackTN@countyofmonterey.gov

Attorneys for Defendants COUNTY OF MONTEREY
and MONTEREY COUNTY SHERIFF'S OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| JESSE HERNANDEZ, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 5:13-cv-02354 BLF <br><br> **DEFENDANT COUNTY OF MONTEREY'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> Judge: Hon. Beth Labson Freeman |

PROPOUNDING PARTY:   Plaintiffs, JESSE HERNANDEZ, et al.

RESPONDING PARTY:   Defendant, COUNTY OF MONTEREY

SET NUMBER:   ONE (1)

Defendant, County of Monterey ("COUNTY"), by and through its attorneys, and

pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court,

responds and objects to Plaintiffs' First Set of Requests for Production of Documents as follows:

1

PRELIMINARY STATEMENT

1.      COUNTY has not completed its investigation of the facts relating to this case, and has not completed its discovery in this action. Accordingly, all the responses contained herein are based only upon such information and documents which are currently available and specifically known to COUNTY and disclose only those contentions which currently occur to COUNTY.  It is anticipated that further independent investigation, discovery, legal research and analysis may supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth.

2.      The following responses are given without prejudice to COUNTY's right to introduce evidence of any subsequently discovered fact, witness or documents which COUNTY becomes aware of. COUNTY accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The answers and objections contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known which should in no way be to the prejudice of COUNTY in relation to future discovery, research or analysis.

3.      Defendant COUNTY's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, COUNTY's right to rely on other facts or documents at trial.

4.      By making the accompanying responses and these objections to Plaintiff's requests for production, COUNTY does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Further, COUNTY makes the responses and objections herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

2

5.      COUNTY will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the County of Monterey, as set forth in the Federal Rules of Civil Procedure.  COUNTY's possession, custody or control does not include any constructive possession that may be conferred by the COUNTY's right or power to compel the production of documents from third parties or to request their production from other entities.

6.      COUNTY expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## **RESPONSE TO DOCUMENT REQUESTS**

**REQUEST NO. 1:**

All Disciplinary Action Reports issued during the AUDIT PERIOD (these documents do not need to be produced in Excel format).

**RESPONSE TO REQUEST NO. 1:**

After diligent search and reasonable inquiry, COUNTY produces the Disciplinary Action Reports (DARs) issued during the AUDIT PERIOD of March 25, 2024 through April 8, 2024 (COUNTY 000001-000042).

**REQUEST NO. 2:**

DOCUMENTS sufficient to show all individuals incarcerated at the JAIL on April 8, 2024, including their name, booking number, housing location, and booking date.

**RESPONSE TO REQUEST NO. 2:**

After diligent search and reasonable inquiry, COUNTY produces an excel spreadsheet showing all individuals incarcerated at Monterey County Jail on April 8, 2024 (COUNTY 000043).

**REQUEST NO. 3:**

DOCUMENTS sufficient to show all individuals incarcerated at the JAIL on March 26, 2024, including their name, booking number, housing location, booking date, and release date.

/ / /

**RESPONSE TO REQUEST NO. 3:**

After diligent search and reasonable inquiry, COUNTY produces an excel spreadsheet showing all individuals incarcerated at Monterey County Jail on March 26, 2024 (COUNTY 000044).

**REQUEST NO. 4:**

DOCUMENTS sufficient to show all individuals transferred from the JAIL to a governmental institution of any kind, including the Department of State Hospitals and the California Department of Corrections and Rehabilitation, during the AUDIT PERIOD.

**RESPONSE TO REQUEST NO. 4:**

After diligent search and reasonable inquiry, COUNTY produces an excel spreadsheet showing all individuals transferred from Monterey County Jail during the AUDIT PERIOD of March 25, 2024 through April 8, 2024 (COUNTY 000045).


Dated:  September 11, 2024

SUSAN K. BLITCH
County Counsel


By _/s/ *Ellen S. Lyons*_
ELLEN S. LYONS, Deputy County Counsel
Attorneys for Defendants COUNTY OF
MONTEREY and MONTEREY COUNTY
SHERIFF'S OFFICE

4

| | |
|---|---|
| 1 | <p align="center">**CERTIFICATE OF SERVICE**</p> |
| 2 | I am employed in the County of Monterey, State of California.  I am over the age of 18 |
| 3 | years and not a party to the within action.  My business address is 168 West Alisal Street, Third |
| 4 | Floor, Salinas, California. |
| 5 | On September 11, 2024, I served a true copy of the following document(s): |
| 6 | **DEFENDANT COUNTY OF MONTEREY'S RESPONSE TO PLAINTIFFS' FIRST** |
| 7 | **SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 8 | on the interested parties to said action by the following means: |

☒  **(BY ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(es) listed below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 11, 2024 at Salinas, California.

<div align="center">/s/ <em>Angelica Brito</em><br>
**ANGELICA BRITO**</div>

**NAME, ADDRESS OR FAX NUMBER OF EACH PARTY SERVED:**

| | |
|---|---|
| Caroline Jackson<br>Maya Campbell<br>ROSEN BIEN GALVAN & GRUNFIELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA 94105<br><br>Email: cjackson@rbgg.com;<br>mcampbell@rbgg.com<br>*Attorneys for Plaintiffs* | Allison J. Becker<br>Elizabeth McGowan<br>GORDON REES SCULLY MANSUKHANI<br>150 Fayetteville Street, Suite 1120<br>Raleigh, NC 27601<br><br>Email: abecker@grsm.com;<br>emcgowan@grsm.com<br>*Attorneys for Defendant California Forensic Medical Group* |