| | |
|---|---|
| MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>VAN SWEARINGEN – 259809<br>CAROLINE E. JACKSON – 329980<br>MAYA E. CAMPBELL – 345180<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:  (415) 433-6830<br>Facsimile:  (415) 433-7104<br>Email:  mbien@rbgg.com<br>　　　　egalvan@rbgg.com<br>　　　　vswearingen@rbgg.com<br>　　　　cjackson@rbgg.com<br>　　　　mcampbell@rbgg.com<br><br>CORENE KENDRICK – 226642<br>KYLE VIRGIEN – 278747<br>ACLU NATIONAL PRISON PROJECT<br>425 California St., Ste. 700<br>San Francisco, CA 94104<br>Telephone:  (202) 393-4930<br>Facsimile:  (202) 393-4931<br>Email:  ckendrick@aclu.org<br>　　　　kvirgien@aclu.org | AVRAM D. FREY<br>(*admitted pro hac vice*)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.<br>39 Drumm Street<br>San Francisco, California  94111-4805<br>Telephone:  (415) 621-2493<br>Facsimile:  (415) 255-8437<br>Email:  afrey@aclunc.org |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>　　　　Defendants. | Case No. 5:13-cv-02354-BLF<br>**ORDER DENYING PLAINTIFFS' PROPOSED ORDER ON THE REMAINING DISCOVERY DISPUTE INVOLVING MS. TEBROCK'S DEPOSITION**<br><br>Judge:　　Hon. Beth Labson Freeman<br>Magistrate: Hon. Nathanael Cousins |

1  The Court, having considered the discovery statements of the parties and the
2  arguments of counsel, and good cause appearing, hereby orders as follows:
3  The current dispute[1] arises in the context of enforcement proceedings where
4  Defendant CFMG must establish compliance with 43 enumerated provisions of the
5  Settlement Agreement and Implementation Plans.  Dkt. No. 838.  CFMG has filed a Show
6  Cause Response Regarding the Imposition of Sanctions, Dkt. No. 905, asserting that
7  CFMG is in compliance with nearly all of these provisions.  CFMG's evidence of
8  compliance rests chiefly on the reports of three experts, based on the experts' audits of
9  patient charts.  CFMG has provided a declaration stating that the audit tools used by
10  CFMG's experts were principally drafted by Wellpath's Associate General Counsel of
11  Regulatory Compliance, Katherine Tebrock.  *See* Decl. of Katherine Tebrock, Dkt. No.
12  922-6, ¶¶ 14-16.
13  Plaintiffs originally sought (a) to discover non-final drafts of the audit tools forming
14  the basis for Defendants' expert reports; and (b) to take the depositions of both Associate
15  General Counsel of Regulatory Compliance Katherine Tebrock, who principally drafted
16  the audit tools, and litigation counsel Elizabeth McGowan, whom Ms. Tebrock testified
17  that she "worked with" to develop the audit tools.  *See* Decl. of Katherine Tebrock, Dkt.
18  No. 922-6, ¶¶ 14-16.
19  CFMG objects to disclosing the draft audit tools as qualified work product.  CFMG
20  objects to the deposition of Elizabeth McGowan, by any method, and objects to the oral
21  deposition of Katherine Tebrock.  CFMG is willing to allow Ms. Tebrock's deposition to
22  be taken through written questions, pursuant to Federal Rule of Civil Procedure 31.
23  CFMG states that their assertions of attorney work product protections and attorney-client
24  privilege may render an oral deposition impractical.

---

[1] The parties have agreed on most discovery issues, and they have submitted a joint proposed order setting out those agreements. Each party has also submitted a proposed order regarding their sole remaining dispute: whether Ms. Tebrock is subject to oral deposition.

Plaintiffs' counsel has agreed not to pursue a deposition of Ms. McGowan at this time, but may renew the request if unable to obtain the necessary information from Ms. Tebrock. Plaintiffs have agreed not to pursue obtaining drafts of the audit tools, in lieu of being able to take Ms. Tebrock's oral deposition.

The parties' concessions have narrowed the parties' dispute to whether Plaintiffs may take Ms. Tebrock's deposition orally, pursuant to Federal Rule of Civil Procedure Rule 30, or whether the deposition must be taken by written questions, pursuant to Federal Rule of Civil Procedure Rule 31.

"[T]he fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003) (Sotomayor, J.). However, the Ninth Circuit has not announced a standard by which courts should evaluate requests to depose an attorney. *See Younger Mfg. Co. v. Kaenon, Inc.*, 247 F.R.D. 586, 588 (C.D. Cal. 2007). District courts in California have found that the deposition of counsel is appropriate when counsel is a percipient witness to evidence that is important to the parties' dispute, and when such a deposition is the only reasonable way for the party seeking discovery to obtain that evidence. *Id.*; *see also Am. Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 589-90 (S.D. Cal. 1995) (permitting oral depositions of attorneys who were "the persons 'with the best information concerning nonprivileged matters relevant to [this] lawsuit'" and denying request that the information be sought through written interrogatories instead (quoting *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 n.2 (M.D.N.C. 1987))). Attorneys' "opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto. Ins.* Co., 976 F.2d 573, 577 (9th Cir. 1992). Work product related to trial preparation materials may be discovered if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their

1  substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).

