1  LINDSEY M. ROMANO (SBN: 337600)
   lromano@grsm.com
2  ALLISON J. BECKER (PRO HAC VICE)
   abecker@grsm.com
3  ELIZABETH B. MCGOWAN (PRO HAC VICE)
   emcgowan@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   315 Pacific Avenue
5  San Francisco, CA 94111
   Telephone: (415) 875-4126
6  Facsimile:  (415) 986-8054

7  Attorneys for Defendant
   CALIFORNIA FORENSIC MEDICAL GROUP, INC.
8
   (*counsel continued on following page*)
9

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation, and DOES 1-20,<br><br>Defendants. | CASE NO.  5:13-cv-02354-BLF<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Judge: Hon. Magistrate Judge Nathanael Cousins |

**ORDER**

The Court has considered the positions in the joint statement and the oral arguments of counsel at the hearing. In dispute is Plaintiffs' request for 30(b)(6) witness(es) from CFMG to testify as to the development of the audit tool used by its clinical experts to review CFMG's compliance at the end of the Court's purge period for sanctions. In response to this request, CFMG offered a declaration from its in-house litigation counsel, Katherine Tebrock, outlining the steps for CFMG's development of the audit tool. Plaintiffs seek oral depositions of both Ms. Tebrock and outside litigation counsel, Elizabeth McGowan regarding the development of the audit tool for this matter. CFMG has objected to any depositions of its in-house or outside ligation counsel.

The request to depose an attorney is an extraordinary request. The United States Supreme Court has "alluded to a presumption that trial counsel should not be forced to testify because doing so compromises the standards of the legal profession." *Monolithic Power Sys., Inc. v. Dong*, No. 20-CV-06752-JSW (LB), 2023 WL 350400, *7 (N.D. Cal. Jan. 20, 2023) (See Also *Nocal, Inc. v. Sabercat Ventures, Inc.*, No. C 04-0240 PJH, 2004 WL 3174427, at *2 N.D. Cal. Nov. 15, 2004 (citing *Hickman v. Taylor*, 329 U.S. 495, 513, 67 S.Ct. 385, 91 L.Ed. 451 (1947))). In order for the Plaintiffs to meet the burden to depose either or both Ms. Tebrock and Ms. McGowan, the Plaintiffs must show the **all** of the following: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; (3) the information is crucial to the preparation of the case." *ATS Prod., Inc v. Champion Fiberglass, Inc.*, No. 13–CV–02403–SI (DMR), 2015 WL 3561611, *4 (N.D. Cal. June 8, 2015) (See Also  Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986)). This three-factor test has been applied in courts within the Northern District to determine the appropriateness of the deposition of opposing counsel. *Id.* at *4.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

As for the first element, other means clearly exist to obtain the information at issue. First, Defendants have already provided a sworn declaration outlining the development of the audit tool. Specifically, Ms. Tebrock indicated that she worked with Paulette Torres Collazo, Jamie Silveira, and Dr. Nicole Taylor to identify and pull data responsive to the Court's September 26, 2023, Show Cause Order (Dkt. 838). *See* Dkt. 922-6, p. 9. Further, Joshua Rafinski developed the excel framework for the audit. *See* Dkt. 922-6, p. 11. Moreover, the declaration states that Ms. Tebrock worked with outside counsel, Ms. McGowan to develop 'yes' and 'no' questions based off the Court's September 26, 2023 Order (Dkt. 838). *See* Dkt. 922-6, p. 11. Copies of the final audit tools were also filed with the Court. Based on the declaration and arguments presented at the September 16 hearing on this matter, it is evident to this Court that the Plaintiffs have other means of obtaining facts pertaining to the development of the audit tool, without the need to depose in-house or outside litigation counsel. Specifically, Plaintiffs may review the declaration of Ms. Tebrock, depose Ms. Torres Collazo, Ms. Silveira, Dr. Taylor, and Mr. Rafinski, as well as depose the clinical experts who used the audit tool, and ask them about their roles in the development of the audit tool and their experiences using the audit tool. Furthermore, Plaintiffs can review the audit tools against the Court's September 26, 2023 order to determine (and potentially challenge) whether they believe the questions adequately track the Court's language.

In addition, during the hearing on this matter on September 16, 2024, Defendant's counsel offered a Rule 31(A)(4) written deposition of CFMG to ensure that Plaintiffs could obtain the factual information they sought while still protecting attorney-client privileged information. When asked about this offer in open Court, Plaintiffs' counsel offered only a "strong preference" for an oral deposition, citing the need for the "element of surprise" as a basis for preferring an oral deposition over a written one. Plaintiffs' counsel did not articulate how a written deposition

-3-
ORDER ON DISCOVERY DISPUTE

pursuant to Rule 31(A)(4) would not sufficiently address their needs for the factual information in question.

As to the second element, Plaintiffs cannot meet their burden of showing that the information they seek is non-privileged. As outlined in the declaration, in creating the audit tool, Ms. Tebrock worked with others at CFMG in her role as in-house litigation counsel guiding the trial strategy, and in conjunction and consultation with outside counsel. These workings are the same as counsel coordinating with its corporate clients to develop responses to written discovery. Litigation counsel (both in house and outside counsel) are often heavily involved in the development of written discovery responses; however this involvement does not render the communications between counsel and their clients in developing those written responses (or any drafts of those written responses) non-privileged. The same is true here.

Based on the balancing of needs of this information and the extraordinary request and sensitive nature of deposing attorneys involved in this dispute, this Court orders the following:

1) Plaintiffs may submit written deposition questions to Ms. Tebrock as the 30(b)(6) witness for CFMG regarding the development of the audit tool per Federal Rule of Civil Procedure 31(a)(4). Defendant shall provide Plaintiffs with written responses within two business days from receiving the written deposition questions.

2) Plaintiffs may not depose outside litigation counsel, Elizabeth McGowan.

IT IS SO ORDERED

Dated   September 19, 2024



_____
THE HONORABLE NATHANAEL M. COUSINS
UNITED STATES DISTRICT COURT JUDGE