MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:      mbien@rbgg.com
            egalvan@rbgg.com
            vswearingen@rbgg.com
            cjackson@rbgg.com
            mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone:  (202) 393-4930
Facsimile:  (202) 393-4931
Email:      ckendrick@aclu.org
            kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone:  (415) 621-2493
Facsimile:  (415) 255-8437
Email:      afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**STIPULATION AND [PROPOSED] ORDER RE CIVIL CONTEMPT**<br><br>Judge:  Beth Labson Freeman |

Plaintiffs, by and on behalf of their counsel, and Defendants California Forensic Medical Group, Inc. ("CFMG/Wellpath"), County of Monterey, Monterey County Sheriff's Office, by and on behalf of their counsel (collectively, the "Parties"), stipulate as

[4595032.3]

follows:

On September 26, 2023, this Court issued an order finding CFMG/Wellpath in civil contempt of forty-three requirements of the Settlement Agreement and Wellpath Implementation Plan identified in the Order as requirements 1-13 and 15-44. *See* Order Granting Pls' Mot. to Enforce Settlement Agr. & Wellpath Implementation Plan ("Enforcement Order") Dkt. No. 838 at ECF p. 26.  The Court enjoined CFMG/Wellpath to come into immediate and sustained compliance with the forty-three requirements, and imposed a conditional coercive civil contempt fine on CFMG/Wellpath in the amount of $25,000 per each of the forty-three requirements. *Id.*  The Court granted CFMG/Wellpath six months to purge the contempt by coming into substantial compliance with each and every one of requirements 1-13 and 15-44. *Id.*  This Court further ordered the neutral monitors to provide reports regarding CFMG/Wellpath's compliance with requirements 1-13 and 15-44 at the end of the six-month purge period, after which CFMG/Wellpath would be required to show cause in writing why it should not be required to pay civil contempt fines in the amount of $25,000 per requirement. *Id.* at ECF p. 27.

Pursuant to the Parties' stipulation, on January 9, 2024, the Court ordered that the medical care site audit be conducted by neutral monitor Dr. Bruce Barnett on March 25-26, 2024; the dental care site audit be conducted by neutral monitor Dr. Viviane Winthrop on April 1-2, 2024; and the mental health care site audit be conducted by neutral monitor Dr. James Vess on April 15-16, 2024. *See* Order Approving Joint Status Report Regarding Schedule of Neutral Monitor Audits and Filing of Final Reports ("Evidentiary Hearing Scheduling Order"), Dkt. No. 851 at ECF p. 5.

In March and April 2024, the neutral monitors conducted on-site inspections at the Monterey County Jail in compliance with the Enforcement Order and the Evidentiary Hearing Scheduling Order.  The resulting final neutral monitors reports were filed with the Court as Dkt. Nos. 882, 895-1 and 902-1 through 902-4.  Thereafter, the Court ordered CFMG/Wellpath to file a Show Cause Response re Imposition of Contempt Sanctions by August 16, 2024, ordered Plaintiffs to submit an expedited discovery plan, and scheduled

1  an evidentiary hearing for December 16-17, 2024.  *See* Order Setting Evidentiary Hearing
2  and Related Deadlines, Dkt. No. 900.

3        CFMG/Wellpath filed its Show Cause Response Regarding Imposition of Contempt
4  Sanctions on August 16, 2024, supported by expert declarations from Dr. Alexander
5  Meagher (medical care), Dr. Brian Waxler (mental health care), Dr. Morton Rosenberg
6  (dental care), and Joshua Rafinski (audit methodology) opining on CFMG/Wellpath's
7  compliance with the forty-three requirements in the Court's Enforcement Order.  *See* Dkt.
8  Nos. 905, 905-1, 905-2, 905-3, and 905-4.

9        Pursuant to the Court's Evidentiary Hearing Scheduling Order, the Parties
10 conducted expedited discovery in preparation for the December 16-17, 2024 evidentiary
11 hearing.  Following discovery, the Parties engaged in settlement discussions including
12 participation in two settlement conferences presided over by the Hon. Judge Nathanael
13 Cousins on October 17 and 24, 2024.

14       Following successful settlement discussions, THE PARTIES NOW STIPULATE
15 AND AGREE to the below thirteen points which comprise their Stipulation re Civil
16 Contempt, which the parties jointly request that the Court enter through the below Order:

17       1.    The Parties agree to resolve all the issues set for evidentiary hearing before
18 Judge Freeman on December 16-17, 2024, through this framework agreement.

19       2.    The Parties agree to an immediate stay of discovery.

20       3.    The Parties agree to ask Judge Freeman to vacate the evidentiary hearing.

21       4.    Judge Cousins is assigned to mediate any disputes under this agreement.

22       5.    CFMG/Wellpath will pay the full civil contempt fine ordered by Judge
23 Freeman as to the medical monitoring issues, except as to requirement 10 (pharmaceutical
24 practices).  Payment mechanics, including the recipient of these funds, will be determined
25 by further agreement.  To the extent payment mechanics cannot be agreed between the
26 Parties, each Party will submit a letter brief not to exceed five pages regarding the Parties'
27 dispute, and Judge Cousins will resolve this dispute.

