United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 14, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WELLPATH HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90533 (ARP)<br><br>(Joint Administration Requested)<br><br>**Re: Docket No. 15** |

### AMENDED ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR AND INCUR OBLIGATIONS TO PROFESSIONAL CORPORATIONS AND (B) OBTAIN NEW PROFESSIONAL CORPORATION CONTRACTS, (II) EXTENDING STATUTORY PROTECTIONS TO PROFESSIONAL CORPORATIONS, AND (III) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtors to (i) honor, pay, or otherwise satisfy any and all prepetition and post-petition obligations incurred in relation to the Professional Corporations, including obligations pursuant to the Existing Professional Corporation Contracts and (ii) enter into and honor, pay, or otherwise satisfy any and all prepetition and post-petition obligations related to attracting, seeking, entering into, and maintaining New Professional Corporation Contracts, (b) extending the (i) automatic stay under section 362 of the Bankruptcy Code and (ii) Anti-discrimination Provisions, to the Professional Corporations on a limited basis, (c) authorizing the applicable banks and financial institutions to receive, process, honor, and pay all checks or wire transfers used by the Debtors to pay and satisfy the foregoing, and (d) granting related relief, as more fully described

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Motion and the First Day Declaration; and this Court having held a hearing to consider the relief requested in the Motion on a final basis (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy any and all prepetition and post-petition obligations incurred in relation to the Professional

2

Corporations, including obligations pursuant to Existing Professional Corporation Contracts in the ordinary course of business.

2. The Debtors are authorized, but not directed, to enter into New Professional Corporation Contracts, in the ordinary course of business; *provide*, *however*, that the Debtors must provide counsel to the DIP Lenders and counsel to the Ad Hoc Group at least five business days' advance notice prior to entering into any New Professional Corporations Contracts.

3. The Debtors' contractual relationships with the Professional Corporations and the PC Physicians, and the Professional Corporation Contracts are entitled to the protections set forth in sections 541(c) and 365(e) of the Bankruptcy Code to the maximum extent permitted by law.

4. Subject to paragraphs 6 and 7 below, pursuant to section 362 of the Bankruptcy Code, the commencement of these chapter 11 cases shall operate as an interim stay pending further order by the Court, applicable to all persons (and all those acting for or on their behalf) and all governmental units (and all those acting for or on their behalf), of:

    a. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against any Professional Corporation that (i) was or could have been commenced before the Petition Date, or an act to recover a claim against any Professional Corporation that arose prior to the Petition Date, and (ii) may trigger the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents;

    b. the enforcement, against any Professional Corporation or against property of any Professional Corporation, of a judgment (i) obtained before the Petition Date and (ii) which triggered the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents;

    c. any act to obtain possession of, or exercise control over, property of any Professional Corporation that may trigger the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents;

3

        d.    any act to create, perfect, or enforce any lien against property of any Professional Corporation to the extent that (i) such lien secures a claim that arose before the Petition Date and (ii) it triggered the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents; and

        e.    any act to collect, assess, or recover a claim against any Professional Corporation that (i) arose before the Petition Date and (ii) may trigger the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents.

    5.    Subject to paragraphs 6 and 7 below and pending further order by the Court, pursuant to section 525 of the Bankruptcy Code (and subject to the exceptions set forth in section 525(a) of the Bankruptcy Code), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, any Professional Corporation on account of (a) the commencement of these chapter 11 cases, (b) the Debtors' insolvency, or (c) the fact that the Debtors have not paid a debt that is dischargeable in these chapter 11 cases.

    6.    Within five business days of the date hereof, the Debtors shall serve a copy of this Order on the Notice Parties and each plaintiff (or, where applicable, their counsel) in any lawsuit filed as of the Petition Date in which a Debtor is named as one of the defendants therein, and all persons and governmental entities listed on the certificate of service filed in connection with such service (the "Service Notice") shall be bound by the relief granted in paragraphs 4 or 5 of this Order on an interim basis pending entry of a further order of this Court.

    7.    Nothing contained herein shall prejudice any person's or governmental unit's right to object to the relief granted in paragraphs 4 or 5 of this Order (a "Section 362/525 Objection"); however, such Section 362/525 Objection must (a) be in writing, (b) comply with the Bankruptcy

4

Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the *Procedures for Complex Cases in the Southern District of Texas*, (c) state, with specificity, the legal and factual bases thereof, and (d) be filed with this Court and served on the Debtors so as to be actually received on or before 4:00 p.m. (prevailing Central Time) on December 27, 2024 (which shall not be less than 44 days after the date hereof) (the "Objection Deadline"). Any person or governmental entity listed on the Service Notice that fails to timely file and serve a Section 362/525 Objection shall be bound by, and be prohibited from contesting, the relief granted in paragraphs 4 and 5 of this Order, as the Court may enter an order granting the relief set forth in paragraphs 4 or 5 of this Order on a final basis without the need for a final hearing. If a Section 362/525 Objection is timely filed and served, the Debtors may, without further order from this Court, resolve such Section 362/525 Objection by mutual agreement with the objecting party. If any Section 362/525 Objections are filed and not resolved prior to the expiration of the Objection Deadline, a hearing shall be held on January 14, 2025 at 9:00 a.m. (prevailing Central Time) to adjudicate said Section 362/525 Objection(s).

8. Nothing in this Order shall prejudice the right of any creditor to seek relief from the automatic stay pursuant to section 362 of the Bankruptcy Code.

9. Nothing in this Order shall limit the applicability of section 362(b) of the Bankruptcy Code.

10. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order

granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease (including any Professional Corporation Contract) pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11. Notwithstanding anything to the contrary in this Order, in the event of any conflict or inconsistency between the terms of this Order and the terms of any order of this Court approving the post-petition secured debtor-in-possession financing facility and the use of cash collateral (any such order, a "<u>Financing Order</u>"), including any documentation with respect to such financing and any budget or cash flow forecasts in connection therewith, the terms of the applicable Financing Order (including any documentation with respect to such financing and any budget or cash flow forecasts in connection therewith) shall govern. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of any Financing Order.

12. All applicable banks and financial institutions are hereby authorized to receive, process, honor, and pay all such checks, drafts, wire transfers, and other forms of payment evidencing amounts paid by the Debtors under this Order, regardless of whether presented prior to, on, or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers are issued or authorized

to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

13. The Debtors are authorized, but not required, to issue, in their sole discretion, new post-petition checks, or to effect post-petition fund transfers, for obligations relating to the Professional Corporations to replace any checks, drafts, wire transfers, and other forms of payment that have been dishonored or rejected.

14. Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

15. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of this Court.

16. This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: November 14, 2024

Alfredo R Pérez
United States Bankruptcy Judge