MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        mbien@rbgg.com
              egalvan@rbgg.com
              vswearingen@rbgg.com
              cjackson@rbgg.com
              bhattem@rbgg.com
              mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone:    (202) 393-4930
Facsimile:    (202) 393-4931
Email:        ckendrick@aclu.org
              kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:    (415) 621-2493
Facsimile:    (415) 255-8437
Email:        afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**DECLARATION OF CAROLINE E. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND IMPLEMENTATION PLANS**<br><br>Judge:  Hon. Beth Labson Freeman<br><br>Date:    July 24, 2025<br>Time:    9:00 a.m.<br>Crtrm.:  1 |

[4688559.2]

I, Caroline E. Jackson, declare:

1.      I am an attorney duly admitted to practice before this Court.  I am a Senior Counsel in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs.  I have represented Plaintiffs in this action since I began working on this case in 2020.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify.  I make this declaration in support of Plaintiffs' Motion to Enforce the Settlement Agreement and Implementation Plans.

2.      Pursuant to Paragraph 48 of the Settlement Agreement, Dkt. 494, Plaintiffs sent a letter to the County on December 4, 2024, stating that Plaintiffs believed the County was not in substantial compliance with the Settlement Agreement and Implementation Plans for substantially the reasons described in Plaintiffs' motion to enforce.  A true and correct copy of Plaintiffs' December 4, 2024 letter is attached to this declaration as **Exhibit A**.

3.      The County responded to Plaintiffs' letter on January 3, 2025.  A true and correct copy of the County's response is attached to this declaration as **Exhibit B**.

4.      The parties mediated this dispute with Judge Nathanael Cousins on January 16, February 13, and March 7, 2025.  Judge Cousins determined that the parties were unable to resolve this issue and authorized Plaintiffs to move for relief once the stay entered in Wellpath, Inc.'s bankruptcy proceedings expired.

5.      California Forensic Medical Group, Inc. ("CFMG") has provided health care at the Jail through a contract with the County since this lawsuit was filed in 2013.  It is my understanding that at least since the parties' settlement in 2015, the County has delegated to CFMG the responsibility for creating policies and practices related to the provision of medical, mental health, and dental care to people in the County's custody.

6.      On February 20, 2025, the County issued a Request for Proposals for Correctional Health Services ("Healthcare RFP").  The Healthcare RFP states that proposals are due March 27, 2025; an award will occur on April 30, 2025; and the

DECLARATION OF CAROLINE E. JACKSON IN SUPPORT OF PLS.' MOTION TO ENFORCE
SETTLEMENT AGREEMENT AND IMPLEMENTATION PLANS

1  contractor will start work on "July 1, 2025 or later if mutually agreed on."  A true and

2  correct copy of the first page and the Calendar of Events from the Healthcare RFP is

3  attached as **Exhibit C**.  To the knowledge of Plaintiffs' counsel, the County's contract with

4  CFMG was not set to expire until the end of 2025.  The award date in the Healthcare RFP

5  has now passed, and the County has not yet identified the entity chosen to provide health

6  care at the Jail pursuant to the Healthcare RFP.  Plaintiffs expect that the County will name

7  the recipient of the new contract imminently.

8      7.    I have reviewed the most recent monitoring reports submitted by the Court-

9  appointed neutral monitors for medical, mental health, and dental care.  The charts below

10  reflect true and correct summaries of the monitors' findings from those reports regarding

11  the requirements for which Plaintiffs currently seek to hold the County in contempt.

12      8.    Dr. Barnett's latest compliance findings on the medical requirements for

13  which Plaintiffs seek contempt against the County are as follows:

| Requirement | Finding | Citation |
|---|---|---|
| 1. Clinical Staffing | Noncompliant | Dkt. 952 at 15. |
| 2. Medical Intake Screening | Noncompliant | *Id.* |
| 3. Sick Call | Noncompliant | *Id.* at 16. |
| 4. Chronic Care | Noncompliant | *Id.* at 17. |
| 5. Health Care Maintenance | Noncompliant | *Id.* |
| 6. Continuity of Care | Noncompliant | *Id.* at 18. |
| 7. Outside Care Referrals | Noncompliant | *Id.* |
| 8. Treatment of Intoxicated Patients | Partially Compliant | *Id.* |
| 9. Treatment of Communicable Diseases | Partially Compliant | *Id.* |
| 10. Pharmaceutical Practices | Partially Compliant | *Id.* at 19. |
| 11. Medical Quality Assurance | Noncompliant | *Id.* |

