MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email:   mbien@rbgg.com
         egalvan@rbgg.com
         vswearingen@rbgg.com
         cjackson@rbgg.com
         bhattem@rbgg.com
         mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email:   ckendrick@aclu.org
         kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email:   afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND IMPLEMENTATION PLANS**<br><br>Judge: Hon. Beth Labson Freeman<br><br>Date: July 24, 2025<br>Time: 9:00 a.m.<br>Crtrm.: 1 |

The Court, having considered Plaintiffs' Motion to Enforce the Settlement Agreement and Implementation Plans, the evidence in support of Plaintiffs' motion, the opposition thereto, and the arguments of counsel, hereby finds as follows:

In September 2023, this Court found Defendant California Forensic Medical Group, Inc. ("CFMG") in contempt for its failure to comply with forty-three requirements of the Settlement Agreement and Implementation Plans. *See* Dkt. 838 at 26. The most recent findings of the Court-appointed neutral monitors for medical, mental health, and dental care show by clear and convincing evidence that Defendants remain out of compliance with forty of those forty-three requirements.

Responsibility for this noncompliance does not fall on CFMG alone. Defendant the County of Monterey (the "County") is ultimately responsible for providing constitutionally adequate medical, mental health, and dental care to people in its custody, including the members of the Plaintiff class. *See, e.g.*, *King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012); *see also Parsons v. Ryan*, 949 F.3d at 452–53 (9th Cir. 2020) (affirming contempt fines against State defendants for failure to ensure that their health care contractor provided adequate care). The Court-ordered medical, mental health, and dental requirements of the Settlement Agreement apply to the County, not just to CFMG. *See, e.g.*, Dkt. 494, ¶ 31(g)–(j). The Settlement Agreement further requires all Defendants to implement the Court-ordered requirements of the Implementation Plans. *See id.*, ¶ 31(h)(i), (i)(i), (j); *see also id.* at 4 (ordering that the Implementation Plans are "enforceable by the Court as part of the Settlement Agreement").

As a matter of law and pursuant to the Court-ordered provisions of the Settlement Agreement, the County is equally liable with CFMG for Defendants' continued failure to comply with forty of the forty-three requirements identified in this Court's September 2023 order. The forty requirements with which the County remains out of compliance are as follows, numbered as they were in the Court's September 2023 order:

1. Clinical Staffing. *See* Dkt. 952 at 15; Dkt. 957 at 41–43; Dkt. 902-1 at 50.

2. Medical Intake Screening. *See* Dkt. 952 at 15.

3. Sick Call. *See id.* at 16.
4. Chronic Care. *See id.* at 17.
5. Health Care Maintenance. *See id.*
6. Continuity of Care. *See id.* at 18.
7. Outside Care Referrals. *See id.*
8. Treatment of Intoxicated Patients. *See id.*
9. Treatment of Communicable Diseases. *See id.*
10. Pharmaceutical Practices. *See id.* at 19.
11. Medical Quality Assurance. *See id.*
12. Initial Mental Health Screening. *See* Dkt. 957 at 15, 79.
13. Nursing Rounds in Administrative Segregation. *See id.* at 56, 79.
15. Treatment Planning. *See id.* at 47–50, 79.
16. Chronic Care (Mental Health). *See id.* at 20–24, 79.
17. Acute Care. *See id.* at 24, 79.
18. Outpatient Services. *See id.* at 25–26, 79.
20. Consideration of Mental Health in Discipline. *See id.* at 50, 79.
21. Segregation Placement Screenings. *See id.* at 52, 79.
22. Mental Health Programming in Segregation. *See id.*
23. Involuntary Medication. *See id.* at 36–40, 79.
24. Suicide Risk Assessments and Safety Planning. *See id.* at 59, 79.
25. Medical Records (Mental Health). *See id.* at 69–70, 80.
26. Corrective Action Plans (Mental Health). *See id.* at 73, 80.
27. Provider Visits to Holding and Isolation Cells. *See id.* at 20, 80.
28. Mental Health Quality Assurance. *See id.* at 72, 80.
29. Dental Intake Screening. *See* Dkt. 902-1 at 51.
30. Initial Health Inventory. *See id.* at 52–54.
31. Dental Training for Intake Staff. *See id.* at 54.
32. Treatment for Urgent and Emergent Conditions. *See id.* at 55–56.

