SUSAN K. BLITCH, SBN 187761
County Counsel
ELLEN S. LYONS, SBN 136011
Deputy County Counsel
TUCKER WISDON-STACK, SBN 300927
Deputy County Counsel
County of Monterey
168 West Alisal Street, Third Floor
Salinas, California 93901-2653
Telephone: (831) 755-5045
Facsimile: (831) 755-5283
Email: lyonse@countyofmonterey.gov
wisdom-stacktn@countyofmonterey.gov

Attorneys for Defendants COUNTY OF MONTEREY
and MONTEREY COUNTY SHERIFF'S OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| JESSE HERNANDEZ, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354 BLF<br><br>**COUNTY OF MONTEREY'S OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND IMPLEMENTATION PLANS**<br><br>Date: July 24, 2025<br>Time: 9:00 a.m.<br>Courtroom: 1<br><br>Judge: Hon. Beth Labson Freeman |

### I.     INTRODUCTION

Plaintiffs belatedly and improperly ask the Court to hold the County of Monterey ("County") jointly and severally liable for contempt sanctions against Defendant California Forensic Medical Group, Inc. ("CFMG") under its September 26, 2023 Order ("Contempt Order"). Whether Plaintiffs intend to ask the Court to retroactively treat the County as a party to the prior contempt proceedings or hold the County in contempt for failing to comply with the Contempt Order, or both, Plaintiffs' motion fails because Plaintiffs chose to direct their prior

1

contempt motion exclusively at CFMG and the Contempt Order does not apply to the County. Because enforcing the Contempt Order against the County would violate the County's due process rights by subjecting the County to liability for charges it was not asked to contest and for failing to comply with an order the County was not ordered to comply with, the Court must deny Plaintiffs' motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2015, the Court approved the parties' Settlement Agreement. See Doc. 494.

Pursuant to the Settlement Agreement, CFMG and the County agreed to develop implementation plans to effectuate the Agreement. See Doc. 494 at 13.[1]

The County and CFMG each duly developed their own implementation plans, for which they sought approval from the Court, reflecting Defendants' separate responsibilities for ensuring compliance with the Settlement Agreement. See Docs. 528, 532.

The Court duly approved the implementation plans on May 27, 2016. See Doc. 549.

On August 10, 2023, Plaintiffs moved to enforce the Settlement Agreement and hold CFMG in contempt of Court based on CFMG's failure to comply with the Settlement Agreement and CFMG's implementation plan. Doc. 825.

Prior to seeking enforcement of the Settlement Agreement, Plaintiffs are required to notify Defendants in writing of the facts supporting their belief. Defendants then investigate the allegations and provide a written response within 30 days. If Plaintiffs' counsel are not satisfied with the response, the parties conduct negotiations to resolve the issue and if unsuccessful, present the matter to the mediator, Hon. Nathanael Cousins. See Doc. 494 at 25-26.

The County was not a party to the August 10, 2023 motion to enforce even though Plaintiffs had previously brought an enforcement motion jointly against CFMG and the County. See Doc. 599; Declaration of Ellen S. Lyons ("Lyons Dec.") ¶ 4.

---

[1] Citations to documents filed on the Court's docket refer to ECF page numbers.

2

*Hernandez, et al. v. County of Monterey, et al.*                                                                    Case No. 13-cv-02354 BLF
County's Opposition to Plaintiffs' Motion to Enforce the Settlement Agreement and Implementation Plans

1   The motion was not brought against the County, and the County did not oppose
2   Plaintiffs' motion or actively participate in the contempt proceedings, which the Court explicitly
3   recognized in open court in considering oral argument. Lyons Dec. ¶¶ 5-6; Exhibit A (excerpt
4   from August 24, 2023 Hearing Transcript") at 49:11-12 ["the motion was not brought against the
5   County"].  The County's participation was limited to the issue of filing the neutral monitors'
6   reports on the public docket. See Doc. 782; Lyons Dec. ¶ 7.

7   On September 26, 2023, the Court found CFMG in contempt and ordered coercive civil
8   sanctions. Doc. 838.  The Court granted CFMG six months to purge the contempt by coming into
9   substantial compliance with the requirements set forth in Plaintiffs' motion to enforce against
10  CFMG.  *Id.*   Thereafter, over the course of the next 13 months, CFMG filed a show cause
11  response to the Court's contempt order, and Plaintiffs and CFMG conducted discovery including
12  written interrogatories, requests for documents, and depositions of experts retained by CFMG to
13  evaluate CFMG's compliance with the requirements set forth in the Court's Order. The
14  discovery was focused on CFMG's show cause response to the Court's contempt order. Lyons
15  Dec. ¶¶ 9-10.

