MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
cjackson@rbgg.com
bhattem@rbgg.com
mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND IMPLEMENTATION PLANS**<br><br>Judge: Beth Labson Freeman<br><br>Date: July 24, 2025<br>Time: 9:00 a.m.<br>Crtrm.: 1 |

[4704265.2]

1   The County of Monterey does not dispute that Defendants are noncompliant with the Court-ordered requirements of the Settlement Agreement and Implementation Plans identified in Plaintiffs' enforcement motion.  The County concedes that it is liable as a matter of section 1983 law for its health care contractor's failure to provide adequate medical, mental health, and dental care to people in the County's custody.  It does not dispute that the health care requirements of the Settlement Agreement were imposed on all Defendants, including the County.  It cites no support for its claim not to be subject to the health care requirements of the Implementation Plans, which are "part of the Settlement Agreement" and which the Court ordered all Defendants to "implement."  Dkt. 494 at 4, 16–18.  And it makes no attempt to argue that it has taken "all reasonable steps to comply" with these requirements or that compliance was "factually impossible."  *Coleman v. Newsom*, 131 F.4th 948, 958, 960 (9th Cir. 2025).

Instead, the County spends its opposition disputing a claim Plaintiffs have not made and a remedy Plaintiffs have not requested.  The County argues that Plaintiffs have asked the Court to hold it in contempt for noncompliance with the Court's September 2023 order and that Plaintiffs seek "to retroactively treat the County as a party to the prior contempt proceedings."  Cnty.'s Opp'n to Pls.' Mot. to Enforce ("Opp'n"), Dkt. 965 at 1, 4.  Neither argument is correct.  Plaintiffs have asked the Court to find the County in contempt for its current, ongoing, and uncontested noncompliance with the Court-ordered medical, mental health, and dental care requirements of the Settlement Agreement and Implementation Plans.  Plaintiffs have asked the Court to impose civil contempt sanctions against the County on a prospective basis if the County fails to purge its contempt.  Nothing about Plaintiffs' request seeks retrospective relief or violates the County's due process rights.  Plaintiffs' motion should be granted.

I.   **PLAINTIFFS' MOTION SEEKS PROSPECTIVE SANCTIONS AND RAISES NO DUE PROCESS CONCERNS**

Plaintiffs have asked this Court to find the County noncompliant with 40 Court-ordered medical, mental health, and dental requirements of the Settlement Agreement and Implementation Plans.  Pls.' Mot. to Enforce the Settlement Agreement and Implementation Plans ("Mot."), Dkt. 963 at 11–13.  These overlap with 40 of the 43 requirements for which the Court held Defendant

California Forensic Medical Group, Inc. ("CFMG") in contempt in September 2023.  *See id.* at 5–6.  Dr. Winthrop's final report, which the parties received on May 26, 2025, indicates that the County has also now fallen into noncompliance with the requirements related to dental extractions, for a total of 41 areas of noncompliance.  Plaintiffs seek contempt findings against the County for its noncompliance with these requirements, and Plaintiffs seek prospective civil sanctions if the County fails to purge this contempt.  *Id.* at 6.

The County responds that Plaintiffs "ask the Court to treat the [September 2023] Contempt Order as if it has always applied to the County" and that Plaintiffs "further ask[] the Court to hold the County in contempt for failing to comply with the Order."  Opp'n at 4.  Both arguments misread Plaintiffs' motion.  Plaintiffs have not asked the Court to make its September 2023 order retroactively applicable to the County; rather, Plaintiffs ask for new contempt findings based on the County's current noncompliance.  *See* Mot. at 10–13.  And Plaintiffs have not asked the Court to hold the County in contempt for failing to comply with the September 2023 order; instead, Plaintiffs ask the Court to hold the County in contempt for its ongoing noncompliance with the Court-ordered requirements of the Settlement Agreement and Implementation Plans.  *Id.*  The Settlement Agreement and Implementation Plans are the "specific and definite order[s] of the court" that the County is violating.  *Parsons v. Ryan*, 949 F.3d 443, 454 (9th Cir. 2020).  Prospective sanctions based on the County's current noncompliance with these orders raise no due process concerns.  *UMW v. Bagwell*, 512 U.S. 821, 829 (1994); *Parsons*, 949 F.3d at 455.

