MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
cjackson@rbgg.com
bhattem@rbgg.com
mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. CV 13 2354 BLF<br><br>**STIPULATION AND [PROPOSED] ORDER APPOINTING NEUTRAL MONITOR AND ORDER OF REFERENCE**<br><br>Judge: Beth Labson Freeman |

The Settlement Agreement approved by the Court on August 18, 2015 provides for the appointment of five expert monitors to evaluate Defendants' compliance with the Settlement Agreement and the Implementation Plans. Dkt. No. 494 at ECF 21-22. The monitors' duties are set forth in Paragraphs 39 and 40 of the Settlement Agreement. *See id.* at ECF 22-23. The previously appointed Monitor for mental health compliance, Dr. James Vess, has become unavailable to monitor mental health compliance. Pursuant to Paragraph 37 of the Settlement Agreement, Dkt. No. 494 at ECF 22, the parties met and conferred to assign a replacement expert to monitor this area.

The parties hereby jointly file this stipulation requesting that the Court appoint Dr. Eloisa C. Montoya to replace Dr. Vess as the Monitor for mental health compliance. A current *curriculum vitae* for Dr. Montoya is attached to this Order as **Exhibit A**. The parties respectfully request that the Court issue an order appointing Dr. Montoya as a neutral monitor.

Respectfully submitted,

DATED: July 11, 2025         ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Caroline E. Jackson*
    Caroline E. Jackson

Attorneys for Plaintiffs

DATED: July 11, 2025         COUNTY COUNSEL,
                             COUNTY OF MONTEREY

By: */s/ Ellen S. Lyons*
    Ellen S. Lyons
    Deputy County Counsel

Attorneys for Defendants
COUNTY OF MONTEREY and MONTEREY
COUNTY SHERIFF'S OFFICE

[4722062.1]

1

Case No. CV 13 2354 BLF
STIPULATION AND [PROPOSED] ORDER APPOINTING NEUTRAL MONITOR AND ORDER OF REFERENCE

```
1  DATED: July 11, 2025              GORDON REES SCULLY MANSUKHANI, LLP
2
                                     By:  /s/ Allison J. Becker
3                                         Allison J. Becker (pro hac vice)
4
                                     Attorneys for Defendant
5                                    CALIFORNIA FORENSIC MEDICAL GROUP,
                                     INCORPORATED
6
7       As required by Local Rule 5-1, I, Caroline E. Jackson, attest that I obtained
8  concurrence in the filing of this document from Ellen S. Lyons and Allison J. Becker,
9  counsel for Defendants, and that I have maintained records to support this concurrence.
10
11 DATED: July 11, 2025              ROSEN BIEN GALVAN & GRUNFELD LLP
12
                                     By:  /s/ Caroline E. Jackson
13                                        Caroline E. Jackson
14
                                     Attorneys for Plaintiffs
15
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///
```

**[PROPOSED] ORDER**

The Court has reviewed the above Stipulation of the parties. Good cause appearing and in accordance with the Settlement Agreement and its remedial purposes, and pursuant to the Court's inherent power, it is hereby:

ORDERED that the following individual is appointed as Monitor for mental health: Eloisa C. Montoya. A current *curriculum vitae* for Dr. Montoya is attached to this Order as **Exhibit A**.

FURTHER ORDERED that the Monitor shall have the responsibilities, powers, and protections set forth in the Settlement Agreement and in this Order.

FURTHER ORDERED that:

1. The following terms of the Settlement Agreement are adopted as part of this Order:

2. "Substantial compliance" shall mean adherence to the requirements of the Settlement Agreement and the Implementation Plans in all material respects, recognizing that 100% compliance is not required. Non-systemic deviations from the requirements of the Settlement Agreement and the Implementation Plans shall not prevent a finding of substantial compliance, provided that the Defendants demonstrate that they have (a) implemented a system for tracking compliance, where appropriate and practical, and for taking corrective measures in response to instances of non-compliance, and (b) that Defendants have instituted policies, procedures, practices, and resources that are capable of durable and sustained compliance. Substantial compliance shall be assessed by the subject-area monitors and shall govern all requirements for the Settlement Agreement and Implementation Plans.

