MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
cjackson@rbgg.com
bhattem@rbgg.com
mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**JOINT STATUS REPORT AND [PROPOSED] ORDERS**<br><br>Judge: Beth Labson Freeman |

**JOINT STATUS REPORT**

The parties submit this joint status report in response to the Court's order for further proceedings on the stipulation by Plaintiffs and Defendant California Forensic Medical Group, Inc. ("CFMG") regarding a proposed settlement of CFMG's liability for contempt sanctions. *See* Dkt. 982 at 1. By way of brief background, CFMG will be exiting the Monterey County Jail at the end of 2025, when its current contract expires. In order to focus party resources on continuing to improve patient care and the transition to a new vendor, the parties engaged in discussions as to a settlement for any potential future sanctions fines for care through the end of 2025. On August 15, 2025, the parties engaged in a confidential settlement conference with Judge Cousins to negotiate the amount of sanctions and where the sanctions would be paid. As a result of that settlement conference, the parties submitted the stipulation (Dkt. 981).

Plaintiffs and CFMG acknowledge that the stipulation (Dkt. 981) did not contain sufficient information for the Court to assess the appropriateness of the proposed settlement, as well as the oversight of not including a proposed order for the Court to approve the settlement.

The parties therefore propose that Plaintiffs and CFMG will submit to the Court no later than September 23, 2025, a joint motion for approval of the proposed settlement of CFMG's contempt sanctions. The motion shall not exceed 10 pages and shall explain the intended use of the sanctions payments under the proposed settlement and the expected benefits to the Plaintiff class.

### Plaintiffs' Position on Remaining Issues

Plaintiffs additionally propose that the Court hold a hearing to consider the proposed settlement and any objections to the settlement from Plaintiff class members. To ensure that Plaintiff class members have an opportunity to object, Plaintiffs request that the Court order the County, in coordination with Plaintiffs, to provide notice of the proposed settlement to the Plaintiff class by posting notices of the settlement throughout the Jail facilities. Given the significance of the contempt sanctions and the Court's concern about

whether the parties' proposed settlement "is in the best interest of the class" (Dkt. 982 at 1), Plaintiffs believe that notice and an opportunity to object would be appropriate so that the Court can consider the views of any objecting class members in deciding whether to approve the settlement.

### **Defendant CFMG's Position on Remaining Issues**

CFMG does not believe that notice to the class regarding the settlement is necessary pursuant to Rule 23(e). Specifically, the sanctions were imposed by the Court, and it is within the Court's discretion to approve the settlement.[1] Federal Rule of Civil Procedure 23(e) pertains to settlement, voluntary dismissals, and compromises for those who would be "bound by the proposal." Rule 23(e) is not applicable in the present matter. The Court did not contemplate notice to the class in the September 2023 Order as this is not a settlement with the class but between the parties regarding potential contempt fines to be assessed by the Court (Dkt. 838).

Based on the above, CFMG believes that the Court can approve the settlement without notice and a hearing, once the Court has sufficient information regarding how the proposed funds will be used to benefit the class. CFMG respectfully requests that the Court consider the stipulation without a hearing after consideration of additional briefing regarding the use of the funds, which will be filed no later than September 23, 2025. CFMG has included a proposed order for its position.

DATED: September 2, 2025        Respectfully submitted,

                                                    ROSEN BIEN GALVAN & GRUNFELD LLP

                                                    By:  */s/ Ben Hattem*
                                                            Ben Hattem

                                                  Attorneys for Plaintiffs

---

[1] CFMG notes that the Court approved the October 2024 stipulation and order re civil contempt fines without requiring notice to the class. Dkt. 945.

| | | |
|---|---|---|
| 1 | DATED: September 2, 2025 | GORDON REES SCULLY MANSUKHANI, LLP |
| 2 | | By: */s/ Allison J. Becker* |
| 3 | | Allison J. Becker |
| 4 | | Attorneys for Defendant |
| 5 | | CALIFORNIA FORENSIC MEDICAL GROUP, INC. |

Pursuant to General Order 45(X)(B), I hereby attest that I have on file approvals for any signatures indicated by a "conformed" signature (*/s/*) within this e-filed document.

DATED: September 2, 2025        */s/ Ben Hattem*
                                Ben Hattem

# [PLAINTIFFS' PROPOSED] ORDER

Having reviewed the foregoing joint status report, and good cause appearing, it is ORDERED that:

1. No later than September 23, 2025, Plaintiffs and Defendant California Forensic Medical Group, Inc. ("CFMG") shall submit to the Court a joint motion for approval of their stipulation (Dkt. 981) proposing a settlement of CFMG's liability for contempt sanctions for care provided at the Monterey County Jail through the end of calendar year 2025.

2. The joint motion shall not exceed 10 pages and shall explain the intended use of the sanctions payments under the proposed settlement and the expected benefits to the Plaintiff class.

3. The County, in coordination with Plaintiffs, shall provide notice of the proposed settlement to the Plaintiff class by posting notices of the settlement throughout the Jail facilities in all locations where other notices regarding this litigation are currently posted. Members of the Plaintiff class shall have an opportunity to submit objections to the settlement before the settlement is approved by this Court.

4. Following submission of the joint motion, the Court will hold a hearing to consider any objections to the proposed settlement and to determine whether the proposed settlement is a fair, reasonable, and adequate resolution of Defendant CFMG's liability for contempt sanctions. The joint motion filed by Plaintiffs and Defendant CFMG shall include notice of the date and time of this hearing.

IT IS SO ORDERED.

DATED: _____, 2025

_____
Honorable Beth Labson Freeman
United States District Judge

**[DEFENDANT CFMG's PROPOSED] ORDER**

Having reviewed the foregoing joint status report, and good cause appearing, it is ORDERED that:

1. No later than September 23, 2025, Plaintiffs and Defendant California Forensic Medical Group, Inc. ("CFMG") shall submit to the Court a joint motion for approval of their stipulation (Dkt. 981) proposing a settlement of CFMG's liability for contempt sanctions for care provided at the Monterey County Jail through the end of calendar year 2025.

2. The joint motion shall not exceed 10 pages and shall explain the intended use of the sanctions payments under the proposed settlement and the expected benefits to the Plaintiff class.

IT IS SO ORDERED.

DATED: _____, 2025

_____
Honorable Beth Labson Freeman
United States District Judge