LINDSEY M. ROMANO (SBN: 337600)
lromano@grsm.com
ALLISON J. BECKER (PRO HAC VICE)
abecker@grsm.com
ELIZABETH B. MCGOWAN (PRO HAC VICE)
emcgowan@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile:  (415) 986-8054

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**CFMG'S RESPONSE TO DKT. 984**<br><br>Judge:   Beth Labson Freeman |

California Forensic Medical Group (CFMG) hereby submits this brief in response to Dkt. 984.

**I.   INTRODUCTION**

CFMG will be exiting the Monterey County Jail at the end of 2025, when its current contract expires. In order to focus party resources on continuing to improve patient care and the transition to a new vendor, the parties engaged in a discussion as to a settlement for any potential future sanctions fines for care through the end of 2025. On August 15, 2025, the parties engaged in a confidential settlement conference with Judge Cousins to negotiate the amount of sanctions and where the sanctions would be paid. As a result of that settlement conference, the parties submitted the stipulation (Dkt. 981). Plaintiffs requested that the parties give notice to the class. Specifically, Plaintiffs request that the class be provided the opportunity to object to the use of the contempt sanctions. CFMG takes issue with this position because not only is it unnecessary and unsupported by the Federal Rules of Civil Procedure but seeks to take away the Court's authority to issue and distribute contempt sanctions.

CFMG's position regarding notice to the class is two-fold and outlined below.

**II.   CFMG's Position on Notice to the Class**

    **a.   Rule 23(e) does not require notice to the class in these circumstances.**

Plaintiffs' reliance on Rule 23(e) is misplaced. A class should be notified when "the claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." *See* Fed. R. Civ. Pro. 23(e). First, the parties already reached a settlement like this through the Implementation Plan and the Settlement Agreement. The Advisory Committee Comments state that settlement for the purposes of Rule 23 is used to *resolve* the class action. *See* Advisory Committee Comments to Fed. R. Civ. P. 23. Additionally, notice is required when the settlement binds the class through claim or issue preclusion. Id. Neither the Rule nor the Advisory Committee Comments contemplate notice to the class for contempt sanctions with the Court. This is not a situation where the claims, issues, or defenses are being settled, voluntarily dismissed, or compromised. Second, this is not a situation where a class is being proposed to be certified for purposes of settlement.

Additionally, there is no rule or law that requires notice to a class for Court ordered sanctions. CFMG maintains that this is not a settlement with the class, but resolution of facts related to an existing order. No notice to the class is required related to the instant agreement. The Court is within its right to determine how sanctions should be disbursed.

### b. If the Court determines that the sanctions should be used within the system, notice to the class is irrelevant.

F.R.C.P 23 does not contemplate notice to a class for the disbursement of sanctions. Therefore, if the Court rejects Plaintiffs' current proposal and determines that the sanctions are to be reinvested back into the existing system, no notice is necessary or required under the Rule. Notably, no notice was provided to the class for the Contempt Order in 2023. Dkt. 838. Nor did the Court notice the class when it approved the October 29, 2024, stipulation regarding the contempt sanctions. Dkt. 945.

The Court issued the Contempt Order—not the class and it is outside the scope of the class to dictate how the Court issues sanctions. Any payment or settlement of sanctions is a remedy for the Court to decide, not the class.

If the money is being reinvested in the jail, for the direct benefit of the class in the jail, notice is unnecessary. Plaintiffs have not explained why a direct investment in the jail system is inadequate to remedy for the systemic deficiencies found by the Court.

### c. Should the Court agree that the sanctions should be paid to the Monterey Community Foundation, CFMG agrees to a limited notice to the class.

If the Court agrees that sanctions should be paid to the Monterey Community Foundation[1], then a limited notice to the class for the purpose of informing the class how and where to access the money is appropriate. However, CFMG does not believe notice to the class prior to determining where the sanctions are going to be paid is necessary as this is not a settlement with the class. This

---

[1] CFMG initially objected to the sanctions disbursed to a third-party because it is unclear how the funds will actually benefit the class. Ultimately, CFMG conceded to Plaintiffs request noting that the County may have more interest in how the money is spent than CFMG because CFMG will no longer be the vendor.

is not a situation where the class can decide if they want to opt out or not. Nor should the class be given the opportunity to comment or object on Plaintiffs' own proposal.

### III.    CONCLUSION

For the reasons stated above, CFMG respectfully requests that the Court approve the global settlement amount and determine how the sanctions will be used without prior notice to the class.

DATED:  September 23, 2025         GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Allison J. Becker*
       Allison J. Becker

Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.