MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
 egalvan@rbgg.com
 vswearingen@rbgg.com
 cjackson@rbgg.com
 bhattem@rbgg.com
 mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
 kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**PLAINTIFFS' BRIEF RE CLASS NOTICE**<br><br>Judge: Beth Labson Freeman |

**PLAINTIFFS' BRIEF RE CLASS NOTICE**

The Court has ordered briefing from Plaintiffs and Defendant California Forensic Medical Group, Inc. ("CFMG") about what notice, if any, should be provided to the Plaintiff class before the Court decides whether to approve the parties' proposed settlement of CFMG's contempt sanctions. Dkt. 984 at 1. The Court also ordered the parties to brief the definition of the class and the appropriate form of class notice. *Id.*

To be clear, Plaintiffs agree with CFMG that Federal Rule of Civil Procedure 23(e) does not mandate notice to the class before the Court considers the proposed settlement. Rule 23(e) requires notice prior to the dismissal of "[t]he claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e). The claims for which settlement requires notice under Rule 23(e) "generally are those that exist at the time of class certification," not later-developing claims like the contempt sanctions at issue here. *White v. Nat'l Football League*, 756 F.3d 585, 592 (8th Cir. 2014); *see also Vecchione v. Wohlgemuth*, 80 F.R.D. 32, 42 n.10 (E.D. Pa. 1978) (concluding that Rule 23(e) notice was not required for post-judgment "settlement of a contempt"). Instead, the Court may impose the civil contempt sanctions ordered in September 2023 "in an ordinary civil proceeding upon notice" to the contemnor CFMG. *UMW v. Bagwell*, 512 U.S. 821, 827 (1994). Notice to the class is not required by law for the Court to consider the parties' agreement about the proposed disposition of the civil contempt sanctions.

However, as noted in Plaintiffs' separate statement in the parties' Joint Status Report, Plaintiffs believe that the Court would benefit from hearing the views and potential objections of Plaintiff class members in its consideration of the proposed settlement. *See* Dkt. 983 at 2–3. Affording class members notice and an opportunity to object is also appropriate because of the significance of the Court's contempt order that the parties' proposed settlement would resolve. *See id.* The 2023 contempt proceedings and sanctions order changed the monitoring process in this case, resulted in the ongoing public disclosure of the monitors' findings, and imposed substantial monetary consequences for CFMG's longstanding failure to provide minimally adequate medical, mental health, and dental care to members of the Plaintiff class. Dkt. 838 at 26–27. In light of the continued benefits of the Court's contempt order to the Plaintiff class,

Plaintiffs believe it would be appropriate for the Court to hear the views of class members as the Court considers the parties' proposed resolution of that order.

This is particularly true because the benefits of the proposed contempt settlement do not flow exclusively to current members of the Plaintiff class. As defined by the Settlement Agreement and for purposes of the notice proposed by Plaintiffs, the class consists of "all adult men and women who are now, or will be in the future, incarcerated in the Monterey County Jail." Dkt. 494 at 9. In addition to these current members of the class, the parties' proposed settlement of the contempt sanctions would also benefit former class members—individuals previously incarcerated at the Jail. *See* Dkt. 981 at 4–5. As will be discussed further in the parties' briefing regarding approval of the settlement, benefiting former class members is proper and is part of ensuring the fairness of the settlement for those injured by CFMG's contempt.

The parties' settlement proposes to resolve sanctions resulting from CFMG's contempt across more than a two-year period, from September 2023 through the end of December 2025. *Id.* at 4. But the average length of stay for individuals incarcerated at the Jail is 38 days. *See* Jail Profile Survey, https://jpjdreporting.bscc.ca.gov/jps-query (using search parameters: quarterly data, 2002 & Forward, 2025-Quarter2, Monterey Sheriff's Department, and "All releases from your system (ALS)") (last visited Sept. 22, 2025). Accordingly, the overwhelming majority of people harmed by CFMG's failure to provide adequate health care from September 2023 to December 2025 are now former rather than current class members, and even more will be former class members by the time the funds are distributed. *See* Dkt. 981 at 4 (proposing a series of settlement payments by CFMG every 30 days until the sanctions are fully paid). Limiting the benefits of the CFMG's sanctions payments to only the individuals incarcerated at the Jail at the time of the settlement would unfairly exclude most of the people injured by CFMG's misconduct.

That said, Plaintiffs anticipate that some current members of the Plaintiff class may believe that a settlement of CFMG's contempt sanctions should benefit only current class members and may wish to object to the settlement on that basis. To ensure that class members have the opportunity to be heard with regard to such objections, Plaintiffs propose that the Court should order notice to the class and should hold a hearing to consider any class members' objections,

notwithstanding Plaintiffs' agreement with CFMG that this notice and hearing are not required by law.

If the Court orders notice to the class, notice could be effected by the same means prescribed in 2015 for notice of the proposed and final Settlement Agreement regarding Plaintiffs' underlying claims.  *See* Dkt. 494 at 3, 5.  The process for providing notice of the 2015 Settlement Agreement was described in the Declaration of Commander James H. Bass filed shortly after the Settlement Agreement was approved, and it includes posting the Settlement Agreement in housing units and other designated locations throughout the Jail and on the website of the Monterey County Sheriff's Office.  Dkt. 495 at 2–4.

Plaintiffs therefore propose that the Court should order the County, in coordination with Plaintiffs, to ensure that notice of the contempt settlement is posted in the same places throughout the Jail where the 2015 Settlement Agreement is currently posted.  If the Court so orders, Plaintiffs will draft a notice of the contempt settlement, and the County should post the notice in those locations in the Jail for at least one month prior to the hearing on the proposed settlement.  As the Court found when it approved the Settlement Agreement in 2015, this notice would "constitute[] the best notice practicable under the circumstances" and would "provide[] due and adequate notice of proceedings for approval of the settlement."  Dkt. 494 at 3.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order notice to the Plaintiff class of the proposed contempt settlement and a hearing as described above.

DATED:  September 23, 2025           Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Ben Hattem*
       Ben Hattem

Attorneys for Plaintiffs