MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
cjackson@rbgg.com
bhattem@rbgg.com
mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**PLAINTIFFS' PROPOSED CLASS NOTICE PLAN [CORRECTED]**<br><br>Judge: Beth Labson Freeman |

**PLAINTIFFS' PROPOSED CLASS NOTICE PLAN**

**I.   NOTICE SHOULD BE DIRECTED TO ALL CLASS MEMBERS INCARCERATED AT THE JAIL SINCE MAY 27, 2016.**

The Plaintiff class consists of "all adult men and women who are now, or will be in the future, incarcerated in Monterey County Jail." *Hernandez v. County of Monterey*, 305 F.R.D. 132, 164 (N.D. Cal. 2015) (class certification order); *see also* Dkt. 494 ¶ 3 (Settlement Agreement). Class definitions like this are often used in litigation regarding prison and jail conditions. *See, e.g.*, *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014) (affirming certification of class of "all prisoners who are now, or will in the future be, subjected to the medical, mental health, and dental care policies and practices of the" Arizona Department of Corrections); *Postawko v. Mo. Dep't of Corrs.*, 910 F.3d 1030, 1036 (8th Cir. 2018) (Missouri prison system); *Shook v. El Paso County*, 386 F.3d 963, 966 (10th Cir. 2004) (El Paso County Jail); *Braggs v. Dunn*, 317 F.R.D. 634, 639–40 (M.D. Ala. 2016) (Alabama prison system). Pursuant to this class definition, the current Plaintiff class consists of individuals presently incarcerated at the Jail (those "who are now" incarcerated) and individuals who will be incarcerated at the Jail "in the future." *See Hernandez*, 305 F.R.D. at 164. Under previous decisions in this case, individuals released from the Jail who are under probation or parole supervision also retain a sufficient stake in jail conditions to remain part of the class, including as named plaintiffs. *Hernandez v. County of Monterey*, 70 F. Supp. 3d 963, 974–75 (N.D. Cal. 2014) (holding that named plaintiffs released from jail but still under supervision retained standing to challenge jail conditions due to prospect of being returned to jail).

As noted by the Court at the October 16, 2025 preliminary hearing, former class members were also injured by the misconduct for which the Court found Defendant California Forensic Medical Group, Inc. ("CFMG") in contempt in September 2023. Those individuals are entitled to the benefits of the contempt fines issued by the Court, just as current class members are. *See UMW v. Bagwell*, 512 U.S. 821, 827 (1994) (noting that civil contempt fines are "for the benefit of the complainant"). All such individuals should receive notice of the settlement of the sanctions.

In making its September 2023 findings of contempt, the Court reviewed and relied on all of the neutral monitoring reports for medical, mental health, and dental care issued in this case.

*See* Dkt. 825-1 to -7 (Trapani declaration with monitoring reports submitted with Plaintiffs' contempt motion); Dkt. 838 at 9 (explaining that "the Court has considered and relied on all of the documents attached to the Trapani declaration"). These reports assessed the care provided by CFMG at the Jail since the CFMG Implementation Plan was approved by the Court on May 27, 2016. *See* Dkt. 825-2 at 6, 296; Dkt. 825-3 at 535.[1]

The Court issued conditional fines against CFMG in its September 2023 order based on these findings of contempt. Dkt. 838 at 26. The conditional fines issued by the Court were ultimately imposed under the parties' October 2024 stipulation after CFMG agreed that it had not purged the contempt. Dkt. 945 at 4. Because these contempt fines were based on monitoring reports that evaluated the entirety of CFMG's noncompliance dating back to the entry of the Implementation Plans, the class of people whose medical, mental health, and dental care resulted in CFMG's contempt sanctions—and who are therefore entitled to benefit from the sanctions—should encompass all people incarcerated at the Jail from May 27, 2016 to December 31, 2025.

Plaintiffs received from the County on October 29, 2025, data indicating that there were approximately 80,000 bookings into the Jail during this time period. The number of individual people who comprise the Settlement Class is expected to be significantly lower, since some people have been booked into the Jail multiple times during this period. Plaintiffs are continuing to analyze the data received from the County to determine the precise size of the Settlement Class and to identify the members of the class.

## II. THE COURT SHOULD ADOPT PLAINTIFFS' PROPOSED METHOD, CONTENTS, AND TIMING OF NOTICE

Plaintiffs propose to give notice of the proposed settlement to the Settlement Class in the

---

[1] Dr. Bruce Barnett's first medical monitoring report assessed some patient records as far back as March 2016. *See* Dkt. 825-2 at 6. However, the health care requirements for which the Court held CFMG in contempt were not imposed as Court orders until the CFMG Implementation Plan was approved in May 2016. *See* Dkt. 549 at 2; *see also* Dkt. 494 ¶¶ 33–34 (making Implementation Plans enforceable as part of the Settlement Agreement once approved by the Court).

form of the notice attached to this filing as **Exhibit A**.  This notice will be provided in both English and Spanish, consistent with the 2015 Settlement Agreement notice.  *See* Dkt. 494 at 5.

