# Exhibit A

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
cjackson@rbgg.com
bhattem@rbgg.com
mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**PROPOSED SETTLEMENT OF CFMG CIVIL CONTEMPT LIABILITY**<br><br>Judge: Beth Labson Freeman<br><br>Date: Jan. 15, 2026<br>Time: 9:00 a.m.<br>Crtrm.: 1 |

# SETTLEMENT AGREEMENT

In 2013, Plaintiffs sued Defendants County of Monterey, Monterey County Sheriff's Office, and California Forensic Medical Group, Inc. ("Defendants"), regarding medical, mental health, and dental care at the Monterey County Jail, as well as issues related to safety and security and disability access. In August 2015, the Court approved the parties' Settlement Agreement and entered the Settlement Agreement as a court order. Dkt. 494 at 4. The Court approved Implementation Plans in May 2016 (Dkts. 528-1 & 532) and ordered that the Implementation Plans "will be enforceable by the Court as part of the Settlement Agreement." Dkt. 494 at 4.

On September 26, 2023, the Court found Defendant California Forensic Medical Group, Inc. ("CFMG") in contempt of forty-three requirements of the Settlement Agreement and CFMG Implementation Plan. Dkt. 838 at 26. The Court ordered CFMG to comply with these requirements and granted CFMG six months to purge the contempt by coming into substantial compliance. *Id.* The Court ordered that if CFMG did not purge the contempt within six months, CFMG would be required to show cause why it should not be ordered to pay $25,000 per requirement for its noncompliance during the purge period. *Id.* at 27. The Court further ordered that the neutral monitors for medical, mental health, and dental care would continue to evaluate CFMG's compliance with these requirements, and that CFMG would be required to show cause why it should not be ordered to pay an additional $25,000 per noncompliant requirement after each round of neutral monitoring reports until CFMG attained full compliance with the Court's order. *Id.*

The parties entered into a stipulation on October 29, 2024. While its performance had improved in some respects, CFMG agreed that it could not meet its burden of proof to establish that it purged the contempt by coming into substantial compliance in all forty-three areas within six months of the Court's September 2023 order. Dkt. 945 at 4. The parties further stipulated to a process for determining the amount of the contempt fines that CFMG would pay for noncompliance during the purge period of September 26, 2023 to March 25, 2024. *Id.* at 3–5.

  Pursuant to the Court's September 2023 order, after the next round of neutral monitoring reports was filed with the Court (*see* Dkts. 952, 957 & 969-1), Plaintiffs informed CFMG of their intent to request an order to show cause why CFMG should not be ordered to pay an additional $25,000 for each of the forty-one requirements found noncompliant in those reports.  The parties met and conferred thereafter and participated in a mediation with Judge Cousins on July 18, 2025, to discuss a global settlement for all of CFMG's further potential noncompliance fines through the end of CFMG's contract with Monterey County Jail, which will expire on December 31, 2025.  The class was notified of this proposed settlement pursuant to the notice plan approved by the Court on October 31, 2025.  Dkt. 1004.

  CFMG and Plaintiffs now enter the following settlement and submit this settlement to the Court for its approval:

  1. The Settlement Class shall be defined as "all adult individuals who are or have been incarcerated at the Monterey County Jail from May 27, 2016 to December 31, 2025."  *See* Dkt. 1004 at 2.

  2. CFMG agrees to pay a total of $2,470,000 in full resolution of any past, ongoing, or future sanctions that may be issued pursuant to the Court's September 2023 order (Dkt. 838) regarding its compliance with the requirements of the Settlement Agreement and CFMG Implementation Plan through December 31, 2025.  This amount is in full satisfaction of CFMG's obligations for any and all actual and potential civil contempt fines throughout the expiration of its contract at the Monterey County Jail on December 31, 2025.

  3. To fulfill this payment obligation, CFMG agrees to pay $620,000 in fines in full satisfaction of its purge period obligations pursuant to the October 29, 2024 Stipulation (Dkt. 945), as well as $1,850,000 in fines in full resolution of any additional past, ongoing, and future sanctions that may be issued regarding its compliance with the requirements of the Settlement Agreement and CFMG Implementation Plan through December 31, 2025.  CFMG will issue this payment in three installments of $620,000 and one installment of

$610,000, to be paid within 30 days, 60 days, 90 days, and 120 days of the entry of an Order approving this settlement.

