MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        mbien@rbgg.com
              egalvan@rbgg.com
              vswearingen@rbgg.com
              cjackson@rbgg.com
              bhattem@rbgg.com
              mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone:    (202) 393-4930
Facsimile:    (202) 393-4931
Email:        ckendrick@aclu.org
              kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:    (415) 621-2493
Facsimile:    (415) 255-8437
Email:        afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CFMG CIVIL CONTEMPT LIABILITY**<br><br>Judge:  Hon. Beth Labson Freeman<br><br>Date:  Jan. 15, 2026<br>Time:  9:00 a.m.<br>Crtrm.:  1 |

[4794853.1]

# [PROPOSED] ORDER

In September 2023, the Court found Defendant California Forensic Medical Group, Inc. ("CFMG") in contempt for its noncompliance with forty-three requirements of the Settlement Agreement (Dkt. 494) and CFMG Implementation Plan (Dkt. 532) entered in this action. *See* Order Granting Plaintiffs' Motion to Enforce, Dkt. 838 at 26. The Court issued conditional civil contempt sanctions of $25,000 per noncompliant requirement that would be imposed if CFMG did not purge the contempt within six months of the Court's order. *Id.* The Court further ordered that additional $25,000 civil contempt sanctions would accrue for each noncompliant requirement after each subsequent report by the neutral monitors for medical, mental health, and dental care until CFMG reached substantial compliance with all forty three requirements for which it was found in contempt. *Id.* at 27. In October 2024, CFMG stipulated and the Court found that CFMG had not purged its contempt by obtaining substantial compliance within six months of the Court's contempt order. Dkt. 945 at 4, 6.

The Proposed Settlement, filed as Exhibit A to Plaintiffs' and CFMG's Joint Motion for Final Approval of CFMG Civil Contempt Liability, would settle all civil contempt fines arising from medical, mental health, and dental care provided by CFMG at the Monterey County Jail through the end of CFMG's contract for health care services at the Jail, which terminated on December 31, 2025. Having considered the parties' joint motion for final approval, the documents filed therewith, the arguments of counsel, the letters submitted by class members and other interested parties regarding the proposed settlement, and all other relevant pleadings and filings in this action, it is hereby found and ORDERED as follows:

1. The Settlement Class is defined as "all adult individuals who are or have been incarcerated at the Monterey County Jail from May 27, 2016 to December 31, 2025." The Settlement Class is the class of individuals entitled to benefit from the civil contempt sanctions ordered by this Court in September 2023 (Dkt. 838) and from the Proposed Settlement thereof.

2.      The requirements of Federal Rule of Civil Procedure 23 do not apply to the notice and approval of the Proposed Settlement of CFMG's civil contempt liability. However, given the amount of civil contempt sanctions at issue, the Court finds it appropriate to evaluate whether to approve the Proposed Settlement under the standards set forth in Federal Rule of Civil Procedure 23(e). *See* Dkt. 993 (making similar finding with regard to notice of proposed settlement).

3.      The parties successfully implemented Plaintiffs' Proposed Class Notice Plan (Dkt. 1003-1) pursuant to the Court's order approving the notice plan (Dkt. 1004). Adequate and appropriate notice of the Proposed Settlement was provided to the Settlement Class in compliance with the Court's order.

4.      The Proposed Settlement is fair, reasonable, and adequate, pursuant to the factors identified in Rule 23(e)(2) of the Federal Rules of Civil Procedure and *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).  Counsel for the Settlement Class has adequately represented the interests of the class and has diligently litigated this case, including all issues related to CFMG's civil contempt liability.

5.      The Proposed Settlement is the product of arm's length and non-collusive negotiations between experienced and knowledgeable counsel.

6.      The Proposed Settlement confers substantial benefits on the Settlement Class, considering the strength of the class's claims, the defenses that would likely be asserted if CFMG's liability for civil contempt fines were litigated, and the risk, expense, complexity, and likely duration of litigation of CFMG's civil contempt liability.

7.      The Proposed Settlement treats class members equitably relative to each other by apportioning monetary benefits based on the length of time that each member of the Settlement Class was exposed to the noncompliant health care provided by CFMG at the Monterey County Jail.

8.      Having considered the objections to the Proposed Settlement filed by members of the Settlement Class and the responses of the parties thereto, and having made the findings above regarding the fairness and adequacy of the Proposed Settlement, all

objections are hereby overruled.

9.      The Court grants final approval to the Proposed Settlement.  The Proposed Settlement is incorporated herein by reference and has the full force and effect of an order of this Court.  The Court reserves jurisdiction over the implementation, administration, and enforcement of the Proposed Settlement and all matters ancillary thereto.

IT IS SO ORDERED.


DATED: _____, 2025          _____

                                                  Honorable Beth Labson Freeman