MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
cjackson@rbgg.com
bhattem@rbgg.com
mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**[PROPOSED] ORDER APPROVING AMOUNT OF CFMG CIVIL CONTEMPT LIABILITY SETTLEMENT, NOTICE, AND CLAIM FORM – REVISED**<br><br>Judge: Hon. Beth Labson Freeman<br><br>Date: March 26, 2026<br>Time: 9:00 a.m.<br>Crtrm.: 1 |

[4814932.3]

Case No. 5:13-cv-02354-BLF

[PROPOSED] ORDER APPROVING AMOUNT OF CFMG CONTEMPT SETTLEMENT

**[PROPOSED] ORDER**

In September 2023, the Court found Defendant California Forensic Medical Group, Inc. ("CFMG") in contempt for its noncompliance with forty-three requirements of the Settlement Agreement (Dkt. 494) and CFMG Implementation Plan (Dkt. 532) entered in this action. *See* Order Granting Plaintiffs' Motion to Enforce, Dkt. 838 at 26. The Court issued conditional civil contempt sanctions of $25,000 per noncompliant requirement that would be imposed if CFMG did not purge the contempt within six months of the Court's order. *Id.* The Court further ordered that additional $25,000 civil contempt sanctions would accrue for each noncompliant requirement after each subsequent report by the neutral monitors for medical, mental health, and dental care until CFMG reached substantial compliance with all forty three requirements for which it was found in contempt. *Id.* at 27. In October 2024, CFMG stipulated and the Court found that CFMG could not meet its burden to obtain substantial compliance in all forty-three areas within six months of the Court's contempt order. Dkt. 945 at 4, 6.

Plaintiffs and CFMG have proposed a settlement of all of CFMG's civil contempt fines arising from medical, mental health, and dental care provided by CFMG at the Monterey County Jail through the end of CFMG's contract for health care services at the Jail, which terminated on December 31, 2025. *See* Proposed Settlement of CFMG Civil Contempt Liability, Dkt. 1257-1 at 4. The settlement would resolve CFMG's civil contempt liability in exchange for a payment of $2,470,000 to be distributed as outlined below and per further orders of this Court. *Id.*

On January 15, 2026, the Court held a hearing on Plaintiffs' and CFMG's joint motion for final approval of the proposed settlement of CFMG's civil contempt fines. Having considered the parties' joint motion for final approval, the documents filed therewith, the arguments of counsel, the letters submitted by class members and other interested parties regarding the proposed settlement, and all other relevant pleadings and filings in this action, it is hereby found and ORDERED as follows:

   1. The Settlement Class is defined as "all adult individuals who were

incarcerated at the Monterey County Jail from May 27, 2016 to December 31, 2025." The Settlement Class is the class of individuals entitled to benefit from the civil contempt sanctions ordered by this Court in September 2023 (Dkt. 838) and from the proposed settlement thereof.

2.  Kroll Settlement Administration LLC ("Kroll") is designated as the settlement administrator for the proposed settlement of CFMG's civil contempt liability.

3.  The requirements of Federal Rule of Civil Procedure 23 do not apply to the notice and approval of the proposed settlement of CFMG's civil contempt liability. However, given the amount of civil contempt sanctions at issue, the Court finds it appropriate to evaluate whether to approve the proposed settlement under the standards set forth in Federal Rule of Civil Procedure 23(e).  *See* Dkt. 993 (making similar finding with regard to notice of proposed settlement).

4.  The payment of $2,470,000 required by the proposed settlement is adequate to provide compensation for CFMG's civil contempt liability, taking into account the strength of the class's claims, the defenses that would likely be asserted if CFMG's liability for civil contempt fines were litigated, and the risk, expense, complexity, and likely duration of litigation of CFMG's civil contempt liability.  *See* Fed. R. Civ. P. 23(e)(2)(C).  This payment amount is approved as a fair and adequate settlement of CFMG's liability for civil contempt sanctions.

5.  Following this Order, CFMG shall begin to make payments toward this settlement amount.  In accordance with the terms of the proposed settlement, Dkt. 1257-1 at 4–5, CFMG will issue these payments in three installments of $620,000 and one installment of $610,000, to be paid within 30 days, 60 days, 90 days, and 120 days of the entry of this Order, or on a more expeditious timeline if agreed upon by the parties. CFMG will direct these payments to Kroll, the designated settlement administrator.

6.  Kroll will provide notice to the Settlement Class in accordance with the notice plan described in the Declaration of Scott M. Fenwick submitted concurrently with the parties' joint motion for final approval.  *See* Dkt. 1257-3 ¶¶ 6–18.  This will include

1  distribution of the *Notice of Settlement and Claim Process* to the organizations that
2  previously assisted with providing notice of the proposed settlement to the Settlement
3  Class.  *See* Decl. of Ben Hattem in Supp. Joint Mot. for Final Approval, Dkt. 1257-2 ¶ 7.

4      7.    The period of time for members of the Settlement Class to submit claims for
5  payments from the settlement fund shall run for 60 days.  Additional claims periods may
6  follow as needed by further order of the Court.

7      8.    The *Notice of Settlement and Claim Process* and the *Claim Form* attached as
8  exhibits to this Order are hereby approved and may be used in the attached form or in a
9  substantially similar form to provide notice of the settlement and to receive claim
10 submissions from the Settlement Class.  The County of Monterey and the Monterey
11 County Sheriff's Office shall ensure that all adult individuals incarcerated at the Monterey
12 County Jail during the notice period receive notice of the settlement and are afforded an
13 opportunity to submit a claim.

14     9.    Consideration of all other issues related to the proposed settlement, including
15 final approval of the settlement, is continued and shall be addressed at the hearing
16 scheduled to take place at 9:00 a.m. on March 26, 2026.

17     IT IS SO ORDERED.

19 DATED: _____, 2026    _____
20                                   Honorable Beth Labson Freeman