MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        mbien@rbgg.com
              egalvan@rbgg.com
              vswearingen@rbgg.com
              cjackson@rbgg.com
              bhattem@rbgg.com
              mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone:    (202) 393-4930
Facsimile:    (202) 393-4931
Email:        ckendrick@aclu.org
              kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone:    (415) 621-2493
Facsimile:    (415) 255-8437
Email:        afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL DECLARATION REGARDING FRAUD DETECTION AND PREVENTION**<br><br>Judge:   Beth Labson Freeman |

## UNOPPOSED ADMINISTRATIVE MOTION TO SEAL

Pursuant to Civil Local Rules 79-5(c) and 7-11, Plaintiffs respectfully submit this Unopposed Administrative Motion to File Under Seal ("Unopposed Motion to Seal") portions of the Supplemental Declaration of Tara Trapani in Connection with Joint Motion for Final Approval of CFMG Civil Contempt Liability Settlement ("Trapani Declaration"). The portions of the Trapani Declaration sought to be sealed contain trade secrets asserted by Kroll Settlement Administration LLC ("Kroll"), the designated settlement administrator, as well as information about Kroll's fraud detection and prevention practices that could facilitate evasion of those measures if the information were made public. The specific portions of the Trapani Declaration that Plaintiffs seek to redact are identified in the chart below:

| Exhibit No. | Document | Portions to Seal | Reasons for Sealing |
|---|---|---|---|
| Ex. B to Pls' Unopposed Mot. to Continue Hearing on Final Approval | Suppl. Decl. of Tara Trapani in Connection with Jt. Mot. for Final Approval | Highlighted portions at 2:13–22; 3:19–20, 22–28; 4:1–14, 17–28; 5:1–6. | Contains trade secrets and sensitive, proprietary information about fraud detection and prevention practices that competitors or malicious actors could exploit. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1276–77 (N.D. Cal. 2022). |

In compliance with Civil Local Rule 79-5(e)(2) and this Court's Standing Order for Civil Cases, Plaintiffs have filed under seal concurrently with this motion an unredacted copy of the Trapani Declaration with the proposed redactions highlighted. For the reasons below, this administrative motion should be granted.

## I.    LEGAL STANDARD

Filings that are "more than tangentially related to the merits of a case" may be

1   sealed only upon a showing of "compelling reasons" to do so.  *Ctr. for Auto Safety v.*

2   *Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Requests to seal documents

3   that are "unrelated to the merits of a case" are subject to "the less exacting 'good cause'

4   standard" instead.  *Id.* at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

5   1122, 1135 (9th Cir. 2003)).  The "good cause" standard is derived from Federal Rule of

6   Civil Procedure 26(c)(1), "which governs the issuance of protective orders in the discovery

7   process: 'The court may, for good cause, issue an order to protect a party or person from

8   annoyance, embarrassment, oppression, or undue burden or expense ….'" *Id.* (quoting

9   Fed. R. Civ. P. 26(c)(1)).

10   Parties seeking to seal documents must also comply with Civil Local Rule 79-5,

11   which requires that the request be "narrowly tailored to seal only the sealable material" and

12   include an explanation of "(i) the legitimate private or public interests that warrant sealing;

13   (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative

14   to sealing is not sufficient."  Civ. L.R. 79-5(c)(1), (3).  These requirements apply "even if

15   the motion is joined by the opposing party."  Civ. L.R. 79-5(c).

16   **II.  GOOD CAUSE AND COMPELLING REASONS EXIST TO SEAL THE**
**PORTIONS OF THE TRAPANI DECLARATION IDENTIFIED IN THIS**
17   **MOTION**

18   The Trapani Declaration describes Kroll's fraud detection and prevention practices.

19   *See generally* Trapani Decl., filed concurrently herewith.  The declaration is relevant to

20   this case because information about Kroll's fraud protocols helps to explain the amount of

21   time necessary to validate claims before payments can be made from the CFMG civil

22   contempt liability settlement fund, which may inform the Court's scheduling of the hearing

23   on final approval of the settlement.  This bears only a tangential relationship to the merits

24   of the case, which concerns "the conditions of confinement at the Monterey County Jail."

