MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
  egalvan@rbgg.com
  vswearingen@rbgg.com
  cjackson@rbgg.com
  bhattem@rbgg.com
  mcampbell@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
  kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING UNOPPOSED ADMINISTRATIVE MOTION TO SEAL**<br><br>Judge: Beth Labson Freeman |

[4830975.1]

Case No. 5:13-cv-02354-BLF

STIPULATION AND [PROPOSED] ORDER GRANTING UNOPPOSED ADMINISTRATIVE MOTION TO SEAL

## STIPULATION

Plaintiffs have filed an Unopposed Administrative Motion to File Under Seal portions of the Supplemental Declaration of Tara Trapani in Connection with Joint Motion for Final Approval of CFMG Civil Contempt Liability Settlement ("Trapani Declaration"). Plaintiffs moved to seal information in the Trapani Declaration describing trade secrets of Kroll Settlement Administration LLC, the designated settlement administrator, related to its fraud detection and prevention practices.

The specific portions of the Trapani Declaration that Plaintiffs seek to redact are identified in the chart below:

| Exhibit No. | Document | Portions to Seal | Reasons for Sealing |
|---|---|---|---|
| Ex. B to Pls' Unopposed Mot. to Continue Hearing on Final Approval | Suppl. Decl. of Tara Trapani in Connection with Jt. Mot. for Final Approval | Highlighted portions at 2:13–22; 3:19–20, 22–28; 4:1–14, 17–28; 5:1–6. | Contains trade secrets and sensitive, proprietary information about fraud detection and prevention practices that competitors or malicious actors could exploit. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1276–77 (N.D. Cal. 2022). |

The parties agree that compelling reasons exist to seal the material identified above in order to avoid the "release [of] trade secrets" on the public docket. *Kamakana*, 447 F.3d at 1179. The proposed redactions seek to maintain the confidentiality of Kroll's trade secrets related to its fraud detection and prevention practices. The redactions would seal only "sensitive information" in the declaration about Kroll's "current operations that competitors or bad actors could exploit." *Meta Platforms*, 605 F. Supp. 3d at 1276–77. The parties agree that compelling reasons exist to seal such "sensitive and proprietary information" about business operations. *Baird v. BlackRock Institutional Trust Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019).

[4830975.1]

1

Case No. 5:13-cv-02354-BLF

The parties further agree that the above-identified redactions are warranted because Kroll's ability to detect and prevent fraud may be materially impaired if proprietary information about its prevention methods is made public. The parties agree that this disclosure could injure the settlement class by reducing the available funds for legitimate claimants. *See Carrera v. Bayer Corp.*, 727 F.3d 300, 310 (3d Cir. 2013); *see also* Dkt. 1257-1 at 5. Finally, the parties agree that because Plaintiffs' motion seeks to redact only Kroll's trade secrets regarding its fraud detection and prevention methods, no less restrictive alternative to the requested redactions would be sufficient to avoid these harms. *See, e.g., Google LLC v. Point Fin., Inc.*, No. 25-cv-4033, 2026 WL 357537 (N.D. Cal. Feb. 9, 2026) (Freeman, J.) (finding that request to seal "confidential business information that would harm a party's competitive standing if publicly disclosed" was "narrowly tailored" to seal only sealable material).

IT IS SO STIPULATED.

DATED: February 27, 2026         Respectfully submitted,

                                 ROSEN BIEN GALVAN & GRUNFELD LLP

                                 By: */s/ Ben Hattem*
                                     Ben Hattem

                                 Attorneys for Plaintiffs

DATED: February 27, 2026         GORDON REES SCULLY MANSUKHANI

                                 By: */s/ Allison Becker*
                                     Allison Becker

                                 Attorneys for Defendant
                                 CALIFORNIA FORENSIC MEDICAL GROUP, INC.

Pursuant to General Order 45(X)(B), I hereby attest that I have on file approvals for any signatures indicated by a "conformed" signature (*/s/*) within this e-filed document.

DATED:  February 27, 2026          */s/ Ben Hattem*
                                   Ben Hattem

\* \* \* \* \*

## [PROPOSED] ORDER

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2006).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.  Parties seeking to seal documents must also comply with Civil Local Rule 79-5, which requires that the request be "narrowly tailored to seal only the sealable material" and include an explanation of "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1), (3).

The Supplemental Declaration of Tara Trapani in Connection with Joint Motion for Final Approval of CFMG Civil Contempt Liability Settlement contains information about the fraud detection and prevention practices of Kroll Settlement Administration LLC ("Kroll"), the designated administrator for the parties' proposed settlement of Defendant California Forensic Medical Group, Inc. ("CFMG")'s liability for civil contempt.  Information about Kroll's fraud detection practices is only tangentially related to the merits of this case, which concerns "the conditions of confinement at the Monterey County Jail."  *See Hernandez v. County of Monterey*, 110 F. Supp. 3d 929, 933 (N.D. Cal. 2015).  For that

1  reason, the Court finds that the "good cause" standard should govern this sealing request.

2  Even under a compelling reasons standard, however, the redactions sought by
3  Plaintiffs would be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-
4  5(c)(3). Compelling reasons exist to avoid the "release [of] trade secrets" in public filings.
5  *Kamakana*, 447 F.3d at 1179; *cf.* Fed. R. Civ. P. 26(c)(1)(G) (allowing protective orders to
6  prevent disclosure of "a trade secret or other confidential research, development, or
7  commercial information"). The proposed redactions would seal only "sensitive
8  information" in the declaration about Kroll's "current operations that competitors or bad
9  actors could exploit." *Meta Platforms*, 605 F. Supp. 3d at 1276–77. Courts have regularly
10 found compelling reasons to seal such "sensitive and proprietary information" about
11 business operations. *Baird v. BlackRock Institutional Trust Co., N.A.*, 403 F. Supp. 3d
12 765, 792 (N.D. Cal. 2019); *see also, e.g.*, *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345
13 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) (explaining that sealable trade secrets "may
14 consist of any formula, pattern, device or compilation of information which is used in
15 one's business, and which gives [the business] an opportunity to obtain an advantage over
16 competitors who do not know or use it" (quoting *Clark v. Bunker*, 453 F.2d 1006, 1009
17 (9th Cir. 1972))).

18 The Court therefore finds good cause and compelling reasons to seal the material
19 identified in Plaintiffs' motion. The Court further finds that both Kroll and the settlement
20 class may be injured if sensitive information about Kroll's fraud detection and prevention
21 practices is made public. Civ. L.R. 79-5(c)(1). Finally, the Court finds that Plaintiffs'
22 request is narrowly tailored to seal only sealable material and that no less restrictive
23 alternative to sealing this material would be sufficient. Civ. L.R. 79-5(c)(1), (3).

24 Accordingly, it is ORDERED that the following portions of the Supplemental
25 Declaration of Tara Trapani in Connection with Joint Motion for Final Approval of CFMG
26 Civil Contempt Liability Settlement shall be sealed and redacted from the public filing:

27
28

| Exhibit No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| Ex. B to Pls' Unopposed Mot. to Continue Hearing on Final Approval | Suppl. Decl. of Tara Trapani in Connection with Jt. Mot. for Final Approval | Highlighted portions at 2:13–22; 3:19–20, 22–28; 4:1–14, 17–28; 5:1–6. | GRANTED as containing trade secrets and sensitive, proprietary information about fraud detection and prevention practices that competitors or malicious actors could exploit. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1276–77 (N.D. Cal. 2022). |

IT IS SO ORDERED.

DATED: _____, 2026

_____
Honorable Beth Labson Freeman
United States District Judge