| | |
|---|---|
| MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>VAN SWEARINGEN – 259809<br>CAROLINE E. JACKSON – 329980<br>BEN HATTEM – 335232<br>MAYA E. CAMPBELL – 345180<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830<br>Facsimile: (415) 433-7104<br>Email: mbien@rbgg.com<br>egalvan@rbgg.com<br>vswearingen@rbgg.com<br>cjackson@rbgg.com<br>bhattem@rbgg.com<br>mcampbell@rbgg.com | AVRAM D. FREY<br>(*admitted pro hac vice*)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN<br>CALIFORNIA, INC.<br>39 Drumm Street<br>San Francisco, California 94111-4805<br>Telephone: (415) 621-2493<br>Facsimile: (415) 255-8437<br>Email: afrey@aclunc.org |

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**UNOPPOSED MOTION TO CONTINUE HEARING ON FINAL APPROVAL OF CFMG CIVIL CONTEMPT LIABILITY SETTLEMENT**<br><br>Judge: Beth Labson Freeman |

# MOTION TO CONTINUE FINAL APPROVAL HEARING

Pursuant to Local Rule 7-7, Plaintiffs respectfully request that the Court continue until April 30, 2026, or such a date thereafter as the Court would prefer, the hearing on final approval of the proposed settlement of Defendant California Forensic Medical Group, Inc. ("CFMG")'s liability for civil contempt sanctions. The hearing is presently scheduled for March 26, 2026. *See* Dkt. 1275. The parties have conferred, and counsel for Defendants have represented that they do not oppose this request. Decl. of Ben Hattem in Supp. Unopposed Mot. to Continue, filed concurrently herewith ("Hattem Decl.") ¶ 9.

Following the initial hearing regarding the proposed settlement on January 15, 2026, and the Court's approval of the proposed settlement amount and the notice and claim form documents on January 26, 2026 (Dkt. 1288 at 2–3), the parties and Kroll Settlement Administration LLC ("Kroll"), the designated settlement administrator, worked diligently to complete the necessary preparations for the claims period and notice process to begin. Hattem Decl. ¶¶ 2–3. This required the creation and approval of a series of materials, such as the Spanish language versions of the notice and claim form, the notification that would be sent out to the tablets of all currently incarcerated people at the Jail describing the process for in-Jail claim submissions, the text of the Settlement website, and language for the social media and internet advertisements of the settlement that will be distributed by the settlement administrator. *Id.* ¶ 3. Some of these materials could not be put immediately into effect because of third-party media schedules; for instance, the March issue of *Prison Legal News* was the earliest issue in which a notice could be placed due to the magazine's submission deadline. *See* Advertising Brochure at 8, *Prison Legal News*, https://www.prisonlegalnews.org/media/medialibrary/2023/01/PLN_media_pack_5.26.22.pdf (last visited Feb. 19, 2026).

The parties took further steps as well to ensure broad notice and the availability of claims submission to currently incarcerated class members at the Jail and elsewhere. Plaintiffs and Kroll gathered data to identify and locate settlement class members currently housed in state prisons under the jurisdiction of the California Department of Corrections

1  and Rehabilitation ("CDCR") so that notices and claim forms can be personally mailed by
2  Kroll to those individuals, in order to comply with the Court's January 26 order.  Hattem
3  Decl. ¶ 4; *see* Dkt. 1288 at 4.  Plaintiffs and Kroll also met with County counsel and Jail
4  staff to develop a plan for people currently incarcerated at the Jail to submit claims.
5  Hattem Decl. ¶ 5.  Because the tablet systems at the Jail cannot connect directly to the
6  Settlement website, this required the creation of a fillable tablet-based claim form so that
7  individuals at the Jail can submit claims directly through their tablets.  *Id.*  The creation of
8  this tablet-based claim form raised distinct claim validation and fraud prevention issues
9  that the parties needed to address as well before the claims period could begin.  *Id.*

10      In light of the amount of work required before the start of the claims period and
11  media plan, Kroll recommended that the claims and notice periods be scheduled to begin
12  on February 26, 2026.  *Id.* ¶ 6.  Following further discussion about the possibility of an
13  earlier start date, Plaintiffs and Kroll agreed on a start date of February 17, 2026, as the
14  earliest feasible date on which the media plan could be put into effect and the claims
15  period could begin.  *Id.*

16      The notice and claims period started on February 17, 2026, and class members have
17  begun submitting claims.  *Id.* ¶ 7.  The 60-day claims period will conclude on April 20,
18  2026.  *Id.*  The Court indicated during the January 15, 2026 hearing that it would like to
19  schedule the next hearing shortly after the claims period ends to assess the status of the
20  settlement at that point.  Tr. of Jan. 15, 2026 Hr'g at 34:10–13.  Plaintiffs therefore request
21  that the hearing currently scheduled for March 26 be continued to April 27, 2026, or as
22  soon thereafter as the Court is available, so that the Court can assess the status of the
23  settlement after the claims period has ended.

24      The Court also indicated during the January 15, 2026 hearing that it would like an
25  explanation of Kroll's fraud detection procedures prior to final approval of the settlement.
26  *See id.* at 29:6–8.  Filed concurrently with this motion is a declaration from Tara Trapani
27  explaining Kroll's fraud detection and prevention practices.  Following the January 15,
28  2026 hearing, Plaintiffs' counsel were informed by Kroll that the shortest feasible amount

of time for claim validation after the end of the claims period would be 45 days, given the work required to confirm legitimate claims and eliminate fraudulent claims. Hattem Decl. ¶ 8. Since the claims period will end on April 20, 2026, the earliest date on which Kroll could distribute payments to the settlement class will be June 4, 2026. *Id.*

Plaintiffs inform the Court of the claim validation timeline at this juncture in case the Court would prefer to schedule the upcoming hearing closer to the end of the claims validation period. The parties are at the Court's disposal at any time when the Court would like to hold the next hearing regarding this proposed settlement.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court continue the hearing presently scheduled for March 26, 2026, until April 30, 2026, or such a date thereafter as the Court would prefer.

DATED: February 27, 2026

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ben Hattem*
    Ben Hattem

Attorneys for Plaintiffs