| | |
|---|---|
| MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>VAN SWEARINGEN – 259809<br>CAROLINE E. JACKSON – 329980<br>BEN HATTEM – 335232<br>MAYA E. CAMPBELL – 345180<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830<br>Facsimile: (415) 433-7104<br>Email: mbien@rbgg.com<br>egalvan@rbgg.com<br>vswearingen@rbgg.com<br>cjackson@rbgg.com<br>bhattem@rbgg.com<br>mcampbell@rbgg.com<br><br>CORENE KENDRICK – 226642<br>KYLE VIRGIEN – 278747<br>ACLU NATIONAL PRISON PROJECT<br>425 California St., Ste. 700<br>San Francisco, CA 94104<br>Telephone: (202) 393-4930<br>Facsimile: (202) 393-4931<br>Email: ckendrick@aclu.org<br>kvirgien@aclu.org | AVRAM D. FREY<br>(*admitted pro hac vice*)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN<br>CALIFORNIA, INC.<br>39 Drumm Street<br>San Francisco, California 94111-4805<br>Telephone: (415) 621-2493<br>Facsimile: (415) 255-8437<br>Email: afrey@aclunc.org |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**DECLARATION OF BEN HATTEM IN SUPPORT OF UNOPPOSED MOTION TO CONTINUE FINAL APPROVAL HEARING**<br><br>Judge: Beth Labson Freeman |

[4829467.1]

Case No. 5:13-cv-02354-BLF

DECLARATION OF BEN HATTEM IN SUPPORT OF UNOPPOSED MOTION TO
CONTINUE FINAL APPROVAL HEARING

I, Ben Hattem, declare:

1. I am an attorney duly admitted to practice before this Court. I am an associate in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Unopposed Motion to Continue Hearing on Final Approval of CFMG Civil Contempt Liability Settlement.

2. Following the January 15, 2026 hearing on approval of the CFMG civil contempt liability settlement, the parties and the designated settlement administrator immediately began a series of steps to prepare for the beginning of the notice and claims period. I met with representatives from Kroll Settlement Administration, LLC, the day after the January 15 hearing to discuss revisions to the notice and claims form documents based on statements made by the Court during the hearing. I and Kroll staff met with counsel for CFMG the following week to discuss the payment mechanics for CFMG to begin transferring money to the settlement fund, and the parties reached an agreement for CFMG to provide an initial retainer payment immediately so that Kroll would have sufficient funds to establish the Settlement website and pay media vendors.

3. The parties' efforts continued after the Court approved the amount of the settlement and the notice and claim form documents on January 26, 2026. *See* Dkt. 1288 at 2–3. I worked with Kroll to identify a URL for the Settlement website the day after the Court's order. Kroll created drafts of the Settlement website and the online version of the claim form, which were reviewed and approved by Plaintiffs' counsel. Kroll provided draft media materials for counsel's review and approval as well, including proposed internet and social media advertisements and a draft press release. Based on the notice materials approved by the Court, I also drafted language for a separate notice to be sent out by push notification to the tablets of people incarcerated at the Jail that would specifically describe the process for people at the Jail to submit claims, since they would not have access to the Settlement website while incarcerated. Kroll created Spanish language

1  versions of the notice and claim form documents as well.

2      4.    In addition, using publicly available inmate location information from the
3  California Department of Corrections and Rehabilitation ("CDCR"), I and other staff in
4  my office created a list of all people currently in CDCR custody who were committed to
5  state prison from Monterey County, along with information about their current facility
6  location within CDCR.  I provided this list to Kroll to use in conjunction with the list of
7  settlement class members provided by the County to identify members of the settlement
8  class in CDCR custody so that notices and paper claim forms can be individually mailed to
9  them.

10      5.    Plaintiffs' counsel and Kroll met twice with County counsel and Jail staff
11  who are involved in providing IT services at the Jail to develop a process for people
12  incarcerated at the Jail to submit claims via their tablets.  Jail staff created, and counsel
13  reviewed, a separate claim form that incarcerated people can fill out and submit using the
14  tablets since the tablets cannot connect directly to the Settlement website.  The creation of
15  this tablet-based form raised distinct claim validation and fraud prevention issues, such as
16  how to ensure that incarcerated people used their own names and booking numbers when
17  submitting claims.  These issues required discussion among the parties, Kroll, and Jail staff
18  to resolve before the claims period began.

19      6.    In light of the number of steps necessary to prepare the claim process and
20  media materials, Kroll initially recommended to Plaintiffs' counsel a start date of
21  February 26, 2026 for the claims and notice period.  After further discussion, counsel and
22  Kroll agreed to a start date of February 17, 2026 as the earliest feasible date on which the
23  claims and notice periods could begin.

24      7.    The notice and claims period began on February 17, 2026 and Kroll's media
25  plan went into effect on that date.  Plaintiffs' counsel's understanding is that members of
26  the settlement class began submitting claims that day.  The notice and claims materials
27  establish a 60-day window for claims submissions, which began on February 17, 2026 and
28  will conclude on April 20, 2026.

8. Following the January 15, 2026 hearing, Plaintiffs' counsel were informed by Kroll that the shortest feasible amount of time to allow for claim validation after the end of the claims period would be 45 days, given the work required to confirm legitimate claims and identify potential fraud.  Because the claims period will end on April 20, 2026, the earliest date on which Kroll will be able to distribute payments to the settlement class will be June 4, 2026.

9. I communicated with counsel for CFMG and the County regarding this motion and provided drafts of the motion and all related filings for their review.  Counsel for CFMG and the County have represented that they do not oppose this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 27th day of February, 2026.

*/s/ Ben Hattem*
Ben Hattem