MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:	(415) 433-6830
Facsimile:	(415) 433-7104
Email:	mbien@rbgg.com
	egalvan@rbgg.com
	vswearingen@rbgg.com
	cjackson@rbgg.com
	bhattem@rbgg.com
	mcampbell@rbgg.com

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:	(415) 621-2493
Facsimile:	(415) 255-8437
Email:	afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone:	(202) 393-4930
Facsimile:	(202) 393-4931
Email:	ckendrick@aclu.org
	kvirgien@aclu.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**JOINT STIPULATION AND PROPOSED ORDER TO DEVELOP ADA PROGRAMMATIC CORRECTIVE ACTION PLANS**<br><br>Judge:  Beth Labson Freeman |

The County of Monterey and Plaintiffs offer this joint stipulation and respectfully request that the Court adopt the County and Plaintiffs' agreements as set forth below.

On April 4, 2025, Plaintiffs' counsel sent Defendants County of Monterey ("the County") and California Forensic Medical Group ("CFMG") (collectively, "Defendants") a letter pursuant to paragraph 48 of the Settlement Agreement, Dkt. No. 494, documenting Defendants' continued non-compliance with certain enumerated areas of the Implementation Plan and Settlement Agreement requirements related to incarcerated people with disabilities ("ADA Requirements").

On April 15, 2025, Plaintiffs' counsel sent Defendants a proposed stipulation to resolve all ADA issues without litigation.

In a letter dated May 21, 2025, the County agreed to enter into a stipulation.

THEREFORE, Plaintiffs and the County by their respective counsel, stipulate as follows:

**ADA Programmatic (Custody) CAP**

1. Pursuant to the timelines set forth below, the County will develop, under the direction and guidance of the ADA programmatic neutral monitor (Terri McDonald) and with input from Plaintiffs' counsel, a corrective action plan ("CAP") to remedy those components of the ADA programmatic requirements which neutral monitor Terri McDonald has found the County to be not in substantial compliance and which do not require the involvement of the neutral monitor for mental health nor the Jail's healthcare contractor ("ADA Programmatic (Custody) CAP").

2. The neutral monitor for ADA programmatic requirements shall determine which provisions fall within the scope of the ADA Programmatic (Custody) CAP.

3. The ADA Programmatic (Custody) CAP shall include, at a minimum, the following elements:

   (a) Identification of all steps necessary to come into substantial compliance with ADA programmatic requirements which neutral monitor Terri McDonald has found the County to be not in substantial compliance and which do not

require the involvement of the neutral monitor for mental health nor the Jail's healthcare contractor.

    (b)    Designation of the entity, office, or official responsible for carrying out (1) the overall plan; and (2) each step of the plan.

    (c)    Designation of any processes or resources not yet in place that are necessary to carry out (1) the overall plan; and (2) each step of the plan.

           (i)    The designation shall identify which resources are currently available for each task, as well as any potential threats to the availability of these resources in the future.

    (d)    A reasonable timeline for updating all ADA policies, procedures, training materials and other documents necessary to ensure staff and contractors have the guidance necessary to achieve substantial compliance.

    (e)    Specific procedures for how the County will train and supervise staff and contractors regarding compliance with their ADA policies and procedures.

    (f)    Specific procedures for how the County will audit and otherwise demonstrate proof of practice in complying with their ADA policies and procedures.

    (g)    A date within 18 months of the filing of this stipulation for completing the items set forth in the ADA Programmatic (Custody) CAP.

    (h)    Any additional elements deemed necessary by any party, subject to the final approval of the ADA Programmatic neutral monitor.

    4.    The County will work with the neutral monitor to develop an initial draft of the ADA Programmatic (Custody) CAP and provide Plaintiffs with a draft ADA Programmatic (Custody) CAP within 60 days following an order granting this stipulation. Plaintiffs will review and comment within 30 days of receipt of the ADA Programmatic (Custody) CAP. The parties will then meet and confer under the direction and guidance of the neutral monitor to revise the ADA Programmatic (Custody) CAP as necessary. The neutral monitor for ADA programmatic compliance shall approve the final ADA Programmatic (Custody) CAP. Judge Cousins' assistance may be requested in the event

that ADA Programmatic (Custody) CAP is not finalized within 60 days following the County's provision of the draft CAP to Plaintiffs.  The parties will make every effort to identify any disputes in need of mediation in advance of that date. The parties will not file the ADA Programmatic (Custody) CAP with the Court once finalized, but are not prohibited from filing in connection with an enforcement motion if necessary.

5. The County will begin implementing the ADA Programmatic (Custody) CAP as soon as it is finalized by the neutral monitor.

6. The parties will file quarterly updates with the Court setting forth the County's progress toward completing the items set forth in the ADA Programmatic (Custody) CAP.

7. If at any point Plaintiffs counsel believe in good faith that the County is not making sufficient progress toward completing the ADA Programmatic (Custody) CAP, Plaintiffs may treat the lack of progress as a failure to substantially comply with the acts required by the Settlement Agreement or Implementation Plan, and may follow the procedures set forth in paragraph 48 of the Settlement Agreement, Dkt. No. 494.

