MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:      mbien@rbgg.com
            egalvan@rbgg.com
            vswearingen@rbgg.com
            cjackson@rbgg.com
            bhattem@rbgg.com
            mcampbell@rbgg.com

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone:  (415) 621-2493
Facsimile:  (415) 255-8437
Email:      afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone:  (202) 393-4930
Facsimile:  (202) 393-4931
Email:      ckendrick@aclu.org
            kvirgien@aclu.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**JOINT STIPULATION AND** ~~**PROPOSED**~~ **ORDER TO DEVELOP ADA ARCHITECTURAL CORRECTIVE ACTION PLAN**<br><br>Judge:  Beth Labson Freeman |

[4726313.9]

1

Case No. 5:13-cv-02354-BLF

JOINT STIPULATION AND ~~PROPOSED~~ ORDER TO DEVELOP ADA ARCHITECTURAL CORRECTIVE ACTION PLAN

The County and Plaintiffs offer this joint stipulation and respectfully request that the Court adopt the County and Plaintiffs' agreements as set forth below.

On April 7, 2025, Plaintiffs' counsel sent Defendants County of Monterey ("the County") a letter pursuant to paragraph 48 of the Settlement Agreement, Dkt. No. 494, documenting Defendants' continued non-compliance with certain enumerated areas of the Implementation Plan and Settlement Agreement requirements related to incarcerated people with disabilities ("ADA Requirements").

On April 15, 2025, Plaintiffs' counsel sent the County a proposed stipulation to resolve all ADA issues without litigation.

In a letter dated May 21, 2025, the County agreed to enter into such a stipulation.

THEREFORE, Plaintiffs and the County by their respective counsel, stipulate as follows:

**ADA Architectural CAP**

1. Pursuant to the timelines set forth below, the County will develop, under the direction and guidance of the ADA Architectural neutral monitor (Eric McSwain) and with input from Plaintiffs' counsel, a corrective action plan to remedy those components of the ADA Architectural requirements ("ADA Architectural CAP"). The ADA Architectural CAP will remedy those items which the ADA Architectural neutral monitor has found are both 1) part of the agreed upon scope of work for the ADA Architectural monitor ("Exhibit E" of that monitor's contract); and 2) the County was found neither in substantial nor full compliance in that monitor's most recent final report.[1]

2. The ADA Architectural CAP shall include, at a minimum, the following elements:

/ / /

/ / /

---

[1] The Settlement Agreement requires the County to be found in substantial or full compliance in each category reviewed by each respective court-appointed monitor. Monitors have the discretion to determine what qualifies as substantial compliance.

(a) Identification of all steps necessary to come into substantial or greater compliance with ADA architectural requirements which neutral monitor Eric McSwain has found the County to be not in substantial or greater compliance.

(b) Designation of the entity, office, or official responsible for carrying out (1) the overall plan; and (2) each step of the plan.

(c) Designation of the resources necessary to carry out (1) the overall plan; and (2) each step of the plan.

    (i) For each component of the plan, the County will set forth a strategy or plan for obtaining the necessary resources to complete that component.

    (ii) The County will also develop a plan to address any potential threats to resource availability.

(d) Designation of the timeline for all work that can be completed through the labor of County employees without procuring additional equipment or services, including:

    (i) identification of each component;

    (ii) timeline(s) for initiating such work, not to exceed 30 days from the date of finalizing the ADA Architectural CAP. Initiation of work means issuing a notice to proceed to an architectural consultant to undertake project design and planning, upon which all subsequent work is dependent.

    (iii) timeline(s) for completing each component, with the latest date not to exceed 12 months from the date of finalizing the ADA Architectural CAP. While the timeline for completion is twelve months or less, Plaintiffs and the County recognize that completion dates may be affected by factors beyond the County's control, including but not limited to, third-party agency review and approvals, and materials

acquisition, and agree to adjust the completion timelines to reflect the impact of such factors, as deemed appropriate by the ADA Architectural neutral monitor;

(e) Designation of the timeline for completing all work to be performed by or with the assistance of contractors, including (1) identification of each component; and (2) the timeline(s) for completing each component. This includes estimates of the time necessary to complete the process for remediation of each component, including the time necessary for requesting contractors to bid or submit proposals on the necessary contracts, evaluation and selection of contractors, execution of each contract, completion of work under each contract, and procurement of funds.

  (i) Plaintiffs and the County recognize that work to be completed by or with the assistance of contractors must proceed in phases. This work requires the movement of incarcerated people to different portions of the Monterey County Jail temporarily so that work can proceed, and there is limited available housing capacity at the Jail to accommodate this movement. The timelines for each item to be remedied will be detailed in the CAP and will proceed accordingly.

