MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:     (415) 433-6830
Facsimile:     (415) 433-7104
Email:          mbien@rbgg.com
                egalvan@rbgg.com
                vswearingen@rbgg.com
                cjackson@rbgg.com
                bhattem@rbgg.com

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone:     (202) 393-4930
Facsimile:     (202) 393-4931
Email:          ckendrick@aclu.org
                kvirgien@aclu.org

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:     (415) 621-2493
Facsimile:     (415) 255-8437
Email:          afrey@aclunc.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:13-cv-02354-BLF<br><br>**[PROPOSED] INTERIM ORDER APPROVING CFMG CIVIL CONTEMPT LIABILITY SETTLEMENT AND AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND**<br><br>Judge:  Hon. Beth Labson Freeman<br><br>Date:   June 18, 2026<br>Time:   9:00 a.m.<br>Crtrm.:  1 |

[6024672.1]                                                      Case No. 5:13-cv-02354-BLF

[PROPOSED] INTERIM ORDER APPROVING CFMG CIVIL CONTEMPT LIABILITY SETTLEMENT AND
AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND

# [PROPOSED] INTERIM ORDER

In September 2023, the Court found Defendant California Forensic Medical Group, Inc. ("CFMG") in contempt for its noncompliance with forty-three requirements of the Settlement Agreement (Dkt. 494) and CFMG Implementation Plan (Dkt. 532) entered in this action. *See* Order Granting Plaintiffs' Motion to Enforce, Dkt. 838 at 26. The Court issued conditional civil contempt sanctions of $25,000 per noncompliant requirement that would be imposed if CFMG did not purge the contempt within six months of the Court's order. *Id.* The Court further ordered that additional $25,000 civil contempt sanctions would accrue for each noncompliant requirement after each subsequent report by the neutral monitors for medical, mental health, and dental care until CFMG reached substantial compliance with all forty three requirements for which it was found in contempt. *Id.* at 27. In October 2024, CFMG stipulated and the Court found that CFMG had not purged its contempt by obtaining substantial compliance within six months of the Court's contempt order. Dkt. 945 at 4, 6.

Plaintiffs and CFMG have proposed a settlement of all of CFMG's civil contempt fines arising from medical, mental health, and dental care provided by CFMG at the Monterey County Jail through the end of CFMG's contract for health care services at the Jail, which terminated on December 31, 2025. *See* Dkt. 1257-1 at 4. The settlement would resolve CFMG's civil contempt liability in exchange for a payment of $2,470,000 to be distributed as outlined below and per further orders of this Court. *Id.*

On January 26, 2026, the Court approved the amount of the proposed settlement and found that the $2,470,000 payment required by the proposed settlement is adequate to provide compensation for CFMG's civil contempt liability. Dkt. 1288 at 3. The Court designated Kroll Settlement Administration LLC ("Kroll") as the settlement administrator. *Id.* The Court further directed CFMG to issue payment of $2,470,000 to Kroll to establish a settlement fund for direct distribution to the settlement class, defined as "all adult individuals who were incarcerated at the Monterey County Jail from May 27, 2016 to December 31, 2025." *Id.* The Court further directed that notice be provided to the

settlement class and set a 60-day claims period for the class to submit claims to the settlement administrator. *Id.* at 3–4.

On June 18, 2026, the Court held a hearing on Plaintiffs' and CFMG's joint motion for final approval of the proposed settlement. Having considered the joint motion for final approval (Dkt. 1257), Plaintiffs' supplemental brief in support of final approval (Dkt. 1314), the arguments of counsel, the letters submitted by class members and other interested parties regarding the proposed settlement, and all other relevant pleadings and filings in this action, it is hereby found and ORDERED as follows:

1. The parties and Kroll successfully implemented the notice plan required by the Court's January 26, 2026 order. Dkt. 1288 at 3–4; Dkt. 1314 at 2–4. Adequate and appropriate notice of the Proposed Settlement and Claim Process was provided to the Settlement Class in compliance with the Court's order.

