MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
CAROLINE E. JACKSON – 329980
BEN HATTEM – 335232
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
vswearingen@rbgg.com
cjackson@rbgg.com
bhattem@rbgg.com

AVRAM D. FREY
(*admitted pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: afrey@aclunc.org

CORENE KENDRICK – 226642
KYLE VIRGIEN – 278747
ACLU NATIONAL PRISON PROJECT
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ckendrick@aclu.org
kvirgien@aclu.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE HERNANDEZ et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

COUNTY OF MONTEREY; MONTEREY COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; and DOES 1 to 20, inclusive,

Defendants.

Case No. 5:13-cv-02354-BLF

**UNOPPOSED MOTION TO RESCHEDULE STATUS HEARING ON CFMG CIVIL CONTEMPT LIABILITY SETTLEMENT**

Judge: Hon. Beth Labson Freeman
Date: Oct. 30, 2026
Time: 9:00 a.m.
Crtrm.: 1

## UNOPPOSED MOTION TO RESCHEDULE STATUS HEARING

Plaintiffs respectfully request that the Court continue the status hearing on the distribution of the CFMG Civil Contempt Liability Settlement, currently scheduled for October 30, 2026, until January 29, 2027, or such alternative date as the Court would prefer. This request is unopposed. Decl. of Ben Hattem in Supp. Unopposed Mot. to Continue, filed concurrently herewith ("Hattem Decl.") ¶ 12.

The Court held a final approval hearing for the CFMG Civil Contempt Liability Settlement on June 18, 2026, and issued an interim order approving the settlement on June 22. Dkt. 1319 at 3, 5. On July 14, 2026, the Court granted final approval to the settlement. Dkt. 1324 at 16.

Following the Court's interim order, the parties and the designated settlement administrator Kroll Settlement Administration LLC began the process of distributing funds to the members of the Settlement Class who submitted valid settlement claims. At the time of the final approval hearing, Kroll had completed its data matching process to validate claimants, which involved determining whether people who had submitted claims for settlement funds up to that date were members of the Settlement Class. Hattem Decl. ¶ 2. The Court's interim order set a final deadline of June 25, 2026, for class members to submit claims to Kroll. Dkt. 1319 at 4. Kroll completed all of its claim processing on June 26, 2026, the day after the deadline set by the Court in its interim order. Hattem Decl. ¶ 2.

The claim validation process identified a total of 1,984 valid claims to be paid from the settlement fund. *Id.* ¶ 3. After completing that process, Kroll began its review of the mailing address information submitted with those validated claims to develop the final distribution lists for the third-party vendor responsible for printing and mailing the checks. *Id.* ¶ 4. There were substantial data issues to resolve in the claimants' self-reported address information. Many validated claimants submitted claims with missing or incomplete address information, or filed multiple claims with different addresses or designated payees. *Id.* During this period, Kroll also identified and resolved an issue with the class member booking and incarceration data received from the County, in which the

total days of incarceration for some class members included days in custody from early 2026, after the end of the settlement period. *Id.* Kroll completed this data review and sent the final distribution calculation to Plaintiffs' counsel on August 7, 2026, and counsel approved the distribution calculation that day. *Id.* ¶ 5.

Of the 1,984 validated claimants, 283 individuals were eligible for awards of $2,000 or more. *Id.* ¶ 6. Kroll was required by law to request a Form W-9 from these individuals, as discussed in Plaintiffs' supplemental brief prior to the final approval hearing. *See* Dkt. 1314 at 8. Plaintiffs' counsel approved an initial draft of Kroll's cover letter accompanying these Forms W-9 on July 13 and approved the final version of the letter on August 10, 2026. Hattem Decl. ¶ 6. The Form W-9 letters were sent to claimants on August 12, 2026. *Id.* ¶ 7. These letters included a deadline of September 11, 2026, for claimants' responses providing the requested tax information to Kroll to be postmarked. *Id.*

In order to minimize costs to the settlement fund, Kroll initially planned to conduct all settlement check printing and mailing in a single distribution. *Id.* ¶ 8. To allow time for responses to the W-9 letters to be received and processed by Kroll after the September 11, 2026 postmark deadline, Kroll set an anticipated mailing date of October 15, 2026, for all settlement checks. *Id.* Plaintiffs' counsel was informed of this anticipated mailing date on August 18, 2026. *Id.* After determining that an earlier distribution to claimants receiving less than $2,000 would likely accrue only an additional $1,500 in administrative fees, Plaintiffs asked Kroll on August 26, 2026, to move forward as quickly as possible with distributing settlement funds to individuals who did not require a W-9 letter, because of the risk that delays in distributing the checks might reduce the number of claimants who were able to receive checks at the address listed in their claims. *Id.* ¶¶ 9–10.

After processing by Kroll's third party vendor, the settlement checks to claimants receiving less than $2,000 were mailed on September 15, 2026. *Id.* ¶ 10. After further data processing following the return of the W-9 letters, Kroll expects to mail checks to claimants receiving $2,000 or more on October 27, 2026. *Id.* ¶ 11. Pursuant to the Court's

interim order requiring a 90-day check cashing period, the deadline to cash settlement checks from the September 15, 2026 distribution will be December 14, 2026, and the deadline to cash checks from the October 27, 2026 distribution will be January 25, 2027. *See* Dkt. 1319 at 4–5.

The Court scheduled the upcoming status hearing in order "to address any remaining issues regarding the distribution of the settlement fund, including the disposition of unclaimed amounts." *Id.* at 5. As of October 8, 2026, the most recent date for which information is currently available, approximately $867,575.81 of settlement funds have been cashed or deposited. Hattem Decl. ¶ 13. To preserve judicial resources by ensuring that the Court has sufficient information about claimed amounts from the settlement fund to be able to resolve remaining issues about unclaimed amounts, Plaintiffs respectfully request that the status hearing set for October 30, 2026, be rescheduled for January 29, 2027, after the cashing and deposit periods for all of the settlement checks in the current distributions have concluded. Plaintiffs will provide a status report to the Court by December 18, 2026, after the cashing and deposit period for checks from the September 15, 2026 distribution has ended, to inform the Court as to the amount of settlement funds claimed at that time.

## CONCLUSION

Plaintiffs respectfully request that the Court continue the status hearing scheduled for October 30, 2026, to January 29, 2027, or such alternative date as the Court prefers.

DATED: October 16, 2026

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ben Hattem*
Ben Hattem

Attorneys for Plaintiffs