2  Courts have "typically treated oral depositions as a means of obtaining discoverable
3  information that is preferable to written interrogatories." *In re Subpoena Issued to Dennis*
4  *Friedman*, 350 F.3d at 69 n.2.  Reasons include "the need for follow-up, observation of a
5  prospective witness's demeanor, and avoidance of receiving pre-prepared answers so
6  carefully tailored that they are likely to generate additional discovery disputes," *id.*
7  (quoting *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989)), and
8  "because the involvement of counsel in the drafting process prevents the spontaneity of
9  direct interrogation." *R.D. v. Shohola Camp Ground & Resort*, No. 3:16-CV-1056, 2019
10 WL 3002882, at *3 (M.D. Pa. July 10, 2019).  On that basis, courts have denied requests
11 for deposition by written questions, including where work-product issues were implicated.
12 *See id.*; *see also Mill-Run Tours*, 124 F.R.D. at 549 (denying request for deposition by
13 written questions in favor of oral deposition); *Krieger*, 160 F.R.D. at 590 (same); *Jones v.*
14 *Hollenback*, No. CV F 05 0148 OWW DLB, 2006 WL 8458647, at *4 (E.D. Cal. Feb. 8,
15 2006) (same).  "Indeed, depositions upon written questions are likely only appropriate
16 when dealing with neutral or 'friendly' witnesses." *Jones*, 2006 WL 8458647, at *4.

17 By her own assertion, Ms. Tebrock was principally responsible for drafting the
18 medical, mental health, and dental audit tools used by Defendants' experts to conduct their
19 audits of Defendants' compliance with the Court's orders.  *See* Decl. of Katherine
20 Tebrock, Dkt. 922-6, ¶¶ 14–16.  No other witness can provide this information.  *See id.*  In
21 essence, Defendants have made her their fifth expert in this case.  Defendants have made
22 these audit tools central to their own experts' opinions and to their case-in-chief, *see* Dkt.
23 Nos. 905 & 918, creating a compelling need for Plaintiffs to have insight into the process
24 of the audit tools' development, *see Holmgren*, 976 F.2d at 577.  Given the centrality of
25 these audits to the case, Plaintiffs will be substantially limited in their ability to respond to
26 Defendants' expert reports without conducting an oral deposition of Ms. Tebrock.

27 Further, CFMG's choice to provide a declaration detailing Ms. Tebrock's process
28 for developing the audit tools appears to waive work product protection for the matters

discussed in her declaration, and at a minimum demonstrates a valid scope for any deposition. The Court also notes that CFMG has agreed to allow Ms. Tebrock to be deposed by written questions. CFMG has identified no authority permitting it to dictate that this deposition be conducted by written questions rather than by oral examination. Both Rule 30 and Rule 31 allow parties to depose "any person" by the oral or written methods specified in those rules. Fed. R. Civ. P. 30(a)(1), 31(a)(1). And the "scope of discovery is the same for the two rules." 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2131 (3d ed. 2024).

This Court thus ORDERS that Plaintiffs may depose Ms. Tebrock by oral examination.

This deposition will be subject to reasonable limitations. Plaintiffs may inquire about Ms. Tebrock's development of the audit tools detailed in her declaration, Decl. of Katherine Tebrock, Dkt. No. 922-6, as well as Ms. Tebrock's qualifications for developing these audit tools and expertise in doing so. Plaintiffs have agreed not to seek deposition testimony from Ms. Tebrock related to her work in this litigation other than her involvement in the development of the audit tools. Based on that agreement, the Court ORDERS that Plaintiffs may not inquire into Ms. Tebrock's involvement in this litigation aside from her development of the audit tools.

Similarly, Plaintiffs have agreed not to seek deposition testimony regarding the content of communications between Ms. Tebrock and outside counsel to the extent that those communications seek outside counsel's legal advice about the development of the audit tools. Based on this agreement, the Court ORDERS that such communications may not be inquired into during Ms. Tebrock's deposition. Communications in which Ms. Tebrock provided her own opinion about the creation of the audit tools, however, do not seek legal advice and are not covered by attorney-client privilege. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). Further, information about decisions made by Ms. Tebrock herself in drafting the audit tools, including her decision-making process and her knowledge and expertise that informed these decisions, does not implicate

1  attorney-client privilege and may be discovered in deposition.

2      IT IS SO ORDERED.

4  DATED:  September 19, 2024



                                Honorable