28       6.    As to the mental health and dental civil contempt fines, the Parties agree to

be bound by the determinations made in the next monitoring reports (contemplated to be finalized after scheduled visits in October and November 2024).  The monitors, Dr. Vess and Dr. Winthrop, will determine "non-compliance," "substantial compliance," or "partial compliance."  The Parties agree the civil contempt fine for any issue determined to be in "non-compliance" will be $25,000.  For "partial compliance" the civil contempt fine will be $5,000.  The Parties agree not to challenge the monitors' final report findings in connection with applying the civil contempt fines per this Stipulation, and will not appeal the Court's Order approving and adopting the Stipulation regarding Civil Contempt.  Payment mechanics, including the recipient of these funds, will be determined by further agreement.  To the extent payment mechanics cannot be agreed between the Parties, each Party will submit a letter brief not to exceed five pages regarding the Parties' dispute, and Judge Cousins will resolve this dispute.

      7.     The Parties agree to ask the neutral monitors to include in their monitoring reports going forward in this case a separate section of the report describing the information considered and the scoring methodology used.

      8.     No party waives its rights as to any future enforcement motion.

      9.     This agreement does not otherwise modify the Settlement Agreement or Implementation Plans in this case.

      10.    CFMG/Wellpath admits that it cannot meet its burden of proof to establish that it was in substantial compliance nor that it purged the contempt by March 25, 2024.

      11.    CFMG/Wellpath agrees that Defendants' compliance with the Settlement Agreement and Implementation Plan shall be governed by paragraph 10 of the Settlement Agreement, Dkt. No. 494.

      12.    Nothing in this agreement shall limit Plaintiffs' ability to seek fees for their work, including under paragraphs 63-65 of the Settlement Agreement, Dkt. No. 494.

/ / /

/ / /

/ / /

13.     The payment obligations under this agreement shall constitute the civil contempt fines imposed for the purge period of September 26, 2023 to March 25, 2024.

DATED:  October 29, 2024          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By:  */s/ Caroline E. Jackson*
      Caroline E. Jackson

Attorneys for Plaintiffs

DATED: October 29, 2024          GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Allison J. Becker*
      Allison J. Becker

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.


Civil L.R. 5-1(i)(3) Attestation.  The ECF filer of this document (Caroline Jackson), attests that each of the other signatories below have concurred in the filing of the document.

*/s/ Caroline E. Jackson*
Caroline E. Jackson

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**ORDER**

The Court has reviewed the above Stipulation re Civil Contempt. Good cause appearing and in accordance with the Parties' representations and agreements, the Court finds that CFMG/Wellpath cannot meet its burden of proof to establish that it was in substantial compliance nor that it purged the contempt by March 25, 2024. The Court finds that the Parties' Stipulation re Civil Contempt satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) in that it is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right of the Plaintiffs. Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The Parties' Stipulation re Civil Contempt, incorporated herein by reference in its entirety, is approved and entered as an order of the Court.

2. All discovery provided for in the Court's Evidentiary Hearing Scheduling Order is immediately and permanently stayed.

3. The December 16-17, 2024 evidentiary hearing is vacated.

4. Judge Cousins will mediate any disputes under the Parties' Stipulation re Civil Contempt. Judge Cousins will rule on any dispute that the parties are unable to resolve regarding payment mechanics, including the recipient of the money due by CFMG/Wellpath under the Parties' Stipulation re Civil Contempt.

5. CFMG/Wellpath will pay $250,000 for failing to purge the contempt by coming into substantial compliance with each and every one of the medical requirements 1-11 in the Court's Enforcement Order, except for requirement 10 (pharmaceutical services).

6. CFMG/Wellpath will pay $25,000 for each determination of non-compliance made by Dr. Vess and Dr. Winthrop in their next final monitoring report as to each of the mental health and dental requirements 12-13, and 15-44 in the Court's Enforcement Order. CFMG/Wellpath will pay $5,000 for each determination of partial compliance made by Dr. Vess and Dr. Winthrop in their next final monitoring report as to each of the mental health

and dental requirements 12-13, and 15-44 in the Court's Enforcement Order. The Parties may not object to or appeal the compliance findings made by Dr. Vess and Dr. Winthrop in their next final monitoring reports in connection with applying the fines as described above, nor may they appeal this Order approving and adopting the Stipulation regarding Civil Contempt.

7. The Parties shall ask the neutral monitors to include in their monitoring reports a separate section of the report describing the information considered and the scoring methodology used.

8. No party has waived its rights as to any future enforcement motion.

9. The Stipulation re Civil Contempt does not modify the Settlement Agreement or Implementation Plans in this case.

10. Defendants' compliance with the Settlement Agreement and Implementation Plan shall be governed by paragraph 10 of the Settlement Agreement, Dkt. No. 494.

11. Nothing in this agreement shall limit Plaintiffs' ability to seek fees for their work, including under paragraphs 63-65 of the Settlement Agreement, Dkt. No. 494.

12. The payment obligations under this agreement shall constitute the civil contempt fines imposed for the purge period of September 26, 2023 to March 25, 2024.

DATED: October 29, 2024

Beth Labson Freeman
United States District Judge