    9.    Dr. Vess's latest compliance findings on the mental health requirements for

[4688559.2]
DECLARATION OF CAROLINE E. JACKSON IN SUPPORT OF PLS.' MOTION TO ENFORCE
SETTLEMENT AGREEMENT AND IMPLEMENTATION PLANS

1  which Plaintiffs seek contempt against the County are as follows:

| Requirement | Finding | Citation |
|---|---|---|
| 1.  Clinical Staffing | Noncompliant | Dkt. 957 at 41–43, 79. |
| 12.  Initial Mental Health Screening | Noncompliant | *Id.* at 15–17, 79. |
| 13.  Nursing Rounds in Administrative Segregation | Partially Compliant | *Id.* at 56, 79. |
| 15.  Treatment Planning | Partially Compliant | *Id.* at 47–50, 79. |
| 16.  Chronic Care | Partially Compliant* | *Id.* at 20–24, 79. |
| 17.  Acute Care | Noncompliant | *Id.* at 24–25, 79. |
| 18.  Outpatient Services | Partially Compliant | *Id.* at 25–26, 79. |
| 20.  Consideration of Mental Health in Discipline | Noncompliant | *Id.* at 50–51, 79. |
| 21.  Segregation Placement Screenings | Noncompliant | *Id.* at 52–53, 79. |
| 22.  Mental Health Programming in Segregation | Noncompliant | *Id.* |
| 23.  Involuntary Medication | Partially Compliant* | *Id.* at 36–39, 79. |
| 24.  Suicide Risk Assessments and Safety Planning | Partially Compliant | *Id.* at 59–61, 80. |
| 25.  Medical Records | Partially Compliant | *Id.* at 69–70, 80. |
| 26.  Corrective Action Plans | Partially Compliant | *Id.* at 73–74, 80. |
| 27.  Provider Visits to Holding and Isolation Cells | Partially Compliant | *Id.* at 20, 80. |
| 28.  Mental Health Quality Assurance | Partially Compliant | *Id.* at 70–73, 80. |

10.     Among the 17 mental health requirements for which this Court found CFMG in contempt in September 2023, the only requirement with which Dr. Vess did not find a current lack of substantial compliance in his most recent final report is Psychiatric Follow-Up Visit Intervals. *See id.* at 17–18.

11.     As discussed in Plaintiffs' motion, the requirements marked with an asterisk

DECLARATION OF CAROLINE E. JACKSON IN SUPPORT OF PLS.' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND IMPLEMENTATION PLANS

above indicate areas where Dr. Vess found Defendants substantially compliant with one or more elements of the requirement but not substantially compliant with one or more other elements of the requirement.

12.    Dr. Winthrop's latest final compliance findings on the dental requirements for which Plaintiffs seek contempt against the County are as follows:

| Requirement | Finding | Citation |
|---|---|---|
| 1.  Clinical Staffing | Partially Compliant | Dkt. 902-1 at 50. |
| 29.  Dental Intake Screening | Partially Compliant | *Id.* at 51. |
| 30.  Initial Health Inventory (Dental) | Noncompliant | *Id.* at 52–54. |
| 31.  Dental Training for Intake Staff | Partially Compliant | *Id.* at 54–55. |
| 32.  Treatment for Urgent and Emergent Conditions | Partially Compliant | *Id.* at 55–56. |
| 33.  Dental Sick Call | Noncompliant | *Id.* at 56. |
| 34.  Chronic Care (Dental) | Partially Compliant | *Id.* at 56–57. |
| 35.  Comprehensive Care | Partially Compliant | *Id.* at 57–58. |
| 36.  Restorative and Palliative Care | Partially Compliant | *Id.* at 58–59. |
| 38.  Specialty Care Referrals | Partially Compliant | *Id.* at 60–61. |
| 39.  Endodontics | Partially Compliant | *Id.* at 61. |
| 40.  Periodontics | Partially Compliant | *Id.* at 61–62. |
| 41.  Informed Consent | Partially Compliant | *Id.* at 62–63. |
| 43.  Electronic Medical Records | Partially Compliant | *Id.* at 64–65. |
| 44.  Dental Quality Assurance | Partially Compliant | *Id.* at 65–66. |

13.    Among the 17 dental requirements for which this Court found CFMG in contempt in September 2023, the only two requirements with which Dr. Winthrop did not find a current lack of substantial compliance in her most recent final report are Extractions and Sanitary Treatment Space.  *Id.* at 59, 63–64.

14.    Dr. Winthrop sent the parties a draft report related to her October 2024 dental monitoring tour on March 18, 2025.  The draft report finds a lack of substantial compliance in each of the 15 areas identified above.  The parties have provided comments on the draft report pursuant to the Settlement Agreement.  Dkt. 494, ¶ 40.  The report has not yet been finalized.  Dr. Barnett, Dr. Vess, and Dr. Winthrop uniformly use the term "partial compliance" to denote a lack of substantial compliance.

15.    The County has long been aware of the neutral monitors' findings regarding Defendants' noncompliance with the medical, mental health, and dental care requirements. Monitoring reports by the medical, mental health, and dental monitors are submitted to counsel for all Defendants, including counsel for the County.  Plaintiffs' December 2022 letter that initiated the previous contempt proceeding in this case was sent to counsel for the County, as was Plaintiffs' December 2024 letter that led to the present motion.

16.    Counsel for the County of Monterey has been involved throughout the contempt proceedings in this case, including by attending all mediations and Court hearings.  During the litigation that resulted in the Court's previous contempt order, the County filed documents with this Court opposing the disclosure of the neutral monitors' reports.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 8th day of May, 2025.


_/s/ Caroline E. Jackson_
Caroline E. Jackson

DECLARATION OF CAROLINE E. JACKSON IN SUPPORT OF PLS.' MOTION TO ENFORCE
SETTLEMENT AGREEMENT AND IMPLEMENTATION PLANS

# Exhibit A



ROSEN BIEN
GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Ben Hattem
Email:  BHattem@rbgg.com

December 4, 2024

VIA ELECTRONIC MAIL ONLY

Ellen Lyons                                    Tucker Wisdom-Stack
lyonse@countyofmonterey.gov        wisdom-stacktn@countyofmonterey.gov

Re:    *Hernandez v. County of Monterey et al.*
       Paragraph 48 Letter re: County's Noncompliance with Settlement
       Agreement and Implementation Plan
       Our File No. 1187-10

Dear Ellen and Tucker:

Pursuant to Paragraph 48 of the Settlement Agreement, we write to inform you
that Defendants County of Monterey and the Monterey County Sheriff's Department
(collectively, "the County") are currently not in substantial compliance with 39 of the 43
requirement of the Settlement Agreement and CFMG Implementation Plan for which the
Court found Defendant CFMG in civil contempt in September 2023.  Dkt. 838 at 26.
Based on the most recent final neutral monitoring reports for medical, mental health, and
dental care, as well as the most recent draft medical monitoring report, Plaintiffs believe
the County is currently not in substantial compliance with all but four of the requirements
identified by the Court.  *See* Dkts. 882, 895-1 & 902-1; *see also* 17th Draft Medical
Monitoring Report at 10–14.  The four requirements with which Plaintiffs believe the
County is currently in compliance are medical pharmaceutical administration, psychiatric
follow-up visit intervals, extractions, and dental sanitary treatment space.  *See* Dkt. 897 at
7–8; Dkt. 897-1 at 1–3.

Plaintiffs write to request that the County stipulate to be held jointly and severally
liable with Defendant CFMG on an ongoing basis for any contempt fines the Court may
impose based on Defendants' continued noncompliance with these 39 requirements.  If
the County will not agree to this request, Plaintiffs will pursue mediation before Judge
Cousins and will move the Court to grant this relief if mediation is unsuccessful.

As a matter of law, the County is liable for Defendants' noncompliance with the
Court-ordered requirements of the Settlement Agreement and CFMG Implementation
Plan.  The Court-ordered terms of the Settlement Agreement apply to the County as well

A-1

Ellen Lyons
Tucker Wisdom-Stack
December 4, 2024
Page 2

as CFMG, including the provisions of the Settlement Agreement that were put into effect through the CFMG Implementation Plan. For instance, "*Defendants*" were ordered in the Settlement Agreement to "develop and implement an Intake Screening Implementation Plan" including medical, mental health, and dental components. Dkt. 494, ¶ 31(a) (emphasis added). This requirement applies to all Defendants in this case, and not to CFMG alone.

Indeed, none of the substantive medical, mental health, and dental requirements of the Settlement Agreement were imposed only on Defendant CFMG. *See id.*, ¶ 31(g)–(j). And as with the Settlement Agreement, no provision in the CFMG Implementation Plan limited the Court-ordered requirements of that plan to CFMG alone. By the terms of the parties' agreements and the Court's orders, both the County and CFMG are bound by the Court-ordered requirements for the provision of medical, mental health, and dental care at the Jail.

Moreover, the case law is clear that the County is liable for CFMG's noncompliant provision of care to individuals in the County's custody. The County's contract with CFMG does not absolve the County of its legal responsibility to provide adequate health care to people incarcerated at the Jail. "Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." *West v. Atkins*, 487 U.S. 42, 56 (1988); *see also Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1250 (6th Cir. 1989) (applying this principle to County defendant).

Local governments like the County are liable for violations of federal law that result from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Under *Monell*, a local government that delegates policymaking responsibility to another actor is liable for the unlawful conduct of its delegee. *See, e.g.*, *King v. County of Los Angeles*, 885 F.3d 548, 558–59 (9th Cir. 2018); *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1190 (9th Cir. 2002).

The Ninth Circuit has affirmed the imposition of contempt fines on State defendants for failing to ensure that their private health care contractor provided adequate care to incarcerated people. *See Parsons v. Ryan*, No. CV-12-0601, 2018 WL 3239691, at *9 (D. Ariz. June 22, 2018), *aff'd*, 949 F.3d 443 (9th Cir. 2020). And courts have widely held that liability for providing deficient health care attaches to Counties that contract for health care in County jails. *See, e.g.*, *King v. Kramer*, 680 F.3d 1013, 1020

Ellen Lyons
Tucker Wisdom-Stack
December 4, 2024
Page 3

(7th Cir. 2012); *Leach*, 891 F.2d at 1250; *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 706 & n.11 (11th Cir. 1985).  As the Seventh Circuit has explained, a "County cannot shield itself from § 1983 liability by contracting out its duty to provide medical services."  *King*, 680 F.3d at 1020.  "[T]he private company's policy becomes that of the County if the County delegates final decision-making authority to it."  *Id.* (citing *Ancata*, 769 F.2d at 705–06).

Through its contract with CFMG, the County has delegated responsibility for the provision of medical, mental health, and dental care at the Jail.  The County is liable for the misconduct of its delegated policymaker, including CFMG's continued failure to provide care that complies with the parties' Settlement Agreement and the Court's orders.  In addition to its *Monell* liability, the County is also liable under the Court-ordered terms of the Settlement Agreement, which imposes the same medical, mental health, and dental requirements on all Defendants in this case.  As reflected in the most recent monitoring reports, the County is currently not in compliance with those requirements.

To avoid the time and expense of litigating this issue through a motion to enforce, Plaintiffs request that the County stipulate to joint and several liability for any and all future contempt fines the Court may issue based on Defendants' noncompliance with the requirements identified in the September 2023 contempt order, except for the four requirements noted above.  The Settlement Agreement requires that the County investigate Plaintiffs' allegations and respond in writing within 30 days. Dkt. 494, ¶ 48. Please let us know by January 3, 2025 whether the County will agree to this request.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

By:  Ben Hattem

BCH

# Exhibit B

# County of Monterey

**OFFICE OF THE COUNTY COUNSEL**
168 WEST ALISAL STREET, 3RD FLOOR, SALINAS, CALIFORNIA 93901-2439
(831) 755-5045          FAX: (831) 755-5283

SUSAN K. BLITCH                                                            ELLEN S. LYONS
COUNTY COUNSEL                                            DEPUTY COUNTY COUNSEL

January 3, 2025

*Via E-Mail Only*  BHattem@rbgg.com
Ben Hattem
101 Mission Street, Sixth Floor
San Francisco, CA 94105

       Re: *Hernandez v. County of Monterey et al.*
       Response to December 4, 2024 Paragraph 48 Letter re: County's Alleged
       Noncompliance with Settlement Agreement and Implementation Plan

Dear Mr. Hattem:

I am writing in response to your December 4, 2024 letter regarding the above matter.

First, the County is not privy to the discussions between Wellpath bankruptcy counsel and Plaintiffs' counsel, but it is our understanding that Plaintiffs and CFMG/Wellpath have reached an agreement in principle regarding the amount, timing, and payment of the sanctions awarded against CFMG/Wellpath from Plaintiffs' motion to enforce the settlement agreement against CFMG/Wellpath. These are the same 39-43 requirements identified in your December 4, 2024 correspondence.

Second, as you are well aware, the parties spent numerous hours negotiating, drafting, redrafting, revising and finalizing what eventually became the Settlement Agreement in the *Hernandez* matter. Dkt. 494.  At no time during these negotiations did the County agree to be jointly and severally liable for CFMG's potential noncompliance with the Settlement Agreement or CFMG's Implementation Plan.

Third, as part of the Settlement Agreement, the County and CFMG created separate Implementation Plans.  The County had little to no involvement or input in the creation of CFMG's Implementation Plan.  The vast majority of the requirements contained in CFMG's Implementation Plan are solely within the control and execution of CFMG/Wellpath's medical, mental health, dental staff, and leadership.

Finally, you brought your motion to enforce the Settlement Agreement against CFMG/Wellpath and not the County of Monterey.  Now, over 15 months later, when the Wellpath entities have filed for Chapter 11 bankruptcy protection, you are attempting to have a "second bite at the apple" for the same 39 requirements you have reached agreement on with CFMG/Wellpath regarding  amount, timing, and payment of sanctions, including possible future sanctions for these same requirements. Dkt. 945.

B-1

Ben Hattem
January 3, 2025
Page 2


The County will not stipulate to be held jointly and severally liable with CFMG on an ongoing basis for any contempt fines the Court may impose regarding potential noncompliance with these 39 requirements.  If you insist on pursuing the positions outlined in your letter of December 4, 2024, then our next step is to present the matter to Judge Cousins.

<div style="margin-left: 40%">

Sincerely,

SUSAN K. BLITCH, County Counsel


By: /s/ *Ellen S. Lyons*
_____
Ellen S. Lyons
Deputy County Counsel

</div>

ESL:ab

# Exhibit C



**COUNTY OF MONTEREY**
**CONTRACTS/PURCHASING DIVISION**
**1488 SCHILLING PLACE**
**SALINAS, CA 93901**
**(831) 755-4990**

# REQUEST FOR PROPOSALS #10939

### For
### Correctional Health Services

**Proposals are due by**
**3:00 pm (PST) on March 27, 2025**

| 1.5   CALENDAR OF EVENTS |
|---|

The following is an outline of the anticipated schedule for the proposal review and contract award.

| Action Item | Date |
|---|---|
| Issue Request for Proposal (RFP) | February 20, 2025 |
| Mandatory Pre-Bid Conference and Site Tour | March 10, 2025, 9:00 A.M. |
| Final Date to Submit Questions | March 17, 2025 |
| Proposals Due | March 27, 2025, 3:00 P.M. |
| Evaluation – Site Visits | April 16, 2025 |
| Award | April 30, 2025 |
| Start Work | July 1, 2025 or later if mutually agreed upon |

The successful Bidder shall not commence work until a meeting between representatives of the winning Bidder and the County of Monterey is held.  The meeting will be held at a County of Monterey site, at a time and date to be established. The schedule set forth above is subject to change.

| 1.6   QUESTIONS REGARDING RFP |
|---|

Questions and correspondence regarding this solicitation shall be directed to:

Primary Contact for the County:　　**Jessica Amezcua**
　　　　　　　　　　　　　　　　　　**Management Analyst/Deputy Purchasing Agent**
　　　　　　　　　　　　　　　　　　1488 Schilling Place
　　　　　　　　　　　　　　　　　　Salinas, CA 93901
　　　　　　　　　　　　　　　　　　PHONE: (831) 755-4892
　　　　　　　　　　　　　　　　　　Email: AmezcuaJ1@countyofmonterey.gov

All questions regarding this solicitation shall be submitted via E-Mail. The questions will be researched, and the answers will be communicated to all known interested Bidder(s) after the deadline for receipt of questions.

The deadline for submitting written questions regarding this solicitation is indicated in the **CALENDAR OF EVENTS in section 1.5**. Questions submitted after the deadline will not be answered.

Only answers to questions communicated by formal written addenda will be binding.
Prospective Bidder shall not contact County officers or employees with questions or suggestions regarding this solicitation except through the primary contact person listed above.

**Any unauthorized contact may be considered undue pressure and cause for disqualification of Bidder.**

C-2