1  33. Dental Sick Call. *See id.* at 56.

2  34. Chronic Care (Dental). *See id.* at 56–57.

3  35. Comprehensive Care. *See id.* at 57–58.

4  36. Restorative and Palliative Care. *See id.* at 58–59.

5  38. Specialty Care Referrals. *See id.* at 60–61.

6  39. Endodontics. *See id.* at 61.

7  40. Periodontics. *See id.* at 61–62.

8  41. Informed Consent. *See id.* at 62–63.

9  43. Electronic Medical Records. *See id.* at 64–65.

10  44. Dental Quality Assurance. *See id.* at 65–66.

Accordingly, Plaintiffs' Motion to Enforce the Settlement Agreement and Implementation Plans is GRANTED. The Court finds the County of Monterey to be in civil contempt of each of the requirements listed above. The Court therefore ORDERS that:

(1) The County is hereby enjoined to come into immediate and sustained compliance with the requirements of the Settlement Agreement and Implementation Plans identified above;

(2) The Court imposes a conditional coercive civil contempt fine on the County in the amount of $25,000 per requirement for each of the requirements of the Settlement Agreement and Implementation Plans identified above;

(3) The County is granted three months following this order to purge its contempt by coming into substantial compliance with each and every one of the requirements identified above.

(4) The neutral monitors for medical, mental health, and dental care shall conduct monitoring tours of the Jail three months after the conclusion of the purge period, or as soon as possible thereafter. In their reports regarding these monitoring tours, the neutral monitors shall make findings as to whether Defendants had come into compliance with the requirements identified above by the end of the purge period. In making such findings, the

neutral monitors shall not consider records of patient care or other information from prior to the conclusion of the purge period.

(5) For any requirement for which the neutral monitors find that Defendants had not come into substantial compliance by the end of the purge period, the County shall be required to pay a contempt fine of $25,000 per such requirement unless the County can show cause why these fines should not be issued.

(6) The neutral monitors will continue to evaluate Defendants' compliance as part of their regular monitoring duties, as required by the Court's previous contempt order. Dkt. 838 at 27. After each round of further monitoring reports is filed, if the neutral monitors determine that Defendants are not in substantial compliance with one or more of the requirements of the Settlement Agreement and Implementation Plans identified above, Plaintiffs may request that the Court issue an order to show cause why the County should not be required to pay an additional $25,000 fine for each such requirement.

(7) Fines imposed on the County pursuant to this order shall run jointly and severally with any fines for the same requirements in the same monitoring period imposed on CFMG pursuant to the Court's previous contempt order, Dkt. 838. However, fines may continue to be imposed on the County pursuant to this order regardless of whether CFMG remains the County's contractor for the provision of medical, mental health, and dental care at the Jail.

(8) The Court previously found that the Settlement Agreement entered in this matter was narrowly drawn, extended no further than necessary to correct the violation of Plaintiffs' federal rights, and was the least intrusive means necessary to correct that violation. Dkt. 494 at 4. The Court has also previously found that conditional civil contempt sanctions similar to those imposed by this Order were necessary to ensure compliance with the Settlement Agreement. Dkt. 838 at 28. Based on the evidence presented, the Court finds that this Order is necessary, narrowly tailored, and the least intrusive means of ensuring the County's compliance with the Settlement Agreement. The Court finds that other remedies have not corrected the County's noncompliance with the

Settlement Agreement and Implementation Plans and that this Order is the only remedy likely to bring the County into compliance. The Court therefore finds that this Order is narrowly tailored, extends no further than necessary to correct the violation of Plaintiffs' federal rights, and is the least intrusive means necessary to correct the violation. *See* 18 U.S.C. § 3626(a)(1)(A).

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
Honorable Beth Labson Freeman