16  On October 29, 2024, Plaintiffs and CFMG entered into a Stipulation regarding the
17  contempt sanctions awarded against CFMG and the Court signed the Order the same day. Doc.
18  945.

19  On May 8, 2025, after meet and confer and mediation, Plaintiffs filed the instant motion.
20  Doc. 963.

21  Plaintiffs' motion fails to address the due process issues the County raised throughout the
22  required meet and confer process.

23  **III.    LEGAL STANDARD**

24  "[C]ontempt is only available when the district court finds by clear and convincing
25  evidence that a party violated a *specific and definite* order of the court." *Parsons v. Ryan*, 949 F.
26  3d 443, 454 (9th Cir. 2020) [internal citations omitted] [emphasis added]. Courts may not
27  summarily adjudicate charges of indirect contempt. *Cooke v. U.S.*, 267 U.S. 517, 536 (1925)
28  ("*Cooke*") ["When the contempt is not in open court . . . there is no . . . right or reason in

3

*Hernandez, et al. v. County of Monterey, et al.*                                                    Case No.  13-cv-02354 BLF
County's Opposition to Plaintiffs' Motion to Enforce the Settlement Agreement and Implementation Plans

dispensing with the necessity of charges and the opportunity of the accused to present his defense by witnesses and argument."]. "[P]rogressively greater procedural protection" apply depending on what "considerations come into play." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 832–34 (1994) ("*Bagwell*"). Even "civil procedural protections may be insufficient" in adjudicating "[c]ontempts involving out-of-court disobedience to complex injunctions" because such cases "often require elaborate and reliable factfinding" and the "risk of erroneous deprivation from the lack of a neutral factfinder may be substantial." *Id.* at 833-834.

IV.    **ARGUMENT**

**A. Subjecting the County to the Contempt Order would Violate Due Process**

In their Proposed Order, Plaintiffs ask the Court to find that "the County is equally liable with CFMG for Defendants' *continued* failure to comply with forty of the forty-three requirements identified in this Court's September 23 order" and identify the "forty requirements with which the County *remains* out of compliance." Doc. 963-2 at 2:23-26 [emphasis added]. All of the requirements of the Contempt Order arose out of the Court's findings regarding CFMG's compliance with its own implementation plan, and Plaintiffs' motion fails to address the County's compliance with its own Implementation Plan. See Docs. 825, 838. Further, the Proposed Order states that "[f]ines imposed on the County pursuant to this order *shall run jointly and severally with any fines for the same requirements in the same monitoring period imposed on* CFMG *pursuant to the Court's previous contempt order*." Doc. 963 at 6:18-19; 963-2 at 5:14-19 [emphasis added]. In other words, Plaintiffs ask the Court to treat the Contempt Order as if it has always applied to the County even though Plaintiffs sought the Order against CFMG alone, and further asks the Court to hold the County in contempt for failing to comply with the Order even though the Order solely references CFMG's noncompliance with its own obligations. Neither request can be granted without violating the County's due process rights.

At bare minimum, due process requires adequate notice and the opportunity to be heard prior to the imposition of sanctions for indirect contempt. *Cooke*, *supra*, 267 U.S. at 536. These considerations only loom larger where, as here, Plaintiffs ask the Court to impose coercive sanctions for alleged out-of-court disobedience to a complex injunction. See *Bagwell*, *supra*, 512

4

1  U.S. at 831-834 (1994). The County had no notice or opportunity to heard with respect to the
2  Contempt Order because Plaintiffs chose to bring contempt proceedings against CFMG and not
3  the County (Doc. 825) and because the Contempt Order is directed at CFMG, not the County.
4  Doc. 838; Lyons Dec. ¶ 8.  Under these circumstances, the Court cannot properly hold the
5  County jointly and severally liable for CFMG's penalties under the Contempt Order and the
6  County cannot be held liable for violations of the Contempt Order itself because doing so would
7  be the functional equivalent of holding the County summarily in contempt.
8       Plaintiffs' assertion that the County bears legal responsibility for its underlying claims is
9  irrelevant. See, e.g., Doc. 963 at 6:15-17; 9:5-19; 10:14-20. While the County concedes that it
10 may be responsible for the conduct of its medical contractors in the context of a section 1983
11 claim, this observation is irrelevant to the core question of whether the Court can sanction the
12 County for failing to comply with the Contempt Order consistent with due process, a question
13 ignored by Plaintiffs.
14       Similarly, Plaintiffs' characterization of the proposed sanctions as "prospective" is
15 misleading. Doc. 963 at 6:12-13. Although the common usage of the term "prospective" means
16 "relating to or effective in the future,"[2] a definition that suggests Plaintiffs seek to hold the
17 County in contempt for noticed conduct on a forward looking basis, under the Prison Litigation
18 Reform Act ("PLRA") the term "prospective" is a term of art that means nothing more than
19 "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7). Read closely,
20 the relief requested by Plaintiffs can only be defined in the second sense. Plaintiffs explicitly
21 argue that the "County is not in substantial compliance with any of the 11 medical requirements
22 *identified in the Court's September 2023 contempt order*," that the "County is not in substantial
23 compliance with 16 of the 17 mental health *Contempt Requirements*," and not in substantial
24 compliance with 15 of the 17 *Contempt Requirements* related to dental care." Doc. 963 at 11:7-9;
25 11:21-22; 12:26-27 [emphasis added]. Moreover, Plaintiffs defend their request to provide the

---

[2] The Mirriam-Webster Dictionary's definition can be accessed at www.mirriam-webster.com/dictionary/prospective [accessed on May 19, 2025].

5

*Hernandez, et al. v. County of Monterey, et al.*                                                                                      Case No.  13-cv-02354 BLF
County's Opposition to Plaintiffs' Motion to Enforce the Settlement Agreement and Implementation Plans

1   County with a three-month purge period by arguing that "it is three times as long as the one-
2   month period granted to the State defendants in *Parsons* in that court's *second* contempt order,"
3   while ignoring that the proposed purge period is half the length of the six-month period granted
4   to CFMG. Doc. 963 at 13:24-25 [emphasis added]; Doc. 838. Utilizing the common usage of the
5   terms, Plaintiffs ask the Court to hold the County retroactively, not prospectively, liable for
6   sanctions ordered against another party that Plaintiffs had every opportunity to seek against the
7   County in the first instance, but which Plaintiffs chose not to ask the County to defend.
8           Because the Court can only hold the County in contempt after allowing for notice and the
9   opportunity to be heard consistent with the severity of the charges, and because Plaintiffs failed
10  to provide the County with notice in obtaining the Contempt Order, Plaintiffs' motion must be
11  denied.

**B. Plaintiffs' Proposed Order Violates the PLRA**

13          The PLRA requires "prospective relief," or "all relief other than compensatory monetary
14  damages," to be "narrowly drawn, extend no further than necessary to correct the violation of the
15  federal right, and [be] the least intrusive means to correct the violation of the Federal Right." 18
16  U.S.C. § 3626(a)(1)(A), (g)(7). This restriction follows from the "fundamental purpose of the
17  PLRA, which was to remove the federal district courts from the business of supervising the day-
18  to-day operation of state prisons." *Cagle v. Hutto*, 177 F.3d 253, 257 (4th Cir. 1999).
19  Plaintiffs' shortcut attempt to hold the County responsible for CFMG's non-compliance in lieu
20  of pleading and proving any ways in which it claims the County has failed to comply with its
21  responsibilities under its own implementation plan dramatically fall short of the strict standards
22  of the PLRA. Whereas a narrowly drawn order would hold the County responsible for its own
23  noticed conduct on terms the County is capable of controlling (i.e. on a "prospective" basis
24  within the common usage), Plaintiffs' Proposed Order asks the Court to hold the County
25  retroactively responsible for violating an order based on another party's conduct and directed
26  solely at the other party, thereby violating the mandate of the PLRA.
27  / / /
28  / / /

6

## V. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion.

Dated: May 22, 2025

Respectfully submitted,

SUSAN K. BLITCH
County Counsel

By /s/ *Ellen S. Lyons*
ELLEN S. LYONS
Deputy County Counsel
Attorneys for Defendant County of Monterey

7

*Hernandez, et al. v. County of Monterey, et al.*                                                         Case No. 13-cv-02354 BLF
County's Opposition to Plaintiffs' Motion to Enforce the Settlement Agreement and Implementation Plans