Plaintiffs propose that if the County fails to purge the contempt within three months, the Court make the fines for the County's contempt run jointly and severally with the sanctions to which CFMG is subject under the September 2023 contempt order, rather than imposing separate fines against the County for its noncompliance.  *See* Mot. at 13–14; *see also* Proposed Order, Dkt. 963-2 at 5.  This ensures that the sanctions for both the County and CFMG go no further than necessary to secure the continuation of the existing contempt remedy if CFMG goes bankrupt or leaves the Jail.  Mot. at 6.  In other words, to propose a narrowly tailored *remedy* for the County's contempt, Plaintiffs ask the Court to incorporate the County into the existing sanctions structure on a forward-looking basis instead of levying separate, additional fines.  *Id.* at 14.  But the *findings*

of contempt that Plaintiffs seek against the County are not predicated in any way on the Court's 2023 contempt findings against CFMG. Plaintiffs seek contempt findings based on the County's nearly decade-long noncompliance with the Settlement Agreement and Implementation Plans, not based on the Court's previous contempt findings against CFMG. *See id.* at 10–13.

The County makes two further arguments in opposition to Plaintiffs' request for contempt findings. *First*, the County suggests it cannot be held liable for noncompliance with provisions of the CFMG Implementation Plan. Opp'n at 4, 6. The County cites no support for this argument. *See id.* The County's assertion is inconsistent with the Court-ordered requirements of the Settlement Agreement, which instruct all Defendants, including the County, to "implement" the medical, mental health, and dental care terms of the Implementation Plans. Dkt. 494 ¶ 31(h)(i), (i)(i), (j). The County's argument is also inconsistent with its own concession that it is "responsible for the conduct of its medical contractors in the context of a section 1983 claim." Opp'n at 5; *see also* Mot. at 9 (discussing case law on counties' responsibility for conduct of health care contractors); Second Am. Compl., Dkt. 41 at 125–26 (asserting section 1983 claims).

*Second*, the County argues that Plaintiffs are asking the Court to "summarily adjudicate charges of indirect contempt" in violation of due process. Opp'n at 3–4 (citing *Cooke v. United States*, 267 U.S. 517, 536 (1925)). The case the County cites in support of this argument is a criminal contempt case that has no bearing on the civil sanctions Plaintiffs seek. *See Cooke*, 267 U.S. at 534–35; *see also Bagwell*, 512 U.S. at 826–30 (distinguishing civil and criminal contempt). Plaintiffs also have not asked the Court to summarily adjudicate their claims. Plaintiffs have moved for contempt, the County has answered, and Plaintiffs have noticed a hearing at which the County may be heard in support of its position. That is all the process the County is due, notwithstanding its choice to spend its response opportunity claiming it has had no opportunity to respond. *Bagwell*, 512 U.S. at 827.

## II. PLAINTIFFS' PROPOSED ORDER PROVIDES SUFFICIENT OPPORTUNITY TO PURGE AND COMPLIES WITH THE PLRA

The County argues that Plaintiffs' proposed order is improper because it provides a three month purge period, which is "half the length of the six-month purge period granted to CFMG."

Opp'n at 5–6.  The County cites no authority for the claim that it is entitled to a six month purge period.  *See id.*  Understandably so; none exists.

Due process requires that a civil contemnor have an "opportunity to purge, i.e., 'reduce or avoid the fine[s] through compliance.'"  *Coleman*, 131 F.4th at 962 (quoting *Bagwell*, 512 U.S. at 829).  It does not require any particular amount of time for the purge period.  The Supreme Court in *Bagwell* explained that "a per diem fine imposed for each day a contemnor fails to comply" is lawful because "once the jural command is obeyed, the future, indefinite, daily fines are purged."  *Bagwell*, 512 U.S. at 829.  The Ninth Circuit in *Coleman* affirmed contempt fines for the State of California's failure to correct its multi-decade noncompliance with staffing requirements after a four month purge period.  *Coleman*, 131 F.4th at 954, 963.  And the district court in *Parsons* issued its second contempt order with just a one month purge period, after an earlier order with a five and a half month purge period was affirmed by the Ninth Circuit.  *See Parsons v. Shinn*, No. 12-cv-601, 2021 WL 718102, at *2–3 (D. Ariz. Feb. 24, 2021); *Parsons v. Ryan*, No. 12-cv-601, 2018 WL 3239691, at *1 (D. Ariz. June 22, 2018), *aff'd*, 949 F.3d 443 (9th Cir. 2020).

The County has had almost a decade to comply with the Settlement Agreement and nine years to ensure that it and its contractor comply with the Implementation Plans.  The County has known at least since this Court's September 2023 contempt order that it and its contractor are noncompliant with these same Settlement Agreement and Implementation Plans requirements.  *See* Dkt. 838 at 9–24; Opp'n at 5 (admitting knowledge of responsibility "for the conduct of its medical contractors").  Since December 2024, the County has been aware of Plaintiffs' intent to seek contempt specifically against the County for its noncompliance.  Decl. of Caroline Jackson, Dkt. 963-1, Ex. A, at 1.  Given the case law and the history of this litigation, a three month period to purge the contempt is reasonable, and the County is not entitled to further delay.

Finally, the County argues that Plaintiffs' proposed order violates the Prison Litigation Reform Act ("PLRA") because it "asks the Court to hold the County retroactively responsible for violating an order based on another party's conduct and directed solely at the other party."  Opp'n at 6.  In a similar vein, the County claims elsewhere that Plaintiffs wrongly describe their requested relief as prospective and that their motion, "[r]ead closely," uses "the term 'prospective'

[as] a term of art that means nothing more than 'all relief other than compensatory damages,'" the meaning of that term under the PLRA. *Id.* at 5 (quoting 18 U.S.C. § 3626(g)(7)). As discussed above, this argument mischaracterizes Plaintiffs' motion. Plaintiffs ask the Court to find the County in contempt based on the County's ongoing noncompliance with the Settlement Agreement and Implementation Plans, and Plaintiffs' proposed order would impose forward-looking, coercive civil sanctions unless the County purges its contempt. *See* Mot. at 10–13; Proposed Order, Dkt. 963-2 at 4–5. This relief is prospective in every sense.

Plaintiffs' proposed order complies with the PLRA. The order is necessary to ensure the continuation of the Court's contempt remedy, including if the County replaces CFMG as its health care contractor or in the event of further bankruptcy proceedings. *See* Mot. at 6. Maintaining that remedy is necessary to bring Defendants into compliance with the Settlement Agreement and to correct the violation of Plaintiffs' federal rights, as this Court found in September 2023. Dkt. 838 at 28; *see also Parsons v. Ryan*, 912 F.3d 486, 501 (9th Cir. 2018). Plaintiffs' proposed order is also the least intrusive means of maintaining the Court's contempt remedy because the sanctions it seeks against the County will run jointly and severally with future sanctions imposed against CFMG, rather than compounding Defendants' combined liability with additional, independent sanctions against the County. *See* Proposed Order, Dkt. 963-2 at 5. Plaintiffs' proposed order is narrowly drawn, necessary to correct the violation of Plaintiffs' federal rights, and the least intrusive means necessary to correct the violation. 18 U.S.C. § 3626(a)(1)(A).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask this Court to find the County in contempt and to enter Plaintiffs' proposed order.

DATED: May 28, 2025                           Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ben Hattem*
    Ben Hattem

Attorneys for Plaintiffs