3. If any of the monitors become unavailable to monitor their respective areas, the parties will meet and confer, and assign a new expert to monitor compliance with the Settlement Agreement and the Implementation Plans for their respective areas of expertise. The parties may agree at any time to remove and replace a monitor.

4.      Defendants shall pay the fees and costs incurred by the designated monitors and their staff.  Invoices will be provided to all parties for their review before payment.  There will be a yearly budget negotiated with each designated monitor.  If any monitor exceeds the budget for fees or costs without prior approval, he or she may be removed and replaced through the process described in Paragraph 37 of the Settlement Agreement.  Dkt. No. 494 at ECF 22.  If the parties do not agree on removal, either party may refer the matter to the mediator, and if necessary to the Court to determine whether the monitor should be retained or removed.

5.      The designated monitors shall have access to all jail facilities upon reasonable notice, to assess substantial compliance with the Settlement Agreement, and the incorporated Implementation Plans.  All site visits shall take place on consecutive days.  There shall be no more than two (2) site visits in each year, per monitor, that the Settlement Agreement is in effect.  These visits may take up to two (2) days each.

6.      The designated monitors shall have access to meet and interview personnel whose duties pertain to the provision of services and/or who work with inmates in the area of the expert's expertise.

7.      The designated monitors shall have a reasonable opportunity to conduct confidential interviews of inmates to assess whether Defendants are in compliance with the terms of the Settlement Agreement and Implementation Plans.

8.      The designated monitors may request to review County or CFMG documents, except those documents protected by attorney-client or work product privileges, or by state or federal law, to monitor Defendants' compliance with the terms of this Settlement Agreement and all Implementation Plans.  If these documents are requested in conjunction with a site visit, Defendants will provide these documents to the extent feasible within ten (10) days prior to the visit.

9.      During the site visits, the designated medical, mental health and dental monitors shall have reasonable access to current inmate health records, including mental

health records, consistent with Defendants' obligations under Federal and State law, as those obligations have been modified by Court order.

10. Monitors shall be provided with and agree to be bound by any protective or Court orders entered in this case to protect the confidentiality of prisoner records and security sensitive information.

11. The designated monitor will prepare a draft written report on the Defendants' efforts to meet the terms of the Settlement Agreement and all Implementation Plans at least twice a year and within 30 days of the later of the monitor's site inspection and the monitor's receipt of all requested documents and information, and in no case later than 45 days after the inspection. Each report shall contain a determination of whether Defendants are "substantially complying" with the Settlement Agreement and the applicable Implementation Plan. The draft report will be delivered to all parties to this Agreement. If the designated monitor concludes that Defendants have not substantially complied with the terms of any provision or provisions of the Settlement Agreement and Implementation Plans, the designated monitor shall make recommendations as to actions they believe to be necessary to substantially comply with the terms of the provision or provisions. The parties will have 30 days to provide written comments, objections or to cure issues and 7 days to reply. The monitor may re-inspect before issuing a final report. Final reports shall be due 20 days after the later of the monitor's receipt of any comments, objections or replies, or any re-inspection.

12. In addition to the above-recited terms of the Settlement Agreement, the Monitors shall be governed by the following terms.

13. The Monitors shall not engage in *ex parte* communications with the Court. The Monitors may engage in *ex parte* communications with the Mediator, Magistrate Judge Cousins.

14. The Monitors may engage in *ex parte* communications with the parties and with each other.

15. During each Monitor's first tour of the Jail, the parties shall have the right to have counsel present during the tour. All subsequent tours conducted by the monitors shall be conducted without counsel present, unless the parties agree good cause exists for counsel to observe the tours. If the parties cannot agree on the necessity for counsel to be present on monitor tours, they shall submit the matter to Magistrate Judge Cousins for decision.

16. Monitor budgets and invoices, like other written communications, shall be copied to all parties.

17. Within the limitations set by the yearly budget, the Monitors shall have the authority to employ and/or contract with all necessary expert, administrative, and clerical staff. The staff and contractors of the Office of the Monitor shall have whatever access to records and documents the Monitor believes is necessary to fulfill the staff or contracting role; within the limits set by Paragraph 8 above.

18. In preparing reports under Paragraph 11 above the Monitors shall identify all sources of information relied upon for facts and recommendations. If the source of information is an interview or conversation whether with staff, inmates, another Monitor, or any other person, the Monitors shall identify the person who is the source of the information, and the date on which the Monitor spoke to the person. If the source of the information is a document, the Monitor shall make the documents available to counsel for all parties, or identify the document in a manner that makes it accessible to all parties.

19. Monitors shall be compensated directly by Defendants upon submission of invoices to all parties.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

20. The parties shall meet and confer periodically regarding the efficacy of the procedures described herein, and shall submit a joint statement to the Court if any changes are needed.

DATED: _____, 2025

                                        Honorable Beth Labson Freeman
                                        United States District Judge

# Exhibit A

**ELOISA CAROLINA MONTOYA, PSY.D.**
Licensed Clinical Psychologist
944 N.W. 106 Avenue Circle
Miami, Florida 33172
(305) 221-4288
E-mail: ecmontoya2006@yahoo.com

**EDUCATION:** <u>Doctor of Psychology (Psy.D.)</u> degree in Clinical Psychology, Yeshiva University, Ferkauf Graduate School of Professional Psychology (APA-approved), New York, New York; conferred in January 1986

<u>Postdoctoral Master's</u> degree in Psychopharmacology, Nova Southeastern University, Fort Lauderdale, Florida; conferred in August 2003

<u>Master of Arts</u> degree in Psychology, Yeshiva University, Ferkauf Graduate School of Professional Psychology, New York, New York; conferred in June 1982

<u>Bachelor of Arts</u> degree in Psychology, University of Miami, Coral Gables, Florida; conferred in May 1980

**ADMINISTRATIVE & CLINICAL EXPERIENCE:**

2021-Present    <u>Retained Mental Health Expert Monitor</u>; Babu, et al. v. County of Alameda, et al.

1988-Present    <u>Psychologist</u>; Independent Private Practice in Miami, Florida. Provide individual therapy, psychological evaluations, forensic and correctional system consultations, and expert monitoring.

10/09-6/2021    <u>Mental Health Services Manager</u>; Miami-Dade Corrections and Rehabilitation Department, Miami, Florida. Responsible for Department-wide efforts in the areas of mental health service delivery, employee psychological services, and coordination of comprehensive medical service delivery.

3/07-10/2009    <u>Mental Health Services Coordinator</u>; Miami-Dade County Executive Office, Miami, Florida. Responsible for County-wide efforts to improve the mental health service delivery system.

1/06-3/2007    <u>Acting Director</u>; Miami-Dade County, Department of Human Services (DHS), Miami, Florida. Director of largest social service agency in Miami-Dade County with over 1,100 employees and an annual operating budget

**Eloisa C. Montoya, Psy.D.**
Page 2 – Resume

                    of over $264 million. The DHS offered social services to children, adolescents, adults, elderly and to specialized populations such as victims of domestic violence, substance abusers, and the homeless. Services were delivered throughout the County in over 65 sites. Responsibilities included oversight of service operations, program planning, and budgeting.

10/94-1/06      Director; Miami-Dade County, Department of Human Services, Office of Rehabilitative Services, Miami, Florida. Director of the County agency which provided all adolescent and adult substance abuse treatment-related efforts. Overall responsibility for the functions of over 300 employees with operations throughout the County in nearly 20 service delivery sites. Services included outpatient, residential, and assessment/referral programs for substance abusing juveniles and adults, the County-operated Central Intake Unit, and an extensive criminal justice treatment and intervention program, including correctional-based treatment. Responsibilities included extensive program planning, design, and grant proposal preparation.

6/90-10/94      Assistant Director; Metro-Dade County, Department of Human Resources, Office of Rehabilitative Services, Miami, Florida. Deputy Director of the County agency which provided all adolescent and adult substance abuse treatment related efforts. Responsible, through the indirect supervision of 300 employees, for all County-operated outpatient, residential, assessment and referral programs for substance abusing juveniles, adults, and criminal justice-involved adults, and the County-operated detoxification unit.

9/88-6/90      Clinical Psychologist II; Metro-Dade County, Department of Human Resources, Office of Rehabilitative Services, Miami, Florida. Psychologist in agency which provided all County-operated substance abuse treatment related efforts including residential, outpatient, in-jail treatment, day treatment, and methadone treatment, assessment and evaluation for juveniles and adults, and detoxification services. Provided clinical supervision and training for all staff in a variety of treatment modalities. Involved in program development, and in the writing of policies and procedures, grants and program proposals. Provided psychological consultations and crisis intervention.

6/86-9/88      Psychologist/Supervisor; State of Florida Department of Health and Rehabilitative Services, South Florida Evaluation and Treatment Center, Miami, Florida. Responsible for the provision of psychological treatment, assessment, and crisis intervention for 48 forensic residents; supervision and training of all subordinate unit staff and doctoral-level interns.

**Eloisa C. Montoya, Psy.D.**
**Page 3 – Resume**

| | |
|---|---|
| 10/84-3/86 | <u>Psychological Resident/Supervisor</u>; Miami Children's Hospital, Miami, Florida. Responsible for the direct and supervisory provision of treatment services to disturbed adolescents on an inpatient and outpatient basis. Supervised subordinate unit staff and interns. |
| 8/83-9/84 | <u>Psychological Resident/Supervisor</u>; Harlem Hospital, New York, New York. Responsible for the direct and supervisory provision of treatment services to mentally-disordered adults on an inpatient and outpatient basis. Supervised subordinate unit staff and interns. |

**CONSULTANT & TEACHING EXPERIENCE:**

| | |
|---|---|
| 2022 & 2023 | <u>Consultant & Trainer</u>, "Crisis Intervention Training," Hudson County, N.J. |
| 2022-Present | <u>Adjunct Professor</u>, St. Thomas University, Miami, Florida |
| 2019-Present | <u>Consultant</u>, The Moss Group, Washington, D.C. |
| 2010-Present | <u>Mental Health Consultant/Expert Witness</u>, Various federal, state and local jurisdiction cases/agencies; details upon request |
| 2012-Present | <u>Consultant & Trainer,</u> National Institute of Corrections (NIC), Teaching several topics, primarily "Crisis Intervention Training for Corrections" and consulting/technical assistance on mental health services within correctional settings. |
| 5/87-1/99 | <u>Adjunct Professor,</u> Carlos Albizu University (formerly the Miami Institute of Psychology), Miami, Florida. Specialized in graduate-level courses in the areas of design/administration of human service programs, program evaluation, and supervision and consultation. |
| 1/85-1/88 | <u>Adjunct Professor,</u> St. Thomas of Villanueva University, Miami, Florida |

**PRESENTATIONS:**

Experienced professional speaker and lecturer, including presentations at international, national and state conventions/conferences. Highlights include:

**Eloisa C. Montoya, Psy.D.**
**Page 4 – Resume**

"Family Influences on the Incidence and Consequences of Teenage Pregnancy," Panelist, 92nd Annual Convention of the American Psychological Association, Toronto, Canada, August 1984

"Accountability of Treatment Providers to the EAP," Presenter, Annual Conference, South Florida Chapter of the Employee Assistance Professionals Association, Fort Lauderdale, Florida, March 1993

"Drug Courts vs. Traditional Treatment," Panelist, "Drug Courts: The Next Steps," National Institute of Justice Conference, Miami, Florida, December 1993

"Linking Drug Courts and Treatment Services: Planning and Implementing a Drug Court," Panelist, The Justice Management Institute Conference, Miami, Florida, December 1995

"Success in the World of Work," Panelist, Women's History Month at the University of Miami, Coral Gables, Florida, March 1996

"Triage for Drug Court Clients: Screening and Assessment/Building Community Courts," Panelist, National Association of Drug Court Professionals, 2nd Annual Training Conference, Washington, D.C., May 1996

"The Dually Diagnosed Client," Presenter, State of Florida, Department of Health and Rehabilitative Services, Miami, Florida, August 1996

"Juvenile Justice: A Time for Community Input, Response and Direction," Panelist, Metro-Miami Action Plan, 14th Annual Community Conference, Miami, Florida, September 1996

"Substance Abuse and Juveniles: The Impact of Substance Abuse on Crime," Panel Moderator, Metro-Dade County, Addiction Services Board Public Forum, Miami, Florida, April 1997

"Juvenile Delinquency/Youth at Risk," Panelist, Hispanic Family Conference, Miami, Florida, October 1997

"Cultural Approaches to Treatment," Panelist, National Training Association of Drug Court Professionals Conference, Washington, D.C., June 1998

"Hispanic Substance Abuse," Presenter, Hispanic Family Conference, Miami, Florida, October 1998

**Eloisa C. Montoya, Psy.D.**
**Page 5 – Resume**

"Drug Courts: From Concept to Practice," Presenter, National Association of County Behavioral Health Directors, 1999 Annual Conference, St. Louis, Missouri, July 1999

"The Impact of Illegal Drugs and Substance Abuse on Agencies, Families and Communities" Panelist, The Institute for Social Justice Conference, Miami, Florida, October 2000

"Annual Conference of the American Society of Public Administrators" (ASPA), Panelist, Las Vegas, Nevada, November 2004

"Issues in Correctional Healthcare," Panelist, Correctional Accreditation Manager's Association, 24th Annual Conference, Miami, Florida, May 2011

"Understanding Mental Illness - Signs and Symptoms," Trainer, Central Florida Crisis Intervention Team Training, Orlando, Florida, June 2011

"Mental Health Services in a Jail Environment," Panelist, American Correctional Association's 141st Congress of Correction, Kissimmee, Florida, August 2011

"Crisis Intervention Teams & Effective Management of Mentally Ill Offenders," Panelist, American Correctional Association's 2012 Winter Conference, Phoenix, Arizona, January 2012

"An In-Depth Look at Healthcare Performance-Based Standards, Expected Practices and Outcome Measures," Presenter, American Correctional Association's 2012 Winter Conference, Phoenix, Arizona, January 2012

"Drug Treatment Courts in Chile: From Pilot Program to Public Policy," Invited Presenter, Gobierno de Chile, Santiago, Chile, October 2012

"International Drug Court Conference," Invited Presenter, Organization of American States, Santiago, Chile, December 2012

"Suicide Prevention," Presenter, American Correctional Association's 2014 Winter Conference, Tampa, Florida, January 2014

"Mental Health Level System: Integrating Security and Treatment," Presenter, American Correctional Association's Congress of Correction, Salt Lake City, Utah, August 2014

**Eloisa C. Montoya, Psy.D.**
**Page 6 – Resume**

"Assessment and Prevention of Suicide and Self-Injurious Behaviors: Correctional Best Practices," Presenter, American Correctional Association's 2015 Winter Conference, Long Beach, California, January 2015

"Self-Injurious Behavior: What Works, What Doesn't Work," Panelist, American Correctional Association's 145th Congress of Correction, Indianapolis, Indiana, August 2015

"Restorative Justice Visioning Event," Panelist, 2015 AIA Academy of Architecture for Justice Conference, Miami, Florida, November 2015

"Assessment and Prevention of Suicide and Self-Injurious Behaviors," Invited Speaker, Minnesota Department of Corrections, Minneapolis, Minnesota, December 2015

"Trauma-Informed Care: Bridging Psychological First Aid Into Corrections," Panelist, American Correctional Association's 146th Congress of Correction, Boston, Massachusetts, August 2016

"Leadership Styles – What does 'Emotional Intelligence' have to do with it?," Presenter, Women Working in Corrections & Juvenile Justice Conference, Louisville, Kentucky, October 2016

"Suicide & Self-Injurious Behavior Prevention in a Corrections Setting," Presenter, Minnesota Sheriff's Association, St. Paul, Minnesota, March 2017

"A Code of Ethics in the 21st Century: The Impact of Social Media and Technology," Panelist, American Correctional Association's 147th Congress of Correction, St. Louis, Missouri, August 2017

"A Code of Ethics in the 21st Century: The Impact of Social Media and Technology," Panelist, American Correctional Association's 2018 Winter Conference, Orlando, Florida, January 2018

"Using Screening and Assessment to Accurately Identify People in Your Jail with Behavioral Health Treatment Needs," Presenter, 2018 National Association of Counties (NACo) Annual Conference and Exposition, Nashville, Tennessee, July 2018

"A National Perspective on Treating Co-occurring Disorders: Struggles and Solutions," National Commission on Correctional Health Care (NCCHC) Correctional Mental Health Conference, Los Angeles, California, July 2018

**Eloisa C. Montoya, Psy.D.**
**Page 7 – Resume**

"Co-Occurring Disorders: Too Hard to Handle?," Panelist, American Correctional Association's 148th Congress of Correction, Minneapolis, Minnesota, August 2018

"Health Services and Corrections: Can't we all just get along?," Panelist, American Correctional Association's Winter Conference, New Orleans, Louisiana, January 2019

"Addressing Toxic Stress and Mental Wellness for Correctional Officers," Panelist, American Correctional Association's 149th Congress of Correction, Boston, Massachusetts, August 2019

"Health Services and Corrections: Can't we all just get along?," Panelist, American Correctional Association's 149th Congress of Correction, Boston, Massachusetts, August 2019

"The Stepping Up Initiative: What's Happening in Florida?" Panelist, 2019 Florida Behavioral Health Conference, Orlando, Florida, August 2019

"The Pandemic's Impact on the Mental Health of Healthcare Professionals and Front-line Staff," Panelist, American Correctional Association's 151st Congress of Correction, Nashville, Tennessee, August 2021

"Jail and Prison Class Action Misery: Lessons Learned from California," Panelist, American Jail Association's 43rd Conference, Fort Lauderdale, Florida, May 2024

**ADDITIONAL QUALIFICATIONS:**

Licensed as a Psychologist by the State of Florida (#PYOOO4015) since May 1986

Ten years of experience in research methodology in the areas of child development, adolescent pregnancy, and gerontology

Co-author of four research papers in the area of adolescent pregnancy and child development

Extensive training/experience in forensic psychology in the areas of "competency to proceed" (stand trial) and "non-guilt by reason of insanity"

Invited Grant Reviewer, Federal SAMHSA 1993, 1994, 1996, 1997, 1998, and 2001

**Eloisa C. Montoya, Psy.D.**
**Page 8 – Resume**

    Appointed member of State of Florida Department of Children & Families, District 11, Miami-Dade County Substance Abuse and Mental Health (SAMH) Planning Council, 2008-2021

    Appointed member of Miami Dade College's Addiction Studies Board, 2007-2021

    Experienced grant manager for SAMHSA, DOJ, and State-funded initiatives

    Harvard University, John F. Kennedy School of Government, "Driving Government Performance for Miami-Dade County Executives," 2006

    Consultant for American University's U.S. Department of Justice/Bureau of Justice Assistance (BJA) "Adult Drug Court Site Specific Technical Assistance Program," 2012-Present

    Appointed member of various American Correctional Association's committees: the Coalition of Healthcare Authorities (CCHA), Ethics Committee, Mental Health Committee, and Health Care Committee, 2011-Present

    Appointed member of the National Institute of Corrections-sponsored Mental Health Network, 2013-2021

    Elected Delegate Assembly Member in Mental Health, American Correctional Association, 2014-2018

    Board Member, The Securus Foundation Board, 2019-2021

    Chair, Miami-Dade College Human Services Advisory Committee, 2021-Present

**MEMBERSHIPS:**    American Psychological Association
                            American Correctional Association (ACA)
                            American Jail Association (AJA)

**REFERENCES:**    Available upon request