Plaintiffs plan to include in the proposed settlement for the Court's consideration an option for direct distribution of the funds to affected class members.  CFMG's counsel has informed Plaintiffs' counsel that CFMG does not object to Plaintiffs' inclusion of this option in the proposal and takes no position on it while not affirmatively agreeing to it.  Under this direct distribution option, members of the Settlement Class could submit claims to a settlement administrator for direct payouts from the settlement fund.  The amount each person receives may be based on the length of time the individual was at the Jail, whether the individual required medical, mental health, or dental care while incarcerated, and/or other factors.[2]

Plaintiffs intend to include this direct distribution option in the proposed settlement alongside the *cy pres* option referenced in the parties' previous joint stipulation.  *See* Dkt. 981 at 4–5.  Both options for the distribution of the settlement funds are reflected in the proposed notice attached as **Exhibit A** so that members of the Settlement Class can make known to the Court which option they prefer.  Plaintiffs are currently communicating with a potential settlement administrator about the costs and administrative feasibility of direct distribution of the settlement funds, and the parties plan to submit further information about both the direct and *cy pres* distribution options as part of their joint motion for approval of the settlement.

Plaintiffs will give notice to the Settlement Class in two ways.  First, Plaintiffs will work

---

[2] The feasibility of basing payment amounts on these factors may depend on what data is available about the Settlement Class.  In addition, because many of the Court's contempt findings were based on failures to identify and provide treatment for medical, mental health, and dental needs, internal data from the Jail may not accurately reflect the unmet needs of class members.  *See, e.g.*, Dkt. 838 at 10 (finding noncompliance with requirement to identify urgent medical needs at intake).  Plaintiffs are continuing to assess these issues, and the parties will provide further information about the distribution option in the joint motion for approval of the settlement.

with the County to post notice of the proposed settlement throughout the Jail.  This notice will be posted in the same housing units and other designated locations in the Jail where the 2015 Settlement Agreement in this case has long been made available to certified class members.  *See* Dkt. 495 at 2–4 (declaration of Commander James H. Bass describing process for notice of 2015 settlement).  This will provide notice of the proposed settlement to individuals currently incarcerated at the Jail.

Second, Plaintiffs will coordinate with various community-based organizations that serve people formerly incarcerated at the Jail to post and distribute similar notices in locations throughout Monterey County where the notices are likely to be seen by individuals who were incarcerated at the Jail during the relevant time period.  These organizations may include substance use, medical, and mental health treatment organizations, emergency shelters, and other entities that provide social services likely to reach Settlement Class members and their families.  The following organizations have already agreed to assist with providing this notice:

- The Boys & Girls Clubs of Monterey County
- Valley Health Associates
- Transformative Justice Center
- I-HELP Monterey Bay
- Dorothy's Place – Salinas
- Pacific Rehabilitation and Pain Clinic
- The Village Project – Seaside
- Project Rebound at California State University Monterey Bay
- Access Support Network of Monterey County
- Sun Street Centers

Plaintiffs have outstanding requests to eleven other community-based organizations in Monterey County about displaying the notice as well.

In addition, Plaintiffs are coordinating with the County to ensure that notice is posted at sites of County public services where it is likely to be seen by Settlement Class members.  These include the offices of the Monterey County Probation Department and a re-entry center near the Jail operated by the Monterey County Sheriff's Office.  The County has agreed to display notice

of the proposed settlement in these locations.

The notice process will begin as soon as the Court approves this plan and should continue for at least four weeks thereafter to ensure that Settlement Class members have the opportunity to see the notice and submit comments or objections to the proposed settlement. Plaintiffs' counsel will forward to the Court any comments or objections received during the notice period. It would facilitate the parties' briefing on approval of the proposed settlement if the Court would forward to all parties any comments or objections received directly by the Court during the notice period.

On or before December 4, 2025, Plaintiffs and CFMG will file a joint motion for approval of the proposed settlement. The parties' joint motion will include responses to all substantive objections to the proposed settlement received by December 3, 2025, and will explain the basis for the amount of the fines in the proposed settlement. The parties will also file a final version of the settlement for the Court's consideration at that time. In connection with the present filing, Plaintiffs have requested a hearing date of December 18, 2025, for the Court to consider any comments from class members and to decide whether to approve the settlement. Counsel for all parties have informed Plaintiffs that they are available for a hearing on that date. Concurrently herewith, Plaintiffs are submitting a proposed order containing this notice plan and schedule for consideration of the proposed settlement.

## CONCLUSION

Plaintiffs respectfully request that the Court enter the proposed order filed herewith and require notice, briefing, and a hearing on the proposed settlement of CFMG's contempt sanctions as described herein.

DATED: October 31, 2025         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:   */s/ Ben Hattem*
        Ben Hattem

Attorneys for Plaintiffs