4. CFMG will direct these payments to Kroll, the designated settlement administrator. The parties understand that Kroll will use this money to establish a settlement fund for the benefit of the Settlement Class, in accordance with the Declaration of Scott M. Fenwick filed with the parties' joint motion for final approval of this settlement.

5. The parties understand that Kroll will provide notice of this settlement to the Settlement Class through the media plan outlined in the Declaration of Scott M. Fenwick. The costs of providing notice and settlement administration will be paid from the settlement fund. Plaintiffs anticipate that these costs will be approximately $112,094. Other than the costs of notice and settlement administration, the parties agree that no other amounts will be deducted from the settlement fund prior to its distribution to members of the Settlement Class. No attorneys' fees will be paid from the settlement fund.

6. All members of the Settlement Class will be eligible to receive payments from the settlement fund. Each claimant who is determined to be a member of the Settlement Class will be eligible to receive a fixed minimum dollar amount from the settlement, plus an additional per diem amount based on the number of days the claimant was incarcerated at the Jail during the period of May 27, 2016 to December 31, 2025 (the "Settlement Period"). The amounts of the minimum award and per diem additional payments will be determined based on the number of claims received, in order to ensure the distribution of the full settlement fund. The parties to this agreement understand that the County of Monterey will provide Plaintiffs' counsel with information about the Settlement Class sufficient to determine the number of days that each individual was incarcerated during the Settlement Period.

7. To the extent feasible, any unclaimed amount of the settlement fund at the conclusion of the claims period will be distributed pro rata by the administrator to all members of the Settlement Class who submitted claims. This unclaimed amount will be

divided equally among the claimants.

8. If any residual amount remains in the fund following this pro rata distribution, such residual amount will be donated as a *cy pres* award to a charitable organization selected by the Court. Plaintiffs will provide a list of potential nonprofit recipients for the Court to review if this residual *cy pres* award becomes necessary. No money from the settlement fund will revert to any defendant in this case.

9. Claimants who are currently incarcerated may elect to have their award sent to an address outside the Jail or may designate another individual to receive the funds on their behalf.

10. Plaintiffs agree not to seek additional contempt fines against CFMG stemming from the September 2023 order (Dkt. 838) nor file any other motion seeking monetary sanctions against CFMG for care through December 31, 2025. Plaintiffs reserve any and all other rights to enforce the Settlement Agreement and Implementation Plans through non-monetary remedies, including enforcement of Defendants' obligations under the Settlement Agreement and Implementation Plans through injunctions and corrective action plans.[1]

11. In the event that CFMG fails to make any payment obligation pursuant to this settlement, including because CFMG files for bankruptcy, Plaintiffs may disavow their promise in the first sentence of Paragraph 10, and may seek additional contempt fines stemming from the September 2023 order (Dkt. 838) and file any other motion seeking monetary sanctions against CFMG for care through December 31, 2025. Plaintiffs agree to meet and confer with CFMG prior to filing any such motion.

12. The payment obligations under this agreement shall constitute payment of civil contempt fines for the period of September 26, 2023 to December 31, 2025.

---

[1] Nothing in this settlement relates to or impairs Plaintiffs' rights to attorneys' fees under the Settlement Agreement (Dkt. 494).

13. This agreement pertains to and resolves only CFMG's civil contempt liability under the Court's September 2023 order in this action. This agreement does not replace or obviate any part of the 2015 Settlement Agreement or CFMG Implementation Plan. This agreement also does not relate to, settle, or have any preclusive effect whatsoever on any medical malpractice or any other claims that may be held by any members of the Settlement Class against CFMG based on care provided at the Monterey County Jail during the Settlement Period or at any other time.

DATED: December 18, 2025          ROSEN BIEN GALVAN & GRUNFELD LLP

                                  By: */s/ Ben Hattem*
                                      Ben Hattem

                                  Attorneys for Plaintiffs

DATED: December 18, 2025          GORDON REES SCULLY MANSUKHANI

                                  By: */s/ Allison J. Becker*
                                      Allison J. Becker

                                  Attorneys for Defendant
                                  CALIFORNIA FORENSIC MEDICAL
                                  GROUP, INCORPORATED