25   *See Hernandez v. County of Monterey*, 110 F. Supp. 3d 929, 933 (N.D. Cal. 2015).

26   Because the document sought to be redacted pertains principally to a request for a

27   scheduling order unrelated to the merits, the "good cause" standard should govern this

28   sealing motion.  *See Ctr. for Auto Safety*, 809 F.3d at 1099.

Even under a compelling reasons standard, however, the redactions sought by Plaintiffs would be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).  Compelling reasons exist to avoid the "release [of] trade secrets" in public filings. *Kamakana*, 447 F.3d at 1179; *cf.* Fed. R. Civ. P. 26(c)(1)(G) (allowing protective orders to prevent disclosure of "a trade secret or other confidential research, development, or commercial information").  Courts may order documents sealed so that their public case files do not become "sources of business information that might harm a litigants competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

The proposed redactions seek to maintain the confidentiality of Kroll's trade secrets related to its fraud detection and prevention practices, including information about which aspects of the claim submission process Kroll focuses on for its fraud prevention efforts. The proposed redactions seek to seal only "sensitive information" in the declaration about Kroll's "current operations that competitors or bad actors could exploit," in order to ensure that Kroll's methods are not duplicated by competitors or evaded by potential fraudsters. *See Meta Platforms*, 605 F. Supp. 3d at 1276–77.  Courts have regularly found compelling reasons to seal such "sensitive and proprietary information" about business operations. *Baird v. BlackRock Institutional Trust Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019); *see also, e.g.*, *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) (explaining that sealable trade secrets "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives [the business] an opportunity to obtain an advantage over competitors who do not know or use it" (quoting *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972))).

Kroll's ability to detect and prevent fraud may be materially impaired if proprietary information about its prevention methods is made public.  Effective fraud prevention is a critical component of settlement administration.  *See, e.g.*, Unopposed Administrative Motion for Direction Regarding Potentially Fraudulent Claims, No. 13-cv-453, 2017 WL 7058247 (Nov. 30, 2017) (noting "5,419 claims submitted by a single IP address" in data privacy class action).  The fact that physical addresses for the members of the settlement

1  class are not available to counsel or to Kroll raises particular fraud concerns in this case.

2  *See* Trapani Decl. ¶¶ 9–10.

3       The settlement class may be substantially injured if Kroll's ability to prevent fraud

4  is damaged by public disclosure of its prevention methods.  In settlements like the CFMG

5  civil contempt liability settlement where a fixed amount of money is divided among the

6  claimants, the payment of "fraudulent or inaccurate claims" can "dilute the recovery of

7  true class members."  *Carrera v. Bayer Corp.*, 727 F.3d 300, 310 (3d Cir. 2013).  Even if

8  the disclosure of the redacted information did not result in fraudulent claims evading

9  Kroll's prevention measures, an increase in the number of fraudulent claims due to the

10  disclosure would raise the costs of administering the settlement and reduce the available

11  recovery for the settlement class.  *See* Dkt. 1257-1 at 5 (explaining that costs of settlement

12  administration will be paid from the settlement fund).  Because this motion seeks to redact

13  only Kroll's trade secrets regarding its fraud detection and prevention methods, no less

14  restrictive alternative to the requested redactions would be sufficient to avoid these harms.

15  *See, e.g.*, *Google LLC v. Point Fin., Inc.*, No. 25-cv-4033, 2026 WL 357537 (N.D. Cal.

16  Feb. 9, 2026) (Freeman, J.) (finding that request to seal "confidential business information

17  that would harm a party's competitive standing if publicly disclosed" was "narrowly

18  tailored" to seal only sealable material).

19  **CONCLUSION**

20       For the foregoing reasons, Plaintiffs respectfully request that the Court grant this

21  motion and order the redaction of the above-identified portions of the Trapani Declaration.

22  DATED:  February 27, 2026     Respectfully submitted,

23  ROSEN BIEN GALVAN & GRUNFELD LLP

24  By: */s/ Ben Hattem*

25  Ben Hattem

26  Attorneys for Plaintiffs

27

28