8. The requirements of the ADA Programmatic (Custody) CAP will be enforceable by the Court as part of the Settlement Agreement.

**ADA Programmatic (Healthcare) CAP**

9. Pursuant to the timelines set forth below, the County will develop, under the direction and guidance of the ADA programmatic neutral monitor (Terri McDonald) and with input from Plaintiffs' counsel, a corrective action plan to remedy those components of the ADA programmatic requirements which neutral monitor Terri McDonald has found the County to be not in substantial compliance and which provisions require the involvement of the neutral monitor for mental health and/or the Jail's healthcare contractor ("ADA Programmatic (Healthcare) CAP").

10. The neutral monitor for ADA programmatic requirements shall determine which provisions fall within the scope of the ADA Programmatic (Healthcare) CAP.

11. The ADA Programmatic (Healthcare) CAP shall include, at a minimum, the

following elements:

 (a) Identification of all steps necessary to come into substantial compliance with ADA programmatic requirements which neutral monitor Terri McDonald has found the County to be not in substantial compliance and which require the involvement of the neutral monitor for mental health and/or the Jail's healthcare contractor.

 (b) Designation of the entity, office, or official responsible for carrying out (1) the overall plan; and (2) each step of the plan.

 (c) Designation of any processes or resources not yet in place that are necessary to carry out (1) the overall plan; and (2) each step of the plan.

  (i) The designation shall identify which resources are currently available for each task, as well as any potential threats to the availability of these resources in the future.

 (d) A reasonable timeline for updating all ADA policies, procedures, training materials and other documents necessary to ensure staff and contractors have the guidance necessary to achieve substantial compliance.

 (e) Specific procedures for how the County will train and supervise staff and contractors regarding compliance with their ADA policies and procedures.

 (f) Specific procedures for how the County will audit and otherwise demonstrate proof of practice in complying with their ADA policies and procedures.

 (g) A date within two years of the filing of this stipulation for completing the items set forth in the ADA Programmatic (Healthcare) CAP.

 (h) Any additional elements deemed necessary by any party, subject to the final approval of the ADA Programmatic neutral monitor.

12. The County will work with the neutral monitor to develop an initial draft of the ADA Programmatic (Healthcare) CAP and provide Plaintiffs with a draft ADA Programmatic (Healthcare) CAP within 90 days of the parties' agreeing that the ADA Programmatic (Custody) CAP is finalized.

13. Plaintiffs will review and comment within 30 days of receipt of the ADA Programmatic (Healthcare) CAP. The parties will then meet and confer under the direction and guidance of the neutral monitor to revise the ADA Programmatic (Healthcare) CAP as necessary. The neutral monitor for ADA programmatic compliance shall approve the final ADA Programmatic (Healthcare) CAP. Judge Cousins' assistance may be requested in the event that ADA Programmatic (Healthcare) CAP is not finalized within 60 days following the County's provision of the draft CAP to Plaintiffs. The parties will not file the ADA Programmatic (Healthcare) CAP with the Court once finalized, but are not prohibited from filing in connection with an enforcement motion if necessary.

14. The County will begin implementing the ADA Programmatic (Healthcare) CAP as soon as it is finalized by the neutral monitor.

15. The parties will file quarterly updates with the Court setting forth the County's progress toward completing the items set forth in the ADA Programmatic (Healthcare) CAP. These updates will be coordinated, if possible, with the updates regarding the ADA Programmatic (Custody) CAP, described in paragraph 6.

16. If at any point Plaintiffs' counsel believe in good faith that the County is not making sufficient progress toward completing the ADA Programmatic (Healthcare) CAP, Plaintiffs may treat the lack of progress as a failure to substantially comply with the acts required by the Settlement Agreement or Implementation Plan, and may follow the procedures set forth in paragraph 48 of the Settlement Agreement, Dkt. No. 494.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

17. The requirements of the ADA Programmatic (Healthcare) CAP will be enforceable by the Court as part of the Settlement Agreement.

IT IS SO STIPULATED.

Respectfully submitted,

DATED: March 6, 2026           ROSEN BIEN GALVAN & GRUNFELD LLP

By:  /s/ Ben Hattem
     Ben Hattem

Attorneys for Plaintiffs

DATED: March 6, 2026           SUSAN K. BLITCH, COUNTY COUNSEL

By:  /s/ Tucker Wisdom-Stack
     Tucker Wisdom-Stack
     Deputy County Counsel

Attorneys for Defendant County of Monterey

As required by Local Rule 5-1, I, Ben Hattem, attest that I obtained concurrence in the filing of this document from Tucker Wisdom-Stack, counsel for Defendant, and that I have maintained records to support this concurrence.

DATED: March 6, 2026           /s/ Ben Hattem
                               Ben Hattem

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## [~~PROPOSED~~] ORDER

Having reviewed the foregoing stipulation of the parties, and good cause appearing, the Court hereby accepts the parties' stipulation and incorporates it by reference as if fully set forth herein. THE COURT ORDERS THAT the parties shall abide by the provisions set forth in paragraphs 1-17, *supra*.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __March 9__, 2026

_____
Honorable Beth Labson Freeman
United States District Judge