  (ii) The time to complete contractual request for proposal for the first phase shall not exceed six months from the date of finalizing the ADA Architectural CAP. The first phase will include hazardous material testing, design service procurement, pre-design and design development, agency review, construction procurement, construction coordination and material lead times.

  (iii) The timeline for selecting, approving, and allocating the budget for all contracts for the first phase shall not exceed twelve months from the date of finalizing the ADA Architectural CAP.

   (iv) The time of completing all work to be performed by or with the assistance of contractors for all phases shall not exceed forty-two months from the date of finalizing the ADA Architectural CAP. Any timelines that can be earlier than forty-two months shall be.

   (v) Plaintiffs and the County recognize that completion dates may be affected by factors beyond the County's control, such as permitting, third-party agency review and approvals, and materials acquisition, and agree to adjust the completion timelines to reflect the impact of such factors, as deemed appropriate by the ADA Architectural neutral monitor.

   (vi) Plaintiffs and the County agree that if the County requires a deviation from the order in which the work proceeds, the County and Plaintiffs shall meet and confer, consult the ADA Architectural neutral monitor, and agreement not be withheld except for good cause.

 (f) Designation of the timeline on which the ADA Architectural neutral monitor will evaluate compliance with the ADA Architectural requirements.

 (g) Any additional elements deemed necessary, subject to the approval of the ADA Architectural neutral monitor.

3. The County will work with the ADA Architectural neutral monitor to develop an initial draft of the ADA Architectural CAP and provide Plaintiffs with a draft ADA Architectural CAP within 45 days of filing this stipulation. Plaintiffs will review and comment within 30 days of receipt of the ADA Architectural CAP. The ADA Architectural neutral monitor will review and comment within 7 days. The parties will then meet and confer under the direction and guidance of the neutral monitor to revise the ADA Architectural CAP as necessary. The neutral monitor for ADA Architectural compliance will decide any matters not agreed upon by Plaintiffs and the County, and that monitor shall approve the final ADA Architectural CAP. Judge Cousins' assistance will be requested in the event that ADA Architectural CAP is not final by within 100 days of

filing this stipulation.  The parties will not file the ADA Architectural CAP with the Court once finalized, but are not prohibited from filing in connection with an enforcement motion if necessary.  The parties agree that the ADA Architectural CAP is enforceable by the Court as part of the Settlement Agreement and that Plaintiffs may follow the procedures set forth under paragraph 48 of the Settlement Agreement under the circumstances more fully described in paragraph 7 of this stipulation.

4.      Though timelines shall be marked from finalizing the ADA Architectural CAP, the County will in good faith strive to implement the ADA Architectural CAP as soon as it is finalized by the neutral monitor.

5.      The parties will file quarterly updates with the Court setting forth the County's progress toward completing the ADA Architectural CAP.

6.      If at any point a portion of the Monterey County Jail permanently closes, or becomes permanently inoperable, that portion of the Jail will be removed from Corrective Action Plan.

7.      If at any point  Plaintiffs' counsel believe, after consultation with the ADA Architectural neutral monitor, that the County is not making sufficient progress toward completing the ADA Architectural CAP, Plaintiffs may treat the lack of progress as a failure to substantially comply with the acts required by the Settlement Agreement or Implementation Plan, and may follow the procedures set forth in paragraph 48 of the

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Settlement Agreement, Dkt. No. 494.  Although Plaintiffs' counsel must consult with the ADA Architectural neutral monitor before commencing such procedures, Plaintiffs are not bound by the neutral monitor's determination.

IT IS SO STIPULATED.

Respectfully submitted,

DATED:  March 6, 2026                ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ben Hattem*
Ben Hattem

Attorneys for Plaintiffs

DATED: March 6, 2026                COUNTY COUNSEL,
COUNTY OF MONTEREY

By: */s/ Tucker Wisdom-Stack*
Tucker Wisdom-Stack
Deputy County Counsel

Attorneys for Defendant County of Monterey

As required by Local Rule 5-1, I, Ben Hattem, attest that I obtained concurrence in the filing of this document from Tucker Wisdom-Stack, counsel for Defendant, and that I have maintained records to support this concurrence.

DATED:  March 6, 2026                */s/ Ben Hattem*
Ben Hattem

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## [~~PROPOSED~~] ORDER

Having reviewed the foregoing stipulation of the parties, and good cause appearing, the Court hereby accepts the parties' stipulation and incorporates it by reference as if fully set forth herein. THE COURT ORDERS THAT the parties shall abide by the provisions set forth in paragraphs 1-7, *supra*.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __March 9__, 2026

_____
Honorable Beth Labson Freeman
United States District Judge