2. The Proposed Settlement is fair, reasonable, and adequate, pursuant to the factors identified in Rule 23(e)(2) of the Federal Rules of Civil Procedure and *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). Counsel for the Settlement Class has adequately represented the interests of the class and has diligently litigated this case, including all issues related to CFMG's civil contempt liability.

3. The Proposed Settlement is the product of arm's length and non-collusive negotiations between experienced and knowledgeable counsel.

4. As previously found by the Court (Dkt. 1288 at 3), and as further detailed in Plaintiffs' supplemental brief (Dkt. 1314 at 4–5), the Proposed Settlement confers substantial benefits on the Settlement Class, considering the strength of the class's claims, the defenses that would likely be asserted if CFMG's liability for civil contempt fines were litigated, and the risk, expense, complexity, and likely duration of litigation of CFMG's civil contempt liability.

5. The Proposed Settlement treats class members equitably relative to each other by apportioning monetary benefits based in part on the length of time that each member of the Settlement Class was exposed to the noncompliant health care provided by

CFMG at the Monterey County Jail.

6.      Having considered the objections to the Proposed Settlement filed by members of the Settlement Class and the responses of the parties thereto (*see* Dkt. 1257 at 15–18), and having made the findings above and in prior orders regarding the fairness and adequacy of the Proposed Settlement, all objections are hereby overruled.

7.      The Court grants interim approval to the Proposed Settlement and hereby directs that the settlement fund shall be distributed to members of the Settlement Class who have submitted valid claims to the settlement administrator on or before June 25, 2026.  Following this Order, Kroll shall begin distributing the fund as follows:

a.      After deducting Kroll's settlement administration costs, one third of the settlement fund shall be allocated to pay a baseline minimum amount to all members of the settlement class who submitted valid claims.  The remaining two thirds of the settlement fund shall be allocated to pay additional per diem amounts to claimants who were incarcerated at the Jail for more than ten days during the settlement period of May 27, 2016 to December 31, 2025.

b.      Based on the claim response data provided by Kroll and by Plaintiffs' counsel at the June 18, 2026 hearing, it is estimated that the baseline payment amount may be approximately $391.00 per claimant and that the additional per diem amount may be $1.95 per day of incarceration beyond the tenth.  These estimated amounts may change as claim validation and distribution proceeds.

c.      Validated claimants shall have a period of 90 days to cash or deposit checks received from the settlement fund, after which time the checks shall become void. To ensure that claimants have sufficient time to request and receive a replacement check if necessary, Kroll shall send a follow up notice approximately 45 days after issuance of the checks to all validated claimants who have not cashed their checks as of that date.  In addition to instructing validated claimants to cash their checks prior to the 90th day after issuance, the notice shall provide instructions to validated claimants regarding how to request the reissuance of their check in the event it was misplaced or never received.  Kroll

shall cancel any initial check prior to reissuing a check to the same validated claimant.

d.    Following the check cashing period, any unclaimed amount in the settlement fund shall be redistributed pro rata to validated claimants who cashed or deposited their settlement checks, or shall be donated as a *cy pres* award to a charitable organization proposed by Plaintiffs and selected by the Court.  The determination of whether unclaimed amounts will be redistributed to validated claimants or donated as a *cy pres* award shall be made by further order of the Court after the initial check cashing period.

8.    A status conference has been set for 9:00 a.m. on October 29, 2026 to address any remaining issues regarding the distribution of the settlement fund, including the disposition of unclaimed amounts.

9.    An Opinion and Order granting final approval of the Proposed Settlement will follow this interim order.

IT IS SO ORDERED.

DATED: _____, 2026

_____
Honorable Beth Labson Freeman

[PROPOSED] INTERIM ORDER APPROVING CFMG CIVIL CONTEMPT LIABILITY SETTLEMENT AND AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND